IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL G. BREITLING AND JO ANN BREITLING, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. 3:15-cv-703 |
| LNV CORPORATION, ET AL., | § § § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Notice is hereby given that pursuant to 28 U.S.C. §§ 1331 and 1446, Defendants LNV Corporation ("LNV"), MGC Mortgage, Inc. ("MGC"), and Dovenmuehle Mortgage, Inc. ("DMI") (collectively, "Defendants") remove this action from the 101st Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.

## I.
## STATE COURT ACTION

1. On August 29, 2014, Plaintiffs Samuel and Jo Ann Breitling ("Plaintiffs") filed an Original Petition (the "Petition") in the 101st Judicial District Court of Dallas County, Texas in an action styled: *Samuel G. Breitling and Jo Ann Breitling v. LNV Corporation, et al.*, Cause No. DC-14-09604 (the "State Court Action").

2. In the State Court Action, Plaintiffs seek to preclude the foreclosure sale of the real property located at 1704 Cornwall Lane, Sachse, Texas 75048 (the "Property"). Plaintiffs assert claims for fraud, abuse of process, conspiracy, and quiet title, as well as violations of the Fair Debt Collection Practices Act ("FDCPA"), the Texas Debt Collection Practices Act, the

Real Estate Settlement Procedures Act ("RESPA"), and the Truth in Lending Act ("TILA"). Plaintiffs' claims purportedly arise from, among other things, the origination and servicing of their home equity loan relating to the Property. *See* Petition at pp. 11-23. Specifically, Plaintiffs allege that: (a) they purportedly did not receive any of the requisite TILA disclosures at the closing of their home equity loan, but instead received them more than a week after closing; (b) their signatures on unspecified loan documents were forged; (c) their rescission document was postdated, and as a result, they were denied any right of rescission; (d) their mortgage broker misrepresented that the loan's interest rate was temporary and that the interest rate would be reduced in two years, but it did not; (e) they did not receive notification of loan and servicing transfers; and (f) the assignments of their deed of trust contains unspecified forgeries, false signatures, and false statements. *Id.* at pp. 12-14. Plaintiffs further allege that they stopped making mortgage payments on the loan because MGC purportedly had not shown that it has a legal right to collect payments, did not properly apply their payments to the loan balance, and charged excessive late fees. *Id.* Plaintiffs additionally contend that they disputed the debt owed on the home equity loan in response to a debt collection letter, but that the validity of the debt was not investigated. *Id.* at pp. 14.

3.  On September 15, 2014, LNV and MGC removed the State Court Action to the United States District Court for the Northern District of Texas, Dallas Division, No. 3:14-cv-03322-M-BN. *See* Ex. C-5, its Ex. 1. Co-defendant State District Judge Dale B. Tillery ("Judge Tillery") did not consent to the removal of the State Court Action and filed a Motion to Remand on September 22, 2014. The State Court Action was remanded back to state court on January 27, 2015. *See* Exs. C-11 and C-12.

4.  Thereafter, on February 20, 2015, Plaintiffs filed a Notice of Nonsuit as to Defendant Dale B. Tillery (the "Notice of Nonsuit") and nonsuited their claims against Judge

Tillery, thereby rendering the State Court Action removable pursuant to 28 U.S.C. § 1446(b) within 30 days of the filing of the Notice of Nonsuit. *See* Ex. C-24; *see also* 28 U.S.C. § 1446(b); *Parker v. County of Oxford*, No. CIV.02-136-P-C, 224 F. Supp. 2d 292, 295-296 (D. Maine 2002) (holding that a voluntary dismissal of a nonconsenting defendant constitutes "other paper" under 28 U.S.C. 1446(b) such that the state action became removable within 30 days from the date of the voluntary dismissal of the nonconsenting defendant); *Interstate Roofing, Inc. v. Valley Forge Ins. Co.*, No. 07-1083-HA, 2007 WL 4385490, at *4-5 (D. Or. Dec. 11, 2007) (concluding that the proper reading of 28 U.S.C. § 1446(b) compelled the denial of a remand motion because the state action was not initially removable considered that one defendant refused to consent to removal, but thereafter became removable when the plaintiff filed an amended pleading dropping all claims against that nonconsenting defendant).[1]

5. Because this Notice of Removal is being filed within thirty (30) days of February 20, 2015, the date the Notice of Nonsuit was filed, removal is timely under 28 U.S.C. § 1446(b). *See* 28 U.S.C. § 1446(b); *Parker*, 224 F. Supp. 2d at 295-296; *Interstate Roofing, Inc.*, 2007 WL 4385490, at *4-5.

6. Co-defendant Codilis & Stawiarski, P.C. ("Codilis") consents to the removal of the State Court Action to the United States District Court for the Northern District of Texas, Dallas Division. *See* Ex. D.

7. The United States District Court for the Northern District of Texas, Dallas Division has jurisdiction over this action based on federal question jurisdiction because Plaintiffs assert claims arising under federal law in the State Court Action. *See* 28 U.S.C. § 1331.

---

[1] *But see Mangold v. National Railroad Passenger Corp.,* No. 08 C 73, 2008 WL 4547326, at *1 (N.D. Ill. Apr. 16, 2008) (removal and remand after two years of litigation in state court based on the court's dismissal, not the plaintiff's dismissal, of the last of the nonconsenting defendants).

**NOTICE OF REMOVAL** **PAGE 3**

## II.
## PROCEDURAL REQUIREMENTS

8.    This action is properly removed to this Court, as the State Court Action is pending within this district and division. *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(a)(1).

9.    Pursuant to 28 U.S.C. § 1446(a) and Northern District of Texas Local Rule 81.1, this Amended Notice of Removal is accompanied by copies of the following materials:

**Exhibit A:**    Civil Cover Sheet and Supplemental Civil Cover Sheet;

**Exhibit B:**    State Court Docket Sheet;

**Exhibit C:**    Index of Documents Filed in State Court;

**Exhibit C-1:**    Civil Case Information Sheet;

**Exhibit C-2:**    Plaintiff's Original Petition;

**Exhibit C-3:**    Citations;

**Exhibit C-4:**    Motion to Vacate;

**Exhibit C-5:**    State Court Notice of Removal;[2]

**Exhibit C-6:**    Letter to Coordinator;

**Exhibit C-7:**    Letter to Coordinator Regarding Proposed Order;

**Exhibit C-8:**    Motion to Dismiss;

**Exhibit C-9:**    Judgment (Proposed) ;

**Exhibit C-10:**    Amended State Court Notice of Removal;[3]

**Exhibit C-11:**    Judgment Remanding Case;

**Exhibit C-12:**    Judgment;

---

[2] Excluding the exhibits to the Notice of Removal.
[3] Excluding the exhibits to the Amended Notice of Removal.

**Exhibit C-13:**  Motion for Injunctive Relief;

**Exhibit C-14:**  Certificate of Conference;

**Exhibit C-15:**  Notice of Hearing;

**Exhibit C-16:**  Motion to Transfer (Codilis);

**Exhibit C-17:**  Response to Motion to Transfer (Judge Tillery);

**Exhibit C-18:**  Motion to Transfer and, Subject thereto, Original Answer (DMI);

**Exhibit C-19:**  Motion to Transfer and, Subject thereto, Original Answer (LNV and MGC);

**Exhibit C-20:**  Plea to the Jurisdiction and, Subject thereto, Response in Opposition to Motion for Injunctive Relief;

**Exhibit C-21:**  Order Sustaining Plea to the Jurisdiction (Proposed);

**Exhibit C-22:**  Order Denying Motion for Injunctive Relief (Proposed);

**Exhibit C-23:**  Appearance of Counsel;

**Exhibit C-24:**  Notice of Nonsuit;

**Exhibit C-25:**  Order of Nonsuit (Proposed);

**Exhibit C-26:**  Order of Nonsuit; and

**Exhibit D:**  Consent to Removal.

10.     Simultaneously with the filing of this Notice of Removal, Defendants are filing a copy of the Notice of Removal in the 101st Judicial District Court of Dallas County, Texas pursuant to 28 U.S.C. § 1446(d).

## III.
## FEDERAL QUESTION JURISDICTION

11. The district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States. *See* 28 U.S.C. § 1331. A case may be removed to federal court if it could have been brought in federal court originally. *See* 28 U.S.C. § 1441(a); *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, (2003). A claim "arises under" federal law when either (1) the well-pleaded complaint establishes that federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *See Singh v. Morris*, 538 F.3d 334, 338 (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)); *see also Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

12. Removal of the State Court Action is proper under 28 U.S.C. §§ 1331 and 1441, as it arises under laws of the United States. Specifically, Plaintiffs assert claims for violations of TILA, RESPA, and the FDCPA. *See* Petition ¶¶ 11-23. Notably, TILA, RESPA, and the FDCPA expressly grant this Court original jurisdiction to hear such claims. *See* 15 U.S.C. § 1640(e) (any TILA action "may be brought in any United States district court . . . "); 12 U.S.C. § 2614 (any RESPA action "may be brought in any United States district court . . . "); 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy . . . ."); *Hingst v. Providian Nat'l Bank*, 124 F. Supp. 2d 449, 451 (S.D. Tex. 2000) (finding it indisputable that a FDCPA claim gives rise to federal question jurisdiction). Plaintiffs allege violations of federal law and their right to relief will necessarily depend upon the resolution of federal law. Accordingly, this Court has federal question jurisdiction.

## IV.
## SUPPLEMENTAL JURISDICTION

13. This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a). As noted by the Supreme Court, "[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005); *see also State Nat'l Ins. Co. Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004) (explaining that 28 U.S.C. § 1367 grants the federal courts jurisdiction to hear "claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy'").

14. It is well established that federal district courts have supplemental jurisdiction over state law claims that share a "common nucleus of operative fact" with federal claims. *Jamal v. Travelers Lloyds of Tex. Ins. Co.*, 97 F. Supp. 2d 800, 805 (S.D. Tex. 2000) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1977)). This principle applies not only to cases originally brought in federal court, but also to those cases removed to federal court. *Id.* at 806. Here, Plaintiffs' state law claims share a common nucleus of operative facts with the federal causes of action in that Plaintiffs' claims are all based on the same alleged wrongful conduct related to the origination and servicing of their home equity loan for the Property. Therefore, supplemental federal jurisdiction exists over Plaintiffs' state law claims.

## V.
## CONCLUSION

WHEREFORE, Defendants remove this action from the 101st Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

/s/   Marc D. Cabrera
**Robert T. Mowrey**
  State Bar No. 14607500
  rmowrey@lockelord.com
**Jason L. Sanders**
  State Bar No. 24037428
  jsanders@lockelord.com
**Marc D. Cabrera**
  State Bar No. 24069453
  mcabrera@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
T: (214) 740-8000
F: (214) 740-8800

**ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record *via the Court's CM/ECF system, regular mail, and/or certified mail, return receipt requested* on this 3rd day of March 2015.

/s/   Marc D. Cabrera
Counsel for Defendants