# EXHIBIT C-4

FILED
DALLAS COUNTY
9/10/2014 2:34:25 PM
GARY FITZSIMMONS
DISTRICT CLERK

Case 3:15-cv-00703-B   Document 1-7   Filed 03/03/15   Page 2 of 39   PageID 61

Underwood Christi

## Cause No. DC-14-09604

| | | |
|---|---|---|
| | § | **DALLAS COUNTY, TEXAS** |
| **SAMUEL G. BREITLING,** | § | **IN THE DISTRICT COURT** |
| **JO ANN BREITLING,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CONSTITUTIONAL** |
| | § | **Violations of Due Process;** |
| **LNV CORPORATION et al,** | § | **Fraud and Criminal** |
| **CODILIS & STAWIARSKI P.C. et al,** | § | **Conspiracy to Defraud;** |
| **DOVENMUEHLE MORTGAGE INC. et al,** | § | **Violations of the Fair Debt** |
| **MGC MORTGAGE INC. et al,** | § | **Collection Practices and** |
| **DALE B. TILLERY** | § | **Truth in Lending Acts** |
| **Defendants.** | § | |

# PLAINTIFF'S MOTION TO VACATE VOID ORDER FOR SUMMARY JUDGMENT FAVORING LNV IN FORECLOSURE ACTION AND TO VOID THE SALE OF OUR PROPERTY TO LNV

**To the attention of the Honorable Judge of the 116th District Court (or the 101st court) as this case has not yet been officially assigned.**

Now comes petitioners/plaintiffs Samuel G. and JoAnn S. Breitling pro-se and motion this court to vacate the void order issued by Judge Dale Tillery that granted LNV a summary judgment because it had the effect of depriving us of our property in violation of our constitutional rights under the Texas Constitution and in violation of the our rights to due process and equal protection of the law under the Fifth and Fourteenth Amendments to the United States Constitution.

"A judgment is a 'void judgment' if the court that rendered the judgment acted in a manner inconsistent with due process." *Klugh v. U.S., D.C.S.C., 610 F. Supp. 892, 901.*

Judge Tillery's decision to grant summary judgment to LNV went against the preponderance of the evidence and was contrary to the rules of law, as well as being a direct violation of our constitutional right to due process.  Judge Tillery's decision also violated the Texas Code of Judicial Conduct.

The Plaintiff's filed a motion to vacate this void this judgment in case # DC-14-04053 in the 134th District court on August 18, 2014 where they were defendants. Our motion was never adjudicated, but LNV made it clear they intended to proceed with a sale of our home any way. We then filed our original petition in this court on August 29th and we also filed a Lis Pendens with the Dallas County Recorder on the same day.

We notified the Defendants that we had done these things and that the sale of our home on September 2, 2014 was not permitted due an automatic stay under Texas Rules of Civil Procedure 736.11(a). LNV sold our home to itself anyways. The date of the sale was also less than the 30 days from the signing of the order in violation of Texas rules of Civil procedure 193.6

As pro-se litigants we are struggling to understand the proper procedures to protect our property, while at the same time trying to find an attorney to

represent us, we just discovered that we need to file a motion in this new case with this court to vacate the void judgment that LNV considers its justification for selling our property. This is a VOID judgment. Attached to this motion as **EXHIBIT A** is our motion to vacate this void judgment – all of the arguments and memorandum of law we provided to the court in this earlier motion to vacate are re-alleged and incorporated by reference into this as though fully set forth herein.

WHEREFORE, we pray your Honorable Presiding Judge vacate the void judgment ordered by Judge Tillery so that we are not deprived of our constitutional right to due process.  We further pray this court to void the sale of our home to Defendant LNV on September 2, 2014. Further we pray to court sanction Judge Tillery and attorney Jeffery Hardaway so they cannot deprive another Texan of their constitutional right to due process.


_____          _____
JoAnn S Breitling                           Samuel G. Breitling


### CERTIFICATE OF SERVICE

Made by fax and by certified mail to attorneys for plaintiffs
Jeffrey B. Hardaway
Robert L. Negrin
Mary M. Speidel
650 N. Sam Houston Pkwy.Ste 450
Houston, Texas   77060
Fax 281-925-5300

# Exhibit A

FILED
DALLAS COUNTY
8/18/2014 10:42:08 PM
GARY FITZSIMMONS
DISTRICT CLERK

Hernandez Angelica

Cause No. DC-14-04053

| | | |
|---|---|---|
| LNV CORPORATION, | § | |
| ITS SUCCESSORS AND ASSIGNS, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| | § | DALLAS COUNTY, TEXAS |
| SAMUEL G. BREITLING, | § | |
| JO ANN BREITLING, | § | |
| GMAC MORTGAGE, INC., | § | |
| NORTHWEST MORTGAGE, INC., | § | |
| PINNACLE REALTY ADVISORS, INC., | § | |
| and PALISADES ACQUISITION V, LLC | § | |
| | § | |
| Defendants. | § | 134TH JUDICIAL DISTRICT |

## DEFENDANTS MOTION TO VACATE VOID ORDER FOR SUMMARY JUDGMENT FAVORING LNV

**To the attention of the Honorable Presiding Judge Mary Murthy of the 134th District Court**

Now comes defendants Samuel G. and JoAnn S. Breitling pro-se and motion this court to vacate the void order issued by Judge Dale Tillery that granted LNV a summary judgment because it had the effect of depriving us of our property in violation of our constitutional rights under the Texas Constitution and in violation of the our rights to due process and equal protection of the law under the Fifth and Fourteenth Amendments to the United States Constitution.

"A judgment is a 'void judgment' if the court that rendered the judgment acted in a manner inconsistent with due process." *Klugh v. U.S., D.C.S.C., 610 F. Supp. 892, 901.*

Judge Tillery's decision to grant summary judgment to LNV went against the preponderance of the evidence and was contrary to the rules of law, as well as being a direct violation of our constitutional right to due process.  Judge Tillery's decision also violated the Texas Code of Judicial Conduct.  He appears to have never even read our pleadings yet he granted LNV summary judgment thus permitting them to illegally foreclose on our home of 32 years, and to thereby deprive us of our property without due process of law.

From Black's Law Dictionary: "In American law. A taking away; confiscation; as the deprivation of a constitutional right. Thus a taking of property without due process of law; *Sundlun v. Zoning Board of Review of City of Pawtucket, 50 R.I. 108, 145 A. 451, 454;* or of liberty. *Lynch v. City of Muskogee, D.C.Okl., 47 F.Supp. 589, 592.* – "To take. The term has this meaning in a constitutional provision that no person shall be 'deprived of his property' without due process of law, and denotes a taking altogether, a seizure, a direct appropriation, dispossession of the owner." *Brown v. City of Atlanta, 167 Ga. 416, 145 S.E. 855, 857.* "It connotes want of consent." *Sandel v. State, 104 S.E. 567, 571, 115 S.C. 168, 13 A.L.R. 1268."*

"Any judge who does not comply with his oath to the Constitution of the United States wars against that Constitution and engages in acts in violation of the Supreme Law of the Land. Having taken at least two, if not three, oaths of office to support the Constitution of the United States, and the Constitution of the State of Texas, any judge who has acted in violation of the Constitution is engaged in an act or acts of treason. If a judge does not fully comply with the Constitution, then his orders are void," *In re Sawyer, 124 U.S. 200 (1888)*, "he/she is without jurisdiction."

Judge Tillery accepted as true false documents submitted to the court by LNV and their counsel which we have objected to as being false fabrications in our pleadings because they contain forgeries, false signatures and false statements as to the grantee/assignee and grantor/assignor on assignments of deed of trust, false alongees and other false mortgage related documents. LNV and their counsel, Jeffrey Hardaway with Codilis & Stawiarski, intentionally submitted these false and fraudulently fabricated mortgage related documents to the court knowing they were false and with intent to harm us by confiscating our home and causing us other financial and physical harm, as well as mental distress. Jeffrey Hardaway submitted to the court with LNV's pleadings an Affidavit of Edward J. Bagdon of which we have objected to in our pleadings because he is not a credible witness. Bagdon is a robo-signer employed by Dovenmuehle Mortgage Inc. ("DMI"). We had no direct communications with DMI, we never received any mortgage

statements from DMI, and the first time we heard of DMI was when Codilis & Stawiarski sent us a debt demand letter in January 2014.  In our earlier litigation with MGC, LNV's mortgage servicer, MGC claimed not to have a payment history for our loan.  So how can an employee of DMI now claim to have personal knowledge of our loan and payment history?

Jeffrey Hardaway himself made statements to the court, and Judge Tillery denied us an opportunity to express an objection or argue against his claims.

"Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment." *TRINSEY v. PAGLIARO Civ. A. No. 34873. 229 F. Supp. 647 (1964).*

Facts specific to whether or not LNV has produced false and fabricated deed assignments and other mortgage related documents with intent to deceive the court and others, whether LNV and their counsel have committed fraud, and whether LNV has "clean hands" determine whether or not LNV has standing to foreclose on our property.  Whether or not LNV has standing to foreclose on our property is material to whether this court has jurisdiction to make a determination to allow LNV to deprive us of our property through a foreclosure action.  If the court lacks jurisdiction and if the court denied us due process then its judgment is void.

"A void order is an order issued without jurisdiction by a judge and is void ab initio and does not have to be declared void by a judge to be void. Only an inspection of the record of the case showing that the judge was without jurisdiction or violated a person's due process rights, or where fraud was involved in the attempted procurement of jurisdiction, is sufficient for an order to be void." *Potenz Corp. v. Petrozzini, 170 Ill. App. 3d 617, 525 N.E. 2d 173, 175 (1988).* "In instances herein, the law has stated that the orders are void ab initio and not voidable because they are already void." *People ex. re. Brzica v. Village of Lake Barrington, 644 N.E.2d 66 (Ill.App.2 Dist. 1994).*

"A void judgment which includes judgment entered by a court which lacks jurisdiction over the parties or the subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court." See *Long v. Shorebank Development Corp., 182 F.3d 548 (C.A. 7 Ill. 1999). In re Adoption of E.L., 733 N.E.2d 846, (Ill. APp. 1 Dist. 2000).*

A judicial order that grants LNV permission to deprive us of our property when the judge issuing that judgment has not even read our pleadings, and when no credible witness has testified, when no discovery has been permitted, and when we were intentionally denied a continuance to obtain another attorney

and thereby forced to proceed pro-se is a gross violation of our right to due

process.

From Black's Law Dictionary: "DUE COURSE OF LAW. This phrase is

synonymous with "due process of law," or "the law of the land," and the

general definition thereof is 'law in its regular course of administration

through courts of justice;' and, while not always necessarily confined to

judicial proceedings, yet these words have such a signification, when used to

designate the kind of an eviction, or ouster, from real estate by which a party

is dispossessed, as to preclude thereunder proof of a constructive eviction

resulting from the purchase of a paramount title when hostilely asserted by

the party holding it." *Direct Plumbing Supply Co. v. City of Dayton, 138 Ohio*

*St. 540, 38 N.E.2d 70, 72, 137 A.L.R. 1058.*"

## BACKGROUND

On June 23, 2014 we filed a timely answer to LNV's petition for *in rem*

foreclosure. On July 7, 2014 Plaintiff, LNV Corporation ("LNV") filed a

Motion for Default Summary Judgment and on the same day Judge Dale

Tillery signed an "Order for Final Judgment *In Rem Only* With Home Equity

Foreclosure" favoring LNV.

This Order didn't show up online until July 9, 2014 and I, JoAnn Breitling,

phoned the court on that day because this should not have happened under

the Texas civil rules of procedure since we had filed a timely answer to LNV's

petition.  I was told by the court administrator, Francine, that the judge must

not have liked our answer.  I told her that as a matter of law, whether he

likes our answer or not, a judge cannot without a hearing order a default

judgment when a timely answer has been filed; this is a breach of the Texas

rules of civil procedure and a direct violation of our constitutional rights of

due process.  On July 9, 2014 the court issued an "Order Withdrawing Court's

Signed Order" stating: "the Order for Final Judgment *In Rem Only* With

Home Equity Foreclosure favoring LNV was signed in ERROR."  See our

attached Exhibit A.

 A hearing on LNV's Motion for Default Summary Judgment was then

scheduled by the court for 8:00 AM on August 4, 2014.

On July 28, 2014 the Lane Law Firm filed a response to LNV's Motion for

Default Summary Judgment.  On this same day we had a disagreement with

our attorneys over their handling of our case and on July 29, 2014 the Lane

Law Firm filed a Motion to Withdraw, which the court granted on July 29,

2014.  Also filed on July 29, 2014 was a Joint Objection to Court Order

Mediation ("Joint Objection") and Motion to Reconsider the Order Approving

Mediator Fees.  To quote this motion: "Plaintiff recently brought this lawsuit

in order to foreclose on the Breitlings' home. One week after Defendants filed

the Answer, the Court ordered the parties to medication, scheduled for

August 4, 2014. However to date, no discovery has been conducted by either party in this case and trial is set of March 30, 2015. Both Plaintiff and Defendants object to the order to mediation in this case because mediation would be futile at this early stage of the case."

The court granted this joint motion on July 30, and the Order was duly filed on July 30, 2014.  Quoting this Order: Therefore, it is hereby ORDERED that the parties are not required to mediate on August 4, 2014; ORDERED that the Order Approving Mediators Fees is hereby WITHDRAWN."

On Wednesday, July 30, 2014 the Lane Law Firm in our behalf filed a motion for a continuance of 30 days to allow us time to find a new attorney. They pointed out that the trial date wasn't set until March 30, 2015 and that LNV had filed their Motion for *In Rem* Summary Judgment less than two weeks after we filed our answer to their initial petition, and that a hearing had been set for Monday, August 4, 2014 but since they had withdrawn as our attorneys on July 29, 2014 it was reasonable for the court to grant such a continuance.  It was also noted that attorney for LNV, Jeffrey Hardaway with Codilis & Stawiarski was opposed to the continuance. The hearing on the continuance motion was also scheduled on Monday August 4, 2014 at 8:00 AM thus forcing me to represent us at this hearing pro se; and, if the continuance was denied, which it was, to defend us against a summary judgment pro se.

On July 30, 2014 we filed a pro se letter to the court explaining that LNV was attempting to circumvent prior litigation in the 116th District Court where the Honorable Judge Tonya Parker had already made a determination of fact and a conclusion of law specifically denying what LNV now claims in the 134th District Court gives it standing for a summary judgment allowing them foreclose on our property.  This was explained in our Motion for Transfer.

We explained how MGC Mortgage Inc. ("MGC") is the company that claimed to be a mortgage servicer for LNV in our earlier litigation in the 116th District Court; and how both these "shell" and "sham" companies (LNV and MGC) were created by Daniel Andrew "Andy" Beal, ("Beal"), to facilitate fraudulent foreclosures using false deed assignments and alongees that contain forgeries, false signatures, and false statements specific to the grantors and grantee.  We attached as evidence to substantiate facts stated in our pleadings with records from the Nevada and Texas Secretary of State offices showing that these companies (LNV and MGC) have the same address, 7195 Dallas Parkway, Plano, Texas, and that they both have the same executive officers as hundreds of other sham companies created by Beal for purposes of tax evasion, laundering money, illegal gambling and other crimes. (We have now motioned this court to take judicial notice of these government records.) Additionally we attached to our pleadings, that Judge Tillery refused to even read, photographs I took with my husband present of this address which show it to be an empty lot.

On July 31, 2014 we filed a Motion to Transfer back to the 116th District Court. And on August 3, 2014 we filed a supplement to the objection to LNV's summary judgment which the Lane Law Firm had filed. Their objection was just a generic response used for typical foreclosure cases and our case is not a typical foreclosure. We wanted facts specific to our case on the court record.

## FARCE HEARING HELD ON AUGUST 4, 2014

I arrived at the courthouse at 7:00 AM on August 4, 2014.  At the start of the hearing Jeffrey Hardaway stood up and introduced himself as the attorney for LNV.  I stood up and said "My name is JoAnn Breitling, and I am here today, pro se."

The judge then said "I have a motion of continuance and I am not continuing this case."  He gave no reason based on either a determination of fact or on a conclusion of law for his decision to deny our motion for a continuance. Under the circumstances it seems harsh to deny us a 30 day continuance to find a new attorney and to instead force me to attempt to defend myself against a summary judgment all alone as a pro-se litigant.  A pro se litigant is significantly disadvantaged compared to trained and seasoned attorneys like Jeffrey Hardaway.  Judge Tillery knows or should have known this to be true, so it appears that his intent was to deny us our constitutional rights to due process and equal protection of the law by forcing me to continue as a disadvantaged pro-se litigant.

I stood up.  I informed Judge Tillery that there was a three year history of litigation involving the same parties in which I was the Plaintiff, and that I had filed a motion to transfer the case back to the 116th District court.  I asked that he continue the case until the September 5th hearing scheduled in Judge Parker's court for the transfer.  Judge Tillery said, "No.  You are not transferring."  Again the judge provided no reason based on either a determination of fact or on a conclusion of law for his decision to deny our motion to transfer.  Judge Tillery's decision appears to go against the Local Rules of the Civil Courts of Dallas County Texas.

Local Rules 1.06 and 1.07 require that whenever any pending case is so related to another case previously filed in or disposed of by another Court of Dallas County having subject matter jurisdiction that a transfer of the later case to such other Court would facilitate orderly and efficient disposition of the litigation, the Judge of the Court in which the earlier case is or was pending may, upon notice to all affected parties and Courts and hearing, transfer the later case to such Court. (source 1.1(f)(2)).  The following types of cases shall be subject to transfer under Local Rule 1.06:

(a.)  Any case arising out of the same transaction or occurrence as an earlier case, particularly if the earlier case was dismissed by plaintiff before final judgment.

(b.) Any case involving a plea that a judgment in the earlier case is conclusive of any of the issues of the later case by way of res judicata or estoppel by judgment, or any pleading that requires a construction of the earlier judgment or a determination of its effect.

(c.) Any suit for declaratory judgment regarding the alleged duty of an insurer to provide a defense for a party to the earlier suit.

(d.) Any suit concerning which the duty of an insurer to defend was involved in the earlier suit. (source 1.1(f)(2))

Our case is subject to transfer as per Local Rules 1.06 of the Civil Courts of Dallas County, Texas.  Therefore it appears Judge Tillery made his decision against the rule of law. Judge Tillery did not allow me any opportunity to object or to make these arguments in his court.

Hardaway, counsel for LNV, stood up at this point and he said about the matter of summary judgment, "These people have not made a payment in over four years, and we are asking permission to foreclose.  These people have breached their contract with us."

Counsel for LNV, Hardaway is not and never has been a credible witness to any contract between us and LNV.  Hardaway's claims are not founded in fact.  We do not have a contract with LNV and we vehemently deny the truth of Hardaway's allegations; however as a pro se litigant I did not know how to object.  It is certain Hardaway understood my disadvantaged position and he

intentionally exploited it.  He thereby intentionally denied us of our constitutional right to due process; and Judge Tillery allowed this.

The fact is that we stopped making payments on the advice of our prior attorney representing us in a case we brought in the 116th District as plaintiffs against MGC Mortgage Inc. ("MGC") a company that claimed to be the mortgage servicer for LNV and that is owned by Beal who also owns LNV, the Plaintiff now in this matter.  MGC claimed that it was the mortgage servicer for LNV in our prior litigation.  (In the current litigation in the 134th court LNV now claims DMI is its mortgage servicer. This is an intentional ploy meant to deceive the courts and specifically to allow LNV to "judge shop" and bring a foreclosure action against us in a court where they are assured a favorable outcome.) We were told by our previous attorney to stop making payments because neither MGC nor LNV had legal standing to collect payments from us; and any payments we made to them would never be credited to our loan's principal balance.

"Due process of law implies the right of the person affected thereby to be present before the tribunal which pronounces judgment upon the question of life, liberty, or property, **in its most comprehensive sense; to be heard, by testimony or otherwise, and to have the right of controverting, by proof, every material fact which bears on the question of right in the matter involved**. If

**any question of fact or liability be conclusively presumed against him, this is not due process of law".** *Zeigler v. Railroad Co., 58 Ala. 599.*

Being physically present alone does not suffice. We were never heard.  The hearing on August 4th was merely a farce, a setup to give the appearance that we had a hearing, but our side of the dispute; our claims were completely dismissed and ignored by Judge Tillery.  Therefore we were not heard.

"These phrases [due process] in the constitution do not mean the general body of the law, common and statute, as it was at the time the constitution took effect; for that would seem to deny the right of the legislature to amend or repeal the law. They refer to certain fundamental rights, which that system of jurisprudence, of which ours is a derivative, has always recognized." *Brown v. Levee Com'rs, 50 Miss. 468.* **"'Due process of law,' as used in the constitution, cannot mean less than a prosecution or suit instituted and conducted according to the prescribed forms and solemnities for ascertaining guilt, or determining the title to property."** *Embury v. Conner, 3 N.Y. 511, 517, 53 Am.Dec. 325. And see, generally, Davidson v. New Orleans, 96 U.S. 104, 24 L.Ed. 616.*

I think it was at that point that Hardaway stood up and said, "Your honor, LNV and I have come here today, and we have paid our $750 to the mediator and we are prepared to mediate this case."

I wanted to object to this, but I did not know how to.  Here I will write my objection.  The judge already granted by an Order filed on July 30, 2014 a Joint Objection to Court Order Mediation ("Joint Objection") and Motion to Reconsider the Order Approving Mediator Fees.  Of course, because of this, I did not come to court with mediation fees or prepared to mediate since the court had already decided it was premature to mediate at this early stage.

Hardaway, as any seasoned attorney would, knows that in Texas mediation is mandatory before a foreclosure can be granted.  The only reason for LNV's counsel, Hardaway, to claim at the hearing for summary judgment on August 4, 2014 that they had paid the $750 mediation fees and to say that they were prepared to mediate was to exploit my status as a pro-se litigant, and to perhaps to also exploit the fact that Judge Tillery did not seem prepared or informed about the pleadings on record (and perhaps this was by plan).  Hardaway, an officer of the court, thereby intentionally deprived us of our constitutional right to due process and intentionally committed fraud upon the court with intent to illegally circumvent Texas laws requiring mediation.

Judge Tillery committed fraud upon the court by the court when he allowed this to happen since he knew or should have known he had already signed an order granting a Joint Objection to Court Order Mediation ("Joint Objection") and Motion to Reconsider the Order Approving Mediator Fees.

Hardaway at one point said, "We have heard from Mrs. Breitling, but where is Mr. Breitling during all of this?"

These comments were demeaning to me as a woman, as a senior citizen, and as a pro-se litigant.  It was discriminatory in nature.

My husband was with our son.  Our son is disabled with Down syndrome and a serious autoimmune condition so he cannot be left alone.  His special needs require extra preparations whenever he is to be away for home so we did not think it would be proper for us to bring our son to court.  My husband of 45 years, an honorably retired Dallas police officer is also disabled.  The constant fear of losing our home to fraud and the excessive stress caused by this situation has caused him serious health consequences.  It has caused me to suffer health problems too, but we decided I was better fit to come to court than he was.  My husband, Samuel Breitling, has provided an affidavit for me to attach to this motion. See attached Exhibit B.

Before I could respond, the judge said, "I am ruling in favor of LNV because you, the Breitlings, did not answer their summary judgment."

I told the judge, "We DID answer.  The attorneys answered before they withdrew and it was timely."  The judge responded, "Well, I never saw an answer."

I told him, "It is right there on the register, dated July 28th." I stood up and approached the bench, and said, "And here is MY supplemented answer which is also in the record." I gave a copy to Hardaway and a copy to Judge Tillery who refused to even look at it.

I then looked at him and said, "I have filed a 120 page letter to this court explaining this case. You never even read it, did you?"

The judge said nothing. I said, "You don't know anything about my case, because you never bothered to read anything that I wrote."

It is apparent that Judge Tillery had made his mind up to grant LNV a summary judgment before the hearing even began; and that it was no error when he signed the order doing so back on July 7th. He scheduled the hearing only because I caught him denying us our due process on the July 9th and the hearing on August 4th was just a farce meant to give the appearance that we had a hearing. We were thus denied our constitutional right to due process. Thankfully there was a credible witness at the hearing who can testify to everything I've stated in this motion. I was shocked when Francine, the court administrator, told me that there was no court record of the hearing. In a hearing of this magnitude that can result in an American citizen losing their home (i.e. being deprived of their property) there should always be a court reporter and a complete record of the proceedings.

Judge Tillery did not read our pleadings. He refused to hear our arguments or to review any of our evidence.  To any neutral observer is was apparent his mind was made up to grant LNV's motion for summary judgment prior the hearing held on August 4, 2014.  Any reasonable person would conclude that Judge Tillery either accepted a bribe or had some prior relationship with LNV, Beal or Hardaway that influenced his judicial conduct and judgment. This is a blatant violation of our due process rights and of the Texas Code of Judicial Conduct.

To quote the preamble to the Texas Code of Judicial Conduct: "The role of the judiciary is central to American concepts of justice and the rule of law. Intrinsic to all sections of this Code of Judicial Conduct are the precepts that judges, individually and collectively, must respect and honor the judicial office as a public trust and strive to enhance and maintain confidence in our legal system."

The first Canon to the Texas Code of Judicial Conduct, Upholding the Integrity and Independence of the Judiciary, states: "An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining and enforcing high standards of conduct, and should personally observe those standards so that the integrity and independence of the judiciary is preserved."

The second Canon to the Texas Code of Judicial Conduct, Avoiding Impropriety and the Appearance of Impropriety In All of the Judge's Activities, states: "(A.) A judge shall comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary. (B.) A judge shall not allow any relationship to influence judicial conduct or judgment. A judge shall not lend the prestige of judicial office to advance the private interests of the judge or others; nor shall a judge convey or permit others to convey the impression that they are in a special position to influence the judge."

By granting LNV a summary judgment that allows them to foreclose on our property (i.e. deprive us of our property) without ever reading or reviewing our arguments specific to LNV's standing to foreclose on our property, Judge Tillery has directly violated the above quoted Canons to the Texas Code of Judicial Conduct. He has stepped beyond abuse of judicial discretion into the realm of judicial misconduct. His behavior in this matter not only gives the appearance of impropriety; but smacks of impropriety.

**As the Plaintiff in this action for foreclosure LNV has the burden of proof.**

"Courts and judges are expected to the well-settled standard of review for traditional summary judgments. They must determine whether the movant has met his burden to establish that no genuine issue of material fact exists

and that he is entitled to summary judgment as a matter of law." *See TEX. R. CIV. P. 166a(c); Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002)*.

A judge is barred from making arbitrary or biased decisions unfounded in law. "Courts and judges must take as true all evidence that is favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999); Science Spectrum, Inc. v. Martinez, 941*

Judge Tillery did the exact opposite of this mandate of law; he took as true all evidence that is favorable to the movant and ignored and completely disregarded all evidence that is favorable to the nonmovant. He made no attempt of any kind to resolve any doubts in the nonmovant's favor.

Judge Tillery wrote in his "final order" that "defendants answer to summary judgment was insufficient." Our answer cannot be insufficient if he maintained at the hearing we never filed an answer; and that he never saw it. He makes no mention of the individual claims we raised in our pleadings or how he "disposed" of them.

"A judgment is not final merely because it states that it is final; it must actually dispose of all parties and claims or demonstrate an unequivocal intent to dispose of all parties and claims." *See Lehmann v. HarCon Corp., 39 S.W.3d 191, 205 (Tex. 2001).*

Judge Tillery failed to address any of our claims. At the hearing it was apparent he had no knowledge of our claims and was so biased and so determined in his intent to rule in favor of LNV that he stated we had not filed an answer and that he had not seen our answer when I informed him we had filed an answer.  In his written order he simply stated our claims were insufficient. This is not adequate as it fails to even acknowledge, let alone address our claims.  Judge Tillery's decision to grant LNV summary judgment in this case shows a blatant disregard for the law, and for the Constitution of the United States and the Texas Constitution.

The U.S. Supreme Court, in *Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 1687 (1974)* stated that "when a state officer acts under a state law in a manner violative of the Federal Constitution, he 'comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States.' [Emphasis supplied in original]. By law, a judge is a state officer. The judge then acts not as a judge, but as a private individual (in his person)."

Judge Tillery cannot claim judicial immunity for acts of treason against the Constitution or for criminal acts, such as accepting a bribe in exchange for judicial favoritism.

"Due process of law in each particular case means such an exercise of the powers of the government as the settled maxims of law permit and sanction, and under such safeguards for the protection of individual rights as those maxims prescribe for the class of cases to which the one in question belongs." *Cooley, Const. Lim. 441.* - "Whatever difficulty may be experienced in giving to those terms a definition which will embrace every permissible exertion of power affecting private rights, and exclude such as is forbidden, there can be no doubt of their meaning when applied to judicial proceedings. They then mean a course of legal proceedings according to those rules and principles which have been established in our systems of jurisprudence for the enforcement and protection of private rights. To give such proceedings any validity, there must be a tribunal competent by its constitution that is, by the law of its creation to pass upon the subject matter of the suit…" *Pennoyer v. Neff, 95 U.S. 733, 24 L.Ed. 565.*

Most disturbing is the fact that Judge Tillery has engaged in fraud upon the court by the court.  Fraud on the court is one of the most serious violations that can occur in a court of law. If fraud on the court occurs, the effect is that the entire case is voided or cancelled. Any ruling or judgment that the court

has issued will be void. The case will usually need to be retried with different court officials, often in an entirely different venue.

Fraud upon the court is a criminal act where by the court is impaired in the impartial performance of its task. "Fraud upon the court embraces only that species of fraud which does or attempts to, defiles the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Appling v. State Farm Mut. Auto. Ins. Co., 340 F.3d*

"A void judgment is one that has been procured by extrinsic or collateral fraud, or entered by court that did not have jurisdiction over subject matter or the parties," *Rook v. Rook, 353 S.E. 2d 756 (Va. 1987).*

Judge Tillery's Order granting LNV summary judgment to LNV is void because it is the result of extrinsic or collateral fraud.  The definition of collateral fraud: "Fraud that prevents a party from knowing their rights or from having a fair opportunity of presenting them at trial." The definition of extrinsic fraud: "Fraud that "induces one not to present a case in court or deprives one of the opportunity to be heard [or] is not involved in the actual issues."  Judge Tillery first denied our motion for a continuance that would have allowed us an opportunity to hire a new attorney.  This act assured that I would be made to proceed without benefit of counsel thus preventing me

knowing our rights and having a fair opportunity to present them at the hearing.  Any reasonable and unbiased judge would have granted a continuance under circumstances such as ours. This decision by Judge Tillery appears to have been intentional so as to induce me not to present a case in court and to deprive me of the opportunity to be heard.  Next Judge Tillery denied my motion to transfer back the 116th court.  This decision by Judge Tillery was made against the Texas rules of civil procedure.  This decision by Judge Tillery also appears to have been intentional so as to deprive me of the opportunity to be heard by an unbiased judge.  Finally Judge Tillery granted LNV summary judgment allowing them to confiscate our property; without ever reading our motions and other pleadings, without understanding or acknowledging our claims, without testimony from a single credible witness, and against precedence of law that mandates the moving party has the burden of proof and that the court **must** take as true all evidence that is favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor.

"A default judgment is not presumed to be final." *In re Burlington Coat Factory Warehouse of McAllen, Inc., 167 S.W. 3d 827, 829 (Tex. 2005) (orig. proceeding); Houston Health Clubs, Inc. v. First Court of Appeals, 722 S.W.2d 692, 693 (Tex. 1986) (orig. proceeding) (per curiam).*  "When there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it (1) actually disposes of every pending claim

and party, or (2) clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann v. HarCon Corp., 39 S.W.3d 191, 205 (Tex. 2001).*

Furthermore when courts allow judges to make arbitrary and biased decisions such as Judge Tillery's decisions in our case, and to continually participate in fraud upon the court (a crime) unchecked and unsanctioned, then it causes great public harm.  Not only does it erode the very Constitutional rights this court and its officers are obligated by oath to protect, it erodes public confidence in the judicial system and in our government.  Our society could disintegrate into a state of utter lawlessness and I don't think any of us want this to happen.

Additionally void judgments are open to challenge at any time.  Future taxpayers will bear the financial burden when citizens similarly deprived of their property discover that their constitutional rights to due process were violated and that fraud upon the court was committed in the deprivation of their property.  These harmed parties will flood to the courts.  Truth is always true, but falsehood is eventually discovered.

"No statute of limitations or repose runs on its holdings, the matters thought to be settled thereby are not res judicata, and years later, when the memories may have grown dim and rights long been regarded as vested, any disgruntled litigant may reopen old wound and once more probe its depths.

And it is then as though trial and adjudication had never been." *Fritts v. Krugh, Supreme Court of Michigan, 92 N.W.2d 604, 354 Mich. 97 (10/13/58).*

"The Circuit Court of Appeals is directed to set aside its 1932 judgment, recall its 1932 mandate, dismiss Hartford's appeal, and to issue a mandate to the District Court directing it to set aside its judgment entered pursuant to the 1932 mandate, to reinstate its original judgment denying relief to Hartford, and to take such additional action as may be necessary and appropriate. *U.S. Supreme Court, Hazel-Atlas Glass Co. v Hartford-Empire Co., 322 U.S. 238 (1944), No. 398, Argued February 9, 10, 1944, Decided May 15, 1944, 322 U.S. 238* . "This case involves the power of a Circuit Court of Appeals, upon proof that fraud was perpetrated on it by a successful litigant, to vacate its own judgment entered at a prior term and direct vacation of a District Court's decree entered pursuant to the Circuit Court of Appeals' mandate." Note a 1932 judgment was vacated in 1944 due to proof that fraud was perpetrated on it.  It behooves this court to vacate Judge Tillery's void judgment now, rather than later.

"A void judgment cannot constitute res judicata. Denial of previous motions to vacate a void judgment could not validate the judgment or constitute res judicata, for the reason that the lack of judicial power inheres in every stage of the proceedings in which the judgment was rendered." *Bruce v. Miller, 360 P.2d 508, 1960 OK 266 (Okla. 12/27/1960).*

"Res judicata consequences will not be applied to a void judgment which is one which, from its inception, is a complete nullity and without legal effect," *Allcock v. Allcock, 437 N.E.2d 392 (Ill.App.3 Dist. 1982).*

Under Federal law which is applicable to all states, the U.S. Supreme Court stated that if a court is "without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers." *Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828)*

It is in the public interest for this court to vacate Judge Tillery's void judgment immediately.  This court has a further obligation to assure Judge Tillery and the other officers of the court, specifically LNV's counsel Jeffrey B. Hardaway, be sufficiently sanctioned so that they can never again participate in fraud upon the court; or ever again intentionally deny a pro-se litigant their constitutional right to due process. It is mandatory, not discretionary, that this court grants us relief from Judge Tillery's void judgment favoring LNV.

**When rule providing for relief from void judgments is applicable, relief is not discretionary matter, but is mandatory**, *Orner. V. Shalala, 30 F.3d 1307 (Colo. 1994).*

WHEREFORE, we pray your Honorable Presiding Judge Mary Murthy vacate the void judgment ordered by Judge Tillery and reverse his denial of our motion for a continuance so that we are not deprived of our constitutional right to due process.  We further pray this court remove Judge Tillery from the bench and sanction him and Hardaway with disbarment.


_____          _____
JoAnn S Breitling                          Samuel G. Breitling


## CERTIFICATE OF SERVICE

Made by fax and by certified mail to attorneys for plaintiffs
Jeffrey B. Hardaway
Robert L. Negrin
Mary M. Speidel
650 N. Sam Houston Pkwy.Ste 450
Houston, Texas   77060
Fax 281-925-5300

# Exhibit A

Cause No. DC-14-04053

434G
000294

| | | |
|---|---|---|
| LNV CORPORATION, | § | IN THE DISTRICT COURT OF |
| ITS SUCCESSORS AND ASSIGNS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| | § | DALLAS COUNTY, TEXAS |
| SAMUEL G. BREITLING, | § | |
| JO ANN BREITLING, | § | |
| GMAC MORTGAGE, INC., | § | |
| NORTHWEST MORTGAGE, INC., | § | |
| PINNACLE REALTY ADVISORS, INC., | § | |
| and PALISADES ACQUISITION V, LLC | § | |
| | § | |
| Defendants. | § | 134TH JUDICIAL DISTRICT |

## ORDER WITHDRAWING COURT'S SIGNED ORDER

On July 7, 2014, the Court signed an Order for Final Judgment *In Rem Only* With Home

Equity Foreclosure. However, on July 9, 2014 the Court informed counsel for Defendants Samuel

G. Breitling and Jo Ann Breitling that the Order for Final Judgment *In Rem Only* With Home

Equity Foreclosure was signed in ERROR.

The Final Judgment *In Rem* Only With Home Equity Foreclosure Order was attached to

Plaintiff's Motion for *In Rem* Default and *In Rem* Summary Judgment. However,

1. Defendants Samuel G. Breitling and Jo Ann Breitling (the "Breitlings") timely filed an

   Answer, therefore no default can be entered against the Breitlings; and

2. The Final Judgment *In Rem* Only With Home Equity Foreclosure Order was signed

   before Defendants had opportunity to respond to the summary judgment and before the

   hearing set for August 4, 2014.

Therefore, it is hereby

ORDERED that the signed Final Judgment *In Rem* Only With Home Equity Foreclosure

Order is **WITHDRAWN** in its entirety.

All relief not expressly granted, is hereby DENIED.

Signed _____, 2014

JUDGE PRESIDING

# Exhibit B

## AFFIDAVIT OF SAMUEL BREITLING

I, Samuel G. Breitling, am over the age of 21, I have never been convicted of a crime and I am fully capable to make the following affidavit of fact.

I am an honorably retired Dallas Police Officer, having served the public for more than 33 years. Prior to that, I had joined the Navy during the Vietnam War, and I served three years with the United States Marines in a Mash Unit. My life has been dedicated to serving and protecting our country, our laws and our democratic way of life.

I have been married to my wife, JoAnn, for over 45 years. We are the proud parents of six daughters and one son. We are grandparents to thirteen grandchildren. We are a devout Christian family and have raised our children to be honest, decent law abiding citizens. I am in shock over why Andy Beal and his companies are getting away with crimes.

I drove with my wife JoAnn in April 2013, to 7195 Dallas Parkway, Plano, Texas, and we took pictures of the vacant lot located at this address. Both "MGC Mortgage Inc." and "LNV Corporation" are supposedly located at this address. This is the corporate address these companies provided to the Nevada Secretary of State, the Texas Secretary of State and for many other States.

I witnessed the high security at 6000 Legacy Drive, the address of Beal Bank in Plano, Texas. I've never before seen a bank with such security outside their building.

On April 10th 2014, after receiving debt collection letters from a Codilis & Stawiarski, a foreclosure mill in Houston on behalf of a company named "Dovenmuehle Mortgage Inc." we drove to 1 Corporate Drive in Lake Zurich, Illinois the address given to us for this company.

We had to see for ourselves if this was another vacant lot. There IS a building at this location and it says "Dovenmuehle" on the sign outside the building. We proceeded to enter the building and discovered it too is a very high security office building. My wife, JoAnn Breitling, had to show her identification and a gentleman at the front desk had to call and ask permission for her to take the elevator to suite 360. My wife hand delivered a "cease and desist" letter to Dovenmuehle informing them that the debt they were trying to collect from us was not a valid debt, and that we would hold them and all of the attorneys at Codilist and Stawiarski personally liable for if they continued their attempts to collect on a fraudulent debt.

Five days after we hand carried our letter to Dovenmuehle, LNV filed a petition for foreclosure in the 134th Dallas County Texas Court against us to take our home. My wife is the one who has spent hundreds of hours over the past six years fighting this injustice and she is the one best equipped to represent both of us in a court situation. I am hard of hearing. I have hearing aides but they do not work well. Also, with the stress of the new litigation, I was diagnosed with my second

heart blockage in less than two years. I had surgery in February 2013 for a blockage, and now I have is a new one. It is not good for me to live with the daily stress that we suffered for the past six years in constant fear that we will lose our home to fraud.

On the morning of August 4, 2014, when my wife attended the hearing on the Motion for Summary Judgment all alone, pro se, Jeffrey Hardaway, attorney for LNV made a very demeaning statement to the court. He said "We have heard from Mrs. Breitling. But where is Mr. Breitling in all of this? We have not heard from Mr. Breitling."

Our 31 year old son Matthew was born with Down syndrome. He was very high functioning and we were able to leave him for short periods of time. But all of this changed in early 2013. Matthew became ill, and after being mis-diagnosed by numerous doctors in Dallas County, we took our son to the Houston area where he was finally correctly diagnosed with Achalasia. He almost died in 2013. He was in ICU for six days and in the hospital for ten days. Achalasia is a very rare disease of the auto-immune system. One in 100,000 people have this disease, and the doctors in Dallas County had never seen a case of Achalasia before. We were fortunate to find a doctor within driving distance who was familiar with Achalasia and also familiar with Down syndrome. Matthew has lost 30 pounds and he must take medication at designated times throughout the day. And now he can never be left alone at any time. His health is very fragile. I was caring for our son on August 4, 2014, so my wife could be present to represent us. She will continue to represent both of our interests in any legal matter.

_____
Samuel G. Breitling

_8/17/2014_____
Date

KRISHNA MAHARAJ
Notary Public, State of Texas
My Commission Expires
August 26, 2017

*Aug 17, 2014*