# **<u>EXHIBIT C-5</u>**

Case 3:15-cv-00703-B   Document 1-8   Filed 03/03/15   Page 2 of 10   PageID 100

FILED
DALLAS COUNTY
9/16/2014 11:54:24 AM
GARY FITZSIMMONS
DISTRICT CLERK

CAUSE NO. DC-14-09604

| | | |
|---|---|---|
| **SAMUEL G. BREITLING AND JO ANN BREITLING,** | § § § | **IN THE DISTRICT COURT OF** |
| **Plaintiffs,** | § § | |
| vs. | § § | **DALLAS COUNTY, TEXAS** |
| **LNV CORPORATION, ET AL.,** | § § § | |
| **Defendants.** | § | **101ST JUDICIAL DISTRICT** |

## STATE COURT NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Please take notice that, pursuant to federal law, Defendants LNV Corporation ("LNV") and MGC Mortgage, Inc. ("MGC") (collectively, "Defendants") have filed a Notice of Removal with the clerk of the United States District Court for the Northern District of Texas, Dallas Division in regards to the above-styled and referenced lawsuit.  A true and correct copy of that Notice of Removal is attached hereto as **Exhibit 1** and is being served upon Plaintiffs Samuel G. Breitling and LNV Corporation pursuant to 28 U.S.C. § 1446(d).  Defendants respectfully request that, pursuant to federal law, this Court proceed no further in this action.

Respectfully submitted,

/s/   Marc D. Cabrera
**Robert T. Mowrey**
  State Bar No. 14607500
  rmowrey@lockelord.com
**Jason L. Sanders**
  State Bar No. 24037428
  jsanders@lockelord.com
**Marc D. Cabrera**
  State Bar No. 24069453
  mcabrera@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Telephone:  (214) 740-8000
Facsimile:  (214) 740-8800

**ATTORNEYS FOR DEFENDANTS**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record *via e-service through TexFile and/or certified mail, return receipt requested* pursuant to the Texas Rules of Civil Procedure on this 16th day of September 2014.

 /s/   Marc D. Cabrera
Counsel for Defendants

# **<u>EXHIBIT 1</u>**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SAMUEL G. BREITLING AND JO ANN BREITLING, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. 3:14-cv-3322 |
| LNV CORPORATION, ET AL., | § § § | |
| Defendants. | § § | |

## NOTICE OF REMOVAL

Notice is hereby given that pursuant to 28 U.S.C. §§ 1331 and 1446, Defendants LNV Corporation ("LNV") and MGC Mortgage, Inc. ("MGC") (collectively, "Defendants") remove this action from the 101st Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.

**I.
STATE COURT ACTION**

1.      On August 29, 2014, Plaintiffs Samuel and Jo Ann Breitling ("Plaintiffs") filed an Original Petition (the "Petition") in the 101st Judicial District Court of Dallas County, Texas in an action styled: *Samuel G. Breitling and Jo Ann Breitling v. LNV Corporation, et al.*, Cause No. DC-14-09604 (the "State Court Action").

2.      In the State Court Action, Plaintiffs seek to preclude the foreclosure sale of the real property located at 1704 Cornwall Lane, Sachse, Texas 75048 (the "Property"). Plaintiffs assert claims against Defendants for fraud, conspiracy, and quiet title, as well as violations of the Fair Debt Collection Practices Act ("FDCPA"), the Texas Debt Collection Practices Act, the Real Estate Settlement Procedures Act ("RESPA"), and the Truth in Lending Act ("TILA").

Plaintiffs' claims purportedly arise from, among others, the origination and servicing of their loan relating to the Property.  *See* Petition ¶¶ 11-23.  Specifically, Plaintiffs allege that: (a) they purportedly did not receive any of the requisite TILA disclosures at the closing of their loan, but instead received them more than a week after closing; (b) their signatures on unspecified loan documents were forged; (c) their rescission document was postdated, and as a result, they were denied any right of rescission; (d) their mortgage broker misrepresented that the loan's interest rate was temporary and that the interest rate would be reduced in two years, but it did not; (e) they did not receive notification of loan and servicing transfers; and (f) the assignment of the their deed of trust contains forgeries, false signatures, and false statements.  *Id.* ¶¶ 12-14.  Plaintiffs further allege that they stopped making mortgage payments on the loan because MGC purportedly has not shown that it has a legal right to collect payments, did not properly apply their payments to the loan balance, and charged excessive late fees.  *Id.*  Plaintiffs additionally contend that they disputed the debt owed on the loan in response to a debt collection letter, but that the validity of the debt was not investigated.  *Id.* ¶ 14.

3. This lawsuit was filed on August 29, 2014.  Because this Notice of Removal is being filed within thirty (30) days of the date the lawsuit was filed, removal is timely under 28 U.S.C. § 1446(b).

4. The consent of the other defendants in this matter, Dovenmuehle Mortgage, Inc. ("DMI"), Codilis & Stawiarski, P.C. ("C&S"), and the Honorable Dale Tillery ("Judge Tillery"), Presiding Judge of the 134 District Court, Dallas County, Texas, is not required for this removal because, upon information and belief, they have not been served.  *See Rossy v. BAC Home Loans Servicing LP*, No. 4:10-cv-444, 2010 WL 5889889, at *2 (E.D. Tex. Nov. 10, 2010) (". . . [u]nserved defendants are not required to join in the removal petition."); *Torres v. Trans Health Mgmt., Inc.*, 509 F. Supp. 2d 628, 630, n.1 (W.D. Tex. 2006) (same); *HDNet MMA 2008 v.*

*Zuffa*, LLC, No. 3:08-CV-0442-G, 2008 WL 958067, at *3 fn. 5 (N.D. Tex. April 9, 2008) ("Removing defendants need not obtain consent from . . . from defendants who have not been served at the time of removal."). No returns of service are on file for DMI, C&S, and Judge Tillery, and therefore, they need not join in this removal.

5. The United States District Court for the Northern District of Texas, Dallas Division has jurisdiction over this action based on federal question jurisdiction because Plaintiffs assert claims arising under federal law in the State Court Action. *See* 28 U.S.C. § 1331.

## II.
## PROCEDURAL REQUIREMENTS

6. This action is properly removed to this Court, as the State Court Action is pending within this district and division. *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(a)(1).

7. Pursuant to 28 U.S.C. § 1446(a) and Northern District of Texas Local Rule 81.1, this Notice of Removal is accompanied by copies of the following materials:

    **Exhibit A:**    Civil Cover Sheet and Supplemental Civil Cover Sheet;

    **Exhibit B:**    State Court Action Register of Actions;

    **Exhibit C:**    Index of Documents Filed in State Court;

    **Exhibit C-1:**    Civil Case Information Sheet;

    **Exhibit C-2:**    Original Petition;

    **Exhibit C-3:**    Citations; and

    **Exhibit C-4:**    Motion to Vacate.

8. Simultaneously with the filing of this Notice of Removal, Defendants are filing a copy of the Notice of Removal in the 101st Judicial District Court of Dallas County, Texas pursuant to 28 U.S.C. § 1446(d).

## III.
## FEDERAL QUESTION JURISDICTION

9. The district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States. *See* 28 U.S.C. § 1331. A case may be removed to federal court if it could have been brought in federal court originally. *See* 28 U.S.C. § 1441(a); *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, (2003). A claim "arises under" federal law when either (1) the well-pleaded complaint establishes that federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *See Singh v. Morris*, 538 F.3d 334, 338 (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)); *see also Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

10. Removal of the State Court Action is proper under 28 U.S.C. §§ 1331 and 1441, as it arises under the Constitution and laws of the United States. Specifically, Plaintiffs assert claims for violations of TILA, RESPA, and the FDCPA. *See* Petition ¶¶ 11-23. Notably, TILA, RESPA, and the FDCPA expressly grant this Court original jurisdiction to hear such claims. *See* 15 U.S.C. § 1640(e) (any TILA action "may be brought in any United States district court . . . "); 12 U.S.C. § 2614 (any RESPA action "may be brought in any United States district court . . . "); 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy . . . ."); *Hingst v. Providian Nat'l Bank*, 124 F. Supp. 2d 449, 451 (S.D. Tex. 2000) (finding it indisputable that a FDCPA claim gives rise to federal question jurisdiction). Plaintiffs allege violations of federal law and their right to relief will necessarily depend upon the resolution of federal law. Accordingly, this Court has federal question jurisdiction.

## IV.
## SUPPLEMENTAL JURISDICTION

11. This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a). As noted by the Supreme Court, "[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005); *see also State Nat'l Ins. Co. Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004) (explaining that 28 U.S.C. § 1367 grants the federal courts jurisdiction to hear "claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy'").

12. It is well established that federal district courts have supplemental jurisdiction over state law claims that share a "common nucleus of operative fact" with federal claims. *Jamal v. Travelers Lloyds of Tex. Ins. Co.*, 97 F. Supp. 2d 800, 805 (S.D. Tex. 2000) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1977)). This principle applies not only to cases originally brought in federal court, but also to those cases removed to federal court. *Id.* at 806. Here, Plaintiffs' state law claims share a common nucleus of operative facts with the federal causes of action in that Plaintiffs' claims are all based on the same alleged wrongful conduct related to the origination and servicing of their loan for the Property. Therefore, supplemental federal jurisdiction exists over Plaintiffs' state law claims.

## V.
## CONCLUSION

WHEREFORE, Defendants remove this action from the 101st Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

 /s/   Marc D. Cabrera
**Robert T. Mowrey**
  State Bar No. 14607500
  rmowrey@lockelord.com
**Jason L. Sanders**
  State Bar No. 24037428
  jsanders@lockelord.com
**Marc D. Cabrera**
  State Bar No. 24069453
  mcabrera@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
T: (214) 740-8000
F: (214) 740-8800

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

　　The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record *via the Court's CM/ECF system and/or certified mail, return receipt requested* on this 15th day of September 2014.

 /s/   Marc D. Cabrera
Counsel for Defendants