# **EXHIBIT C-8**

FILED
DALLAS COUNTY
9/19/2014 6:39:53 PM
GARY FITZSIMMONS
DISTRICT CLERK

Case 3:15-cv-00703-B   Document 1-11   Filed 03/03/15   Page 2 of 8   PageID 114

**CAUSE NO. 14-09604**

| | | |
|---|---|---|
| **SAMUEL AND JO ANN BREITLING** § | | **IN THE DISTRICT COURT OF** |
| Plaintiffs, § | | |
| § | | |
| § | | |
| v. § | | **DALLAS COUNTY, TEXAS** |
| § | | |
| § | | |
| **LNV CORPORATION et al.,** § | | |
| Defendants. § | | **101ST JUDICIAL DISTRICT** |

**DEFENDANT DALE TILLERY'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Judge Dale Tillery, by his counsel, the Attorney General of Texas, files Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. In support thereof, Defendant Judge respectfully offers the following:

**I.
NATURE OF CASE**

That Defendant Judge is the presiding judge of the 134th District Court. Plaintiffs' suit against him arises from actions he has taken handling his civil docket. Plaintiffs are suing Defendant Judge for rulings he made in an underlying case apparently dealing with a foreclosure proceeding dealing with their house. Plaintiffs are complaining of actions taken by Defendant Judge in disposing of a case pending in his court while acting in his "official and judicial" capacities. Defendant Judge asserts his entitlement to judicial immunity and sovereign immunity, which are absolute immunities from both suit and damages.

## II.
## MOTION TO DISMISS

A.  **Standards for a Plea to the Jurisdiction.**

A plea to the jurisdiction (or, in this case, a motion to dismiss for lack of subject matter jurisdiction) challenges the court's power to determine the subject matter of the controversy. *Axtell v. University of Tex.,* 69 S.W.3d 261, 263 (Tex. App.—Austin 2002, no pet.). Immunities and privileges that defeat a cause of action are properly the basis of a plea to the jurisdiction and, where necessary, the court is to consider evidence to determine the plea. *Texas Dept. of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004)(sovereign immunity); *Diocese of Galveston-Houston v. Stone,* 892 S.W.2d 169, 176-77 (Tex. App. — Houston [14th] 1994, orig proceeding)(ecclesiastical privilege). If the pleadings affirmatively negate the existence of jurisdiction, the trial court may grant the plea without permitting the plaintiff an opportunity to amend. *Miranda*, 226-27. When the plea is based on jurisdictional facts, such as contained in the transcript of the hearing, the trial court is to grant the plea and dismiss the case if the evidence is undisputed or fails to raise a fact issue on the jurisdictional issue. *Miranda,* 227-28.

B.  **Judge is Entitled to Judicial and Sovereign Immunity**.

Plaintiffs have failed to state a claim for which relief can be granted because the only contact Defendant Judge had with Plaintiffs was in his capacity as a state judge dealing with matters on his docket. Such actions would be actions taken by the judge in his judicial capacity. Defendant Judge is entitled to judicial immunity. Judicial immunity protects judges from suit as to claims for money damages, in all actions taken in their judicial capacities, so long as they do not act in clear absence of all jurisdiction. *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991). In

*Mireles,* the United States Supreme Court reiterated the principle that absolute judicial immunity is overcome in only two rather narrow sets of circumstances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, that although judicial in nature, are taken in the complete absence of all jurisdiction. *Id. at* 11-12.

In determining whether a judge's actions were "judicial in nature," federal courts consider "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Ballard v. Wall,* 413 F.3d 510 (5th Cir. 2005). These four factors are to be broadly construed in favor of immunity, and the absence of one or more factors does not prevent a determination that judicial immunity applies in a particular case. *Adams v. McIlhany,* 764 F.2d 294, 297 (5th Cir. 1985), *cert. denied,* 474 U.S. 1101 (1986). Under these factors, the alleged actions of these three Defendants are clearly judicial in nature.

Plaintiffs are upset because the Defendant Judge made rulings in matters on his docket. While Plaintiff makes numerous allegations of wrongful acts, these allegations are irrelevant to the issue of judicial immunity. Judicial immunity applies *even when* a judge is accused of acting maliciously and corruptly. *Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir. 1994). An allegation that a judge "acted pursuant to a conspiracy and committed grave procedural errors is not sufficient to avoid absolute judicial immunity." *Mitchell v. McBryde,* 994 F.2d 229, 230 (1991). Without question, the Defendant Judge had jurisdiction over the underlying case. Defendant Judge is

entitled to judicial immunity, and therefore moves that Plaintiffs' claims be dismissed with prejudice.

Texas law is clear that "judges acting in their official judicial capacity have immunity from liability and suit for judicial acts performed within the scope of their jurisdiction." *Twilligear v. Carrell,* 148 S.W.3d 502, 504 (Tex. App.— Houston [14th Dist. 2004, pet. denied), *citing, Dallas County v. Halsey,* 87 S.W.3d 553, 554 (Tex. 2002). "This immunity extends to actions that are done in error, maliciously, and even in excess of the judge's authority." *Id., citing, Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). The immunity is overcome "only for actions that are: (1) non-judicial, *i.e.,* not taken in the judge's official capacity; or (2) taken in the complete absence of all jurisdiction." *Id, citing, Mireles v. Waco,* 502 U.S. 9 (1991). "Whether an act is judicial (or non-judicial) for this purpose is determined by the nature of the act, *i.e.,* whether it is a function normally performed by a judge, as contrasted from other administrative, legislative, or executive acts that simply happen to be done by judges." *Id., citing, Forrester v. White,* 484 U.S. 219 (1988). Under Texas law, "judicial acts include those performed by judges in adjudicating, or otherwise exercising their judicial authority over, proceedings pending in their courts." *Id., citing, Mireles,* 502 U.S. at 13.

C.     **Plaintiffs' Claim for Declaratory Relief is Without Merit As a Matter of Law.**

While "judicial immunity is not a bar to *prospective injunctive* relief, against a judicial officer acting in a judicial capacity or to attorney's fees, for obtaining such relief," *Twillinger,* 148 S.W. 3d at 504, f.n. 8, *citing, Pulliam v. Allen,* 466 U.S. 522, 542-44 (1984)(emphasis original), Plaintiffs' pleadings reflect that Plaintiffs' claim is not for prospective injunctive relief. Plaintiffs' complaints are for past conduct and his request for equitable relief is vague. The

4

Texas Supreme Court has made it clear that "a declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought." *Bonham State Bank v. Beadle,* 907 S.W.2d 465, 467 (Tex. 1995). There is no controversy that could be resolved by the declaration sought. Defendant Judges would cite the Court to *Chenault v. Phillips,* 914 S.W. 2d 140 (Tex. 1996). The Supreme Court clarified that the Declaratory Judgment Act is not a grant of jurisdiction. Rather, it is a procedural device to decided cases already in the Court's jurisdiction. Moreover, these type of suits must be brought against the official in their official capacity, and do not allow for an award of monetary damages.

42 U.S.C. §1983 specifically excludes equitable relief in judicial actions. The statute states: "...except that in any action brought against a judicial officer from an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Finally, the United States Supreme Court has made it clear that there are limitations on the availability of equitable relief against a judge in his official capacity:

> The limitations already imposed by the requirements for obtaining equitable relief against any defendant — a showing of an inadequate remedy at law and of a serious risk of irreparable harm, severely curtail the risk that judges will be harassed and their independence compromised.

*Pulliam,* 104 S.Ct. at 1978. *See also, Adams v. McIlhany,* 593 F. Supp. 1025, 1032 (N.D. Tex. 1984).

Plaintiffs cannot make the required showing of an inadequate remedy at law. Plaintiffs cannot make the required showing of a serious risk of irreparable harm. Therefore, Plaintiffs'

5

request for declaratory relief should also be dismissed with prejudice for lack of subject matter jurisdiction.

**ACCORDINGLY,** Defendant Judge Dale Tillery respectfully prays that the Court grant his motion, dismiss this lawsuit, and grant such other and further relief as Defendant Judge is justly entitled.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/s/ David A. Harris*
**DAVID A. HARRIS**
Assistant Attorney General
Attorney-in-Charge
State Bar No. 09056800

P. O. Box 12548, Capitol Station
Austin, Texas 78711
david.harris@texasattorneygeneral.gov
512.463.2080 / Fax 512.495.9139

**ATTORNEYS FOR DEFENDANT**

**NOTICE OF ELECTRONIC FILING**

I, **DAVID A. HARRIS**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing a true and correct copy of the above and foregoing **Defendant Dale Tillery's Motion to Dismiss for Lack of Subject Matter Jurisdiction** in accordance with the Electronic File and Serve System for Dallas County Judicial District on September 19, 2014.

>  */s/ David A. Harris*
>  **DAVID A. HARRIS**
>  Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, **DAVID A. HARRIS**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant Dale Tillery's Motion to Dismiss for Lack of Subject Matter Jurisdiction** has been served by placing the same in the United States mail, certified return receipt requested, postage prepaid on January 19, 2014, addressed to Plaintiff:

Samuel and Jo Ann Breitling     *CMRRR – 7010 1060 0000 3700 8364*
C/O Jeffrey B. Hardaway
650 N. Sam Houston Pkwy # 450
Houston, TX  77060

>  */s/ David A. Harris*
>  **DAVID A. HARRIS**
>  Assistant Attorney General