# **EXHIBIT C-10**

Case 3:15-cv-00703-B   Document 1-13   Filed 03/03/15   Page 2 of 15   PageID 124

FILED
DALLAS COUNTY
10/3/2014 7:00:33 PM
GARY FITZSIMMONS
DISTRICT CLERK

CAUSE NO. DC-14-09604

| | | |
|---|---|---|
| SAMUEL G. BREITLING AND JO ANN BREITLING, | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| vs. | § § | DALLAS COUNTY, TEXAS |
| LNV CORPORATION, ET AL., | § § § | |
| Defendants. | § | 101ST JUDICIAL DISTRICT |

## AMENDED STATE COURT NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Please take notice that, pursuant to federal law, Defendants LNV Corporation ("LNV") and MGC Mortgage, Inc. ("MGC") (collectively, "Defendants") have filed an Amended Notice of Removal with the clerk of the United States District Court for the Northern District of Texas, Dallas Division in regards to the above-styled and referenced lawsuit.  A true and correct copy of that Amended Notice of Removal is attached hereto as **Exhibit 1** and is being served upon Plaintiffs Samuel G. Breitling and LNV Corporation pursuant to 28 U.S.C. § 1446(d). Defendants respectfully request that, pursuant to federal law, this Court proceed no further in this action.

Respectfully submitted,

/s/   Marc D. Cabrera
**Robert T. Mowrey**
  State Bar No. 14607500
  rmowrey@lockelord.com
**Jason L. Sanders**
  State Bar No. 24037428
  jsanders@lockelord.com
**Marc D. Cabrera**
  State Bar No. 24069453
  mcabrera@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Telephone:  (214) 740-8000
Facsimile:  (214) 740-8800

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record and pro se parties *via e-service through TexFile, regular mail, and/or certified mail, return receipt requested* pursuant to the Texas Rules of Civil Procedure on this 3rd day of October 2014.

 /s/   Marc D. Cabrera
Counsel for Defendants

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL G. BREITLING AND JO ANN BREITLING, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. 3:14-cv-3322-M |
| LNV CORPORATION, ET AL., | § § § | |
| Defendants. | § § | |

## AMENDED NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331 and 1446, Defendants LNV Corporation ("LNV") and MGC Mortgage, Inc. ("MGC") (collectively, "Defendants") file this Amended Notice of Removal and remove this action from the 101st Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.

### I.
### STATE COURT ACTION

1.　On August 29, 2014, Plaintiffs Samuel and Jo Ann Breitling ("Plaintiffs") filed an Original Petition (the "Petition") in the 101st Judicial District Court of Dallas County, Texas in an action styled: *Samuel G. Breitling and Jo Ann Breitling v. LNV Corporation, et al.*, Cause No. DC-14-09604 (the "State Court Action").

2.　In the State Court Action, Plaintiffs seek to preclude the foreclosure sale of the real property located at 1704 Cornwall Lane, Sachse, Texas 75048 (the "Property"). Plaintiffs assert claims against Defendants for fraud, conspiracy, and quiet title, as well as violations of the Fair Debt Collection Practices Act ("FDCPA"), the Texas Debt Collection Practices Act, the Real Estate Settlement Procedures Act ("RESPA"), and the Truth in Lending Act ("TILA").

Plaintiffs' claims purportedly arise from, among other things, the origination and servicing of their loan relating to the Property. *See* Petition at pp. 11-23. Specifically, Plaintiffs allege that: (a) they purportedly did not receive any of the requisite TILA disclosures at the closing of their loan, but instead received them more than a week after closing; (b) their signatures on unspecified loan documents were forged; (c) their rescission document was postdated, and as a result, they were denied any right of rescission; (d) their mortgage broker misrepresented that the loan's interest rate was temporary and that the interest rate would be reduced in two years, but it did not; (e) they did not receive notification of loan and servicing transfers; and (f) the assignment of the their deed of trust contains forgeries, false signatures, and false statements. *Id.* at pp. 12-14. Plaintiffs further allege that they stopped making mortgage payments on the loan because MGC purportedly had not shown that it has a legal right to collect payments, did not properly apply their payments to the loan balance, and charged excessive late fees. *Id.* Plaintiffs additionally contend that they disputed the debt owed on the loan in response to a debt collection letter, but that the validity of the debt was not investigated. *Id.* at pp. 14.

3. This lawsuit was filed on August 29, 2014. Defendants filed a Notice of Removal (Doc. No. 1) on September 15, 2014. Defendants now file this Amended Notice of Removal. Citations were issued as to Defendants in the State Court Action on September 11, 2014. *See* Exhibit C-3. The Amended Notice of Removal is being filed within thirty (30) days of September 11, 2014, the date citations as to Defendants were issued. Accordingly, Defendants' removal is timely. *See* 28 U.S.C. § 1446(b).

4. Dovenmuehle Mortgage, Inc. and Codilis & Stawiarski, P.C., both named defendants in the State Court Action, consent to the removal of the State Court Action to the United States District Court for the Northern District of Texas, Dallas Division. *See* Exhibit D.[1]

---

[1] Dovenmuehle Mortgage, Inc.'s written consent will be filed with the Court shortly.

5. The United States District Court for the Northern District of Texas, Dallas Division has jurisdiction over this action based on federal question jurisdiction because Plaintiffs assert claims arising under federal law in the State Court Action. *See* 28 U.S.C. § 1331.

## II.
## THE CONSENT OF JUDGE TILLERY IS NOT REQUIRED FOR REMOVAL

6. State District Judge Dale Tillery ("Judge Tillery"), another named defendant in the State Court Action, was served on September 12, 2014. *See* Doc. No. 9 at p. 2. However, Judge Tillery's consent is not required for removal because he has been fraudulently joined and because the claims against Defendants are separate and independent from the claims brought against Judge Tillery. *See e.g. Getty Oil Corp. v. Ins. Co. of North Am.*, 841 F.2d 1254, 1261 (5th Cir. 1988) (removal consent is not required of a defendant who is fraudulently joined); *Smith v. Estate of Wagner*, No. H-06-02629, 2006 WL 2729282, at *5 (S.D. Tex. Sept. 25, 2006) ("Indeed, a removing defendant need not obtain the consent of . . . defendants the removing party claims were fraudulently joined . . . "); *Jernigan v. Ashland Oil Co.,* 989 F.2d 813, 815 (5th Cir. 1993) (requiring the written consent of "improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists."); *Yeldell v. GeoVera Specialty Ins. Co.*, No. 3:12-cv-1908-M, 2012 WL 5451822, at *3 (N.D. Tex. Nov. 8, 2012) (Lynn, J.) ("A removing defendant need not obtain the consent of a defendant it alleges was improperly joined."); *Hayden v. Allstate Texas Lloyds*, No. H-10-646, 2011 WL 240388, at *6 (S.D. Tex. Jan. 20, 2011) ("Where a defendant has been fraudulently joined . . . his consent is not required for removal."); *see also Henry v. Independent American Sav. Ass'n*, 857 F.2d 995, 999 (5th Cir. 1988) (". . . if one defendant's removal petition is premised on removable claims "separate and independent" from the claims brought against other defendants, consent of the other defendants is not required."); *Churchloans.com v. Johnson*, No. 3:12-CV-1681, 2012 WL 5392182, at *4 (N.D. Tex. Oct. 4, 2012) (same); *Deutsche Bank Nat.*

*Trust Co. v. Sawyer*, No. 3:10-CV-1562-O, 2010 WL 4511021, at *3 (N.D. Tex. Oct. 12, 2010) (same).

A. **PLAINTIFFS FRAUDULENTLY JOINED JUDGE TILLERY**

7. A defendant is considered fraudulently joined when there is no reasonable possibility that a plaintiff will be able to establish a cause of action in state court against the defendant. *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *Patton v. Adesa Texas, Inc. et al.*, 985 F. Supp. 2d 818, 821 (N.D. Tex. 2013) (Lynn, J.); *Cantor v. Wachovia Mortgage, FSB et. al.*, 641 F. Supp. 2d 602, 606 (N.D. Tex. 2009); *Shields v. Bridgestone/Firestone, Inc.*, 232 F. Supp. 2d 715, 719 (E.D. Tex. 2002). Notably, a "mere theoretical possibility of recovery under local law" will not preclude a finding of improper joinder. *Smallwood*, 385 F.3d at 573 n. 9; *see also Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002).

8. To determine "whether the complaint states a claim under state law against the in-state defendant," the court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint." *Patton*, 985 F. Supp. 2d at 821 (citing *Smallwood*, 385 F.3d at 573). "All factual allegations are considered in the light most favorable to the plaintiff, and contested fact issues are resolved in the plaintiff's favor." *Patton*, 985 F. Supp. 2d at 821 (citing *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005)). In conducting a fraudulent joinder analysis, "this Court has determined that it must review a plaintiff's complaint under the pleading standard of the state court in which it was brought." *See Patton*, 985 F. Supp. 2d at 821; *Yeldell*, 2012 WL 5451822, at *4-5 (Lynn, J.) (holding that the Texas "fair notice" pleading standard applies to factual allegations of the removed petition in an improper joinder analysis); *Progressive Island, LLC v. Scottsdale Ins. Co.*, 3:13–CV–741–M, 2013 WL 6065414, at * 1-2 (N.D. Tex. Nov. 18, 2013) (Lynn, J.). Texas applies a "fair notice" pleading standard, which

looks to "whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Progressive Island, LLC*, 2013 WL 6065414, at *1-2 (quoting *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000)).

9.    Considering all allegations in the Petition in the light most favorable to Plaintiffs under Texas's "fair notice" pleading standard, there is simply no reasonable basis to predict that Plaintiffs might recover under any cause of action asserted against Judge Tillery in this case because he is entitled to judicial immunity, which is an absolute immunity from both suit and damages.

10.   "Absolute judicial immunity extends to all judicial acts that are not performed in the clear absence of all jurisdiction." *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993); *see also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (stating that a long line of United States Supreme Court "precedents acknowledges that, generally, a judge is immune from a suit for money damages."); *Bradley v. Fisher*, 13 Wall. 335, 347 (1872) (". . . it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). Judicial immunity is not overcome by allegations of bad faith or malice. *Mireles*, 502 U.S. at 11; *Pierson v. Ray,* 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly"); *Harlow v. Fitzgerald,* 457 U.S. 800, 815-819 (1982) (allegations of malice are insufficient to overcome qualified immunity); *Mitchell v. McBryde*, 994 F.2d 229, 230 (1991) (allegations that a judge "acted pursuant to a conspiracy and committed grave procedural errors is not sufficient to avoid

absolute judicial immunity.").

11.     Absolute judicial immunity is overcome only in two narrow sets of circumstances, neither of which exist in the instant case. *Mireles*, 502 U.S. at 11-12.  First, "a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11 (citing *Forrester v. White,* 484 U.S. 219, 227-229 (1988); *Stump v. Sparkman,* 435 U.S. 349, 360 (1978)).  Second, "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12 (citing *Stump,* 435 U.S. at 356-357; *Bradley*, 13 Wall. at 351); *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir.), *cert. denied*, 492 U.S. 921 (1989) (judges are absolutely immune for all judicial acts "not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive.").  Thus, judicial immunity protects judges from lawsuits and claims for money damages, in all actions taken in their judicial capacities, so long as they do not act in complete absence of all jurisdiction.

12.     In determining whether a judge's actions are "judicial in nature," courts consider four factors: "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993); *see also Ballard v. Wall*, 413 F.3d 510 (5th Cir. 2005); *McAlester v. Brown*, 469 F.2d 1280, 1282 (5th Cir. 1972).  These factors are to be broadly construed in favor of immunity, and the absence of one or more factors does not prevent a determination that judicial immunity applies in a particular case. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985), *cert. denied*, 474 U.S. 1101 (1986). In some situations, immunity is to be afforded even though one or more of the factors is not met. *Id.*

13. Taking into consideration the above factors, the alleged actions of Judge Tillery are clearly judicial in nature. The claims asserted against Judge Tillery for violation of the United States Constitution and Texas Constitution arise solely from rulings that he made while acting in his official and judicial capacities in a previous lawsuit relating to the foreclosure of the Property. *See* Original Petition at pp. 3-11. Clearly, the acts complained of are normal judicial functions that occurred in the courtroom in a previous lawsuit. There is no question that Judge Tillery was acting within his judicial capacity in making his rulings in the prior lawsuit. There is also no doubt that Judge Tillery had jurisdiction over the previous lawsuit.

14. In light of the foregoing, there is no reasonable basis for Plaintiffs' recovery against Judge Tillery in this matter because he enjoys absolute judicial immunity. Simply put, the actions complained of were within the scope of his judicial duties, and therefore, Judge Tillery is absolutely immune from the claims asserted against him. Consequently, Judge Tillery has been fraudulently joined in this lawsuit, as Plaintiffs can neither state a claim against him nor even raise the "theoretical possibility" that any causes of action could be maintained against him. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259-60 and n. 8 (5th Cir. 1995) (citation omitted) (affirming denial of motion to remand, in part, on grounds that the plaintiff's complaint did not contain allegations which could support a claim against the defendant); *see also Cantor v. Wachovia Mortgage, FSB et. al.*, 641 F. Supp. 2d 602, 611-612 (N.D. Tex. 2009) (denying remand upon a finding that no reasonable basis existed for plaintiff's recovery).

**B.    SEPARATE AND INDEPENDENT CLAIMS**

15. Judge Tillery's consent is also not required for this removal because the claims against him are separate and independent from the claims against Defendants. *See Henry*, 857 F.2d at 999 (". . . if one defendant's removal petition is premised on removable claims "separate and independent" from the claims brought against other defendants, consent of the other

defendants is not required."); *Churchloans.com*, 2012 WL 5392182, at *4; *Sawyer*, 2010 WL 4511021, at *3.  On the one hand, Plaintiffs assert various state and federal law claims against Defendants arising from, among others things, the origination and servicing of their loan for the Property.  *See* Petition at pp. 11-23.  But on the other hand, Plaintiffs assert claims against Judge Tillery based solely on rulings that he made while acting in his official and judicial capacities in a previous lawsuit relating to the foreclosure of the Property.  *Id.* at pp. 3-11.  Clearly, the claims asserted against Defendants are "separate and independent" from the claims asserted against Judge Tillery, and therefore, his consent is not required for this removal.

## II.
## PROCEDURAL REQUIREMENTS

16. This action is properly removed to this Court, as the State Court Action is pending within this district and division.  *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(a)(1).

17. Pursuant to 28 U.S.C. § 1446(a) and Northern District of Texas Local Rule 81.1, this Amended Notice of Removal is accompanied by copies of the following materials:

| | | |
|---|---|---|
| **Exhibit A:** | Civil Cover Sheet and Supplemental Civil Cover Sheet; |
| **Exhibit B:** | State Court Action Register of Actions; |
| **Exhibit C:** | Index of Documents Filed in State Court; |
| **Exhibit C-1:** | Civil Case Information Sheet; |
| **Exhibit C-2:** | Original Petition; |
| **Exhibit C-3:** | Citations; |
| **Exhibit C-4:** | Motion to Vacate; |
| **Exhibit C-5:** | Motion to Dismiss and Judgment; and |
| **Exhibit C-6:** | Letter to Coordinator in State Court Action. |
| **Exhibit D:** | Consent to Removal. |

18. Simultaneously with the filing of this Notice of Removal, Defendants are filing a copy of the Notice of Removal in the 101st Judicial District Court of Dallas County, Texas pursuant to 28 U.S.C. § 1446(d).

### III.
### FEDERAL QUESTION JURISDICTION

19. The district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States. *See* 28 U.S.C. § 1331. A case may be removed to federal court if it could have been brought in federal court originally. *See* 28 U.S.C. § 1441(a); *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, (2003). A claim "arises under" federal law when either (1) the well-pleaded complaint establishes that federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *See Singh v. Morris*, 538 F.3d 334, 338 (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)); *see also Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

20. Removal of the State Court Action is proper under 28 U.S.C. §§ 1331 and 1441, as it arises under the Constitution and laws of the United States. Specifically, Plaintiffs assert claims for violations of TILA, RESPA, and the FDCPA. *See* Petition ¶¶ 11-23. Notably, TILA, RESPA, and the FDCPA expressly grant this Court original jurisdiction to hear such claims. *See* 15 U.S.C. § 1640(e) (any TILA action "may be brought in any United States district court . . ."); 12 U.S.C. § 2614 (any RESPA action "may be brought in any United States district court . . ."); 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy . . . ."); *Hingst v. Providian Nat'l Bank*, 124 F. Supp. 2d 449, 451 (S.D. Tex. 2000) (finding it indisputable that a FDCPA claim gives rise to federal question jurisdiction). Plaintiffs

allege violations of federal law and their right to relief will necessarily depend upon the resolution of federal law. Accordingly, this Court has federal question jurisdiction.

## IV.
## SUPPLEMENTAL JURISDICTION

21. This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a). As noted by the Supreme Court, "[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005); *see also State Nat'l Ins. Co. Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004) (explaining that 28 U.S.C. § 1367 grants the federal courts jurisdiction to hear "claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy'").

22. It is well established that federal district courts have supplemental jurisdiction over state law claims that share a "common nucleus of operative fact" with federal claims. *Jamal v. Travelers Lloyds of Tex. Ins. Co.*, 97 F. Supp. 2d 800, 805 (S.D. Tex. 2000) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1977)). This principle applies not only to cases originally brought in federal court, but also to those cases removed to federal court. *Id.* at 806. Here, Plaintiffs' state law claims against Defendants share a common nucleus of operative facts with the federal causes of action asserted against Defendants in that Plaintiffs' claims against Defendants are all based on the same alleged wrongful conduct related to the origination and servicing of their loan for the Property. Therefore, supplemental federal jurisdiction exists over Plaintiffs' state law claims against Defendants.

## V.
## CONCLUSION

WHEREFORE, Defendants remove this action from the 101st Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, so that this Court may assume jurisdiction over the cause as provided by law.

        Respectfully submitted,

       /s/   Marc D. Cabrera
**Robert T. Mowrey**
  State Bar No. 14607500
  rmowrey@lockelord.com
**Jason L. Sanders**
  State Bar No. 24037428
  jsanders@lockelord.com
**Marc D. Cabrera**
  State Bar No. 24069453
  mcabrera@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
T: (214) 740-8000
F: (214) 740-8800

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record and pro se parties *via the Court's CM/ECF system, regular mail, and/or certified mail, return receipt requested* on this 3rd day of October 2014.

       /s/   Marc D. Cabrera
       Counsel for Defendants