# EXHIBIT C-18

FILED
DALLAS COUNTY
2/20/2015 2:25:52 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:15-cv-00703-B   Document 1-21   Filed 03/03/15   Page 2 of 89   PageID 333

## CAUSE NO. DC-14-09604

| | | |
|---|---|---|
| SAMUEL G. BREITLING AND JOANN BREITLING, | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| vs. | § § | DALLAS COUNTY, TEXAS |
| LNV CORPORATION, CODILIS & STAWIARSKI, P.C., DOVENMUEHLE MORTGAGE, INC., MGC MORTGAGE, INC., AND DALE B. TILLERY, | § § § § § | |
| Defendants. | § § | 101ST JUDICIAL DISTRICT |

---

### DMI'S MOTION TO TRANSFER AND, SUBJECT THERETO, ORIGINAL ANSWER TO PLAINTIFFS' PETITION AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Dovenmuehle Mortgage, Inc. ("Defendant" or "DMI") and files its Motion to Transfer and, Subject Thereto, Original Answer to Plaintiff Samuel G. Breitling and Jo Ann Breitling's ("Plaintiffs") Original Petition (the "Petition") and Request for Disclosure (the "Motion to Transfer and, Subject Thereto, Original Answer"), as follows:

### I.
### MOTION TO TRANSFER

Pursuant to Local Rules 1.06 and 1.07, Defendant respectfully requests that the above-captioned cause be transferred to the 116th Judicial District Court, Dallas County, Texas.

A. **PLAINTIFFS' FIRST LAWSUIT RELATING TO THE HOME EQUITY LOAN IN THE 116TH DISTRICT COURT**

On February 25, 2010, Plaintiffs filed suit against MGC Mortgage, Inc. ("MGC") in the 116th District Court of Dallas County, Texas in a case styled and numbered *Samuel G. Breitling and Jo Ann Breitling v. Aames Funding Corporation d/b/a Aames Home Loans and MGC Mortgage, Inc.*, No. 10-02189 (the "First Lawsuit"). *See* Ex. 1.

**MOTION TO TRANSFER AND, SUBJECT THERETO, ORIGINAL ANSWER** **PAGE 1**

In the First Lawsuit, Plaintiffs admit that, on October 20, 2000, they executed a Texas Home Equity Adjustable Rate Note ("Note") in the amount of $129,600 made payable to Aames Funding Corporation, a California Corporation, DBA Aames Home Loan ("Aames"), as well as a Texas Home Equity Security Instrument (the "Security Instrument"), which granted a security interest in the real property located at 1704 Cornwall Lane, Sachse, Texas 75048, to secure repayment of the Note.  *See* Ex. 1(A) ¶ 7.  Plaintiffs further admit that MGC became the servicer of the Home Equity Loan[1] in June 2008.  *See* Ex. 1(A) ¶ 10.  In connection with the Home Equity Loan, Plaintiffs asserted claims against MGC in the First Lawsuit for violations of the Truth in Lending Act ("TILA") based on their allegations that they were not provided with certain disclosures at the closing of the Home Equity Loan, and for violations of the Real Estate Settlement Procedures Act ("RESPA") based on, among other things, their allegations that notice of a transfer in the servicing of the Home Equity Loan was not provided.  *See* Ex. 1(A) ¶¶ 7-11.

After almost a year and a half of litigation, on June 6, 2011, Plaintiffs nonsuited their claims against MGC without prejudice in the First Lawsuit.  *See* Ex. 1(B).

**B.**      **PLAINTIFFS' SECOND LAWSUIT RELATING TO THE HOME EQUITY LOAN IN THE 116TH DISTRICT COURT**

On June 7, 2011, Plaintiffs again filed suit against MGC, as well as LNV Corporation ("LNV"), initially, in the 44th District Court of Dallas County, Texas in a case styled and numbered *Samuel G. Breitling and Jo Ann Breitling v. LNV Corporation et al.*, No. DC-11-07087 (the "Second Lawsuit").  *See* Ex. 2.  On June 27, 2011, pursuant to Local Rules 1.06 and 1.07, the Second Lawsuit was transferred from the 44th District Court to the 116th District Court.  *See* Ex. 2(A).

In the Second Lawsuit, Plaintiffs again admitted that on October 20, 2000, they signed

---

[1] The Note and Security Instrument, along with any amendments and supplements thereto and all other documents and instruments executed in connection therewith relating to the Property, are collectively referred to herein as the "Home Equity Loan."

the Note and Security Instrument.  *See* Ex. 2(A) ¶ 4.  In connection with the Home Equity Loan, Plaintiffs asserted a variety of claims against MGC and LNV in the Second Lawsuit relating to the servicing of the Home Equity Loan based on, among other things, their allegations that notice of a transfer in the servicing of the Home Equity Loan was not provided.  *See* Ex. 2(A).

After approximately two years of litigation, on July 25, 2013, Plaintiffs nonsuited their claims against MGC and LNV without prejudice in the Second Lawsuit.  *See* Ex. 2(B).

**C.    PLAINTIFFS' THIRD LAWSUIT RELATING TO THE HOME EQUITY LOAN THAT SHOULD BE TRANSFERRED TO THE 116TH DISTRICT COURT**

On August 29, 2014, Plaintiffs filed suit against MGC and LNV, among others, in the 101st District Court of Dallas County, Texas in a case styled and numbered *Samuel G. Breitling and Jo Ann Breitling v. MGC Mortgage, Inc. et al.*, No. DC-14-09604 (the "Third Lawsuit"). *See* Ex. 3.  In the Third Lawsuit, Plaintiffs assert various state and federal law claims against MGC and LNV, among others, relating to the servicing of the Home Equity Loan for, among other things, alleged violations of TILA and RESPA.  *Id.*

**D.    ARGUMENTS & AUTHORITIES**

Pursuant to Local Rule 1.06, "[w]henever any pending case is so related to another case previously filed in or disposed of by another Court of Dallas County having subject matter jurisdiction that a transfer of the later case to such other Court would facilitate orderly and efficient disposition of the litigation, the Judge of the Court in which the earlier case is or was pending may, upon notice to all affected parties and Courts, transfer the later case to such Court." TEX. DIST. CT. DALLAS CTY LR 1.06.

Further, a "case arising out of the same transaction or occurrence as an earlier case, particularly if the earlier case was dismissed by plaintiff before final judgment" shall be subject to transfer under Local Rule 1.06 to the court where the earlier case was filed.  TEX. DIST. CT. DALLAS CTY LR 1.07.a.

Here, the Third Lawsuit arises out of the same transaction or occurrence as the First Lawsuit and Second Lawsuit because Plaintiffs assert similar claims in the Third Lawsuit arising from the Home Equity Loan, including, but not limited to, claims relating to the servicing of the Home Equity Loan for alleged violations of TILA and RESPA.  Thus, the Third Lawsuit is so related to the First Lawsuit and Second Lawsuit, both of which Plaintiffs nonsuited without prejudice before final judgment, that the transfer of the Third Lawsuit to the 166th District Court would facilitate orderly and efficient disposition of the litigation.

Therefore, pursuant to Local Rules 1.06 and 1.07, Defendant respectfully requests that this case be transferred from the 101st District Court to the 116th District Court.

## II.
## GENERAL DENIAL

Subject to and without waiving its Motion to Transfer, Defendant, pursuant to Rule 92 of the Texas Rules of Civil Procedure, denies generally the material allegations contained in the Petition, and demands strict proof thereof by a preponderance of the credible evidence.

## III.
## AFFIRMATIVE AND OTHER DEFENSES

Subject to and without waiving its Motion to Transfer, Defendant asserts the following defenses:

1.      Plaintiffs fail to state a claim upon which relief can be granted, and therefore, Plaintiffs' claims should be dismissed.

2.      Plaintiffs' claims are barred, in whole or in part, by res judicata, collateral estoppel, and/or estoppel in all its forms.

3.      Plaintiffs' claims are barred, in whole or in part, by the statute of limitations.

4.      Plaintiffs' claims are barred, in whole or in part, by the statute of frauds.

5.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to

allege and prove all conditions precedent to recovery, including, but not limited to, not tendering the amount due and owing on the debt under the subject note and security instrument to rescind the foreclosure sale.

6.     Plaintiffs' claims are barred, in whole or in part, by their failure to allege facts sufficient to state a claim for any damages.

7.     Plaintiffs' claims are barred, in whole or in part, by unclean hands.

8.     Plaintiffs' claims are barred by their prior material breach of contract, consisting of, among other things, the failure to pay sums due and owing under the subject note and security instrument.

9.     Plaintiffs' claims are barred, in whole or in part, by reason of Defendant's compliance with applicable statutes and other provisions of law.

10.     Plaintiffs' claims are barred, in whole or in part, by reason of Defendant's compliance with applicable contracts and agreements.

11.     Plaintiffs' claims are barred, in whole or in part, because Defendant's acts and/or omissions were not the cause of Plaintiffs' damages, if any.

12.     Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine.

13.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of set-off or off-set.

14.     The actions of Defendant were taken in good faith, and Defendant did not knowingly, intentionally, or maliciously violate any laws.

15.     Any loss or damage allegedly suffered by Plaintiffs was caused, in whole or in part, by their own conduct, acts, and/or omissions and/or their own failure to comply with the terms of any relevant and applicable contracts and/or agreements.

16.     Any loss or damage allegedly suffered by Plaintiffs was caused, in whole or in part, by the conduct, acts, and/or omissions of third parties over which Defendant has no control.

17.     Any claim for punitive or exemplary damages is subject to the limitations and constraints of Due Process found in the Fifth and Fourteenth Amendments to the United States Constitution.

18.     Defendant specifically reserves the right to plead such other and/or affirmative defenses which cannot be anticipated at this time, but which may become apparent and applicable during the pendency of this lawsuit, by reason of future discovery.

**IV.**
**REQUEST FOR DISCLOSURE**

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs are requested to disclose, within thirty (30) days of the service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that, pursuant to Local Rules 1.06 and 1.07, this case be transferred from the 101st District Court to the 116th District Court, and upon final hearing hereof, judgment be rendered that Plaintiffs take nothing by their suit and that such other and further relief, at law and in equity, to which Defendant may be justly entitled be granted.

Respectfully submitted,

/s/   Marc D. Cabrera
**Robert T. Mowrey**
  State Bar No. 14607500
  rmowrey@lockelord.com
**Jason L. Sanders**
  State Bar No. 24037428
  jsanders@lockelord.com
**Marc D. Cabrera**
  State Bar No. 24069453
  mcabrera@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas  75201-6776
Telephone:  (214) 740-8000
Facsimile:  (214) 740-8800

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF CONFERENCE**

Plaintiffs are opposed to the relief sought herein.  Codilis & Stawiarski, P.C. is not opposed to the relief sought herein.  Counsel for Judge Tillery has represented Judge Tonya Parker in connection with another matter, and does not consent, based on a potential conflict of interest.

/s/   Marc D. Cabrera
Counsel for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon Plaintiffs and all counsel of record by *e-service through TexFile, certified mail, return receipt requested, and/or hand delivery* pursuant to the Texas Rules of Civil Procedure on this 20th day of February 2015.

/s/   Marc D. Cabrera
Counsel for Defendant

# EXHIBIT 1

FELICIA PITRE, DISTRICT CLERK

# CASE SUMMARY
## CASE NO. DC-10-02189

| | | | |
|---|---|---|---|
| SAMUEL BREITLING, et al<br>vs.<br>AAMES FUNDING CORPORATION, et al | § § § § | Location:<br>Judicial Officer:<br>Filed on: | 116th District Court<br>PARKER, TONYA<br>02/25/2010 |

## CASE INFORMATION

**Statistical Closures**
10/20/2011  SUMMARY JUDGMENT
01/26/2011  DISMISSED FOR WANT OF PROSECUTION

Case Type: **CNTR CNSMR COM DEBT**
Subtype: **NOTE**

## PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **PLAINTIFF** | **BREITLING, JO ANN**<br>*1704 CORNWALL LN*<br>*SACHSE, TX 75048* | **MCCARTNEY, PATRICIA**<br>*Retained*<br>469-323-3476(W) |
| | **BREITLING, SAMUEL G**<br>*1704 CRONWALL LN*<br>*SACHSE, TX 75048* | **MCCARTNEY, PATRICIA**<br>*Retained*<br>469-323-3476(W) |
| **DEFENDANT** | **AAMES FUNDING CORPORATION**<br>*DOING BUSINESS AS AAMES HOME LOANS*<br>*15090 AVENUE OF SCIENCES SUITE 200*<br>*SAN DIEGO, CA 92128* | |
| | **MGC MORTGAGE INC**<br>*BY SERVING ITS REGISTERED AGENT*<br>*CT CORPORATION SYSTEM*<br>*350 N. ST. PAUL STREET*<br>*DALLAS, TX 75201* | **HAYES, SCOTT E**<br>*Retained*<br>214-979-7400(W) |

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 02/25/2010 | 📄 ORIGINAL PETITION (OCA) | |
| 02/25/2010 | ISSUE CITATION | |
| 02/25/2010 | ISSUE CITATION COMM OF INS OR SOS | |
| 03/01/2010 | **CITATION**<br>MGC MORTGAGE INC<br>Issued<br>*PCT 1* | |
| 03/01/2010 | **CITATION SOS/COI/COH/HAG**<br>AAMES FUNDING CORPORATION<br>Issued<br>*SOS CERT MAIL* | |
| 03/03/2010 | **CITATION**<br>MGC MORTGAGE INC               served<br>*PCT 1* | |
| 03/04/2010 | **CITATION SOS/COI/COH/HAG**<br>AAMES FUNDING CORPORATION     served<br>*SOS CERT MAIL* | |
| 03/12/2010 | 📄 ORIGINAL ANSWER - GENERAL DENIAL<br>Party: DEFENDANT MGC MORTGAGE INC<br>*E-FILED* | |
| 04/05/2010 | MISCELLANOUS EVENT | |

Party: PLAINTIFF BREITLING, SAMUEL G; PLAINTIFF BREITLING, JO ANN
*CERT SOS*

| | | |
|---|---|---|
| 06/30/2010 | MOTION - SUBSTITUTION OF COUNSEL<br>Party: DEFENDANT MGC MORTGAGE INC | |
| 06/30/2010 | ORDER - SUBSTITUTION OF COUNSEL<br><br>Party: DEFENDANT MGC MORTGAGE INC<br>*COPY ALL 7/9/10* | *Vol./Book 419A,*<br>*Page 376, 2 pages* |
| 08/23/2010 | MOTION - SUMMARY JUDGMENT<br>Party: DEFENDANT MGC MORTGAGE INC | |
| 09/16/2010 | AMENDED PETITION<br>Party: PLAINTIFF BREITLING, SAMUEL G; PLAINTIFF BREITLING, JO ANN<br>*1ST* | |
| 09/16/2010 | RESPONSE<br>*MOTION SUMMARY JUDGMENT* | |
| 09/21/2010 | ORDER - RECUSAL | *Vol./Book 421A,*<br>*Page 476, 1 pages* |
| 09/23/2010 | **Motion - Summary Judgment** (10:00 AM) (Judicial Officer: MOYE', ERIC)<br>Events: 08/23/2010 MOTION - SUMMARY JUDGMENT<br>*D/M/SJ; FILED 8/23/10; 15MIN ****COURTESY NOTEBOOK REC'D 9/17*** | |
| 09/23/2010 | ORDER - TRANSFER<br>*116TH CT - COPY ALL 9/24/10* | *Vol./Book 421A,*<br>*Page 477, 1 pages* |
| 09/28/2010 | NOTE - CLERKS<br>*E-MAIL/CLERK RE: TRANSFER* | |
| 09/30/2010 | NOTICE OF HEARING / FIAT | |
| 10/07/2010 | NOTE - CLERKS<br>*RESET 10/26/10 MSJ HEARING*JENNIFER WHITE*214 979 7403* | |
| 11/19/2010 | **Motion - Summary Judgment** (2:30 PM) (Judicial Officer: PRIDDY, BRUCE)<br>Events: 08/23/2010 MOTION - SUMMARY JUDGMENT<br>09/16/2010 RESPONSE<br>*DEFT MCG MORTGAGE'S MSJ*<br>10/26/2010    Reset by Court to 11/08/2010<br>11/08/2010    Reset by Court to 11/19/2010 | |
| 11/19/2010 | NOTE - ADMINISTRATOR<br>*11-19-2010 MSJ HEARING DID NOT GO FORWARD. COURT WAS IN TRIAL. RESET BY<br>CLERK* | |
| 12/03/2010 | **Motion - Summary Judgment** (3:00 PM) (Judicial Officer: PRIDDY, BRUCE) | |
| 12/03/2010 | NOTE - ADMINISTRATOR<br>*ORDER GRANTING MGC MSJ SIGNED 12-3-2010. COPY HAND DELIVERED TO<br>COUNSEL. ORIG/CLERK* | |
| 12/03/2010 | ORDER - PARTIAL SUMMARY JUDGMENT<br><br>*MGC MORTGAGE* | *Vol./Book 422F,*<br>*Page 534, 1 pages* |
| 01/25/2011 | **DISMISSAL FOR WANT OF PROSECUTION** (3:00 PM) (Judicial Officer: PARKER, | |

| | | |
|---|---|---|
| | TONYA) | |
| 01/26/2011 | NOTE - ADMINISTRATOR<br>*ORDER OF DISM (DWP) SIGNED 1-26-11. ORIG/CLERK* | |
| 01/26/2011 | **DISMISSED FOR WANT OF PROSECUTION** (Judicial Officer: PRIDDY, BRUCE) | *Vol./Book 423F ,<br>Page 019, 1 pages* |
| 01/26/2011 | NOTE - CLERKS<br>*Mailed copy of DWP ORDER to Plaintiff and Defendant cnsl* | |
| 02/09/2011 | 📄 CORRESPONDENCE - LETTER TO FILE | |
| 02/09/2011 | 📄 MOTION - SUMMARY JUDGMENT<br>Party: DEFENDANT MGC MORTGAGE INC<br>*2ND* | |
| 02/09/2011 | 📄 AMENDED ANSWER - AMENDED GENERAL DENIAL<br>Party: DEFENDANT MGC MORTGAGE INC<br>*1ST* | |
| 02/10/2011 | ORDER - VACATE (POST JUDG MOTION) (OCA and REOPEN CASE) | *Vol./Book 423F,<br>Page 186, 1 pages* |
| 02/14/2011 | NOTE - ADMINISTRATOR<br>*SCHEDULING ORDER SUBMITTED TO JUDGE* | |
| 02/17/2011 | 📄 SCHEDULING ORDER | *Vol./Book 423F,<br>Page 247, 3 pages* |
| 02/18/2011 | NOTE - ADMINISTRATOR<br>*SCHEDULING ORDER SIGNED 2-17-2011. COPY ALL. ORIG/CLERK* | |
| 02/23/2011 | 📄 NOTICE OF HEARING / FIAT | |
| 03/18/2011 | 📄 RESPONSE<br>*2ND MSJ (E-FILED)* | |
| 03/18/2011 | 📄 AMENDED PETITION<br>*SECOND* | |
| 03/22/2011 | 📄 MOTION - LEAVE<br>Party: DEFENDANT MGC MORTGAGE INC<br>*E-FILED* | |
| 03/22/2011 | 📄 OBJECTION<br>*TO AFFIDAVIT (E-FILED)* | |
| 03/22/2011 | 📄 RESPONSE<br>*2ND MSJ (RELY) - E-FILED* | |
| 03/24/2011 | 📄 MOTION - WITHDRAW ATTORNEY<br>Party: ATTORNEY LIPPE, EMIL<br>*Certificate of Conf does not comply* | |
| 03/24/2011 | 📄 CORRESPONDENCE - LETTER TO FILE<br>*JOANN BREITLING* | |
| 03/25/2011 | **Motion - Summary Judgment** (10:30 AM) (Judicial Officer: PARKER, TONYA) | |

Events: 02/09/2011 MOTION - SUMMARY JUDGMENT
**Courtesy copy recvd** Set with Jennifer White 214-979-7403 ** 30-Minutes

| Date | Entry | Vol./Book |
|------|-------|-----------|
| 03/25/2011 | NOTE - ADMINISTRATOR<br>*ORDER GRANTING IN PART MGC' 2ND MSJ SIGNED 3-25-2011. COPY DELIVERED TO COUNSEL BY COURT. ORIG/CLERK* | |
| 03/25/2011 | NOTE - ADMINISTRATOR<br>*ORDER (W/D) SIGNED 3-25-2011. COPY GIVEN TO COUNSEL AND PARTIES BY COURT AT HEARING. ORIG/CLERK* | |
| 03/25/2011 | 📄 ORDER - WITHDRAW ATTORNEY<br>Party:  PLAINTIFF  BREITLING, SAMUEL G;  PLAINTIFF  BREITLING, JO ANN | *Vol./Book 423F, Page 695, 1 pages* |
| 03/25/2011 | 📄 ORDER - JUDGMENT<br>*GRANTING 2ND MSJ IN PART* | *Vol./Book 423F, Page 720, 1 pages* |
| 04/01/2011 | 📄 MOTION - COMPEL<br>Party:  PLAINTIFF  BREITLING, SAMUEL G;  PLAINTIFF  BREITLING, JO ANN<br>*Cert Conf "does" comply with local rules* | |
| 04/07/2011 | NOTE - CLERKS<br>*Sched Order submitted to Judge* | |
| 04/07/2011 | CORRESPONDENCE - LETTER TO FILE<br>*RE: AGREED SCHED ORDER* | |
| 04/11/2011 | 📄 SCHEDULING ORDER | *Vol./Book 424F, Page 068, 2 pages* |
| 04/12/2011 | NOTE - ADMINISTRATOR<br>*SCHEDULING ORDER SIGNED 4-11-2011. COPY ALL & MEDIATOR. ORIG/CLERK* | |
| 04/14/2011 | 📄 CORRESPONDENCE - LETTER TO FILE | |
| 04/14/2011 | NOTE - CLERKS<br>*Agreed Sched Order submitted to Judge* | |
| 04/18/2011 | NOTE - ADMINISTRATOR<br>*SCHED ORDER NOT SUBMITTED TO JUDGE SINCE A SCHED ORDER WAS ALREADY SIGNED 4-11-11. NOTIFIED ATT LIPPE* | |
| 04/28/2011 | 📄 CORRESPONDENCE - LETTER TO FILE | |
| 04/29/2011 | 📄 DISCOVERY<br>*RSP TO 1ST REQ FOR PROD* | |
| 06/06/2011 | 📄 NOTICE OF NONSUIT<br>Party:  PLAINTIFF  BREITLING, SAMUEL G;  PLAINTIFF  BREITLING, JO ANN<br>*AGAINST DEF* | |
| 06/08/2011 | NOTE - CLERKS<br>*ORDER NONSUIT SUBMITTED TO JUDGE* | |
| 06/08/2011 | 📄 CORRESPONDENCE - LETTER TO FILE<br>*ORDER ON PLTF'S NONSUIT* | |
| 06/16/2011 | 📄 CORRESPONDENCE - LETTER TO FILE<br>*E-FILED* | |

| | | |
|---|---|---|
| 06/22/2011 | **Status Conference** (9:30 AM) (Judicial Officer: PARKER, TONYA)<br>*Regarding Entry of Nonsuit ** court has copies** ATTY PATT MCARTHY TO APPEAR BY PHONE.* | |
| 06/22/2011 | 📄 ORDER - NONSUIT<br>*CLAIMS ONLY* | *Vol./Book 424F,<br>Page 870, 1 pages* |
| 07/26/2011 | 📄 CORRESPONDENCE - LETTER TO FILE<br>*MEDIATION LETTER* | |
| 07/27/2011 | 📄 MOTION - SUMMARY JUDGMENT<br>Party: DEFENDANT MGC MORTGAGE INC | |
| 08/04/2011 | **Status Conference** (11:00 AM) (Judicial Officer: PARKER, TONYA)<br>*BOTH COUNSEL TO APPEAR BY PHONE* | |
| 08/05/2011 | 📄 NOTICE OF HEARING / FIAT | |
| 08/08/2011 | 📄 NO EVIDENCE MOTION FOR SUMMARY JUDGMENT<br>Party: PLAINTIFF BREITLING, SAMUEL G; PLAINTIFF BREITLING, JO ANN | |
| 09/02/2011 | 📄 RESPONSE<br>*MOTION SUMMARY JUDGMENT* | |
| 09/06/2011 | 📄 RESPONSE<br>*TO NO EVID S/J* | |
| 09/07/2011 | 📄 RESPONSE<br>*MOTION SUMMARY JUDGMENT (REPLY)* | |
| 09/08/2011 | CORRESPONDENCE - LETTER TO FILE<br>*RE: COURTESY COPY* | |
| 09/08/2011 | CORRESPONDENCE - LETTER TO FILE<br>*RE: COURTESY COPY* | |
| 09/08/2011 | CORRESPONDENCE - LETTER TO FILE<br>*RE: COURTESY COPY* | |
| 09/12/2011 | **Non Jury Trial** (9:00 AM) (Judicial Officer: PARKER, TONYA)<br>Events: 07/27/2011 MOTION - SUMMARY JUDGMENT<br>*Level 2 **MSJ SET W/JENNIFER 214-979-7403 PER JUDGE* | |
| 09/12/2011 | **Motion - Summary Judgment** (9:00 AM) (Judicial Officer: PARKER, TONYA)<br>Events: 08/08/2011 NO EVIDENCE MOTION FOR SUMMARY JUDGMENT<br>09/02/2011 RESPONSE<br>*PLTF'S NO EVIDENCE MSJ (set with Pattie McCartney 972-782-6300) Courtesy copy<br>requested - COURTESY NOTEBOOK RECVD* | |
| 09/16/2011 | 📄 CORRESPONDENCE - LETTER TO FILE | |
| 09/19/2011 | NOTE - CLERKS<br>*ORDER SUMMARY JUDGMENT SUBMITTED TO ADMIN* | |
| 09/19/2011 | NOTE - CLERKS<br>*ORDER FINAL JUDGMENT SUBMITTED TO ADMIN* | |
| 09/19/2011 | NOTE - CLERKS | |

# CASE SUMMARY
## CASE NO. DC-10-02189

| | | |
|---|---|---|
| | *ORDER FINAL JUDGMENT DENY/GRANT IN PART SUBMITTED TO ADMIN* | |
| 10/20/2011 | NOTE - ADMINISTRATOR<br>*FINAL JUDGMENT SIGNED 10-20-2011. ORIG/CLERK* | |
| 10/20/2011 | 📄 **SUMMARY JUDGMENT** (Judicial Officer: PARKER, TONYA) | *Vol./Book 426F ,<br>Page 201, 2 pages* |
| 10/24/2011 | NOTE - CLERKS<br>*NOTICES MAILED* | |
| 11/03/2011 | NOTE - CLERKS<br>*Amended Notice mailed* | |

| DATE | FINANCIAL INFORMATION |
|---|---|

**DEFENDANT** MGC MORTGAGE INC
| | |
|---|---|
| Total Charges | 2.00 |
| Total Payments and Credits | 2.00 |
| **Balance Due as of  2/19/2015** | **0.00** |

**PLAINTIFF** BREITLING, SAMUEL G
| | |
|---|---|
| Total Charges | 397.00 |
| Total Payments and Credits | 397.00 |
| **Balance Due as of  2/19/2015** | **0.00** |

**STATE OF TEXAS** }
**COUNTY OF DALLAS** }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this 19th day of February, A.D., 2015.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS
By Cecelia F Lawless Deputy

MOTION TO TRANSFER AND, SUBJECT THERETO, ORIGINAL ANSWER                    PAGE 15

# EXHIBIT 1(A)

CAUSE NO. 10-02189

FILED

11 MAR 18 PM 2:03

GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO., TEXAS

_____ DEPUTY

| | | |
|---|---|---|
| SAMUEL G. BREITLING | § | IN THE DISTRICT COURT |
| AND JO ANN BREITLING, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 116 JUDICIAL DISTRICT |
| | § | |
| MGC MORTGAGE, INC., | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFFS' SECOND AMENDED ORIGINAL PETITION

Plaintiffs, Samuel G. Breitling and Jo Ann Breitling ("Plaintiffs" or "Breitlings"), file this their Second Amended Original Petition, complaining of Defendant MGC Mortgage, Inc. ("MGC"), as follows:

### I.
### Parties

1.   Plaintiff Samuel G. Breitling is an individual residing in Sachse, Dallas County, Texas.

2.   Plaintiff Jo Ann Breitling is an individual residing in Sachse, Dallas County, Texas.

3.   Defendant MGC Mortgage, Inc., has appeared herein and may be served by service upon its attorney of record

### II.
### Discovery Control Plan

4.   Plaintiffs intend to conduct Level 2 discovery in this case pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

**PLAINTIFFS' SECOND AMENDED ORIGINAL PETITION**                                    **Page 1**

MOTION TO TRANSFER AND SUBJECT THERETO ORIGINAL ANSWER

## III.
## Jurisdiction and Venue

5.    Venue is proper in Dallas County, Texas, because the real property at issue is located herein, and Plaintiffs reside in, Dallas County, Texas.   Also, the causes of action sued upon herein arose or accrued in Dallas County, Texas.

6.    The amount in controversy exceeds the minimum jurisdictional limits of this Court.

## IV.
## Factual Background

7.    On October 20, 2000, Plaintiffs executed a note payable to Aames Funding Corporation d/b/a Aaames Home Loan in the principal amount of One Hundred Twenty-Nine Thousand Six Hundred Dollars ($129,600.00). The Note was further secured by a Deed of Trust of even date therewith executed by Plaintiff Jo Ann Breitling both individually and as attorney in fact for Samuel Breitling, to Michael Riddle, Trustee, and recorded in the deed records for Dallas County, Texas, and concerning the real property located at 1704 Cornwall Lane, Sachse, Texas 75048, more specifically described as:

> a.    BEING LOT 5 IN BLOCK F OF SACHSE SOUTH ESTATES, INSTALLMENT NO. 1, AN ADDITION TO THE CITY OF SACHSE, DALLAS COUNTY, TEXAS ACCORDING TOT HE MAP THEREOF RECORDED IN VOLUME 74211, PAGE 688 OF THE MAP RECORDS OF DALLAS COUNTY, TEXAS.

8.    Plaintiffs' loan was a home equity loan, an extension of credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution, and could only be valid if done in strict compliance with the constitutional requirements.

9.    Contrary to the provisions of law, at the Closing, in order to circumvent the provisions of law requiring a three day rescission period, Mrs. Breitling was required to execute

**PLAINTIFFS' SECOND AMENDED ORIGINAL PETITION**                                          Page 2

the waivers of rescission simultaneously with the Closing, and not three days thereafter as required by law, in violation of 15 U.S.C. §§1635, 1639, and 1640. Further, material disclosures required by 15 U.S.C §§1639 were not provided to the Breitlings at any point before the execution of the mortgage.

10.     On information and belief, in or around June, 2008, MGC Mortgage, Inc., became the servicer -on the Note previously held by Aames Funding Corporation. Plaintiffs were not given timely notice of such transfer of servicing as required by law, in violation of 12 U.S.C. §2605(b)(2). For several months thereafter, Plaintiffs were not given notice as to where to send their payments. Although they attempted to make timely payments to MGC, several months' payments were delayed in being applied to the loan due to such failure to notice.

11.     On information and belief, Plaintiff Jo Ann Breitling served MGC a qualified written request relating to disputes regarding the Breitlings' payments. In violation of 12 U.S.C. §2605(e), MGC subsequently failed to provide an explanation as to why the payment history for the Breitlings' note could not be located. Accordingly, on information and belief, MGC could not provide the Breitlings with any evidence regarding the computation of the current balance or payoff of the note.

### Causes of Action

### I.

### Violation of the TILA Preclosing Right of Rescission Disclosure

12.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 11 herein.

13.     As part of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635 requires certain disclosures to be made regarding the borrower's right to rescind the transaction with three

**PLAINTIFFS' SECOND AMENDED ORIGINAL PETITION**                    Page 3

business days of the transaction.

14. Though the original lender in this case, Aames Funding Corporation, did provide Plaintiffs' with notice of their three day right to rescind, Plaintiffs believed that they had waived this right at the request of Aames Funding Corporation. Plaintiffs could not have waived this right under TILA. MGC was made aware of this deprivation when MGC began servicing the loan and received the corresponding closing paperwork.

15. Plaintiffs did not discover their disclosure rights had been violated until discovery was produced related to this case. Previous discovery was impossible due to improper assertions, misinformation, and fraudulent conceal perpetrated by MGC and their predecessors to Plaintiffs. As such, the statute of limitations relating to 15 U.S.C. § 1635 is subject to equitable tolling and this cause of action is brought in a timely manner.

16. As a result of this violation, under 15 U.S.C. § 1640, Plaintiffs are entitled to recover their actual damages, amounts which exceed the jurisdictional minimums of this court, and twice the amount of any finance charge relating to the loan, a sum presently estimated at $240,000. Plaintiffs are further entitled to recover all reasonable and necessary attorneys' fees and costs of court under 15 U.S.C. § 1640.

## II.

### Violation of the Required TILA "Specific Disclosures"

17. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 16 above.

18. Under 15 U.S.C. § 1639(a)(1), two specific discloses are required to be provided to borrowers before a loan such as the one in the present case may be consummated. Upon information and belief, neither of these disclosures were presented to the Plaintiffs before the

**PLAINTIFFS' SECOND AMENDED ORIGINAL PETITION**                              **Page 4**

loan was closed.

19.     This defect is apparent on the face of the loan and MGC, as the current servicer of the loan is liable for all such TILA violations.

20.     Plaintiffs did not discover their disclosure rights had been violated until discovery was produced related to this case. Previous discovery was impossible due to improper assertions, misinformation, and fraudulent conceal perpetrated by MGC and their predecessors to Plaintiffs. As such, the statute of limitations relating to 15 U.S.C. § 1635 is subject to equitable tolling and this cause of action is brought in a timely manner.

21.     As a result of these violations, under 15 U.S.C. § 1640(a)(4), Plaintiffs are entitled to recover all finance charges and fees paid by the Plaintiffs under the loan, in amounts greatly exceeding the jurisdictional minimums of this Court.

### III.

### Violation of the RESPA Duty to Notify Borrowers of Transfer and to Respond to Borrower Inquiries

22.     Plaintiffs incorporate by reference the allegations of paragraphs 1 through 21 above.

23.     On information and belief, Plaintiffs were not notified of the transfer of their mortgage servicing to MGC at least 15-days before the transfer as required by the Real Estate Settlement Procedures Act ("RESPA") at 12 USCS § 2605(b). In fact, on information and belief, notice was not made to Plaintiffs until more than sixty days after the transfer.

24.     On further information and belief, since the transfer, Plaintiffs have made numerous RESPA qualified written requests to Defendant regarding concerns about: 1) the current loan balance, 2) the current loan payoff balance, 3) how payments have been applied to

MOTION TO TRANSFER AND SUBJECT THERETO ORIGINAL ANSWER

the loan in the past, and 4) how payments were not applied to the loan during the transition from previous servicing companies to MGC.

25.     On information and belief, MGC failed to appropriately respond within 60 days as required by 12 USCS § 2605(e). MGC instead claimed that they were unable to locate the payment history related to the mortgage and could not explain how the loan had arrived at its present state or why MGC believed that the account was correct.

26.     Plaintiffs' requests occurred within one year of filing this present suit.

27.     Under 12 USCS § 2605, Plaintiffs are entitled to their actual damages related to the failure of MGC's breach of duty, which include damages relating to any adverse credit rating impact resulting from the breach and statutory damages in the amount of $1,000.00. Plaintiffs are further entitled to costs of bringing this proceeding including their attorney's fees.

### Request for Relief

WHEREFORE, Plaintiffs Samuel G. Breitling and Jo Ann Breitling pray that Defendant be cited to appear and answer herein, and that upon final hearing hereof, pray that judgment be entered against Defendant awarding Plaintiffs the following relief:

1.     actual damages, including but not limited to refund of all finance fees paid relating to the mortgage loan in question;

2.     TILA violation damages amounting to twice the amount of finance fees paid relating to the mortgage loan in question;

3.     RESPA statutory damages in the amount of $1,000.00;

4.     reasonable and necessary attorneys' fees;

5.     costs of court;

6.   pre-judgment and post-judgment interest at the highest lawful rates; and

7.   such other and further relief to which Plaintiffs may be entitled.

Respectfully submitted,

LAW OFFICES OF LIPPE & ASSOCIATES

By: _____

Corey S. Hyden
State Bar No. 24074465
Emil Lippe, Jr.
State Bar No. 12398300
Plaza of the Americas, South Tower
600 N. Pearl Street, Suite S2460
Dallas, TX 75201
Tel. (214) 855-1850
Fax (214) 720-6074

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, pursuant to the Texas Rules of Civil Procedure, a true and correct copy of the above and foregoing instrument was served upon counsel for Defendant on this _____ day of March, 2011, at the following address:

Scott E. Hayes
Vincent Lopez Serafino & Jenevein, P.C.
1601 Elm Street, Suite 4100
Dallas, TX 75201

_____
Corey S. Hyden

**PLAINTIFFS' SECOND AMENDED ORIGINAL PETITION**                                    Page 7

STATE OF TEXAS }
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.
GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this _19th_ day of _February_ A.D., _2015_.
FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS
By _Cecilia Flowers_ Deputy

# EXHIBIT 1(B)

11 June 6 P4:39
Gary Fitzsimmons
District Clerk
Dallas District

CAUSE NO. 10-02189

| | | |
|---|---|---|
| SAMUEL G. BREITLING | § | IN THE DISTRICT COURT |
| AND JOANN BREITLING | § | |
| Plaintiffs | § | |
| | § | |
| | § | 116TH JUDICIAL DISTRICT |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| AAMES FUNDING CORPORATION | § | |
| d/b/a AAMES HOME LOANS, AND | § | |
| MGC MORTGAGE INC. | § | DALLAS COUNTY, TEXAS |

<u>PLAINTIFFS' NOTICE OF   NONSUIT AGAINST DEFENDANT</u>

Please take notice that, pursuant to Rule 162 of the Texas Rules of Civil Procedure, Plaintiffs,

Samuel G. Breitling and JoAnn Breitling    file this written notice of their nonsuit without

prejudice on the above referenced cause.

Respectfully submitted this 6th day of June, 2011.

Respectfully submitted,
**MCCARTNEY LAW FIRM**

By: *Is/Patricia W. McCartney*
Patricia Wilhite McCartney
State Bar No. 00786346
3006 Lost Maples Circle
Forney, Texas 75126
(972) 782-6300 Telephone
(972) 559-1994 Facsimile
**ATTORNEY FOR PLAINTIFFS**

1

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served in accordance

with the Texas Rules of Civil Procedure on all counsel of record.


Signed this 6th day of June, 2011


*s/Patricia W. McCartney*
PATRICIA W. MCCARTNEY

**STATE OF TEXAS** }
**COUNTY OF DALLAS** }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this __19th__ day of __February__ A.D., __2015__.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS
By __Ceelu Flower__ Deputy

# EXHIBIT 2

FELICIA PITRE, DISTRICT CLERK

## CASE SUMMARY
### CASE NO. DC-11-07087

| | | |
|---|---|---|
| **SAMUEL BREITLING et al** | § | Location: **116th District Court** |
| vs. | § | Judicial Officer: **PARKER, TONYA** |
| **MGC MORTGAGE INC** | § | Filed on: **06/07/2011** |
| | § | |
| | § | |

---

### CASE INFORMATION

**Statistical Closures**

| | | |
|---|---|---|
| 07/29/2013 | NONSUIT/DISMISSAL BY PLAINTIFF | Case Type: **DECLARATORY JUDGMENT CIVIL** |
| 03/14/2013 | ALL OTHER DISPOSITIONS | |
| 10/26/2011 | ALL OTHER DISPOSITIONS | Case Flags: **JURY DEMAND FILED** |

---

### PARTY INFORMATION

Lead Attorneys

| | | |
|---|---|---|
| **PLAINTIFF** | **BREITLING, JOANN**<br>*1704 CORNWALL*<br>*SACHSE, TX 75048* | Pro Se |
| | **BREITLING, SAMUEL G**<br>*1704 CORNWALL*<br>*SACHSE, TX 75048* | Pro Se |
| **DEFENDANT** | **MGC MORTGAGE INC**<br>*BY SERVING ITS REGISTERED AGENT*<br>*CT CORPORATION SYSTEM*<br>*350 N. ST. PAUL STREET*<br>*DALLAS, TX 75201* | **HAYES, SCOTT E**<br>*Retained*<br>214-979-7400(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 06/07/2011 | ORIGINAL PETITION (OCA) | |
| 06/07/2011 | CASE FILING COVER SHEET | |
| 06/16/2011 | ISSUE CITATION | |
| 06/16/2011 | JURY DEMAND<br>Party: PLAINTIFF BREITLING, SAMUEL G | *Vol./Book J27, Page 325, 1 pages* |
| 06/16/2011 | AMENDED PETITION | |
| 06/17/2011 | **CITATION**<br>MGC MORTGAGE INC<br>Issued<br>*FIRST AMENDED* | |
| 06/27/2011 | NOTE - ADMINISTRATOR<br>*ORDER OF TRANSFER (TO 116TH) SIGNED 6-27-2011. COPY MAILED TO PLTF.*<br>*ORIG/CLERK OF 116TH* | |
| 06/27/2011 | ORDER - TRANSFER<br>*116TH - COPY ALL* | *Vol./Book 446B, Page 1148, 1 pages* |
| 06/30/2011 | **CITATION**<br>MGC MORTGAGE INC           served<br>*FIRST AMENDED* | |
| 07/20/2011 | PLEA IN ABATEMENT<br>*DEFT AND ANSWER SUBJECT THERETO* | |

# CASE SUMMARY
## CASE NO. DC-11-07087

| | |
|---|---|
| 07/21/2011 | 📄 PLEA IN ABATEMENT |
| 08/03/2011 | 📄 CORRESPONDENCE - LETTER TO FILE |
| 10/24/2011 | NOTE - ADMINISTRATOR<br>*ORDER OF CLOSING SUBMITTED TO JUDGE* |
| 10/26/2011 | **ALL OTHER DISPOSITIONS** (Judicial Officer: PARKER, TONYA) |
| 10/27/2011 | NOTE - ADMINISTRATOR<br>*ORDER OF CLOSING SIGNED 10-26-2011. COPY ALL. ORIG/CLERK* |
| 11/04/2011 | 📄 MOTION - REINSTATE<br>Party: PLAINTIFF BREITLING, SAMUEL G; PLAINTIFF BREITLING, JOANN |
| 12/05/2011 | 📄 MOTION - SUMMARY JUDGMENT<br>Party:  DEFENDANT  MGC MORTGAGE INC<br>*BASED ON RES JUDICATA* |
| 12/07/2011 | 📄 NOTICE OF HEARING / FIAT |
| 12/08/2011 | 📄 NOTICE OF HEARING / FIAT |
| 01/05/2012 | 📄 RESPONSE<br>*TO M/REINSTATE* |
| 01/12/2012 | **Motion - Reinstate** (11:00 AM) (Judicial Officer: PARKER, TONYA)<br>Events: 11/04/2011 MOTION - REINSTATE<br>*15 MINS - PATY 972-782-6300 REQ FOR CC* |
| 01/12/2012 | 📄 ORDER - DENY<br>*MOTION REINSTATE* |
| 01/17/2012 | NOTE - ADMINISTRATOR<br>*ORDER DENYING M/REINSTATE SIGNED 1-12-2012. COPY GIVEN TO COUNSEL AT HEARING. ORIG/CLERK* |
| 01/18/2012 | 📄 NOTICE OF HEARING / FIAT<br>*HEARING CANCELED* |
| 02/09/2012 | *CANCELED*  **Motion - Summary Judgment** (10:00 AM)  **(Judicial Officer: PARKER, TONYA)**<br>*REQUESTED BY ATTORNEY/PRO SE*<br>*CANCELLED BY JENNIFER* |
| 02/15/2012 | 📄 NOTICE OF HEARING / FIAT |
| 03/08/2012 | 📄 CORRESPONDENCE - LETTER TO FILE |
| 03/08/2012 | NOTE - CLERKS<br>*AGREED ORDER REOPEN SUBMITTED TO ADMIN* |
| 03/08/2012 | NOTE - ADMINISTRATOR<br>*AGREED ORDER REOPEN CASE SUBMITTED TO JUDGE* |
| 03/08/2012 | 📄 ORDER - REINSTATE (OCA and REOPEN CASE) |

*Vol./Book 426F ,*
*Page 296, 1 pages* — (10/26/2011)

*Vol./Book 427F,*
*Page 206, 1 pages* — (01/12/2012)

*Vol./Book 428F,*
*Page 110, 1 pages* — (03/08/2012)

FELICIA PITRE, DISTRICT CLERK

## CASE SUMMARY
### CASE NO. DC-11-07087

| | |
|---|---|
| 03/09/2012 | NOTE - ADMINISTRATOR<br>*AGREED ORDER TO REOPEN CASE SIGNED 3-8-2012. ORIG/CLERK* |
| 03/12/2012 | NOTICE OF HEARING / FIAT<br>*RES JUDICATA* |
| 03/23/2012 | *CANCELED*  Motion - Summary Judgment (1:00 PM)  **(Judicial Officer: PARKER, TONYA)**<br>*REQUESTED BY ATTORNEY/PRO SE*<br>*HEARING CANCELED BY JENNIFER WHITE 214-979-7403* |
| 04/02/2012 | NOTE - ADMINISTRATOR<br>*COURT'S SCHEDULING ORDER SUBMITTED TO JUDGE* |
| 04/02/2012 | NOTE - ADMINISTRATOR<br>*SCHEDULING ORDER SIGNED 4-2-2012. COPY ALL & MEDIATOR. ORIG/CLERK* |
| 04/02/2012 | SCHEDULING ORDER<br>*LEVEL 2* |
| 04/19/2012 | RESPONSE<br>*MSJ* |
| 04/20/2012 | NOTICE OF HEARING / FIAT |
| 04/23/2012 | RESPONSE<br>*MSJ BASED ON RES JUDICATA (REPLY)* |
| 04/27/2012 | *CANCELED*  Motion - Summary Judgment (1:00 PM)  **(Judicial Officer: PARKER, TONYA)**<br>*BY COURT ADMINISTRATOR*<br>*ATTY HAYES* |
| 05/07/2012 | NOTICE OF HEARING / FIAT |
| 06/12/2012 | RULE 11 |
| 06/15/2012 | *CANCELED*  Motion - Summary Judgment (1:00 PM)  **(Judicial Officer: PARKER, TONYA)**<br>*HEARING RESCHEDULED*<br>*SEE NOTES* |
| 08/09/2012 | **Motion - Summary Judgment** (9:00 AM)  (Judicial Officer: PARKER, TONYA)<br>Events: 12/05/2011 MOTION - SUMMARY JUDGMENT<br>*30 MINS - SET WITH SCOTT HAYES - 214-979-7430 (CC REQ'D)* |
| 08/13/2012 | BRIEF FILED<br>Party: ATTORNEY  HAYES, SCOTT E<br>*FILED BY SCOTT HAYES* |
| 08/14/2012 | CORRESPONDENCE - LETTER TO FILE<br>*TO JUDGE* |
| 08/15/2012 | BRIEF FILED<br>Party: ATTORNEY  MCCARTNEY, PATRICIA |

*Vol./Book 429F,*
*Page 1, 3 pages*

| 08/16/2012 | CORRESPONDENCE - LETTER TO FILE<br>*RE: SUMMARY JUDGMENT* | |
| 08/16/2012 | NOTE - CLERKS<br>*ORDER SUMMARY JUDGMENT SUBMITTED TO ADMIN* | |
| 08/22/2012 | ORDER - DENY<br>*SUMMARY JUDGMENT* | *Vol./Book 430F,<br>Page 657, 1 pages* |
| 08/27/2012 | NOTE - ADMINISTRATOR<br>*SUMMARY JUDGMENT ORDER SIGNED 8-22-2012. COPY ALL. ORIG/CLERK* | |
| 12/14/2012 | MOTION - CONTINUANCE<br>Party: PLAINTIFF BREITLING, SAMUEL G; DEFENDANT MGC MORTGAGE<br>INC; PLAINTIFF BREITLING, JOANN<br>*NO ORDER* | |
| 12/14/2012 | MOTION - EXTEND<br>*MEDIATION DEADLINE* | |
| 12/17/2012 | NOTE - CLERKS<br>*AGREED ORDER EXT MEDIATION SUBMITTED TO ADMIN* | |
| 12/18/2012 | NOTE - ADMINISTRATOR<br>*AGRD ORDER EXTEND DEADLINE SUBMITTED TO JUDGE* | |
| 12/18/2012 | NOTE - ADMINISTRATOR<br>*AGREED ORDER EXTEND DEADLINE SIGNED 12-18-2012. ORIG/CLERK* | |
| 12/18/2012 | CORRESPONDENCE - LETTER TO FILE<br>*PROPOSED ORDER* | |
| 12/18/2012 | CORRESPONDENCE - LETTER TO FILE<br>*RE: AGREED ORDER CONTINUANCE* | |
| 12/18/2012 | NOTE - CLERKS<br>*AGREED ORDER CONTINUANCE SUBMITTED TO ADMIN* | |
| 12/18/2012 | ORDER - MEDIATION<br>*EXTEND MEDIATION DEADLINE* | *Vol./Book 431F,<br>Page 795, 1 pages* |
| 12/27/2012 | NOTE - ADMINISTRATOR<br>*(AGREED) ORDER FOR CONTINUANCE SUBMITTED TO JUDGE* | |
| 12/27/2012 | NOTE - ADMINISTRATOR<br>*ORDER FOR CONTINUANCE SIGNED 12-27-2012. COPY ALL. ORIG/CLERK* | |
| 12/27/2012 | ORDER - GRANTING CONTINUANCE | *Vol./Book 431F,<br>Page 846, 1 pages* |
| 01/04/2013 | MOTION - EXTEND<br>*MEDIATION DEADLINE / 2ND AGREED* | |
| 01/07/2013 | NOTE - CLERKS<br>*2ND AGREED ORDER EXTEND MEDIATION DEADLINE SUBMITTED TO ADMIN* | |
| 01/07/2013 | NOTE - ADMINISTRATOR<br>*ORDER EXTEND MED. DEADLINE SUBMITTED TO JUDGE* | |
| 01/07/2013 | ORDER - MEDIATION | *Vol./Book 432F,<br>Page 153, 1 pages* |

# CASE SUMMARY
## CASE NO. DC-11-07087

| | |
|---|---|
| | *2ND AGREED M/EXTEND MEDIATION DEADLINE* |
| 01/08/2013 | NOTE - ADMINISTRATOR<br>*ORDER (2ND AGRD M/EXTEND MEDIATION) SIGNED 1-7-2013. ORIG/CLERK* |
| 02/08/2013 | 🗎 MOTION - SUBSTITUTE MEDIATOR<br>Party: ATTORNEY HAYES, SCOTT E; ATTORNEY MCCARTNEY,<br>PATRICIA; PLAINTIFF BREITLING, SAMUEL G; DEFENDANT MGC MORTGAGE<br>INC; PLAINTIFF BREITLING, JOANN |
| 02/08/2013 | NOTE - CLERKS<br>*AGREED ORDER SUBST MEDIATOR SUBMITTED TO ADMIN* |
| 02/08/2013 | NOTE - ADMINISTRATOR<br>*ORDER SUBST MEDIATOR SUBMITTED TO JUDGE* |
| 02/11/2013 | NOTE - ADMINISTRATOR<br>*ORDER SUBST MEDIATOR SIGNED 2-11-2013. ORIG/CLERK* |
| 02/11/2013 | 🗎 ORDER - SUBSTITUTE MEDIATOR |
| 02/15/2013 | 🗎 MOTION - SUMMARY JUDGMENT<br>Party: DEFENDANT MGC MORTGAGE INC<br>*TRAD/NO-EVID* |
| 02/22/2013 | 🗎 MOTION - LEAVE<br>Party: DEFENDANT MGC MORTGAGE INC |
| 02/25/2013 | 🗎 OBJECTION<br>*& RESPONSE M/LEAVE & RESET TRIAL DATE* |
| 02/26/2013 | 🗎 NOTICE OF HEARING / FIAT |
| 03/11/2013 | 🗎 CORRESPONDENCE - LETTER TO FILE<br>*MEDIATION LETTER FILED BY COURTENAY L. BASS* |
| 03/11/2013 | 🗎 MOTION - ABATEMENT<br>*AGREED* |
| 03/11/2013 | NOTE - CLERKS<br>*AGREED ORDER ABATE SUBMITTED TO ADMIN* |
| 03/11/2013 | NOTE - ADMINISTRATOR<br>*ORDER ABATE SUBMITTED TO JUDGE* |
| 03/12/2013 | 🗎 ORDER - ABATE |
| 03/13/2013 | NOTE - ADMINISTRATOR<br>*ORDER ADMIN CLOSE SUBMITTED TO JUDGE* |
| 03/14/2013 | **ALL OTHER DISPOSITIONS** (Judicial Officer: PARKER, TONYA) |
| 03/15/2013 | NOTE - ADMINISTRATOR<br>*ORDER ABATE SIGNED 3-12-2013. COPY ALL. ORIG/CLERK* |
| 03/15/2013 | NOTE - ADMINISTRATOR<br>*ORDER ADMIN CLOSE SIGNED 3-14-2013. COPY ALL. ORIG/CLERK* |

Side annotations:
- *Vol./Book 432F, Page 542, 1 pages* (aligned with 02/11/2013 ORDER - SUBSTITUTE MEDIATOR)
- *Vol./Book 432F, Page 933, 1 pages* (aligned with 03/12/2013 ORDER - ABATE)
- *Vol./Book 432F, Page 932, 1 pages* (aligned with 03/14/2013 ALL OTHER DISPOSITIONS)

| | |
|---|---|
| 03/29/2013 | *CANCELED* **Motion - Leave** (10:30 AM) **(Judicial Officer: PARKER, TONYA)**<br>BY COURT ADMINISTRATOR<br>*HEARING SET WITH AMY MARTINEZ 214-979-7425 - COURTESY COPY REQUESTED -*<br>*30-MINUTES - COURTESY COPY RECVD 2/26/2013* |
| 04/15/2013 | *CANCELED* **Jury Trial - Civil** (9:00 AM) **(Judicial Officer: PARKER, TONYA)**<br>BY COURT ADMINISTRATOR<br>01/14/2013      Continued to 04/15/2013 - ORDER - CONTINUANCE - HOWARD,<br>          CHARLES L; BREITLING, SAMUEL G; MGC MORTGAGE INC;<br>          BREITLING, JOANN |
| 04/16/2013 | 📄 MOTION - WITHDRAW ATTORNEY<br>Party: PLAINTIFF BREITLING, SAMUEL G; PLAINTIFF BREITLING, JOANN<br>*ORDER ATTACHED* |
| 04/25/2013 | NOTE - CLERKS<br>*ORDER WITHDRAW CNSL SUBMITTED TO ADMIN* |
| 04/25/2013 | NOTE - ADMINISTRATOR<br>*ORDER W/D SUBMITTED TO JUDGE* |
| 04/25/2013 | 📄 CORRESPONDENCE - LETTER TO FILE<br>*RE: GREEN CARD* |
| 04/25/2013 | 📄 ORDER - DENY<br>  *MOTION WD CNSL* |
| 04/26/2013 | NOTE - ADMINISTRATOR<br>*ORDER DENYING M/WD SIGNED 4-25-2013. COPY PLTF ORIG/CLERK* |
| 04/26/2013 | NOTE - CLERKS<br>*ORDER WD CNSL SUBMITTED TO ADMIN (WITH LETTER W/GREEN CARD)* |
| 04/26/2013 | NOTE - ADMINISTRATOR<br>*2ND ORDER TO W/D (WITH LETTER & COPY OF GREENCARD) SUBMITTED TO*<br>*JUDGE* |
| 04/29/2013 | NOTE - ADMINISTRATOR<br>*2ND M/WITHDRAW NOT SIGNED BY JUDGE.* |
| 05/02/2013 | 📄 NOTICE OF HEARING / FIAT |
| 05/03/2013 | *CANCELED* **Motion - Withdraw** (1:00 PM) **(Judicial Officer: PARKER, TONYA)**<br>*REQUESTED BY ATTORNEY/PRO SE*<br>*HEARING SET WITH PATTY 214-643-6005 - 15-MINUTES* |
| 06/11/2013 | 📄 MOTION - WITHDRAW ATTORNEY<br>Party: PLAINTIFF BREITLING, SAMUEL G; PLAINTIFF BREITLING, JOANN<br>*UNOPPOSED* |
| 06/11/2013 | NOTE - CLERKS<br>*ORDER WD CNSL SUBMITTED TO ADMIN* |
| 06/11/2013 | NOTE - ADMINISTRATOR<br>*ORDER TO W/D SUBMITTED TO JUDGE* |
| 06/11/2013 | 📄 ORDER - WITHDRAW ATTORNEY<br>Party: PLAINTIFF BREITLING, SAMUEL G; PLAINTIFF BREITLING, JOANN |
| 06/12/2013 | NOTE - ADMINISTRATOR |

*Vol./Book 433F,*
*Page 268, 1 pages*

*Vol./Book 433F,*
*Page 741, 1 pages*

|            |                                                                                                                             |
|------------|-----------------------------------------------------------------------------------------------------------------------------|
|            | ORDER TO W/D SIGNED 6-11-2013. ORIG/CLERK                                                                                    |
| 06/13/2013 | MOTION - CIVIL POST JUDGMENT (WITH FEE)<br>*NO CERTIFICATE OF CONF*                                                          |
| 06/13/2013 | NOTE - CLERKS<br>*ORDER TO REOPEN SUBMITTED TO ADMIN*                                                                        |
| 06/14/2013 | NOTE - ADMINISTRATOR<br>*M/REOPEN NOT SUBMITTED TO JUDGE AND CANNOT BE SET FOR HEARING. CERT*<br>*OF CONFERENCE DOES NOT COMPLY WITH LOCAL RULE.* |
| 06/14/2013 | NON-SIGNED PROPOSED ORDER/JUDGMENT                                                                                           |
| 06/14/2013 | CERTIFICATE OF CONFERENCE<br>*ON MOTION TO REOPEN CASE*                                                                      |
| 06/18/2013 | RESPONSE<br>*TO DEF'S M/REOPEN CASE*                                                                                         |
| 06/18/2013 | NOTICE OF HEARING / FIAT                                                                                                     |
| 06/19/2013 | NOTICE OF HEARING / FIAT                                                                                                     |
| 06/27/2013 | *CANCELED* **Motion - Reinstate** (11:00 AM)  **(Judicial Officer: PARKER, TONYA)**<br>*REQUESTED BY ATTORNEY/PRO SE*<br>*JENNIFER WHITE 214-979-7403 - COURTESY COPY REQUESTED - 15-MINTUES* |
| 07/19/2013 | NOTICE OF HEARING / FIAT                                                                                                     |
| 07/25/2013 | NOTICE OF NONSUIT<br>Party:  PLAINTIFF  BREITLING, SAMUEL G;  PLAINTIFF  BREITLING, JOANN                                    |
| 07/25/2013 | NOTE - CLERKS<br>*ORDER NONSUIT SUBMITTED TO ADMIN*                                                                          |
| 07/25/2013 | RESPONSE<br>*REPLY TO PLTF ANSWER TO M/REOPEN & REPLACE ON COURT'S DOCKET*                                                   |
| 07/25/2013 | NOTICE OF NONSUIT<br>Party:  PLAINTIFF  BREITLING, SAMUEL G;  PLAINTIFF  BREITLING, JOANN                                    |
| 07/26/2013 | NOTE - CLERKS<br>*ORDER NONSUIT SUBMITTED TO ADMIN*                                                                          |
| 07/26/2013 | CORRESPONDENCE - LETTER TO FILE<br>*RE: AGREED ORDER*                                                                        |
| 07/26/2013 | NOTE - CLERKS<br>*AGREED ORDER TO REOPEN SUBMITTED TO ADMIN*                                                                 |
| 07/29/2013 | NOTE - ADMINISTRATOR<br>*AGREED ORDER REINSTATE SUBMITTED TO JUDGE*                                                          |
| 07/29/2013 | NOTE - ADMINISTRATOR<br>*ORDER OF NONSUIT SUBMITTED TO JUDGE*                                                                |
| 07/29/2013 | ORDER - REINSTATE (OCA and REOPEN CASE)                                                                                      |

*Vol./Book 434F,*
*Page 247, 1 pages*

| 07/29/2013 |  NON-SUIT/DISMISSAL BY PLAINTIFF / PETITIONER (Judicial Officer: PARKER, TONYA) | Vol./Book 434F , Page 260, 1 pages |
|---|---|---|
| 07/30/2013 | *CANCELED* Motion - Reinstate (9:00 AM)  **(Judicial Officer: PARKER, TONYA)**<br>*REQUESTED BY ATTORNEY/PRO SE*<br>*MOTION REINSTATE - 15-MINUTES - HEARING SET WITH JENNIFER WHITE 214-979-7403 - COURTESY COPY RECVD 6/18/2013* | |
| 07/30/2013 | NOTE - ADMINISTRATOR<br>*AGREED ORDER REOPEN SIGNED 7-29-2013. ORIG/CLERK* | |
| 07/30/2013 | NOTE - ADMINISTRATOR<br>*ORDER OF NONSUIT SIGNED 7-29-2013. ORIG/CLERK* | |
| 07/30/2013 | NOTE - CLERKS<br>*Mailed copy of Order Reinstate to Plaintiff and Defs* | |
| 07/30/2013 | NOTE - CLERKS<br>*Mailed copy of Order Nonsuit to Plaintiff and Defs* | |
| 09/11/2013 | VACATION LETTER<br>Party: ATTORNEY HAYES, SCOTT E; PLAINTIFF BREITLING, SAMUEL G; MEDIATOR GILBERT MEDIATION; DEFENDANT MGC MORTGAGE INC; PLAINTIFF BREITLING, JOANN<br>****MICAHEL FARRIS**** | |
| 08/08/2014 | CORRESPONDENCE - LETTER TO FILE | |

| DATE | FINANCIAL INFORMATION |
|---|---|

**DEFENDANT** MGC MORTGAGE INC
| | |
|---|---:|
| Total Charges | 15.00 |
| Total Payments and Credits | 15.00 |
| **Balance Due as of  2/19/2015** | **0.00** |

**PLAINTIFF** BREITLING, SAMUEL G
| | |
|---|---:|
| Total Charges | 323.00 |
| Total Payments and Credits | 323.00 |
| **Balance Due as of  2/19/2015** | **0.00** |

STATE OF TEXAS  }
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this ___ day of _____ A.D., ____.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

# EXHIBIT 2(A)

11 June 16 P1:19
Gary Fitzsimmons
District Clerk
Dallas District

NO. DC-11-07087

| | | |
|---|---|---|
| SAMUEL G. BREITLING AND | § | IN THE DISTRICT COURT |
| JOANN BREITLING | § | |
| Plaintiffs, | § | |
| | § | |
| | § | DALLAS COUNTY, TEXAS |
| | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| | § | |
| MGC MORTGAGE INC. | § | |
| Defendant, | § | 44TH JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, SAMUEL G. BREITLING AND JO ANN BREITLING, Plaintiffs in the above

styled action and file this First Amended Original Petition and complain of MGC MORTGAGE

INC., Defendant and for cause of action would respectfully show to the Court as follows

## DISCOVERY CONTROL PLAN

Discovery in this case is intended to be conducted under level 2 of rule 190 of the Texas

Rules of Civil Procedure.

## DISCLOSURE

This case is subject to transfer under Rule 1.07(a) of the Dallas County Local Rules.

1

## PARTIES, JURISDICTION AND VENUE

1. Plaintiffs, SAMUEL G. BREITLING AND JO ANN BREITLING are individuals residing in Dallas County, Texas and may be contacted through their undersigned attorney.

2. Defendant MGC Corporation is a corporation doing business in Texas and can be served through its registered agent, CT Corporation System, located at 350 N. St. Paul Street, Dallas, Dallas County, Texas 75201.

## FACTUAL BACKGROUND

3. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

4. On October 20, 2000, Plaintiffs signed Promissory Note (Exhibit "A") and Deed of Trust (Exhibit "B") in favor of Aames Funding Corporation d/b/a Aames Home Loans.

5. Plaintiffs' loan was a home equity loan as defined by Section 50(a) (6), Article XVI of the Texas Constitution, requiring strict compliance.

6. Plaintiffs were told that they only qualified for a 12.3% interest rate. One of the lending approval stipulations was that Ms. Breitling was disabled for at least three years. She had been disabled since 1998. Although Plaintiffs' debt was 62%, the numbers were manipulated to make it look like Plaintiffs were "approved". Plaintiffs were told it was

2

only temporary, in their haste to close Plaintiffs' loan, Mr. and Mrs. Breitling's social security numbers were reverse on the documents.

7. Since closing the loan on October 20, 2000, Plaintiffs' loan has been transferred/sold five times, with the final time to MGC in May 2008. Plaintiffs never received notification of that transfer to MGC.

8. Plaintiffs sent their June 2008 payment using their social security number as in the past. However, due to the change in companies and policies, Plaintiffs payment was not properly credited.

9. Plaintiffs sent the July and August 2008 payments via courier. The July payment was not cashed but the August payment was so Plaintiffs stopped payment on the July payment.

10. In 2008 Plaintiffs asked MGC to modify their loan. MGC sent Plaintiffs a packet and Plaintiffs completed it the same day and overnighted it to MGC. Plaintiffs pled with MGC to keep their house and to lower the interest rate.

11. In June of 2008, Plaintiffs were approved by another lender to refinance into a lower fixed rate. However, MGC would provide no information necessary to allow the refinance to take place. On July 5, 2008 Defendant noted that Plaintiffs "were not in their system."

12. Plaintiffs learned that their loan was transferred from Plano, Texas to the Massachusetts office. Plaintiff Ms. Breitling called and checked on the status of the modification and in March 2009, Ms. Breitling was told that MGC needed to have a BPO (Broker Price

3

Opinion) done before the investor would approve the modification.  Plaintiffs were not familiar with the term BPO but after doing some research, Ms. Breitling called MGC.

13. Plaintiffs were current on their payments just in a world of hurt trying to keep up with the 12.3% interest rate.  MGC then called back and said that the investor wanted two separate BPO's done.  Plaintiff Joann Breitling told them she would get back with them.  When she called back a week later and agreed to the two broker price opinions, Plaintiff Ms. Breitling was told that their modification file had been closed because she was uncooperative.

14. MGC is a predatory company who has acted in bad faith the entire time that they have serviced Plaintiffs loan.  In March of 2009, Plaintiff JoAnn Breitling requested all correspondence, transfer history, and the complete pay history of their loan.  In response Plaintiffs received a six or eight month print out.  When Plaintiff Mrs. Breitling called them, MGC said that they did not have a pay history and Plaintiffs would have to go back to all previous lenders.

15. In May of 2009, Plaintiff had a phone conversation with Mr. Leveritt, an MGC employee regarding Plaintiffs denial of a loan modification.  In that conversation, Mr. Leveritt told Plaintiff JoAnn Breitling that a 12.3% loan was not predatory and that if Plaintiffs were struggling, they should sell a car.

16. In the fall of 2009, Plaintiffs retained counsel who sent a demand letter to MGC, which was never responded to.

4

17. Plaintiffs contend that they were upsold, put into a loan six points higher than the index was at that time. Plaintiffs had no idea they were being put into subprime lending which they were never able to get off of.

18. Plaintiffs have paid $1,370.00 a month, principle and interest of 10 years, over $160,000.00 total. MGC represented to Plaintiffs the balance was $122,000.00 and our payoff was $173,800.00.

## STANDING- QUESTION OF THE NOTE HOLDER

19. The Note was made payable to Funding Corporation d/b/a Aames Home Loans which was subsequently purchased by five companies, the last of which was MGC.

20. The original Note was not executed in favor of MGC or any of the other companies mentioned here. MGC and its agents have not produced evidence that it is the current owner, holder, or holder in due course of the mortgage.

21. If MGC actually had received the mortgage, it should produce the original Note with proper endorsements reflecting MGC was the owner, holder, or holder in due course.

22. MGC and other parties asserting to be acting on behalf of MGC have collected payments from Plaintiffs.[2]

- MGC may be required to repurchase loans from the investor in order to permanently modify the loan. This presents a substantial cost and loss of revenue

5

that can be avoided by keeping the loan in a state of temporary modification or lingering default.

- The monthly service fee that MGC, as the servicer collects as to each loan it services in a pool of loans is calculated as a fixed percentage of the unpaid principal balance of the loans in the pool.  Consequently, modifying a loan to reduce the principal balance results in a lower monthly fee to the servicer.

- Fees that MGC charges borrowers that are in default constitute a significant source of revenue to it.  Aside from income MGC directly receives, late fees and "process management fees" are often added to the principal loan amount thereby increasing the unpaid balance in a pool of loans and increasing the amount of the servicer's monthly service fee.

- Entering into a permanent modification will often delay a servicer's ability to recover advances it is required to make to investors of the unpaid principal and interest payment of a non-performing loan. The servicer's right to recover expenses from an investor in a loan modification, rather than a foreclosure, is often less clear and less generous;

- Fixed overhead costs involved in successfully performing loan modifications involve up-front costs to the servicer for additional staffing, physical infrastructure, and expenses such as property valuation, credit reports and financing costs.

6

25. Rather than allocating adequate resources and working diligently to reduce the number of loans in danger of default by establishing permanent modifications, MGC has serially strung out, delayed, and otherwise hindered the modification process. MGC's delay and obstruction tactics have taken various forms with the common result that homeowners with loans serviced by MGC, who are eligible for permanent loan modifications, and who have met the requirements for participation in HAMP, have not received permanent loan modifications to which they are entitled.

26. Because MGC is not meeting its contractual obligations, hundreds of thousands of homeowners are wrongfully being deprived of an opportunity to cure their delinquencies, pay their mortgage loans and save their homes. By failing to live up to its obligations under the terms of the agreement it entered into with the Department of the Treasury, and the terms of the contracts it formed with individual homeowners, MGC has left thousands of borrowers in a state of limbo – often worse than they were before they sought a modification from MGC. Defendant's actions violate their contractual obligations, thwart the purpose of HAMP, and are unfair and deceptive under state laws.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

28. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though

fully set forth herein.

29. Plaintiffs seek to preserve the status quo during the pendency of this lawsuit, which would leave Plaintiffs in possession of her property and would prevent Defendant from

7

proceeding with any wrongful foreclosure action. Plaintiffs SAMUEL G. BREITLING AND JO ANN BREITLING further seek a Temporary Restraining Order, to enjoin and restrain Defendant, its agents, servants, employees, representatives, or attorneys from the following:

(a)     attempting or actually taking possession of Plaintiffs SAMUEL G. BREITLING AND JO ANN BREITLING   home.

( b )     Interfering in any way with Plaintiffs' possession of the property;

(c)     from taking any action whatsoever that may be construed as unreasonable debt collection or otherwise violating the Texas or federal statutes regarding debt collection.

## DECLARATORY JUDGMENT

26.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

27.   Pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, Plaintiffs respectfully request that this Court issue a declaratory judgment specifying their and Defendant's rights and duties in connection with the Note.

28.   Specifically, a justiciable controversy exists regarding:

a.     who is the current owner, holder, or holder in due course of the mortgage;

b.     whether that owner, holder, or holder in due course has approved any

8

mortgage servicer to collect payments under the mortgage;

   c.    what amounts are owed, if any, and how the payments have been applied;

29.    Plaintiffs' therefore are proper parties to seek a declaratory judgment to resolve these issues.

30.    This Court is vested with the power to declare and adjudicate the rights and other legal relationships of the parties to this action.

31    For all the reasons stated in this pleading, Plaintiffs seek a declaratory judgment pursuant to Chapter 37 of the Texas Civil Practice & Remedies Code, and request that, after trial, this Court issue a judgment declaring: (a) Defendant is not the holder of the Note; (b) a declaration of which party is the current Holder of the Note if such information can be obtained, and (c) the amount owed on the Note.

32.    Alternatively, Plaintiffs seek a declaration as to whether Plaintiffs loan was invalid based upon violations of Article 16, Chapter 50 of the Texas Constitution and Chapter 153 of Title 7, Part 8 of the Texas Administrative Code.

## COMMON LAW FRAUD, STATUTORY FRAUD AND FRAUD BY MISREPRESENTATION

33.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

34.    Pleading further, and in the alternative as necessary, Plaintiffs aver that MGC, made

9

material false representations to Plaintiffs with the knowledge of their falsity with reckless disregard of the truth with the intention that such representations would be acted upon by Plaintiffs, and that Plaintiffs relied on these representations to their detriment. Specifically, MGC concealed or failed to disclose material facts within their knowledge.

36.   MGC knew that Plaintiffs did not have knowledge of the same and did not have equal opportunity to discover the truth, and Defendants intended to induce Plaintiffs to enter into the transaction made the basis of this suit by such concealment or failure to disclose. Specifically:

a) MGC failed to advise Plaintiffs that the contract entered into created an invalid lien since MGC's predecessor in interest failed to wait at least 12 calendar days after the application was received and one business day before closing Plaintiffs' loan. Despite these known violations, Plaintiffs were ushered into a legally invalid loan, all the while representing it as valid and binding.

37.   Such material representations were not only fraudulent; they were also in violation of Article 16, Chapter 50 of the Texas Constitution and Chapter 153 of Title 7, Part 8 of the Texas Administrative Code.

38.   Further, such acts and/or omissions were the proximate cause of Plaintiffs' damages.

39.   Plaintiffs relied on the misleading and false statements and/or representations thereby suffering serious harm because Defendant, through its predecessor in interest intentionally and maliciously misled Plaintiffs to a loan transaction that was based upon

10

an invalid lien.

40.    Due to their fraudulent behavior, Plaintiffs are entitled to actual and punitive damages.

41.    As a direct and proximate result of the violations, actions, and misrepresentations of Defendant, Plaintiffs were injured and have suffered financial and pecuniary loss.

42.    Plaintiffs have sustained actual damages, which they have the right to recover in an amount which is not presently quantified as the harm is ongoing, but which can be determined and proven at trial.

43.    MGC, as successor in interest of Aames, was and is responsible for the acts alleged herein as well as the acts of their agents, trustee and substitute trustee acting on their behalf.

44.    Defendant, directly, and by and through its agents, perpetuated a fraud by deception whereby documents were created and filed in order to misrepresent the authority of Defendants and their agents, regarding the transfer of rights, title and interest in Plaintiffs' property. Those actions were part of a scheme intended to lead to the wrongful foreclosure of Plaintiffs' home and directly benefitted defendant, its agents and assigns.

45.    Such conduct is not isolated but represents a broader pattern or practice of deceptive and unconscionable conduct on the part of MGC and its agents, acting on its behalf.

46.    Defendant's wrongful conduct as alleged herein, was a producing cause of Plaintiffs' injury, which resulted in the following damages: Plaintiffs seek a return of all fees paid to Defendant by Plaintiffs or on their behalf, all benefit-

11

of-the-bargain damages, as well as any and all additional damages for which

Plaintiffs may be entitled. Plaintiffs specifically request the equitable remedy of

forfeiture of fees and disgorgement of profit due to the violations stated herein

Plaintiffs seek recovery of unliquidated damages within the jurisdictional limits of

this court.

## VIOLATION OF THE TEXAS DECEPTIVE PRACTICES ACT

30.   Plaintiffs re- allege and incorporate by reference all preceding paragraphs as though fully

set forth herein.

31.   Plaintiffs are consumers under the provisions of the Texas Deceptive Trade Practices-

Consumer Protection Act.

32.   As such, Plaintiffs would show that Defendants have engaged in a pattern of unfair

practices in violation of the Texas Deceptive Trade Practices Act. Defendant's violations of the

Texas Debt Collection Practices Act also amount to violation of the Texas DTPA.

33.   These violations have caused Plaintiffs economic and mental anguish damages for which

they seek recovery. Defendant MGC's conduct was committed knowingly and, therefore,

supports the imposition of additional statutory damages under the DTPA.

## VIOLATION OF THE TEXAS DEBT COLLECTION PRACTICES ACT

34.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though

fully set forth herein.

35.   Defendant is a debt collector for purposes of the Texas Debt Collection Practices Act.

12

32. Defendant repeatedly utilized unfair or unconscionable means by collecting or attempting to collect interest or a charged fee or expense incidental to the allegation that was not authorized by the terms of the parties' contract, in violation of TDCPA §392.303.

33. Defendant misrepresented the character, amount or extent of the debts, in violation of TDCPA §392.304. Defendant also violated TDCPA §392.304(a) (5), (6), (8), (12), and (17).

34. Defendant's violation of the TDCPA entitles Plaintiffs to actual damages and attorney's fees under TDCPA §392.403.

35. These violations have cause Plaintiffs economic and mental anguish damages for which they seek recovery.

36. Defendant's conduct was committed knowingly and therefore, supports the imposition of additional statutory damages under the Texas DTPA.


## NEGLIGENCE AND GROSS NEGLIGENCE.

37. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

38. Defendant owed a duty of care to Plaintiffs to adequately train and supervise its staff of loan collectors and servicing agents in the proper and legal servicing of mortgages, as well as the duty to engage in and maintain fair and honest accounting practices, including the proper application and crediting of payments such as those made by Plaintiffs. Defendants breached their duty to Plaintiffs by (1) failing to adequately train and/or supervise agents in the proper accounting and

13

servicing of Plaintiffs' mortgage and allowing the wrongful foreclosure of Plaintiffs' home, and

(2) demonstrating a pattern of flawed accounting that resulted in foreclosures such as that of

Plaintiffs' home.

## UNREASONABLE DEBT COLLECTION
## PRACTICES UNDER TEXAS COMMON LAW

39.  Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set

forth herein.

40. MGC's actions in failing to properly apply and account for Plaintiffs' payments,

manipulating Plaintiffs' loan to appear in default despite being current, refusing to accept

properly tendered payments, providing inconsistent accounting information regarding the amount

of the alleged indebtedness, charging unjustified fees and placing payments into suspense

accounts without cause or justification constitute unreasonable debt collection practices.  As a

result of these practices, Plaintiffs have suffered losses and remain at risk of losing their home.

41.  Further, Plaintiffs have suffered the emotional stress that naturally flows from a situation

where a mortgage servicing company steps out of its role of servicing and tries to take a home

wrongfully.

## BREACH OF FIDUCIARY DUTY

42.  Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set

forth herein.

43. MGC, as a servicing agent, stands in a fiduciary capacity with respect to Plaintiffs' monthly

14

payments and credits on their mortgage account, and other related obligations. MGC has breached this duty for the numerous reasons stated above. MGC 's conduct has caused Plaintiffs losses for which they seek recovery.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

45.    Defendants acted intentionally or recklessly in servicing Plaintiffs' loan. Defendants' conduct was both extreme and outrageous with a complete disregard for Plaintiffs' rights. Defendant s' actions have caused severe emotional distress to Plaintiffs, including embarrassment, fear, humiliation, and unnecessary and excessive worry,

## EXEMPLARY DAMAGES

46. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein

47. The above described harm to Plaintiffs was the result of Defendants' conduct, which was fraudulent, malicious, intentional, or at a minimum, grossly negligent. For this, as well as Defendants extreme and outrageous conduct with respect to the wrongful foreclosure of Plaintiffs' home, Plaintiffs seek the imposition of exemplary damages against Defendants.

48. As such, Plaintiffs seek a monetary award from the jury, in their discretion, in an amount to set an example to others and as a penalty and punishment to MGC. In exercising their discretion in awarding exemplary damages Plaintiffs request the jury consider the following factors:

15

1. The nature of the wrong;

2. The character or the conduct involved:

3. The degree of culpability of the wrongdoer;

4. The situation and sensibilities of the parties concerned;

5. The extent to which such conduct offends a public sense of justice and propriety;

6. The net worth of Defendant.

49.  Plaintiffs believe and allege that the damages directly and proximately caused by the

negligent and abusive actions of the Defendants herein have injured Plaintiffs in an amount within the

jurisdictional limits of this Court.  Plaintiffs contend that the amount of Plaintiffs' actual damages should

be left to the discretion of the jury in light of the evidence considered by the jury regarding the severity of

Plaintiffs' harm and the callous disregard Defendants' displayed toward Plaintiffs. The jury should be

allowed to consider such evidence in accordance with proper instruction and charge of the Court.


## ATTORNEY'S FEES

50.  Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though

fully set forth herein.

51. It was necessary for Plaintiffs to secure the services of Patricia Wilhite McCartney, a

licensed attorney, to prepare and prosecute this suit.  To effect an equitable outcome and for

services rendered, Plaintiffs requests a judgment for reasonable and necessary attorney's fees,

expenses, and costs through trial and appeal should be granted against Defendant and in favor of

Plaintiffs for the use and benefit of Plaintiffs' attorney and be ordered paid directly to Plaintiffs

attorney, who may enforce the judgment in the attorney's own name.  Plaintiffs request

postjudgment interest as allowed by law.

16

## BREACH OF CONTRACT

51. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

52. Defendant's acceptance of TARP money created an obligation to modify loans outstanding on Plaintiffs' real estate to the extent Defendants were pronouncing rights thereto, to assist borrowers, and to otherwise use the TARP funds for the benefit of, among others, the Plaintiffs herein.

53. In fact, the Plaintiffs are intended third party beneficiaries of the contracts between the United States Government, certain intermediaries and Defendant.

54. Defendant breached their contractual obligations to Plaintiffs as set forth herein. Defendant further breached the contractual obligations owing to Plaintiffs in the manners alleged hereinabove. As a proximate and foreseeable result of said breaches of contract, Plaintiffs have been damaged in a sum to be fully proven at the time of trial.

## DEMAND FOR JURY TRIAL

63.  Plaintiffs hereby demand a jury trial, and tenders the requisite fee.

WHEREFORE, having set forth various causes of action against the defendant,  Plaintiffs pray for the following relief:

17

1. That the actions of defendant be determined to be unfair and deceptive business practices in violation of the Texas DTPA entitling Plaintiffs to treble damages;

2. That Plaintiffs be awarded actual damages to be fully proved at trial;

3. Judgment for cancellation of the indebtedness described hereinabove;

4. Judgment for both pre-judgment and post-judgment interest at the maximum interest rate allowed by law;

5. Judgment for punitive damages in an amount to be determined by the trier of fact;

6. Judgment for costs of Court;

7. Judgment for Plaintiffs to recover reasonable and necessary attorney's fees for bringing this case to trial and judgment, as well as the conditional award in the event of an appeal;

8. That the Plaintiffs be awarded consequential damages to be fully proved at the time of trial;

9. That Plaintiffs be awarded any and all fees and costs pursuant to the written loan agreements which bind the defendant; and

10. That the Court grant any other relief that may be just or equitable.

McCartney Law Firm
3006 Lost Maples Circle
Forney, Texas 75126
(972)782-6300
(972)559-1994 (fax)

/s/ Patricia W. McCartney
PATRICIA W. MCCARTNEY
SBN.00786346

-18-

STATE OF TEXAS }
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.
GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this ___19th___ day of _February_, A.D., _2015_.

      FELICIA PITRE, DISTRICT CLERK
      DALLAS COUNTY, TEXAS
      By _Cecelia Flowers_ Deputy

# <u>EXHIBIT 2(B)</u>

Filed
13 July 25 P11:00
Gary Fitzsimmons
District Clerk
Dallas District

## CAUSE DC1107087

| | |
|---|---|
| SAMUEL G BREITLING | **IN THE DISTRICT** |
| **&** | |
| JO ANN BREITLING | **116TH DISTRICT** |
| PLAINTIFFS | |
| V. | |
| MGC MORTGAGE CO. | **DALLAS COUNTY,** |
| DEFENDANT | **TEXAS** |

## Plaintiffs Notice of Nonsuit Against Defendant

Pursuant to Rule 162 of the Texas Rules of Civil Procedure, Plaintiffs Samuel G. Breitling and JoAnn Breitling file this written notice of their non-suit without prejudice on the above referenced case.

Respectfully submitted

JoAnn Breitling, Pro Se

John Breetling by permission (C4)

1704 Cornwall Lane
Sachse, Texas    75048
214-674-6572

## CERTIFICATE OF SERVICE

This is to certify that a true and correct
copy of the foregoing was served in
accordance with the Texas Rules of Civil
Procedure to Scott Hayes, counsel of record,
by certified and by regular mail on this
date of the 25th of July, 2013.

JoAnn Breitling, Pro Se

## CAUSE DC1107087

| | |
|---|---|
| SAMUEL G BREITLING | IN THE DISTRICT |
| & | |
| JO ANN BREITLING | 116TH DISTRICT |
| PLAINTIFFS | |
| V. | |
| MGC MORTGAGE CO. | DALLAS COUNTY, |
| DEFENDANT | TEXAS |

## ORDER OF NONSUIT

Came on for consideration Plaintiffs Samuel G. Breitling and JoAnn Breitling's notice of non-suit without prejudice. Accordingly, it is ordered that Plaintiffs' claims are dismissed without prejudice on the _____ day of _____, 2013.

_____
PRESIDING JUDGE

STATE OF TEXAS          }
COUNTY OF DALLAS      }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this 19th day of February, A.D., 2015.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS
By Cecelia Flowers Deputy

# EXHIBIT 3

FILED
DALLAS COUNTY
8/29/2014 7:24:24 PM
GARY FITZSIMMONS
DISTRICT CLERK

DC-14-09604

Smith Gay

Cause No. _____

| | | |
|---|---|---|
| SAMUEL G. BREITLING, | § | DALLAS COUNTY, TEXAS |
| JO ANN BREITLING, | § | IN THE DISTRICT COURT |
|     Plaintiffs, | § | |
| | § | 101ST-E |
| | § | |
| v. | § | CONSTITUTIONAL |
| | § | Violations of Due Process; |
| LNV CORPORATION et al, | § | Fraud and Criminal |
| CODILIS & STAWIARSKI P.C. et al, | § | Conspiracy to Defraud; |
| DOVENMUEHLE MORTGAGE INC. et al, | § | Violations of the Fair Debt |
| MGC MORTGAGE INC. et al, | § | Collection Practices and |
| DALE B. TILLERY | § | Truth in Lending Acts |
|     Defendants. | § | |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Come Now, JoAnn S. Breitling and Samuel G. Breiting, representing themselves, in the above styled action and file this .Original Petition and complaint of LNV Corporaton, MGC Mortgage Inc., Dovenmuehle Mortgage Inc.; Codilis & Stawiarski P.C., and Dale B. Tillery, Defendants and for cause of action would respectfully show to the Court as follows:

## DISCOVERY CONTROL PLAN

Discovery in this case is intended to be conducted under level 3 of the rule 190 of the Texas Rules of Civil Procedure.

## **PARTIES, JURISDICTION AND VENUE**

1. **Plaintiffs,** JOANN S. BREITLING AND SAMUEL G. BREITING are individuals residing in Dallas County, Texas and may be contacted directly.

2. **Defendant** LNV Corporaton (LNV) is a corporation doing business in Texas and can be served through its registered agent, CT Corporation System, located at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136

3. **Defendant** MGC Mortgage Inc. (MGC) is a corporation doing business in Texas and can be served through its registered agent, CT Corporation System, located at located at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136

4. **Defendant** Dovenmuehle Mortgage Inc. (DMI) is a corporation doing business in Texas and can be served through its registered agent, William A. Mynatt, Jr. located at 1 Corporate Drive, Suite 360, Lake Zurich, IL 60047.

5. **Defendant** Codilis & Stawiarski P.C. (C&S) is a law firm doing business in Texas and can be served at 650 N. Sam Houston Parkway East, Suite 450, Houston, TX 77060.

6. **Defendant** Dale B. Tillery (Tillery) is an individual who lives in Texas and can be served at his place of employment the District Court, 134th District Court, Dallas County, 600 Commerce, Ste 650, Dallas, TX 75202-4606.

Years of prior litigation between these parties pertaining to the same issues have been heard in the 116th Dallas County District Court and for the sake of continuity Plaintiffs request this case be assigned to the 116th District Court.

## SPECIAL CONSTITUTIONAL ISSUES

Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

**Defendant** Tillery was elected to the office of Judge in the Dallas County 134th District Court.  Pursuant to Article XVI, Section 1 of the Texas Constitution Texas District Defendant Tillery is required to sign an oath of office: "I [name] solemnly swear (or affirm), that I will faithfully execute the duties of the office of [office] of the State of Texas, and will to the best of my ability preserve, protect, and defend the Constitution and laws of the United States and of this State, so help me God."

As a state officer, he acted under a state law in a manner violative of the Federal Constitution, and by doing so he came into conflict with the superior authority of that Constitution.  In this case he is stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct.  The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States.

If Defendant Tillery were to rob a grocery store, he would not have immunity from prosecution for his crime simply because he is a judge.  In this scenario he has acted outside the authority of the State office which would grant him immunity.  If Defendant Tillery murdered someone in his courtroom while wearing his robes of office, he would still not be immune from criminal prosecution, nor would he be immune from civil liability for the harm he caused to the family of his murder victim.  In both of these

scenarios the individual person named "Dale B. Tillery" acted to achieve his own

personal objectives; he did not act under the auspices of the State office entrusted to

him by the public when they elected him.

When a Judge violates the Federal Constitution by depriving litigants of their property

without due process, he as an individual person, is accountable for the harm he causes

and is subjected in his person to the consequences of his individual conduct.

## **FACTUAL BACKGROUND**

Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though

fully set forth herein.

**On April 15, 2014** Defendant LNV Corporation (LNV) filed an "*In Rem*" foreclosure

petition against the Plaintiffs in the District Court, 134th District Court, Dallas County.

**On June 5, 2014** Plaintiffs were served with Defendant LNV's petition.

**On June 23, 2014** Plaintiffs filed a timely response to LNV's petition.

**On July 7, 2014** LNV filed a motion for default summary judgment.  On the same day

Defendant Tillery signed an Order granting LNV's default motion for "*in rem*" summary

judgment.

**On July 9, 2014** I, Plaintiff Jo Ann Breitling, discovered that the court ordered an "*in

rem*" default summary judgment in behalf of LNV; and had closed the case.  I called the

Lane Law Firm representing me at the time, but Brian Thorn, an employee told me it wasn't anything to worry about that when a case was closed it was always a good thing for the client. I knew better. In my earlier litigation with Defendant MGC, its counsel, Scott Hayes, had motioned the court for attorney fees. The court denied their motion but he kept re-opening an older case so it looked like two cases were going on at the same time. The Order Scott Hayes submitted with his earlier motion accidently got signed by the Judge two months after the motion had been denied. As a result a judgment for some $18,000 was filed against us. I immediately told my attorney at the time and she resolved the mistake quickly; unlike what happened with the Lane Law Firm in this case.

I, Plaintiff Jo Ann Breitling, phoned the clerk's office and told her that the Judge could not sign a default Order granting LNV summary judgment because we filed a timely answer and by law a hearing had to be held. The court administrator, Francine, told me that the Judge must have not liked our answer. I then told her it didn't matter whether he liked my answer the fact that I filed a timely answer meant a hearing MUST be scheduled or my Constitutional rights to due process would be violated.

The next day the Order signed on July 7, 2014 was replaced by an "unsigned" Order and a hearing was scheduled for August 4, 2014. If it hadn't been for my own persistence with the clerk of the court this "mistake" could have cost us our beloved home of 32 years.

**On July 28, 2014** the Lane Law Firm filed a response to LNV's motion for summary judgment.  We were not happy with this response because it was a generic template for a standard foreclose and our case was not a standard foreclosure.

**On July 29, 2014** the following motions and orders were filed:

1.  Lane Law Firm filed a Motion to Withdraw
2.  The Order-Reversing-*In-Rem* Judgment by Error (from the July 9th incident)
3.  Joint Objection to Mediation and August 4, 2014-Mediation Hearing
4.  Order Granting Joint Motion to Vacate August 4, 2014-Mediation Hearing

**On July 30, 2014** the following motions, orders and documents were filed:

1.  Signed Order Granting Withdraw
2.  Motion for Continuance filed by Lane Law Firm on behalf of Plaintiffs
3.  Plaintiffs' pro se Letter to the Court about Attorney Withdraw
4.  Notice of August 4, 2014 Hearing On Continuance

**On July 31, 2014** the Plaintiff's filed a Motion to Transfer back to the Dallas County 116th District Court where the Plaintiffs had been Plaintiffs in litigation against Defendant MGC and where it was discovered that MGC claimed to be a mortgage servicer for LNV.  The Plaintiffs believed MGC had been a servicer for Aames Home Loans, as any reasonable person would, because they had never been notified as required under 12 U.S. Code Chapter 27 (RESPA), that beneficial interest in their mortgage had been transferred.  Honorable Judge Tonya Parker in the 116th District Court had already made determination of fact and conclusions of law denying MGC in behalf of LNV from a summary motion to foreclose on the same claims they made in

their petition for foreclosure and motion for summary judgment in the 134th District Court.  Dallas County Local Rules 1.06 and 1.07 allow for transfer whenever any pending case is so related to another case previously filed in or disposed of by another Court of Dallas County having subject matter jurisdiction that a transfer of the later case to such other Court would facilitate orderly and efficient disposition of the litigation.

**On August 3, 2014** the Plaintiffs-filed a supplement to the response the Lane Law Firm had filed opposing LNV's motion for summary judgment.

**On August 4, 2014** a hearing was held.  Defendant Tillery immediately denied our motion for continuance.  He provided no judicially determined facts or conclusions of law to support his decision.  We were not permitted to give any oral argument or make any objection before he made his decision.  Any reasonable person who observed this would have cause to doubt Defendant Tillery's impartiality.

As a direct result of Defendant Tillery's decision Plaintiff, Jo Ann Breitling, was forced to proceed unrepresented by counsel and do the best she could as a pro se litigant without the benefit of years of education in law and experience practicing law possessed by counsel representing LNV, Jeffery B. Hardaway employed by Defendant C&S.

Defendant Tillery's decision to deny a continuance that would have allowed us time find another attorney placed us in an exceptionally vulnerable and disadvantaged position compared to LNV.  Defendant Tillery would have known this.  Any reasonable person would expect an impartial judge to allow a 30 day continuance for a defendant to obtain

counsel; especially when the litigation had the effect of depriving us of our property. Any reasonable person would have cause to conclude Defendant Tillery intended to put us into such a vulnerable position.

Next Defendant Tillery denied Plaintiffs' motion to transfer.  Had we had an attorney our counsel could have made an oral argument and provided memorandum of law to support his/her argument in favor of transfer; but as a result of Defendant Tillery's decision to deny a continuance we were given no opportunity to present our case in support of the transfer.  Again Defendant Tillery provided no judicially determined facts or conclusions of law to support his decision.  Defendant Tillery's decision went against the preponderance of the evidence and against the rule of law.  Any reasonable person observing this would have cause to conclude Defendant Tillery held a personal bias against us or was prejudiced concerning the subject matter.

At this point, counsel for LNV, Hardaway, employed by Defendant C&S, said, "These people have not made a payment in over four years, and we are asking permission to foreclose.  These people have breached their contract with us."

Hardaway is not and never has been a credible witness to any contract between Plaintiffs and Defendant LNV.  Hardaway's claims are not founded in fact.  We do not have a contract with Defendant LNV and we vehemently deny the truth of Hardaway's allegations; however as a pro se litigant I, Plaintiff Jo Ann Breitling, was uncertain about how to object.  While I was thinking about what to do, Hardaway said, "Your honor, LNV

and I have come here today, and we have paid our $750 to the mediator and we are
prepared to mediate this case."

I, Plaintiff Jo Ann Breitling, wanted to object to this, too, because Defendant Tillery had
on July 30, 2014 signed an Order to grant a Joint Objection to Court Order Mediation
and Motion to Reconsider the Order Approving Mediator Fees.

Hardaway, as any seasoned attorney would, knows that in Texas mediation is
mandatory before a foreclosure action can be granted.  Hardaway knew the Order
vacating the mediation hearing was already granted.  Other than to exploit my status as
a pro-se litigant and intentionally circumvent Texas laws requiring mediation,
Hardaway had no reason to pay the $750 mediation fees and claim LNV was prepared
to mediate.  Hardaway knew since the Order vacating the mediation hearing was
already granted I would not have come prepared to pay the fees or to mediate.

Before I could respond, Defendant Tilley said, "I am ruling in favor of LNV because you,
the Breitlings, did not answer their summary judgment."

I told Defendant Tilley, "We DID answer.  The attorneys answered before they withdrew
and it was timely."  Defendant Tilley responded, "Well, I never saw an answer."

I, Plaintiff Jo Ann Breitling, told Defendant Tilley, "It is right there on the register, dated
July 28th."  I did not have a hard copy of it, but approached the bench with a copy of my
supplement to the objection to LNV's summary judgment that the Lane Law Firm had
filed on July 28, 2014.  I gave him and Hardaway a copy.  Defendant Tillery did not even

look at it.  At that point I looked at Defendant Tillery and said, "I have filed a 120 page letter to this court explaining this case.  You never even read it, did you?"  He said nothing.  Then I said, "You don't know anything about my case, because you never bothered to read anything that I wrote."

Any reasonable person would conclude that Defendant Tillery had intended to grant LNV a summary judgment before the hearing even began; and that it was no error when he signed the order for default summary judgment on July 7, 2014.

Defendant Tilley had the hearing scheduled only because I caught him denying us our due process on July 9, 2014.  The hearing on August 4, 2014 was nothing more than a farce meant to give the appearance that we had a hearing.  This does not meet the Constitutional requirement for due process of law.

**On August 4, 2014** the same day as the farce hearing a signed Order granting Defendant LNV's motion for summary judgment was filed.

**On August 13, 2014** Plaintiffs received a Notice of Acceleration and Notice of Posting and Foreclosure from Defendant C&S dated August 11, 2014 stating a sale of our home was scheduled for September 2, 2014.

**On August 18, 2014** Plaintiffs filed a Motion to Vacate Void Judgment.  This motion has not been adjudicated.  Therefore the Order granting LNV summary judgment is **NOT FINAL**.  Yet Defendants LNV, DMI and C&S refuse to postpone the sale on our home.

Also on August 18, 2014 Plaintiffs filed Motion to Recuse and Disqualify Defendant Tillery.  This motion was reviewed by Judge Mary Murphy and denied for procedural error.  Her signed Order was filed on August 22, 2014.

**On August 27, 2014** Plaintiffs filed an amended Motion to Recuse Defendant Tillery. Defendant Tillery refused to recuse himself and a hearing has been scheduled by Judge Mary Murphy for September 5, 2014.

Plaintiffs have sent numerous letters and faxes, have made numerous phone calls to Defendants LNV, DMI and C&S reminding them that the Order is NOT FINAL and requesting that they postpone the sale of their property to no avail.

## <u>VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §§ 1692-1692P, AND TEXAS FAIR DEBT COLLECTION PRACTICES ACT § 392 AND 12 U.S. Code Chapter 27 (RESPA) AND THE TRUTH IN LENDING ACT (TILA), 15 U.S.C. 1601 ET SEQ</u>

Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

Plaintiffs received a letter from Defendant C&S dated January 14, 2014.  In this letter they identified themselves as a debt collector pursuant to the FDCPA.  This letter stated: "You are further notified that Dovenmuehle Mortgage Inc., as Mortgage Servicer, is representing the Morgagee, whose address is 1 Corporate Drive, Suite 360, Lake Zurich IL 60047."

Plaintiffs wrote a response to this letter and mailed it to Defendant C&S on February 3, 2014. We disputed the debt as an invalid debt.  Our letter was sent pursuant to the Fair Debt Collection Practices Act, FDCPA, (15 U.S.C. §1692 et seq.)

Defendant C&S claimed in their letter that their client is Defendant DMI, a mortgage servicer for Defendant LNV.  In our prior litigation with Defendant MGC claimed to be a mortgage servicer for Defendant LNV.

We never received any notices of a transfer of servicing from Defendant MGC to Defendant DMI.  When we filed our first petition specific to this matter we believed that MGC was collecting our payments in behalf of Aames Home Loans until our attorney discovered otherwise in January 2011.  Our first petition named Defendant MGC and Aames Home Loans as defendants.

In violation of the Truth in Lending Act (TILA) we had received no disclosures before closing at the origination of our mortgage; we received them more than a week after closing; and our signatures were forged in underwriting.  Our recession document had been post dated so we were denied any right of recession.  One attorney looked at our documents and told us we were "upsold."  The mortgage broker "broke the rules" to make it look like we qualified then she put us into the highest interest rate so she got a yield spread premium to increase the fee paid to her.  She told us the interest rate was just temporary and said it would go down in two years; but this was not true.  We relied on what she told us, and this misrepresentation of the cost of the loan caused us to suffer horrific financial damages.  By 2010 we had already paid $150,000 with only

$7,000 going to the principal when we only borrowed $86,000 to pay off our earlier mortgage and about $40,000 on the home equity loan for home improvements ten years earlier.

We had been paying our mortgage payments to Defendant MGC from June 2008 to February 2010.  We never received any notification as required under 12 U.S. Code Chapter 27 (RESPA) that the beneficial interest in our mortgage was transferring from Aames Home Loans to Defendant LNV.  When we made payments to Defendant MGC we believed they were a mortgage servicer for Aames Home Loans, the party that was stated as the "lender" on our mortgage origination documents.  We know now that Aames was not a true lender but a straw lender.  This was another intentional misrepresentation that harmed us.

Defendant MGC had claimed during our earlier litigation they did not have a payment history for our loan.  Defendant MGC had a history of not processing checks we sent them for our payments, then attempting to charge excessive late fees.  Defendant MGC did not have adequate customer service staff and it was nearly impossible to reach an employee who could or would correct errors, or take payments over the phone.  When our attorney discovered during our years of prior litigation with Defendant MGC in the 116th Dallas District that MGC was collecting payments for Defendant LNV our attorney told us to stop making payments.  Defendant MGC had not shown they had a legal right to collect payments from us or that they would ever properly account for our payments and apply them to our loan's principal balance.

We later learned that the deed assignments to LNV and between parties prior to the purported assignment to LNV had been falsely fabricated and that they contained forgeries and false signatures, as well as, false statements about the assignees and assignors.  These mortgage documents were intentionally fabricated by Defendants MGC and LNV to deceive with intent to deprive us of our property.  Defendant C&S knew they were falsely fabricated documents because we informed them of this in our response letters to their debt demand letter dated January 14, 2014.

Under the FDCPA Defendant C&S was required to investigate the validity of the debt their client claimed we owed but they failed to do so.  Instead Defendant C&S initiated a foreclosure action in a different court when they knew that their client Defendant LNV had been in prior litigation with us in the 116th Dallas District Court where we were the Plaintiffs, and that judicial determinations of fact and conclusion of law had already been made by the Honorable Judge of that court denying Defendant C&S's client a summary judgment on the same grounds as those they claimed in their petition and motion for summary judgment in 134th District Court.

Defendants named in this section as having violated the FDCPA have been amply notified of our intent to bring legal action against them for these violations with such notifications beginning as early as February 2014.  THEREFORE the 60 day notification requirement under the FDCPA has been met.

## ABUSE OF PROCESS AND FRAUD UPON THE COURT

Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

Throughout our earlier litigation with Defendant MGC their counsel, Scott Hayes with the law firm of Vincent Lopez Serafino Jenevein, habitually filed motions for summary judgment. We filed our second petition against Defendant MGC in February 2010. (Our attorney had dropped Aames Home Loans from our petition. He should have added Defendant LNV but at the time we could never have guessed that LNV would attempt to foreclose in a completely different District court and attempt to hide that fact that they are the same parties involved in our earlier litigation by claiming Defendant DMI was the mortgage servicer instead of MGC.) During discovery Scott Hayes would send at least 10 copies of the same documents all mixed up in different envelopes sent every few days to our attorney, who became overwhelmed. This appears to have been by intent. Scott Hayes filed his first motion for summary judgment in August 2010. This motion was granted but I, Plaintiff Jo Ann Breitling, told Honorable Judge Priddy that there were TILA violations and he agreed with me. He told my attorney to amend our complaint to specify the TILA violations.

Scott Hayes filed his second motion for summary judgment in February, 2011, before my attorney could finish our amended petition per the judge's instructions. Then he filed yet another motion for summary judgment for his attorney fees in June, 2011. This motion was denied. Our first attorney eventually became so overtaxed with the volume of documents Scott Hayes sent him and the constant summary motions and delays that

he wanted to withdraw.  We obtained new counsel but she had literally thousands of pages of documents to go through and ended up missing a deadline so in June 2011 we non-suited to give her time to come up to speed.  While our case was abated Scott Hayes filed another motion for summary judgment in November 2011.  In January 2012, Honorable Judge Tonya Parker refused to open the case while a motion for summary judgment was on the docket. She said she was "not going to open the case for him to close it." Then in March 2012, Scott Hayes filed another motion for summary judgment as soon as case was re-opened.  A hearing was scheduled in August 2012.  Judge Parker was going to rule in our favor, but then Scott Hayes stood up and yelled out "Two more days!!  Judge, just give me two more days!"  Judge Parker said okay, but in the end she denied Scott Hayes' motion for summary judgment.

Trial was scheduled for April 15, 2013, and as per the scheduling order, nothing could be heard 30 days before trial.  Scott Hayes filed yet another motion for summary judgment on February 15, 2013 (this one contained a false Brett Maloney affidavit).  Scott Hayes managed to get the clerks to schedule a hearing for March 30.  This was against the scheduling order, but he wanted a hearing to MOVE THE TRIAL DATE BACK so his motion for summary judgment could be heard first!  These Defendants do not want to ever get to an evidentiary hearing or a real legitimate trial.

## FRAUD AND CRIMINAL CONSPIRACY TO DEFRAUD AND CONSPIRACY TO DEPRIVE US OF OUR CONSTITUTIONAL RIGHT TO DUE PROCESS

Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

Defendants MGC and LNV are both share a corporate address of 7195 Dallas Parkway, Plano TX which is an empty lot.

Defendants MGC and LNV are both owned by D. Andrew Beal, (Beal), who has history of creating sham or "shell" companies for purposes of tax evasion.  (See *Southgate Master Fund, LLC v. US, 659 F. 3d 466 - Court of Appeals, - 5th Circuit 2011* and *Bemont Investments, L.L.C. v. United States, 679 F.3d 339 - 5th Cir. 2012*. These cases are available in Pacer.)

Plaintiffs have shared their experiences dealing with Defendants MGC and LNV with other customers of these companies.  What we experienced is a shared experience with the other "customers" who were truly victims, hereafter called the "Beal victims."

Defendants MGC and LNV are both shell companies.  Defendant LNV exists only on paper.  None of the other Beal victims have been able to speak to an employee of LNV. Beal has created hundreds of shell companies, when Beal victims phone LNV using numbers provided by Secretary of State offices they typically get a recorded message saying they have reached CLMG Corporation, another of Beal's sham companies.

Evidence suggests that Defendant MGC does not have an IRS EIN number or tax ID. They began to use Defendant DMI as a "sub-servicer" in 2010 on IRS 1098 property tax forms Defendant MGC sent to consumers.  In 2008 and 2009 most of Defendant MGC's customers did not get an IRS 1098 property tax form, those who did had question marks in the field designated for the provider's EIN number.  The EIN numbers provided on Defendant MGC's customer's IRS 1098 property tax forms by Defendant DMI belong to a DMI retirement fund.

It is a shared experience with the Beal victims that Defendant MGC fails to accept or record mortgage payments, then charges excessive late fees and in this artificial way causes homeowners to go in a self-serving default created by Defendant MGC so that Defendant LNV can then initiate foreclosure.  Defendant MGC often uses Defendant DMI in foreclosures (for most of the victims of Defendants MGC and LNV this is the first time they learn about the existence of Defendant DMI.)  This trio of corporations always works together to perfect foreclosures on behalf of Defendant LNV.

Defendants MGC, LNV and DMI work in collusion with each other to abuse the court process.  Defendant DMI is a Lender Processing Services (LPS) Service provider. Defendants MGC, LNV and DMI work in collusion with other LPS service providers to fabricate falsified mortgage related documents that include forgeries and false signatures and false statements about the assignees/grantees and the assignors/grantors named on assignments of deed of trust.  These co-conspirators then mail or wire these falsely fabricated mortgage documents to county land recorders

across the country. In our case the LPS Service provider Defendants MGC, LNV and DMI conspired with was Defendant C&S.

Beal is a renowned gambler known to have lost at least $16 Million in a single high-stakes poker game.  He's a multi billionaire from Plano Texas.  News articles connect Beal with Hillel ("Helly") Nahmad, who ran the Helly Nahmad Gallery inside the Carlyle Hotel on Madison Avenue in New York City.  An FBI sting operation in NY resulted in the arrest of billionaire heir Helly Nahmad and some 32 other members of two Russian mob families, the Nahmad-Trincher Organization and the in September 2013: Visit the FBI website for more information:

[http://www.fbi.gov/newyork/press-releases/2013/manhattan-u.s.-attorney-charges-34-members-and-associates-of-two-russian-american-organized-crime-enterprises-with-operating-international-sportsbooks-that-laundered-more-than-100-million](http://www.fbi.gov/newyork/press-releases/2013/manhattan-u.s.-attorney-charges-34-members-and-associates-of-two-russian-american-organized-crime-enterprises-with-operating-international-sportsbooks-that-laundered-more-than-100-million)

The Nahmad-Trincher Organization and the Taiwanchik-Trincher Organization laundered the proceeds of the gambling operation through a host of American bank accounts and Titan P & H LLC ("Titan"), a plumbing company in the Bronx that the Nahmad-Trincher organization acquired a fifty percent interest in as repayment of a gambling debt. The organization laundered tens of millions of dollars through various companies and bank accounts. It was assisted in its money laundering by Ronald Uy, a branch manager at a bank in New York City. Uy advised Illya Trincher on how to structure financial transactions so as to avoid bank reporting requirements.

Beal victims Catherine Gebhardt in Tennesse, Cammy Depew in Louisiana and Denise Subramaniam in Oregon investigated a Bank of America Fed wire account Defendants MGC had provided Beal victims in mortgage payoff letters.  Denise, who is a Bank of

America customer, had been told by Bank of America that this was not a valid account.

These three Beal victims made a series of tape recorded phone calls where one of them

spoke with a Bank of America employee and another was listening on speaker phone to

witness the conversations.  They phone Bank of America branches in Tennessee and the

Bank of America corporate headquarters.  They were consistently told this was an

invalid account.

These Beal victims could not understand why Defendant MGC would provide an invalid

account number for mortgage and default payoffs; but Cathy was in litigation with

Defendant LNV and wanted a document she could use in her court pleadings.  Cathy's

bank suggested she wire a small amount of funds into the account as instructed and

since the account was not valid she would get a wire transaction rejection receipt.  That

isn't what happened.  Ultimately an attorney employed by Defendant DMI, Charles King,

phoned the Tennessee State Bank using caller ID spoofing so that the caller ID showed

"U.S. Government" to deceive the bank employee who answered the phone into thinking

she was speaking with an employee of the U.S. Government.  This DMI attorney verbally

identified himself as a U.S. Government employee on the phone.  His call was specific to

the Bank of America Fed-wire account the Beal victims had been investigating.  The Beal

victims investigated further and discovered that Defendant DMI was acting as a

domestic intermediary for an overseas beneficiary.  Funds Beal victims wired into this

account to pay off their mortgages or to pay off mortgage defaults were being wired

overseas.  This account is consistent with the ones the FBI uncovered in their

investigation and arrest of the Nahmad-Trincher Organization and the Taiwanchik-Trincher Organizations.

Defendant Tillery made a decision to grant Defendant LNV a motion for summary judgment allowing Defendant LNV to deprive us of our property.  He made his decision without reading any of our motions.  He made his decision against the preponderance of the evidence in our motions.  He made his decision against the rule of law cited in our motions.  Any reasonable person would conclude that Defendant Tillery had decided before he even entered the court room on August 4, 2014 that he would grant Defendant LNV their motion for summary judgment.

This also is not an uncommon experience for Beal victims in litigation with Beal's sham companies Defendants LNV and/or MGC and/or their co-conspirator Defendant DMI.  Many of the Beal victims have concluded that Beal uses his wealth to influence the court process and/or court officers whenever this is possible.  These defendants routinely abuse the process and commit fraud upon the court to deprive their victims of their property without due process in violation of the Constitution of the United States.

Plaintiffs aver that they have suffered significant damages as the result of all these defendants' actions against us.  Our life has become consumed with ugly legal matters because of the way Defendants MGC, LNV and DMI abuse the court process.  We have missed important family events such as the births of grandchildren and I wasn't available when my daughter had a miscarriage and surgery because I was at a mediation hearing.  These defendants have stolen our joy for the past five years.  Our

home is not just "property."  The monetary value of our home will never compensate us for our loss.  This has been our family's home for 32 years.  Our home is where my babies grew up and where our grandchildren gather.  It holds many precious memories for us, our children and our grandchildren.

The prolonged stress and mental distress of constantly fighting off financial fraud and then fraudulent foreclosure attempts has taken a serious toll on our health.  We have suffered significant financial damages as well as personal injury as a result of these defendants' actions.

## QUIET TITLE AND PRAYER FOR RELIEF

Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

Plaintiffs would have been granted Quiet Title a long time ago if it had not been for Defendant MGC's abuse of process.

The Defendants named in our petition who have conspired to defraud us and to deny us of our due process and to thereby deprive us of our property have committed such egregious acts of fraud and other crimes against us that the doctrine of unclean hands precludes them from any claim they may make against us.

Their actions have clouded the title to our property and caused us considerable harm.

WHEREFORE Plaintiffs pray for Quiet Title and that this court order all the falsely fabricated mortgage related documents filed by Defendants MGC, LNV, DMI and C&S and their co-conspirators be purged from our county land records.

We further pray for compensatory, as well as, punitive damages to be awarded us and for any other equitable relief the court deems just.


_____                    _____
JoAnn S Breitling                           Samuel G. Breitling


## CERTIFICATE OF SERVICE

Made by fax and by certified mail to attorneys for plaintiffs
Jeffrey B. Hardaway
Robert L. Negrin
Mary M. Speidel
650 N. Sam Houston Pkwy.Ste 450
Houston, Texas   77060
Fax 281-925-5300