IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL G. BREITLING AND JO ANN S. BREITLING<br>Plaintiffs, | § § § § | IN THE DISTRICT COURT |
| vs. | § § | CIVIL ACTION NO> 3:15-cv-00703 |
| LNV CORPORATION, MGC MORTGAGE, INC., AND DOVENMUEHLE MORTGAGE, INC.<br>Defendants. | § § § § § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

**NOW COMES,** Samuel G. Breitling and Jo Ann Breitling, and files this First Amended Complaint against LNV Corporation, MGC Mortgage, Inc., and Dovenmuehle Mortgage, Inc. and would show the Court as follows:

### PARTIES AND SERVICE

1. Plaintiffs, Samuel G. Breitling and Jo Ann Breitling are residents of the State of Texas whose address is 1704 Cornwall Drive, Sachse, Texas 75048.

2. Defendant LNV Corporation, Inc., has appeared through counsel and filed an answer for all purposes in the State District Suit.

3. Defendant MGC Mortgage, Inc., has appeared through counsel and filed an answer for all purposes in the State District Suit.

4. Defendant Dovenmuehle Mortgage, Inc., has appeared through counsel and filed an answer for all purposes in the State District Suit.

CIVIL ACTION NO. 3:15-cv-00703: First Amended Complaint
*Samuel G. Breitling and Jo Ann Breitling v. LNV Corporation, et al.*

2

# FACTS

5.     On May 17, 2013, Plaintiff Jo Ann Breitling had a telephone conversation with one Jeanne Stafford. Ms. Stafford is identified as the individual who notarized two instruments in the Breitling chain of title that ultimately delivered title to LNV Corporation. These instruments purported to be Assignments that were executed on the same day. At that time, Ms. Stafford informed Plaintiff that she notarized 500 to 800 documents a day, without the required signatories present. Defendant LNV Corporation relied on the validity of these assignments for the authority to bring a suit for foreclosure against Plaintiffs and ultimately foreclose on Plaintiffs' home in August of 2014.

6.     On July 22, 2014, Plaintiffs' former counsel, sent a "Notice of Request to Cure" letter to Defendant Dovenmuehle Mortgage. The letter outlined six deficiencies with the inception of Plaintiffs' home equity loan under Texas Constitution Art. XVI, § 50(a)(6). Under Texas Constitution Art. XVI, § 50(a)(6)(Q)(x), Defendant had sixty days to comply with Plaintiffs' request. Instead in response, Plaintiffs' counsel received a letter from counsel for Defendant citing that no curative action was necessary. Plaintiffs' cause of action for violation of the Texas Constitution accrued on or about September 20, 2014. In the interim, Defendants had foreclosed on Plaintiffs' home on September 2, 2014.

7.     Plaintiffs would show that Defendants actions have wrongfully dispossessed them of the title to their home. Plaintiffs would further show that Defendants have willfully engaged in the practice of "robo-signing" in order to bridge gaps in the chain of title, then relied on these fraudulent documents in order to carry out a foreclosure sale in violation of Texas law. Plaintiffs further risk eviction due to Defendants' wrongful conduct, with an eviction appeal pending in

CIVIL ACTION NO. 3:15-cv-00703: First Amended Complaint
*Samuel G. Breitling and Jo Ann Breitling v. LNV Corporation, et al.*

3

Dallas County Court at Law No. 3.

## FIRST CAUSE OF ACTION

### TRESPASS TO TITLE

8. Plaintiffs are the rightful owners of 1704 Cornwall Drive, Sachse, Texas 75048, more particularly described as follows:

**Being Lot 5 in Block F of SACHSE SOUTH ESTATES, INSTALLMENT NO. 1, an Addition to the City of Sachse, Dallas County, Texas, according to the Map thereof recorded in volume 74211, Page 688 of the Map Records of Dallas County, Texas**

Plaintiffs claim an interest in the above-described property in fees simple.

9. Plaintiffs were in possession of the property, but were wrongfully dispossessed on or about September 2, 2014 via a wrongful foreclosure committed by Defendants.

## SECOND CAUSE OF ACTION

### VIOLATION OF TEXAS CONSTITUTION ART. XVI, §50

10. Plaintiffs would show that the actions complained of herein above constitute violation of Art. XVI, § 50 of the Texas Constitution.

11. Plaintiffs have sustained damages within the jurisdictional limits of the state district court from which this suit was removed.

## THIRD CAUSE OF ACTION

### COMMON LAW FRAUD

12. Plaintiffs would shows that the actions complained of herein above constitute a Fraud by Defendants against Plaintiffs.

CIVIL ACTION NO. 3:15-cv-00703: First Amended Complaint
*Samuel G. Breitling and Jo Ann Breitling v. LNV Corporation, et al.*

4

13.     As a proximate result of such Fraud, Plaintiffs have sustained damages within the jurisdictional limits of the state district court from which this suit was removed.

## FOURTH CAUSE OF ACTION

## DECEPTIVE TRADE PRACTICES

14.     Plaintiffs would show that Defendants engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below.

15.     <u>Violations of Section 17.46(b)</u>.  Defendants violated Section 17.46(b) of the Texas Business and Commerce Code, in that Defendant:

(a)     represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

(b)     represented that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

(c)     represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and

(d)     failed to disclose information concerning goods or services which was known at the time of the transaction with the intention to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

16.     <u>Producing Cause</u>.  Plaintiffs would show that the acts, practices and/or omissions

**CIVIL ACTION NO. 3:15-cv-00703: First Amended Complaint**
*Samuel G. Breitling and Jo Ann Breitling v. LNV Corporation, et al.*

5

complained of were the producing cause of Plaintiffs' damages.

17. <u>Reliance</u>. Plaintiffs would further show the acts, practices and/or omissions complained of under Section 17.46(b) of the Texas Business and Commerce Code were relied upon by Plaintiffs to Plaintiffs' detriment.

18. <u>DTPA Violations under Other Statute</u>. Plaintiffs would further show that Defendants engaged in false, misleading or deceptive acts as provided by the following "tie-in" statute: the act regarding Credit Service Organizations (Texas Finance Code, Section 393.504).

## FIFTH CAUSE OF ACTION

### CONVERSION

19. Plaintiffs would further show that the actions and/or omissions of Defendants described hereinabove constitute Conversion by the Defendants, which proximately caused the direct and consequential damages of Plaintiffs and for which Plaintiffs hereby sue.

## SIXTH CAUSE OF ACTION

### WRONGFUL FORECLOSURE

20. Plaintiffs would further show that the actions and/or omissions of Defendants described hereinabove constitute Wrongful Foreclosure, which proximately caused the direct and consequential damages of Plaintiffs and for which Plaintiffs hereby sue.

### ECONOMIC AND ACTUAL DAMAGES

21. Plaintiffs have sustained economic and actual damages as a result of the actions and/or omissions of Defendant described hereinabove:

### MULTIPLE DAMAGES

22. Plaintiffs would show that the false, misleading and deceptive acts, practices

**CIVIL ACTION NO. 3:15-cv-00703: First Amended Complaint**
*Samuel G. Breitling and Jo Ann Breitling v. LNV Corporation, et al.*

6

and/or omissions complained of herein were committed "knowingly" in that Defendants had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

23. Therefore, Plaintiffs are entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code.

## ATTORNEY'S FEES

24. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Section 17.50(d) of the Texas Business and Commerce Code; (b) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (c) common law.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, Samuel G. Breitling and Jo Ann Breitling, respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the state district court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

**CIVIL ACTION NO. 3:15-cv-00703: First Amended Complaint**
*Samuel G. Breitling and Jo Ann Breitling v. LNV Corporation, et al.*

7

Respectfully submitted,

**MCKENZIE, SCHATZ & MILKS, P.L.L.C**

By: \_\_\_\_\_/s/ J.D. Milks_____
J.D. Milks
Texas Bar No. 24045106
Email: jdmilks@smartmovetx.com
1615 W. Abram Street, Suite 110
Arlington, Texas 76013
Tel. (817) 653-4240
Fax. (817) 687-7040
Attorney for Plaintiffs
Samuel G. Breitling and Jo Ann Breitling

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF system, regular mail, and/or certified mail, return receipt requested on the 27th day of March, 2015.

/s/ J.D. Milks_____
Counsel for Plaintiffs

**CIVIL ACTION NO. 3:15-cv-00703: First Amended Complaint**
*Samuel G. Breitling and Jo Ann Breitling v. LNV Corporation, et al.*

8