**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SAMUEL G. BREITLING AND** | § | |
| **JO ANN BREITLING,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **NO. 3:15-CV-00703** |
| | § | |
| **LNV CORPORATION, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**PLAINTIFF'S OBJECTION TO LNV'S REPLY IN SUPPORT OF MOTION TO**
**DISMISS AND IN OPPOSITION TO REQUEST TO STAY STATE COURT EVICTION**
**PROCEEDINGS**

Now come Plaintiffs, pro-se, and object Defendants' reply in support of motion to dismiss and in

opposition to request to stay state court eviction proceedings.  Plaintiffs assert the following:

1.      At the time Plaintiffs filed their original complaint in the state court the wrongful

foreclosure of their property by Defendants had not yet occurred.  They filed their complaint in

state court on August 29, 2014. This complaint should have evoked the protection of an

automatic stay of the foreclosure sale under Texas Rules of Civil Procedure 736.11. Defendants

were timey notified of the automatic stay but sold Plaintiffs' property in spite of the automatic

stay in violation of Texas law.

2.      Defendants removed Plaintiff's state complaint to Federal court; Defendant's filed a

related case notice in the present case [Docket # 2] – while Plaintiff's complaint was in the

federal court awaiting remand Defendants filed an eviction action against Plaintiffs in the Dallas

J.P. court on January 13, 2015.  (remanded on Jan 27 )

3.     Unknown to the Plaintiffs the Defendants filed a motion in limine with the J.P. court and used this to object to every attempt Plaintiffs made to inform the court and the jury of the existence of their state complaint against Defendant's raising questions of title.

4.     The Texas J.P. Court lack jurisdiction on matters of possession when an open case exists that raise questions of title. (From Armstrong motion for injunctive relief fed court – jan 23 - 0

5.     Defendants had ample opportunity to inform Plaintiffs of their motion in limine at the hearing held on January 26, 2015 in the J.P. Court presided by Judge Cooper.  Defendants failed to this with intent to deprive Plaintiffs of due process in the J.P. court and to again abuse judicial process, to violate Texas law and to deny Plaintiffs constitutional due process rights and to ultimately deprive Plaintiffs of their property without due process.

6.     Plaintiffs were granted permission to amend their complaint by Judge Barbara Lynn in the related case [Docket # 2] but because a stay on all filings was ordered on November 7, 2014 this could not be done until the case was remanded.

7.     Plaintiffs hired JD Milks on February 18, 2015 out of fear they would be denied due process again at a hearing if they continued pro-se.

8.     Mr. Milks non-suited Judge Tillery on Feb 20, 2015.

9.     A hearing was scheduled for February 23, 2015 in the state court to set aside the illegal sale of Plaintiffs' property.  Mr. Milks canceled that hearing.  He told Plaintiffs "Texas is a no notice state" and he could call the Defendants on the way to the court house where he could go alone before the judge and have the sale set aside as a matter of law.

10.     Mr. Milks told Plaintiffs he get an affidavit form them and from their daughter but he never did.

11.     Mr. Milks told Plaintiffs he would amend their complaint to drop all claims but wrongful foreclosure.  He failed to do so. Mr. Milks failed to follow through on anything he said he would do.

12.     Plaintiffs requested Mr. Milks to non-suit all defendants except LNV. He did not want to do this.

13.     On March 3, 2015 Defendants removed Plaintiff's complaint once again to federal court. (i.e. the present case.)

14.     Plaintiffs informed Mr. Milks before hiring him that it appeared Mr. Beal was paying off attorneys working for his adversaries.  Mr. Milks told Plaintiff JoAnn Breitling, "You have my word I will never take money from Andy Beal."  This was the day after Plaintiffs hired him.  It appears now he may have taken money from Mr. Beal to sabotage our case.  It is difficult to believe that anyone who has completed law school and passed the Texas Bar exam could so incompetent as Mr. Milks has been in his representation of the Plaintiffs.

15.     Mr. Milks failed to enroll in the eviction case on appeal with a hearing set for (Case # CC-15-00911-C) in the Dallas County court and on two occasions he told Plaintiffs he had.  Plaintiffs fired him on April 19, 2015 because he had lied to them about enrollment in that, and he lied to them about his strategy.

16.     Mr. Milks  told Plintiffs Jason Sanders, attorney for LNV, wanted to settle our case and they really do not want to evict us. (Sanders idea of settling is that we buy our house back at an exorbitantly inflated price.)  He also began to file joint motions with LNV's attorney to extend LNV's filing deadlines without our knowledge or consent. This only helps LNV, but harms us.

17.     On Friday, April 24, at 8:40 AM, JoAnn Breitling received a phone call from Jackie McDaniel, someone she did not know.  Her caller ID showed her number as 214-641-0191.  She said that J.D. had asked her to call the Plaintiff, and he had told her about my case.  She said she was a former client of J.D.'s and he had saved her home.  She tried to convince Plaintiffs not to fire J.D.  and begged them to just listen to him and do everything he told them to do.

18.     This is blatant breach of attorney client privilege.  J.D. violated his rules professional conduct and in doing so he has completely comprised the integrity of our complaint against LNV for wrongful foreclosure. He has caused Plaintiffs immeasurable harm.

19.     We should not suffer for the wrongful acts of our former attorney.

20.     Plaintiffs further contend this court is lacking in subject matter jurisdiction, as Plaintiffs filed an amended motion to remand on Monday, April 27, 2015.

21.     A summary default judgment of dismissal is not warranted in this case.

## PRAYER FOR RELIEF

22.     Plaintiffs pray this court will immediately remand this case back to state court.

23.     Or in the alternative if this court intends to entertain the possibility that it has subject matter jurisdiction, to then either stay the pending eviction action scheduled for May 8, 2015 or stay the parties perpetrating the eviction action until which time the case at hand, a dispute over title, is either remanded or adjudicated by this court.

Respectfully Submitted,


_____              _____
JoAnn S Breitling                            Samuel G. Breitling