# Exhibit B-1

TO PLAINTIFFS' NOTICE OF CONSTITUTIONAL QUESTIONS

FILED
DALLAS COUNTY
6/27/2014 11:12:44 AM
GARY FITZSIMMONS
DISTRICT CLERK

CAUSE NO.  DC-14-04053

| | | |
|---|---|---|
| LNV CORPORATION, | § | IN THE DISTRICT COURT OF |
| ITS SUCCESSORS AND ASSIGNS, | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | |
| | § | |
| SAMUEL G. BREITLING, | § | DALLAS COUNTY, TEXAS |
| JO ANN BREITLING, | § | |
| GMAC MORTGAGE, LLC FKA | § | |
| NORWEST MORTGAGE, INC., | § | |
| PINNACLE REALTY ADVISORS, INC., | § | |
| AND PALISADES ACQUISITION V, LLC | § | |
| DEFENDANTS | § | 134TH JUDICIAL DISTRICT |

### PLAINTIFF'S MOTION FOR *IN REM* DEFAULT
### AND *IN REM* SUMMARY JUDGMENT

Comes now **LNV CORPORATION, ITS SUCCESSORS AND ASSIGNS** (hereinafter "Plaintiff") and moves for *in rem* default judgment against Defendants **GMAC MORTGAGE, LLC FKA NORWEST MORTGAGE, INC., PINNACLE REALTY ADVISORS, INC.** and **PALISADES ACQUISITION V, LLC** and for *in rem* summary judgment against Defendants **SAMUEL G. BREITLING** and **JO ANN BREITLING**.  In support of its Motion for Default and Summary Judgment, Plaintiff would respectfully show the Court as follows:

### Statement of the Case

1.      Plaintiff filed this suit for the judicial foreclosure of its Deed of Trust lien on real property and improvements owned by **SAMUEL G. BREITLING** and **JO ANN BREITLING** as a result of the default on a Texas Home Equity Adjustable Rate Note (hereinafter "Note") payable to Aames Funding Corporation, a California Corporation, DBA Aames Home Loan as evidenced by the Note dated October 20, 2000.  A true and correct copy of the Note is attached to the affidavit of Edward J. Bagdon as summary judgment evidence.

C&S 14-0070

2.      Concurrently with the execution of the Note, **SAMUEL G. BREITLING** and **JO ANN BREITLING** executed a Texas Home Equity Security Instrument (hereinafter "Deed of Trust") granting Aames Funding Corporation, a California Corporation, DBA Aames Home Loan, a Corporation, a lien on **SAMUEL G. BREITLING** and **JO ANN BREITLING**'s homestead under TEX. CONST. Art. XVI § 50 (a)(6).  The Deed of Trust grants Aames Funding Corporation, a California Corporation, DBA Aames Home Loan, a Corporation, a lien on the Property described as follows:

> BEING LOT 5 IN BLOCK F OF SACHSE SOUTH ESTATES, INSTALLMENT NO. 1, AN ADDITION TO THE CITY OF SACHSE, DALLAS COUNTY, TEXAS ACCORDING TO THE MAP THEREOF RECORDED IN VOLUME 74211, PAGE 688 OF THE MAP RECORDS OF DALLAS COUNTY, TEXAS.

which has an address of  1704 CORNWALL LANE, SACHSE, TX 75048.

3.      The Deed of Trust was duly recorded on December 6, 2000 under clerk's file number 1219742 Volume 2010236 Page 05425 in the official real property records of Dallas County, Texas.  A true and correct copy of the Deed of Trust is attached to the affidavit of Edward J. Bagdon as summary judgment evidence.

4.      The Deed of Trust was assigned from Aames Funding Corporation, a California Corporation, DBA Aames Home Loan, a Corporation to Aames Capital Corporation, a California Corporation as evidenced by an assignment recorded under clerk's file no. 1520052 Volume 2001174 Page 01317 in the official public records of Dallas County, Texas.  A true and correct copy of the Assignment is attached to the affidavit of Edward J. Bagdon as summary judgment evidence.

5.      The Deed of Trust was further assigned from Aames Capital Corporation, a California Corporation to Bankers Trust Company of California, N.A. in Trust for the benefit of the holders of Aames Mortgage Trust, 2000-2 Mortgage Pass-Through Certificates, Series 2000-

C&S 14-0070

2, c/o Countrywide Home Loans SV-79 as evidenced by an assignment recorded under clerk's file no. 1520053 Volume 2001174 Page 01320 in the official public records of Dallas County, Texas. A true and correct copy of the Assignment is attached to the affidavit of Edward J. Bagdon as summary judgment evidence.

6.      Pursuant to a Certificate of Merger, Bankers Trust Company of California, N.A. merged into Deutsche Bank National Trust Company. A true and correct copy of the Assignment is attached to the affidavit of Edward J. Bagdon as summary judgment evidence.

7.      The Deed of Trust was further assigned from Deutsche Bank National Trust Company, as Trustee FKA Bankers Trust Company of California, N.A. as Trustee to Ellington Mortgage Partners, L.P. as evidenced by an assignment recorded under clerk's file no. 20080173631 in the official public records of Dallas County, Texas. A true and correct copy of the Assignment is attached to the affidavit of Edward J. Bagdon as summary judgment evidence.

8.      The Deed of Trust was further assigned from Ellington Mortgage Partners, L.P. to **LNV CORPORATION** as evidenced by an assignment recorded under clerk's file no. 20080320073 in the official public records of Dallas County, Texas. A true and correct copy of the Assignment is attached to the affidavit of Edward J. Bagdon as summary judgment evidence.

9.      **LNV CORPORATION** is the holder of the Note and owner of the Deed of Trust lien.

10.     Defendants **SAMUEL G. BREITLING** and **JO ANN BREITLING** are the record owners of the Property.

11.     Defendants **GMAC MORTGAGE, LLC FKA NORWEST MORTGAGE, INC., PINNACLE REALTY ADVISORS, INC.** and **PALISADES ACQUISITION V, LLC** are interested parties to this lawsuit as they are holders of liens against the subject property.

C&S 14-0070

12.     No installment payments have been paid when due and owing pursuant to the terms of the above-described Note and Deed of Trust since March 1, 2010.  The total amount due and owing to Plaintiff on the Note is $229,548.64 plus interest accruing at the rate of $41.56 daily after June 30, 2014.

13.     Plaintiff provided the requisite notices to cure the default and accelerate the maturity of the debt under the Deed of Trust, TEX. PROP. CODE § 51.002 and applicable law. On March 14, 2014, Plaintiff made formal demand upon Defendants **SAMUEL G. BREITLING** and **JO ANN BREITLING** to cure the arrearage.  True and correct copies of the demand letters are attached to the affidavit of Jeffrey B. Hardaway and submitted as summary judgment evidence.  The arrearage has not been cured since the date of the demand letters and is not in compliance with the terms of the Note and Deed of Trust.

**<u>Evidence in Support of Plaintiff's Motion for Summary Judgment</u>**

14.     This Motion for Summary Judgment is supported by a Business Records Affidavit of Edward J. Bagdon, agent and affiant for Plaintiff.  The affidavit is attached hereto and incorporated herein by reference for all purposes marked Exhibit "A".  The Business Records Affidavit of Plaintiff includes a copy of the Note, Deed of Trust, Assignments and the payoff figures.  The Note attached to the affidavit of Edward J. Bagdon is a written instrument upon which Plaintiff's live pleading is founded.  Defendants **SAMUEL G. BREITLING** and **JO ANN BREITLING** have not denied execution of the Note in whole or in part by any sworn plea. The Note is accordingly to be received as evidence fully proven. Tex R. Civ. P. 93(7).

15.     This Motion for Summary Judgment is also supported by a Business Records Affidavit of Plaintiff's attorney, Jeffrey B. Hardaway of Codilis & Stawiarski, P.C., which is attached hereto and incorporated herein by reference for all purposes marked Exhibit "B".  The

C&S 14-0070

Business Records Affidavit of Plaintiff's attorney contains copies of the demand letters that were sent to the Defendants **SAMUEL G. BREITLING** and **JO ANN BREITLING**.

16.     Defendant **SAMUEL G. BREITLING** was personally served with process on June 5, 2014 and has filed an answer.  Defendant's answer is not sufficient to raise a genuine issue of material fact regarding the Deed of Trust or the amounts due and owing thereon.

17.     Defendant **JO ANN BREITLING** was personally served with process on June 5, 2014 and has filed an answer.  Defendant's answer is not sufficient to raise a genuine issue of material fact regarding the Deed of Trust or the amounts due and owing thereon.

18.     Defendant **GMAC MORTGAGE, LLC FKA NORWEST MORTGAGE, INC.** was served with process on June 2, 2014.  The citation with the officer's return and proof of service has been on file with the clerk of the court at least ten (10) days excluding the day of filing and today.  The deadline for Defendant's answer was June 23, 2014.  Accordingly, Defendant has admitted the material allegations in Plaintiff's Original Petition.  Plaintiff requests that the Court enter a default judgment for Plaintiff and awarding such other relief to Plaintiff as shown by the default and summary judgment record

19.     Defendant **PINNACLE REALTY ADVISORS, INC.** was served with process on April 22, 2014.  The citation with the officer's return and proof of service has been on file with the clerk of the court at least ten (10) days excluding the day of filing and today.  The deadline for Defendant's answer was May 19, 2014.  Accordingly, Defendant has admitted the material allegations in Plaintiff's Original Petition.  Plaintiff requests that the Court enter a default judgment for Plaintiff and awarding such other relief to Plaintiff as shown by the default and summary judgment record

20.    Defendant **PALISADES ACQUISITION V, LLC** was served with process on May 7, 2014. The citation with the officer's return and proof of service has been on file with the clerk of the court at least ten (10) days excluding the day of filing and today. The deadline for Defendant's answer was June 2, 2014. Accordingly, Defendant has admitted the material allegations in Plaintiff's Original Petition. Plaintiff requests that the court enter a default judgment for Plaintiff and awarding such other relief to Plaintiff as shown by the default and summary judgment record.

21.    Based on the summary judgment evidence attached to this Motion, the Court will see that Plaintiff is entitled to summary judgment allowing Plaintiff to foreclose its lien on the property; the subject of this suit.

<u>**Prayer**</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that its Motion for *in rem* Default and *in rem* Summary Judgment be granted by the entry of a judgment in favor of Plaintiff allowing foreclosure of its lien on the property, for an order of sale, enforced by a non-judicial public auction or judicial foreclosure sale of the property described above and for such other and further relief, at law or in equity to which Plaintiff may show itself justly entitled.

C&S 14-0070

Respectfully submitted,

**CODILIS & STAWIARSKI, P.C.**

**JEFFREY B. HARDAWAY**
State Bar No. 24038254
Email: Jeff.Hardaway@tx.clsegal.com
**ROBERT L. NEGRIN**
State Bar No. 14865550
**MARY M. SPEIDEL**
State Bar No. 18908400
650 N. Sam Houston Parkway East, Ste. 450
Houston, Texas 77060
(281) 925-5256
(281) 925-5300 (Facsimile)

**ATTORNEYS FOR PLAINTIFF,
LNV CORPORATION, ITS SUCCESSORS
AND ASSIGNS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this pleading was sent via certified mail, return receipt requested, via fax, and/or via hand delivery on the _7 7th_ day of July, 2014:

*Via Certified Mail - Return Receipt Requested*
Anh Thu Dinh
The Lane Law Firm
6200 Savoy Dr., Ste. 1150
Houston, TX 77036
*Attorney for Defendants Jo Ann and Samuel Breitling*

**JEFFREY B. HARDAWAY**

C&S 14-0070

CAUSE NO.  DC-14-04053

| | | |
|---|---|---|
| LNV CORPORATION, | § | IN THE DISTRICT COURT OF |
| ITS SUCCESSORS AND ASSIGNS, | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | |
| | § | |
| SAMUEL G. BREITLING, | § | DALLAS COUNTY, TEXAS |
| JO ANN BREITLING, | § | |
| GMAC MORTGAGE, LLC FKA | § | |
| NORWEST MORTGAGE, INC., | § | |
| PINNACLE REALTY ADVISORS, INC., | § | |
| AND PALISADES ACQUISITION V, LLC | § | |
| DEFENDANTS | § | 134TH JUDICIAL DISTRICT |

## BUSINESS RECORDS AFFIDAVIT

Before me, the undersigned notary, on this day, personally appeared _____ **Edward J. Bagdon** _____, a person whose identity is known to me.  After I administered an oath to his/her, upon his/her oath, he/she said:

1.  "My name is _____ **Edward J. Bagdon** _____.  I am over the age of 21 years, of sound mind, capable of making this affidavit, fully competent to testify to the matters stated herein.  I have obtained personal knowledge of events described below through my review of business records during the normal course of business.

2.  I am the _____ **Authorized Signer** _____ for LNV CORPORATION.  As such, I have access to the records for LNV CORPORATION.  LNV CORPORATION maintains these records in the regular course of its business.  I am qualified to attest to these records by virtue of my duties and have reviewed the documents sought to be admitted.

3.  Attached to this affidavit are forty-five (45) pages of records maintained by LNV CORPORATION.

4.  I am familiar with the record-keeping process as it existed when the entry was made. These business records are now kept by LNV CORPORATION in the regular course of its business.  These business records were generated pursuant to a course of regularly conducted business activity and such records are created by or from information transmitted by a person with knowledge, at or near the time of the event.  The records attached to this affidavit are the original or exact duplicates of the original."

C&S 14-0070                                    1

**EXHIBIT "A"**

_____, Affiant

Edward J. Bagdon

Date: 6/17/14

THE STATE OF _____Illinois_____ §

COUNTY OF _____Lake_____ §

     BEFORE ME, the undersigned notary public, on this day personally appeared _____Edward J. Bagdon_____ as _____Authorized Signer_____ of LNV CORPORATION. (known to me (or proved to me on the oath of _____) or (through description of identity card or other document_____) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same on behalf of said corporation for the purposes and consideration therein expressed.

     Given under my hand and seal of office this ___17___ day of ___June_____, 2014.

<span style="color:red">Plaintiff's challenged the authenticity and credibility of this affidavit by showing Judge Tillery's court that Edward J. Bagdon signed numerous documents claiming to be a vice president or other executive officer of multiple financial institutions when he was not.</span>

_____
Notary Public, State of _____Illinois_____

Notary's Printed Name Yesenia Alonzo-Nino

My commission expires: ___9-18-14___

Seal:

YESENIA ALONZO-NINO
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
September 18, 2014

C&S 14-0070                    2

Loan No:

Borrower: SAMUEL G. BRE___G

REDACTED

Data ID:

Borrower's Initials:

**THIS IS AN EXTENSION OF CREDIT AS DEFINED BY SECTION 50(a)(6), ARTICLE XVI OF THE TEXAS CONSTITUTION**

**THIS LOAN HAS A VARIABLE RATE OF INTEREST AS AUTHORIZED BY SECTION 50(a)(6)(O), ARTICLE XVI OF THE TEXAS CONSTITUTION**

# TEXAS HOME EQUITY ADJUSTABLE RATE NOTE
### (6 Month Libor Index—Rate Caps)
### (Cash Out—First Lien)

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.

October 20, 2000

Place of Execution:  RICHARDSON          TEXAS

[City]                                           [State]

1704 CORNWALL LANE
SACHSE, TEXAS 75048
[Property Address]

**1.    BORROWER'S PROMISE TO PAY**

This is an extension of credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution (the "Extension of Credit").   In return for a loan that I have received, I promise to pay U.S. **$ 129,600.00** (this amount is called "principal"), plus interest, to the order of the Lender.   The Lender is **AAMES FUNDING CORPORATION, A CALIFORNIA CORPORATION, DBA AAMES HOME LOAN**

I understand that the Lender may transfer this Note.   The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

I understand that this is not an open-end account that may be debited from time to time or under which credit may be extended from time to time.

The property described above by the Property Address is subject to the lien of the security instrument executed concurrently herewith (the "Security Instrument").

**2.    INTEREST**

Interest will be charged on unpaid principal until the full amount of principal has been paid.   I will pay interest at a yearly rate of 12.375 %.   The interest rate I will pay may change in accordance with Section 4 of this Note.   The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.   It is agreed that the total of all interest and other charges that constitute interest under applicable law shall not exceed the maximum amount of interest permitted by applicable law.   Nothing in this Note or the Security Instrument shall entitle the Note Holder upon any contingency or event whatsoever, including by reason of acceleration of the maturity or prepayment of the loan, to receive or collect interest or other charges that constitute interest in excess of the highest rate allowed by applicable law on the principal or on a monetary obligation incurred to protect the property described above authorized by the Security Instrument, and in no event shall I be obligated to pay interest in excess of such rate.

**3.    PAYMENTS**

**(A) Time and Place of Payments**

I will pay principal and interest by making payments every month.

I will make my monthly payments on the first day of each month beginning on **December 1, 2000**.  I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note.   My monthly payments will be applied to interest before principal.   If, on **November 1, 2030**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at P.O. BOX 78954, PHOENIX, ARIZONA 85062, or at a different place if required by the Note Holder.

**(B) Amount of My Initial Monthly Payments**

Each of my initial monthly payments will be in the amount of U.S. **$ 1,370.61**.   This amount may change.

**(C) Monthly Payment Changes**

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

TEXAS HOME EQUITY ADJUSTABLE RATE NOTE (Cash Out - First Lien)

01/98
(Page 1 of 4 Pages)




**4.     INTEREST RATE AND MONTHLY PAYMENT CHANGES**

**(A)   Change Dates**

The interest rate I will pay may change on the first day of November, 2003, and on that day every 6th month thereafter.  Each date on which my interest rate could change is called a "Change Date."

**(B)   The Index**

Beginning with the first Change Date, my interest rate will be based on an Index.  The "Index" is the average of the interbank offered rates for 6 month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*.  The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information.  The Note Holder will give me notice of this choice.

**(C)   Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding SIX percentage point(s) ( 6.000 %) to the Current Index.  The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%).  Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal successive monthly payments, each of which will exceed the amount of accrued interest as of the date of the scheduled installment.  The result of this calculation will be the new amount of my monthly payment.

**(D)   Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 15.3750% or less than 12.3750%.  Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than ONE percentage point(s) (1.00 %) from the rate of interest I have been paying for the preceding 6 months.  My interest rate will never be greater than 18.3750 % or less than 12.3750 %.

**(E)   Effective Date of Changes**

My new interest rate will become effective on each Change Date.  I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F)   Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate before the effective date of any change.  The notice will include the amount of my monthly payment, any information required by law to be given me and also the telephone number of a person who will answer any question I may have regarding the notice.

**5.     BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of principal at any time before they are due.  A payment of principal only is known as a "prepayment."  When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge.  The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note.  If I make a partial prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes.  My partial prepayment may reduce the amount of my monthly payments after the first Change Date following my partial prepayment.  However, any reduction due to my partial prepayment may be offset by an interest rate increase.

**6.     LOAN CHARGES AND FEES**

All agreements between Note Holder and me are expressly limited so that any interest, loan charges or fees (other than interest) collected or to be collected from me, any owner or the spouse of any owner of the property described above in connection with the origination, evaluation, maintenance, recording, insuring or servicing of the Extension of Credit shall not exceed, in the aggregate, the highest amount allowed by applicable law.

If a law, which applies to this loan and which sets maximum interest, loan charges or fees, is finally interpreted so that the interest, loan charges or fees collected or to be collected in connection with this loan exceed the permitted limits, or a determination is made at any time by the Note Holder that interest, loan charges or fees collected or to be collected in connection with this loan exceed the permitted limit, then: (i) any such interest, loan charges or fees shall be reduced by the amount necessary to reduce the interest, loan charges or fees to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me.  The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me.  If a refund reduces principal, the reduction will be treated as a partial prepayment.  **My acceptance of any such refund will constitute a waiver of any right of action I might have arising out of such overcharge.**

It is the express intention of the Note Holder and me to structure this Extension of Credit to conform to the provisions of the Texas Constitution applicable to extensions of credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution.  If, from any circumstance whatsoever, any promise, payment, obligation or provision of this Note, the Security Instrument or any other loan document involving this Extension of Credit transcends the limit of validity prescribed by applicable law, then such promise, payment, obligation or provision shall be reduced to the limit of such validity, or eliminated as a requirement if necessary for compliance with such law, and such document shall be automatically reformed without the necessity of the execution of any new amendment or new document.

The provisions of this Section 6 shall supersede any inconsistent provision of this Note or the Security Instrument.

*(Page 2 of 4 Pages)*

Loan No:                                     Data ID: 

REDACTED

7.    **BORROWER'S FAILURE TO PAY AS REQUIRED**
    **(A) Late Charge for Overdue Payments**
    If the Note Holder has not received the full amount of any monthly payment by the end of TEN (10) calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **10.00 %** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.
    **(B) Default**
    If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.
    **(C) Notice of Default**
    If I am in default, the Note Holder may send me a written notice by certified mail telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is deposited in the United States mail, postage prepaid and addressed to me at my last known address as shown by the records of the Note Holder. This Note may not be accelerated because of a decrease in the market value of the property described above or because of the property owner's default under any indebtedness not evidenced by this Note or the Security Instrument.
    **(D) No Waiver By Note Holder**
    Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.
    **(E) Payment of Note Holder's Costs and Expenses**
    If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law including Section 50(a)(6), Article XVI of the Texas Constitution. Those expenses include, for example, reasonable attorneys' fees. I understand that these expenses are not contemplated to be incurred in connection with maintaining or servicing this Extension of Credit.

8.    **GIVING OF NOTICES**
    Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.
    Any notice that must be given to the Note Holder under this Note will be given in writing by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address. However, if the purpose of the notice is to notify Note Holder of failure by the Note Holder to comply with Note Holder's obligations under this Extension of Credit, or noncompliance with any provisions of the Texas Constitution applicable to extensions of credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution, then notice by certified mail is required.

9.    **OBLIGATIONS OF PERSONS UNDER THIS NOTE**
    Subject to the limitation of personal liability described below, each person who signs this Note is responsible for ensuring that all of the Borrower's promises and obligations in this Note are performed, including the payment of the full amount owed. Any person who takes over these obligations is also responsible.
    I understand that Section 50(a)(6)(C), Article XVI of the Texas Constitution provides that this Note is given without personal liability against each owner of the property described above and against the spouse of each owner unless the owner or spouse obtained this Extension of Credit by actual fraud. This means that, absent such actual fraud, the Note Holder can enforce its rights under this Note solely against the property described above and not personally against any owner of such property or the spouse of an owner.
    If this Extension of Credit is obtained by such actual fraud, I could be personally liable for the payment of any amounts due under this Note. This means that a personal judgment could be obtained against me if I fail to perform my responsibilities under this Note, including a judgment for any deficiency that results from Note Holder's sale of the property described above for an amount less than is owing under this Note.
    If not prohibited by Section 50(a)(6)(C), Article XVI of the Texas Constitution, this Section 9 shall not impair in any way the right of the Note Holder to collect all sums due under this Note or prejudice the right of the Note Holder as to any promises or conditions of this Note.

10.    **WAIVERS**
    I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

11.    **SECURED NOTE**
    In addition to the protections given to the Note Holder under this Note, the Security Instrument, dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. The Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

*(Page 3 of 4 Pages)*




**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**12.   APPLICABLE LAW**

This Note shall be governed by the laws of the State of Texas and any applicable federal law. In the event of any conflict between the Texas Constitution and other applicable law, it is the intent that the provisions of the Texas Constitution shall be applied to resolve the conflict. In the event of a conflict between any provision of this Note and applicable law, the applicable law shall control to the extent of such conflict and the conflicting provisions contained in this Note shall be modified to the extent necessary to comply with applicable law. All other provisions in this Note will remain fully effective and enforceable.

**13.   NO ORAL AGREEMENTS**

THIS NOTE CONSTITUTES A "WRITTEN LOAN AGREEMENT" PURSUANT TO SECTION 26.02 OF THE TEXAS BUSINESS AND COMMERCE CODE, IF SUCH SECTION APPLIES. THIS WRITTEN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

WITNESS THE HAND(S) OF THE UNDERSIGNED.

DO NOT SIGN IF THERE ARE BLANKS LEFT TO BE COMPLETED IN THIS DOCUMENT. THIS DOCUMENT MUST BE EXECUTED AT THE OFFICE OF THE LENDER, AN ATTORNEY AT LAW OR A TITLE COMPANY. YOU MUST RECEIVE A COPY OF THIS DOCUMENT AFTER YOU HAVE SIGNED IT.

_Samuel D Breitling by JoAnn Breitler_ ..........(Seal)
SAMUEL G. BREITLING by JO ANN
BREITLING, Attorney-in-Fact —Borrower

_JoAnn Breitling_ ..........(Seal)
JO ANN BREITLING —Borrower

*[Sign Original Only]*

PAY TO THE ORDER OF
AAMES HOME LOAN
WITHOUT RECOURSE

AAMES FUNDING CORPORATION, A CALIFORNIA
CORPORATION, DBA AAMES HOME LOAN

By:_____

(Printed Name and Title)

Notice there is a place for an endorsement on this page yet the endorsements are on a separate page not part of the note. Many courts have determined such endorsements are not valid.

*(Page 4 of 4 Pages)*

PAY TO THE ORDER OF
Aames Capital Corporation
A California Corporation
Without recourse
AAMES FUNDING CORPORATION
A California Corporation
dba Aames Home Loan

By:

**Amy Brackett**

Assistant Secretary

Pay to the order of

without recourse
Aames Capital Corporation
A California Corporation

By:

**Amy Brackett**

Assistant Secretary

Bankers Trust Company of California, N.A. in Trust for the benefit of the holders of Aames Mortgage
Trust 2000-2 Mortgage Pass-Through Certificates, Series 2000-2.

NOTE: The two Amy Brackett signatures here even to an untrained eye appear to have been made by two individuals.

The top signature is not consistent with the bottom one in that the top signature the letters A and B are each individually formed while in the bottom signature the letter A runs into the letter B.  The direction and flow of the pens strokes used to create these two signatures is not characteristic of the same author having formed them both.

These endorsements are on on a separate page not connected to the note, when the note has room for such endorsements. This and the existence of two separate  endorsements by the same parties raise additional questions about the authenticity of this document.

## ALLONGE TO NOTE

REDACTED

LOAN NUMBER: ▮▮▮▮▮▮▮

BORROWER NAME:   **SAMUEL G. BREITLING**

LOAN AMOUT:   $129,600.00

PAY TO THE ORDER OF:   ~~Ellington Mortgage Partners, L.P.~~

WITHOUT RECOURSE
**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FKA
BANKERS TRUST COMPANY OF CALIFORNIA, N.A. AS TRUSTEE**

BY: _____

NAME:   **CHRISTOPHER CORCORAN**

TITLE:   **VICE PRESIDENT**

This signature of Christopher Corcoran here is so different from
the signature of Christopher Corcoran on page 37 of this
document (a deed assignment that's validity has been challenged
by Plaintiffs in the present case) that the differences indicate
multiple individuals were signing as Christopher Corcoran when
they were not Christopher Corcoran.

REDACTED

BC: ▓▓▓▓

## NOTE ALLONGE

This Allonge is to be attached to and made a part of that certain Promissory Note made by Samuel G. Breitling by Jo Ann Breitling, Attorney-in Fact and Jo Ann Breitling, in the original principal amount of $129,600.00, dated October 20, 2000, and payable to Aames Funding Corporation, a California Corporation, dba Aames Home Loan, as amended or modified (the "Note").

Pay to the order of LNV Corporation, ("Assignee"), without recourse and without representation or warranty whether express, implied or created by operation of law.

Ellington Mortgage Partners, LP

By: _____
KC Wilson, Attorney-In-Fact

FF: $29.00 ⬛⬛⬛⬛ /FNT/ANS/JN

**00-2**

**1219742**

After Recording Please Return To:
AAMES HOME LOAN
3347 MICHELSON DRIVE #300
IRVINE, CA 92612

12/06/00   2423687   $29.00
Deed of Trust

ARCR-2

[Space Above This Line For Recording Data]

Loan No:
Borrower: SAMUEL G. BREITLING

Data ID:

REDACTED

**THIS SECURITY INSTRUMENT SECURES AN EXTENSION OF CREDIT AS DEFINED BY SECTION 50(a)(6), ARTICLE XVI OF THE TEXAS CONSTITUTION.**

# TEXAS HOME EQUITY SECURITY INSTRUMENT

### (Cash Out - First Lien)

**This Security Instrument is not intended to finance Borrower's acquisition of the Property.**

THIS SECURITY INSTRUMENT is made on October 20, 2000.  The grantor is SAMUEL G. BREITLING AND WIFE, JO ANN BREITLING

("Borrower").
The trustee is MICHAEL L. RIDDLE, whose address is 2323 BRYAN STREET, SUITE 1600, DALLAS, TX 75201
("Trustee").
The beneficiary is AAMES FUNDING CORPORATION, A CALIFORNIA CORPORATION, DBA AAMES HOME LOAN , A CORPORATION,

which is organized and existing under the laws of the State of CALIFORNIA,
and whose address is 350 S. GRAND AVE. 42ND FLOOR          LOS ANGELES, CA 90071
("Lender").

Borrower owes Lender the principal sum of **ONE HUNDRED TWENTY-NINE THOUSAND SIX HUNDRED and NO/100-----Dollars (U.S. $ 129,600.00)**.  This debt is an extension of credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution (referred to herein as the "Extension of Credit") and is evidenced by Borrower's note dated the same date as this Security Instrument (the "Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on November 1, 2030.  This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note.  For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in **DALLAS** County, Texas:

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF

which has the address of 1704 CORNWALL LANE,          SACHSE,
                                                    [Street]                              [City]
TEXAS          75048          ("Property Address").
              [Zip Code]

TEXAS HOME EQUITY SECURITY INSTRUMENT (Cash Out - First Lien) - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3044.1 01/98
(Page 1 of 8 Pages)

REDACTED

Loan No: █████
Borrower: SAMUEL G. BREITLING

Data ID: ████

## LEGAL DESCRIPTION

Paste legal description here then photocopy. Attach to the Security Instrument and file as one instrument.

Being Lot 5 in Block F of SACHSE SOUTH ESTATES, INSTALLMENT NO. 1, an Addition to the City of Sachse, Dallas County, Texas according to the Map thereof recorded in Volume 74211, Page 688 of the Map Records of Dallas County, Texas.

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property"; provided however, that the Property is limited to homestead property in accordance with Section 50(a)(6)(H), Article XVI of the Texas Constitution.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest; Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any late charges due under the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) hazard insurance premiums for the Property and; (d) flood insurance premiums for the Property, if any. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. § 2601 *et seq.* ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are not pledged as additional security for any sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion. Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under Paragraphs 1 and 2 shall be applied: first, to amounts payable under Paragraph 2; second, to interest due; third, to principal due; and last, to any late charges due under the Note.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in Paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Paragraph 4. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with Paragraph 7.

REDACTED

Loan No: █████                                                                                          Data ID: █2 

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible. If the restoration or repair is not economically feasible, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in Paragraphs 1 and 2 or change the amount of the payments. If under Paragraphs 20 or 21 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

**6. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower now occupies and uses the Property as Borrower's Texas homestead and shall continue to occupy the Property as Borrower's Texas homestead for at least one year after the date of this Security Instrument. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default and reinstate, as provided in Paragraph 17, by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default and may be held personally liable for debt evidenced by the Note or this Security Instrument if Borrower gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a Texas homestead. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**7. Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender, so far as allowed by applicable law, may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this Paragraph 7, Lender does not have to do so. No powers are granted to Borrower to the Lender or Trustee that would violate provisions of the Texas Constitution applicable to extensions of credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution or other applicable law.

Any amounts disbursed by Lender under this Paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

**8. Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, shall be paid to Lender to be applied to the sums secured by this Security Instrument.

In the event of a total or partial taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in Paragraphs 1 and 2 or change the amount of such payments.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the original Borrower or Borrower's successors in interest from Borrower's obligations under the Note and this Security Instrument. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of Paragraphs 16 and 23. Borrower's covenants and agreements shall be joint and several subject to the provisions of Paragraph 23. Any Borrower who co-signs this Security Instrument, but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument or to comply with the requirements of Section 50(a)(6)(A), Article XVI of the Texas Constitution providing for execution hereof, in order to establish a valid lien, by the spouse of each owner of the Property; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**12. Lender's Right-to-Comply.** It is Lender's and Borrower's intention to conform strictly to provisions of the Texas Constitution applicable to extensions of credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution.

All agreements between Lender and Borrower are hereby expressly limited so that in no event shall any agreement between Lender and Borrower, or between either of them and any third party, be construed not to allow Lender a reasonable time to comply, as provided in this paragraph 12, with Lender's obligations under the Extension of Credit. Borrower understands that the Extension of Credit is being made on the condition that Lender shall have a reasonable time to comply, as provided in this Paragraph 12, with any of the provisions of the Texas Constitution applicable to extensions of credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution. As a precondition to taking any action premised on failure of Lender to comply, Borrower will advise Lender of the noncompliance by a notice given as required by Paragraph 13, and will give Lender a reasonable time to comply. Borrower will cooperate in reasonable efforts to effectuate any compliance. Only after Lender has received said notice, has had a reasonable time to comply, and Lender has failed to comply, shall all principal and interest be forfeited by Lender, as required by Section 50(a)(6)(Q)(x), Article XVI of the Texas Constitution in connection with failure by the Lender to comply with its obligations under this Extension of Credit.

In the event that, for any reason whatsoever, any obligation of Borrower or of Lender pursuant to the terms or requirements hereof or of any other loan document shall be construed to violate any of the provisions of the Texas Constitution applicable to extensions of credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution, then any such obligation shall be subject to the provisions of this Paragraph 12, and such document shall be automatically reformed, without the necessity of the execution of any amendment or new document, so that Borrower's or Lender's obligation shall be modified to conform to the Texas Constitution, and in no event shall Borrower or Lender be obligated to perform any act, or be bound by any requirement which would conflict therewith.

All agreements between Lender and Borrower are expressly limited so that any interest, loan charge or fee collected or to be collected (other than by payment of interest) from Borrower, any owner or the spouse of any owner of the Property in connection with the origination, evaluation, maintenance, recording, insuring or servicing of the Extension of Credit shall not exceed, in the aggregate, the highest amount allowed by applicable law.

If a law, which applies to this loan and which sets maximum interest, loan charges or fees is finally interpreted so that the interest, loan charges or fees that the Lender has collected or is entitled to collect in connection with this loan exceed the permitted limits, or a determination is made at any time by Lender that interest, loan charges or fees that the Lender has collected or is entitled to collect in connection with this loan exceed the permitted limit, then: (i) any such interest, loan charges or fees shall be reduced by the amount necessary to reduce the interest, loan charges or fees, to the permitted limit; and (ii) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. The Lender may choose to make this refund by reducing the principal Borrower owes under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment. **Borrower's acceptance of any such refund will constitute a waiver of any right of action Borrower might have arising out of such overcharge.**

It is the express intention of the Lender and Borrower to structure this Extension of Credit to conform to the provisions of the Texas Constitution applicable to extensions of credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution. If, from any circumstance whatsoever, any promise, payment, obligation or provision of the Note, this Security Instrument or any other loan document involving this Extension of Credit transcends the limit of validity prescribed by applicable law, then any promise, payment, obligation or provision shall be reduced to the limit of such validity, or eliminated as a requirement if necessary for compliance with such law, and such document shall be automatically reformed without the necessity of the execution of any new amendment or new document.

Lender's right-to-comply as provided in this Paragraph 12 shall survive the payoff of the Extension of Credit. The provision of this Paragraph 12 shall supersede any inconsistent provision of the Note or this Security Instrument.

*(Page 4 of 8 Pages)*

REDACTED

Loan No: [REDACTED]                                                                                      Data ID: [REDACTED]

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given in writing by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given in writing by first class mail (but, by certified mail if the notice is given pursuant to Paragraph 12 hereof) to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this Paragraph 13.

**14. Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of Texas. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Copies.** Borrower shall be given at the time this Extension of Credit is made, a copy of all documents signed by the Borrower related to the Extension of Credit.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**17. Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) five days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to the power of sale contained in this Security Instrument after entry of a court order permitting exercise of such power of sale; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses, insofar as allowed by Section 50(a)(6), Article XVI of the Texas Constitution, incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Paragraph 16.

**18. Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with Paragraph 13 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any other information required by applicable law.

**19. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this Paragraph 19, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this Paragraph 19, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

*(Page 5 of 8 Pages)*

20. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Paragraph 16 unless applicable law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke any remedies permitted by applicable law. Insofar as allowed by Section 50(a)(6), Article XVI of the Texas Constitution, Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Paragraph 20, including, but not limited to, court costs, reasonable attorneys' fees and costs of title evidence.

The lien evidenced by this Security Instrument may be foreclosed upon only by a court order. Lender may, at its option, follow any rules of civil procedure promulgated by the Texas Supreme Court for expedited foreclosure proceedings related to the foreclosure of liens under Section 50(a)(6), Article XVI of the Texas Constitution ("Rules"), as amended from time to time, which are hereby incorporated by reference. The power of sale granted herein shall be exercised pursuant to such Rules, and Borrower understands that such power of sale is not a confession of judgment or a power of attorney to confess judgment or to appear for the Borrower in a judicial proceeding.

21. **Power of Sale.** It is the express intention of Lender and Borrower that Lender shall have a fully enforceable lien on the Property. It is also the express intention of the Lender and Borrower that Lender's default remedies shall include the most expeditious means of foreclosure available by law. Accordingly, the Lender and Borrower shall have all the powers provided herein except insofar as may be limited by the Texas Supreme Court. To the extent the Rules do not specify a procedure for the exercise of a power of sale, the following provisions of this Paragraph 21 shall apply, if Lender invokes the power of sale. Lender or Trustee shall give notice of the time, place and terms of sale by posting and filing the notice at least 21 days prior to sale as provided by applicable law. Lender shall provide a copy of the notice of sale to Borrower in the manner prescribed by applicable law. Sale shall be made at public vendue between the hours of 10 a.m. and 4 p.m. on the first Tuesday of the month. Borrower authorizes Trustee to sell the Property to the highest bidder for cash in one or more parcels and in any order Trustee determines. Lender or its designee may purchase the Property at any sale. In the event of any conflict between such procedure and the Rules, the Rules shall prevail, and this provision shall automatically be reformed to the extent necessary to comply.

Trustee shall deliver to the purchaser who acquires title to the Property pursuant to the foreclosure of the lien a Trustee's deed conveying indefeasible title to the Property with covenants of general warranty. Borrower covenants and agrees to defend generally the purchaser's title to the Property against all claims and demands. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, court costs and reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Property is sold pursuant to this Paragraph 21, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession.

Lender, at its option and with or without cause, may from time to time remove Trustee and appoint, by power of attorney or otherwise, a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

22. **Release.** Within a reasonable time after termination and full payment of the Extension of Credit, the Lender shall cancel and return the Note to the owner of the Property and give the owner, in recordable form, a release of the lien securing the Extension of Credit or a copy of an endorsement of the Note and assignment of the lien to a lender that is refinancing the Extension of Credit. Owner shall pay only recording costs. **OWNER'S ACCEPTANCE OF SUCH RELEASE, OR ENDORSEMENT AND ASSIGNMENT, SHALL EXTINGUISH ALL OF THE LENDER'S OBLIGATIONS UNDER SECTION 50, ARTICLE XVI OF THE TEXAS CONSTITUTION.**

23. **Non-Recourse Liability.** Lender shall be subrogated to any and all rights, superior title, liens and equities owned or claimed by any owner or holder of any liens and debts outstanding immediately prior to execution hereof, regardless of whether said liens or debts are acquired by Lender by assignment or are released by the holder thereof upon payment.

Subject to the limitation of personal liability described below, each person who signs this Security Instrument is responsible for ensuring that all of Borrower's promises and obligations in the Note and this Security Instrument are performed.

Borrower understands that Section 50(a)(6)(C), Article XVI of the Texas Constitution provides that the Note is given without personal liability against each owner of the Property and against the spouse of each owner unless the owner or spouse obtained this Extension of Credit by actual fraud. This means that, absent such actual fraud, the Lender can enforce its rights under this Security Instrument solely against the Property and not personally against the owner of the Property or the spouse of an owner.

Loan No: ███                                                    REDACTED

                                                               Data ID: ██

If this Extension of Credit is obtained by such actual fraud, then, subject to Paragraph 11, Borrower will be personally liable for the payment of any amounts due under the Note or this Security Instrument. This means that a personal judgment could be obtained against Borrower, if Borrower fails to perform Borrower's responsibilities under the Note or this Security Instrument, including a judgment for any deficiency that results from Lender's sale of the Property for an amount less than is owing under the Note, thereby subjecting Borrower's other assets to satisfaction of the debt.

If not prohibited by Section 50(a)(6)(C), Article XVI of the Texas Constitution, this Paragraph 23 shall not impair in any way the lien of this Security Instrument or the right of Lender to collect all sums due under the Note and this Security Instrument or prejudice the right of Lender as to any covenants or conditions of the Note and this Security Instrument.

24. **Proceeds.** The Borrower has not been required to apply the proceeds of the Extension of Credit to repay another debt except a debt secured by the Property or a debt to another lender.

25. **No Assignment of Wages.** The Borrower has not assigned wages as security for the Extension of Credit.

26. **Acknowledgment of Fair Market Value.** Lender and Borrower have executed a written acknowledgment as to the fair market value of Borrower's Property on the date the Extension of Credit is made.

27. **Rider(s) to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the riders were a part of this Security Instrument. [Check as applicable]

[X] Texas Home Equity Adjustable Rate Rider          [ ] Texas Home Equity Condominium Rider
[ ] Texas Home Equity Planned Unit Development Rider

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

DO NOT SIGN IF THERE ARE BLANKS LEFT TO BE COMPLETED IN THIS DOCUMENT. THIS DOCUMENT MUST BE EXECUTED AT THE OFFICE OF THE LENDER, AN ATTORNEY AT LAW OR A TITLE COMPANY. YOU MUST RECEIVE A COPY OF THIS DOCUMENT AFTER YOU HAVE SIGNED IT.

| YOU MAY, WITHIN 3 DAYS AFTER CLOSING, RESCIND THIS LOAN WITHOUT PENALTY OR CHARGE. |
| --- |

*Samuel G. Breitling by Jo Ann Breitling* .....................(Seal)
SAMUEL G. BREITLING by JO ANN BREITLING,
Attorney-in-Fact —Borrower

*Jo Ann Breitling* ............................................(Seal)
JO ANN BREITLING —Borrower

*(Page 7 of 8 Pages)*

[Space Below This Line For Acknowledgment(s)]

State of TEXAS                                    §
County of    Dallas                              §

This instrument was acknowledged before me on the ___20th___ day of ____October____, 20_00_, by
Samuel G. Breitling by his Agent and Attorney-in-Fact, Jo Ann Breitling and
Jo Ann Breitling, by and through Drivers License.

ANDREW N. SIEBERT
My Commission Expires
OCTOBER 23, 2001

_____
                                    Notary Public

[Personalized Seal]
My commission expires:_____          _____
                                                              (Printed Name)

2004236 05432                                    *(Page 8 of 8 Pages)*

REDACTED

Loan No: █████████                                    Data ID: ███

Borrower: SAMUEL G. BREITLING

**THIS LOAN HAS A VARIABLE RATE OF INTEREST AS AUTHORIZED BY
SECTION 50(a)(6)(O), ARTICLE XVI OF THE TEXAS CONSTITUTION**

# TEXAS HOME EQUITY
# ADJUSTABLE RATE RIDER
### (6 Month Libor Index—Rate Caps)
### (Cash Out—First Lien)

THIS ADJUSTABLE RATE RIDER is made this 20th day of October, 2000, and is incorporated into and shall be deemed to amend and supplement the Security Instrument of the same date given by the undersigned (the "Borrower") to secure Borrower's Adjustable Rate Note (the "Note") to AAMES FUNDING CORPORATION, A CALIFORNIA CORPORATION, DBA AAMES HOME LOAN (the "Lender") of the same date and covering the Property described in the Security Instrument and located at:

1704 CORNWALL LANE
SACHSE, TEXAS 75048
[Property Address]

**THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE THE BORROWER MUST PAY.**

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. INTEREST RATE AND MONTHLY PAYMENT CHANGES**

The Note provides for an initial interest rate of 12.375 %. The Note provides for changes in the interest rate and the monthly payments, as follows:

**4. INTEREST RATE AND MONTHLY PAYMENT CHANGES**

**(A) Change Dates**

The adjustable interest rate I will pay may change on the first day of **November, 2003**, and on that day every 6th month thereafter. Each date on which my interest rate could change is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my adjustable interest rate will be based on an Index. The "Index" is the average of the interbank offered rates for 6 month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding SIX percentage point(s) ( **6.000** %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

**TEXAS HOME EQUITY ADJUSTABLE RATE RIDER (Cash Out - First Lien)**                    01/98
*(Page 1 of 2 Pages)*

2004236 05433

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal successive monthly payments, each of which will exceed the amount of accrued interest as of the date of the scheduled installment. The result of this calculation will be the new amount of my monthly payment.

(D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than 15.3750% or less than 12.3750%. Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than ONE percentage point(s) (1.00 %) from the rate of interest I have been paying for the preceding 6 months. My interest rate will never be greater than 18.3750 % or less than 12.3750 %.

(E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

(F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate before the effective date of any change. The notice will include the amount of my monthly payment, any information required by law to be given me and also the telephone number of a person who will answer any question I may have regarding the notice.

By Signing Below, Borrower accepts and agrees to the terms and covenants contained in this Texas Home Equity Adjustable Rate Rider.

DO NOT SIGN IF THERE ARE BLANKS LEFT TO BE COMPLETED IN THIS DOCUMENT. THIS DOCUMENT MUST BE EXECUTED AT THE OFFICE OF THE LENDER, AN ATTORNEY AT LAW OR A TITLE COMPANY. YOU MUST RECEIVE A COPY OF THIS DOCUMENT AFTER YOU HAVE SIGNED IT.

_____(Seal)
SAMUEL G. BREITLING by JO ANN
BREITLING, Attorney-in-Fact —Borrower

_____(Seal)
JO ANN BREITLING —Borrower

*(Page 2 of 2 Pages)*

2001236 05436

FILED

2000 DEC -6 AM 11: 57

EARL BULLOCK
COUNTY CLERK
DALLAS COUNTY



Any provision herein which restricts the sale, rental, or use of the
described real property because of color or race is invalid and
unenforceable under federal law.   COUNTY OF DALLAS
STATE OF TEXAS
I hereby certify this instrument was filed on the date and time
stamped hereon by me and was duly recorded in the volume and
page of the named records of Dallas County, Texas as stamped
hereon by m.s.

DEC   6   2000

COUNTY CLERK, Dallas County, Texas

OCT-24-2000 11:00   AAMES HOME LOAN   9725543782   P.06/09

Recording requested by and Return to:
AAMES HOME LOAN
3347 MICHELSON DRIVE #300
IRVINE, CA 92612

REDACTED

Data ID:          05-2
Loan No:
Borrower: SAMUEL G. BREITLING                    1520052

                                                09/06/01   2833008    $11.00
                                          Deed

## ASSIGNMENT OF
## SECURITY INSTRUMENT

Date:   OCTOBER 20, 2000

Owner and Holder of Security Instrument ("Holder"):
        AAMES FUNDING CORPORATION, A CALIFORNIA CORPORATION, DBA AAMES HOME LOAN, A
        Corporation which is organized and existing under the laws of the State of CALIFORNIA

Assignee:
        AAMES CAPITAL CORPORATION, A CALIFORNIA CORPORATION
        350 S. GRAND AVE. 42ND FLOOR
        LOS ANGELES, CA 90071

Security Instrument is described as follows:
        Date:                OCTOBER 20, 2000
        Original Amount:     $129,600.00
        Borrower:            SAMUEL G. BREITLING AND WIFE, JO ANN BREITLING
        Lender:              AAMES FUNDING CORPORATION, A CALIFORNIA CORPORATION, DBA AAMES
                             HOME LOAN
        Trustee:             MICHAEL L. RIDDLE
        Deed of Trust Recorded or Filed on   12-06-00
        As Instrument/Document No.   121974 3
        In Book   236 , Page   05437
        Of Official Records in the County Recorder's or Clerk's Office DALLAS County, TEXAS.

Property (including any improvements) Subject to Lien:
        SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF.

For value received, Holder sells, transfers, assigns, grants and conveys the Security Instrument and the Note described therein, all
of the Holder's right, title and interest in the Security Instrument and Note, and all of the Holder's title and interest in the Property
to Assignee and Assignee's successors and assigns, forever.

When the context requires, singular nouns and pronouns include the plural.

IN WITNESS WHEREOF, Holder has caused these presents to be signed by its duly authorized officer(s), if applicable, and to be
attested and sealed with the Seal of the Corporation, as many be required.

Seal)

        K. BRANSOM                      AAMES FUNDING CORPORATION, A CALIFORNIA
        Commission # 1211843            CORPORATION, DBA AAMES HOME LOAN
        Notary Public - California
        Orange County                   By:
        My Comm. Expires Feb 27, 2003
                                        Amy Brackett
                                                        (Printed Name and Title)
State of CALIFORNIA
County of ORANGE                        Assistant Secretary

        BEFORE ME, the undersigned, a Notary Public in and for said County and State, on this day personally appeared
Amy Brackett, Assistant Secretary                    Known to me to be the same person and officer
whose name is subscribed to the foregoing instrument and acknowledged to me that the same was the act of the said AAMES
FUNDING CORPORATION, A CALIFORNIA CORPORATION, DBA AAMES HOME LOAN, A Corporation which is
organized and existing under the laws of the State of CALIFORNIA, and that (s)he executed the same as the act of such entity for
the purposes and consideration therein expressed, and in the capacity therein stated.
                                                     OCT 2 6 2000
        GIVEN UNDER MY HAND AND SEAL OF OFFICE this _____ day of _____, 20___.

My commission expires: _____

                                                     Notary Public in and for CALIFORNIA

## K. Bransom

2001 174 01317

## Attachment A

Being Lot 5 in Block F of SACHSE SOUTH ESTATES, INSTALLMENT NO. 1, an Addition to the City of Sachse, Dallas County, Texas, according to the Map thereof recorded in Volume 74211, Page 565 of the Map Records of Dallas County, Texas.

2001 1776 01319

**FILED**

2001 SEP -5 PM 12: 29

EARL BULLOCK
COUNTY CLERK
DALLAS COUNTY



Any provision herein which restricts the sale, rental, or use of the
described real property because of color or race is invalid and
unenforceable under federal law.
STATE OF TEXAS                                    COUNTY OF DALLAS
I hereby certify this instrument was filed on the date and time
stamped hereon by me and was duly recorded in the volume and
page of the named records of Dallas County, Texas as stamped
hereon by me.

SEP  6  2001

COUNTY CLERK, Dallas County, Texas

OCT-24-2000  11:01        AAMES HOME LOAN              9725543782   P.08/09

Data ID:
Loan No.:
Borrower:  SAMUEL G. BREITLING

REDACTED

## ASSIGNMENT OF
## SECURITY INSTRUMENT

**1520053**

                                                    09/06/01  2833009    $11.00
                                                       Deed

Date:   OCTOBER 20, 2000

Owner and Holder of Security Instrument ("Holder"):
       AAMES CAPITAL CORPORATION, A CALIFORNIA CORPORATION

Assignee (Including Mailing Address):

Bankers Trust Company of California, N.A. in Trust for the benefit of the holders of Aames Mortgage
Trust 2000-2 Mortgage Pass-Through Certificates, Series 2000-2, C/O Countrywide Home Loans
SV-79, 1800 Tapo Canyon Road, Simi Valley, CA 93085

Security Instrument is described as follows:
       Date:              OCTOBER 20, 2000
       Original Amount:   $129,600.00
       Borrower:          SAMUEL L. BREITLING AND WIFE, JO ANN BREITLING
       Lender:            AAMES FUNDING CORPORATION, A CALIFORNIA CORPORATION, DBA AAMES
                          HOME LOAN
       Trustee:           MICHAEL L. RIDDLE
       Deed of Trust Recorded in the Official Records in the County Recorder's or Clerk's Office of DALLAS County, TEXAS.

Property (including any improvements) Subject to Lien:
SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF.

For value received, Holder sells, transfers, assigns, grants and conveys the Security Instrument and the Note described therein, all
of the Holder's right, title and interest in the Security Instrument and Note, and all of the Holder's title and interest in the Property
to Assignee and Assignee's successors and assigns, forever.   *Recorded 12-06-00*
                                                               *Inst. 1219743*
When the context requires, singular nouns and pronouns include the plural.   *Book 236 Page 05437*

IN WITNESS WHEREOF, Holder has caused these presents to be signed by its duly authorized officer(s), if applicable, and to be
attested and sealed with the Seal of the Corporation, as may be required.

(Seal)                                          AAMES CAPITAL CORPORATION, A CALIFORNIA
                                                CORPORATION


       K. BRANSOM
       Commission # 1211843
       Notary Public - California          By
       Orange County                                       (Printed Name and Title)
       My Comm. Expires Feb 27, 2003

                                                Amy Brackett

                                                Assistant Secretary

State of    CALIFORNIA
County of   ORANGE

       BEFORE ME, the undersigned, a Notary Public in and for said County and State, on this day personally appeared
*Amy Brackett Assistant Secretary* _____ Known to me to be the same person and officer
whose name is subscribed to the foregoing instrument and acknowledged to me that (s)he executed the same as the act of the said AAMES
CAPITAL CORPORATION, A CALIFORNIA CORPORATION, and that (s)he executed the same as the act of such entity for the
purposes and consideration therein expressed, and in the capacity therein stated.

       GIVEN UNDER MY HAND AND SEAL OF OFFICE this _____ day of   OCT 2 6 2000   _____, 20____.

My commission expires: _____
                                                Notary Public in and for CALIFORNIA

# K. Bransom

2001174 01320

OCT-24-2000  11:01     AMES HOME LOAN          9725543782   P.09/09

# Attachment A

Being Lot 5 in Block F of SACHSE SOUTH ESTATES, INSTALLMENT NO. 1, an Addition to the
City of Sachse, Dallas County, Texas, according to the Map thereof recorded in Volume 74211,
Page 698 of the Map Records of Dallas County, Texas.

TOTAL P.09

2001 174 01321

2001 174 01322



FILED

2001 SEP -5 PM 12: 29

E. ... BULLOCK
COUNTY CLERK
DALLAS COUNTY



Any provision herein which restricts the sale, rental, or use of the
described real property, because of color or race is invalid and
unenforceable under federal law.
STATE OF TEXAS
                                        COUNTY OF DALLAS
I hereby certify this instrument was filed on the date and time
stamped hereon by me and was duly recorded in the volume and
page of the named records of Dallas County, Texas as stamped
hereon by me.

SEP  6  2001

Earl Bullock
COUNTY CLERK, Dallas County, Texas

This Document Prepared By and
After Recording Please Mail To:
MGC MORTGAGE, INC.
Attn: Allison Martin, Manager
Document Control
7195 Dallas Parkway
Plano, Texas 75024

BC # █████

AL     20080320072

5 PGS

# RE-RECORD ASSIGNMENT OF DEED OF TRUST TO INCLUDE
# TEXAS HOME EQUITY AFFIDAVIT AND AGREEMENT
# RECORDING INFORMATION AND PROPERTY ADDRESS

## (Recorded 12/06/00, Book 2000236. Page 05437, Instrument No. 1219743)

APN No:     n/a

Grantor:    **DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee**
            **FKA Bankers Trust Company of California, N.A. as Trustee**
            **1761 E. St. Andrews Place, Santa Ana, CA 92705**

Grantee:    **ELLINGTON MORTGAGE PARTNERS, L.P.**
            **53 Forest Avenue, Suite 301, Greenwich, CT 06870**

Property Address:    1704 Cornwall Lane, Sachse, Texas 75048

AL  20080173631
3 PGS

REDACTED

## ASSIGNMENT OF DEED OF TRUST

**After recording, please mail to:**
MGC Mortgage Inc
7195 Dallas Parkway
Document Control
Plano, TX 75024
BC: █████

Assignor:  **Deutsche Bank National Trust Company, As Trustee**
**FKA Bankers Trust Company of California, N.A. As Trustee**
**1761 East St. Andrew Place, Santa Ana, California 92705**

Assignee:  **Ellington Mortgage Partner, L.P.**
**53 Forest Avenue, Suite 301, Greenwich, CT 00687**

**Property Address : 8908 Forest creek Drive, Tomball, Texas 77375**

<u>Subsequent Recording:</u>

**See page 2 for Mortgage recording information**

Assigned to Aames Capital Corporation, 350 S. Grand Avenue, 42nd Floor, Los Angeles, CA 90071, on March 5, 2001,  Instrument No U908898, here in.

Assigned to Banker trust Company of California, N.A. in Trust for the benefit of the holders of Aames Mortgage Trust 2000-2 Mortgage Pass – Through Certificates, Series 2000-2, C/O Countrywide Homes Loans SV-79, 1800 Tapo Canyon Road, Simi Valley, CA 93065, on August 24, 2001,  Instrument No V260630, here in.

REDACTED

After Recording Mail to:
**MGC Mortgage Inc**
Document Control
7195 Dallas Parkway
Plano, Texas 75024
BC:

ASSIGNMENT OF DEED OF TRUST

**FOR VALUE RECEIVED:**
ASSIGNOR:                    **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE**
                             **FKA BANKERS TRUST COMPANY OF CALIFORNIA, N.A. AS TRUSTEE**

ASSIGNOR ADDRESS:            **1761 EAST ST. ANDREW PLACE**
                             **SANTA ANA, CA 92705**

**DOES HEREBY GRANT, CONVEY, ASSIGN, AND TRANSFER TO:**
ASSIGNEE:                    **ELLINGTON MORTGAGE PARTNERS, L.P**

ASSIGNEE'S ADDRESS:          **53 FOREST AVE. STE. 301**
                             **GREENWICH, CT 0687**

**ALL BENEFICIAL INTEREST UNDER THAT CERTAIN DEED OF TRUST:**

DATED:                       **10/20/2000**
ORIGINAL LOAN AMOUNT:        **$129,600.00**
TRUSTOR/BORROWER:            **SAMUEL G,BREITLING AND JO ANN BREITLING**
ORIGINAL BENEFICIARY:        **AAMES FUNDING CORPORATION, DBA AAMES HOMELOAN, A**
                             **CALIFORNIA CORPORATION**
TRUSTEE:                     **MICHAEL L. RIDDLE**

**RECORDED IN** THE OFFICIAL REAL PROPERTY RECORDS OF DALLAS COUNTY, TEXAS
RECORDED: 12/06/2000 IN BOOK/VOLUME/LIBER: 236 PAGE: 05425 DOCUMENT: 1219742

**PROPERTY SUBJECT TO LIEN:**        **1704 CORNWALL LANE**
                                     **SACHSE, TEXAS 75048**
See
Attached Exhibit "A" for Legal Description
TOGETHER WITH THE PROMISSORY NOTE SECURED BY SAID DEED OF TRUST AND ALL RIGHTS
ACCRUED OR TO ACCRUE UNDER SAID DEED OF TRUST.

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE

BY: _____
NAME: CHRISTOPHER CORCORAN
TITLE:  VICE PRESIDENT

STATE OF CA
COUNTY OF ORANGE  ) SS:

ON _____3-31_____, 2008, BEFORE ME THE UNDERSIGNED, A NOTARY PUBLIC IN AND FOR SAID
STATE, PERSONALLY APPEARED CHRISTOPHER CORCORAN. VP , PERSONALLY KNOWN TO ME
(OR PROVED TO ME ON THE BASIS OF SATISFACTORY EVIDENCE) TO BE THE DULY AUTHORIZED
PERSON WHO EXECUTED THE WITHIN INSTRUMENT ON BEHALF OF THE DEUTSCHE BANK AND
ACKNOWLEDGED TO ME THAT SUCH ___VP___ EXECUTED THE WITHIN INSTRUMENT
PURSUANT TO ITS BY-LAWS OR A RESOLUTION OF ITS BOARD OF DIRECTORS.
WITNESS MY HAND AND OFFICIAL SEAL.

_____
NOTARY PUBLIC IN AND FOR SAID COUNTY AND STATE
MY COMMISSION EXPIRES ON

JEANNE STAFFORD
Commission # 1729363
Notary Public - California
Orange County
My Comm. Expires Mar 5, 2011

_____
                    DO NOT GO BELOW THIS LINE

TEXAS 11/99

214

EXHIBIT "A"

REDACTED

BC: ███████

Legal Description:

Being Lot 5 in Block F of SACHSE SOUTH ESTATES, INSTALLMENT NO. 1, an Addition to the City of Sachse, Dallas County, Texas, according to the Map thereof recorded in Volume 74211, Page 688 of the Map Records of Dallas County, Texas.

Prepared By & After Recording Mail to:
**MGC Mortgage Inc**
Document Control, Allison Martin
7195 Dallas Parkway
Plano, Texas 75024

FILED AND RECORDED

OFFICIAL PUBLIC RECORDS

John F. Warren, County Clerk
Dallas County TEXAS
May 27, 2008  09:50:55 AM
FEE: $24.00     20080173631

## FILED AND RECORDED

OFFICIAL PUBLIC RECORDS

John F. Warren, County Clerk
Dallas County  TEXAS
October 02, 2008  04:00:52 PM
FEE: $32.00          20080320072

REDACTED

This Document Prepared By and
After Recording Please Mail To:
MGC MORTGAGE, INC.
Attn: Allison Martin, Manager
Document Control
7195 Dallas Parkway
Plano, Texas 75024



RL
5 PGS
20080320073

BC #

---

## RE-RECORD ASSIGNMENT OF DEED OF TRUST TO INCLUDE TEXAS HOME EQUITY AFFIDAVIT AND AGREEMENT RECORDING INFORMATION

### (Recorded 12/06/00, Book 2000236. Page 05437, Instrument No. 1219743)

APN No:     n/a

Grantor:    **ELLINGTON MORTGAGE PARTNERS, L.P.**
            53 Forest Avenue, Suite 301, Greenwich, CT 06870

Grantee:    **LNV Corporation**
            7195 Dallas Parkway, Plano, Texas  75024

Property Address:    1704 Cornwall Lane, Sachse, Texas 75048

AL
20080175052
3 PGS

REDACTED

## ASSIGNMENT OF DEED OF TRUST

**After recording, please mail to:**

MGC Mortgage Inc
7195 Dallas Parkway
Document Control
Plano, TX 75024
**BC:** ▮▮▮▮▮▮

**Assignor:**  **Ellington Mortgage Partner, L.P.**
53 Forest Avenue, Suite 301, Greenwich, CT 00687

**Assignee:**  **LNV Corporation**
7195 Dallas Parkway, Plano, Texas 75024

**Property Address : 1704 Cornwall Lane, Sachse, Texas 75048**

**Subsequent Recording:**

**See page 2 for Mortgage recording information**

Assigned to Aames Capital Corporation, 350 S. Grand Avenue, 42nd Floor, Los Angeles, CA 90071, on September 6, 2001,  Instrument No 1520052, here in.

Assigned to Banker trust Company of California, N.A. in Trust for the benefit of the holders of Aames Mortgage Trust 2000-2 Mortgage Pass – Through Certificates, Series 2000-2, C/O Countrywide Homes Loans SV-79, 1800 Tapo Canyon Road, Simi Valley, CA 93065, on September 6, 2001,  Instrument No 1520053, here in.

Assigned to Deutsche Bank National Trustee Company f/k/a Bankers Trust Company of California, 1761 E. St. Andrews Place, Santa Ana, CA 92705 on_____, Book _____ Page _____, Instrument No_____, here in.

REDACTED

After Recording Mail to:
**MGC Mortgage Inc**
Document Control
7195 Dallas Parkway
Plano, Texas 75024
BC: ▮▮▮▮▮

**ASSIGNMENT OF DEED OF TRUST**

**FOR VALUE RECEIVED:**
ASSIGNOR:                    **ELLINGTON MORTGAGE PARTNERS, L.P.**

ASSIGNOR ADDRESS:           53 FOREST AVE. STE. 301
                            GREENWICH, CT 06870

**DOES HEREBY GRANT, CONVEY, ASSIGN, AND TRANSFER TO:**
ASSIGNEE:                   LNV Corporation
                            7195 Dallas Parkway
ASSIGNEE'S ADDRESS:         Plano, Texas 75024

**ALL BENEFICIAL INTEREST UNDER THAT CERTAIN DEED OF TRUST:**

DATED:                      10/20/2000
ORIGINAL LOAN AMOUNT:       $129,600.00
TRUSTOR/BORROWER:           SAMUEL G BREITLING AND JO ANN BREITLING
ORIGINAL BENEFICIARY:       AAMES FUNDING CORPORATION, DBA AAMES HOMELOAN, A
                            CALIFORNIA CORPORATION
TRUSTEE:                    MICHAEL L. RIDDLE

**RECORDED IN** THE OFFICIAL REAL PROPERTY RECORDS OF DALLAS COUNTY, TEXAS
RECORDED: 12/06/2000 IN BOOK/VOLUME/LIBER: 236 PAGE: 05425 DOCUMENT: 1219742

**PROPERTY SUBJECT TO LIEN:**        1704 CORNWALL LANE
                                     SACHSE, TEXAS 75048
*See Attached Exhibit "A" for legal Description*
**TOGETHER WITH THE PROMISSORY NOTE SECURED BY SAID DEED OF TRUST AND ALL RIGHTS
ACCRUED OR TO ACCRUE UNDER SAID DEED OF TRUST.**

                            ELLINGTON MORTGAGE PARTNERS, L.P

                            BY: _KW_____
                            NAME: KC WILSON
                            TITLE: ATTORNEY-IN-FACT


STATE OF **CA**          ) SS:
COUNTY OF **ORANGE**

ON _____**3-21**_____, 2008, BEFORE ME THE UNDERSIGNED, A NOTARY PUBLIC IN AND FOR SAID
STATE, PERSONALLY APPEARED KC WILSON **ATTORNEY-IN-FACT** PERSONALLY KNOWN TO ME ~~(OR
PROVED TO ME ON THE BASIS OF SATISFACTORY EVIDENCE)~~ TO BE THE DULY AUTHORIZED PERSON
WHO EXECUTED THE WITHIN INSTRUMENT ON BEHALF OF THE **LP** AND ACKNOWLEDGED TO ME THAT
SUCH **ATTORNEY-IN-FACT** EXECUTED THE WITHIN INSTRUMENT PURSUANT TO ITS BY-LAWS OR A
RESOLUTION OF ITS BOARD OF DIRECTORS.
WITNESS MY HAND AND OFFICIAL SEAL.

_____
NOTARY PUBLIC IN AND FOR SAID COUNTY AND STATE
MY COMMISSION EXPIRES ON: _**3/5/11**_

JEANNE STAFFORD
Commission # 1729363
Notary Public - California
Orange County
My Comm. Expires Mar 5, 2011

_____
DO NOT GO BELOW THIS LINE

EXHIBIT "A"                                        REDACTED

BC: ███

Legal Description:

Being Lot 5 in Block F of SACHSE SOUTH ESTATES, INSTALLMENT NO. 1, an Addition to the City of Sachse, Dallas County, Texas, according to the Map thereof recorded in Volume 74211, Page 688 of the Map Records of Dallas County, Texas.

Prepared By & After Recording Mail to:
**MGC Mortgage Inc**
Document Control, Allison Martin
7195 Dallas Parkway
Plano, Texas  75024



FILED AND RECORDED
OFFICIAL PUBLIC RECORDS

John F. Warren, County Clerk
Dallas County  TEXAS
May 27, 2008  09:50:55 AM
FEE: $24.00

20080173632

## FILED AND RECORDED

OFFICIAL PUBLIC RECORDS

John F. Warren, County Clerk

Dallas County TEXAS

October 02, 2008  04:00:52 PM

FEE: $32.00                 20080320073



Mortgage Servicing
1 Corporate Drive, Suite 360
Lake Zurich, IL 60047-8945
www.mgcmortgage.com
Customer Service 1-877-471-7888

**REDACTED**

January 04, 2013

Samuel G Breitling                    MS1720
Jo Ann Breitling
1704 Cornwall Ln
Sachse TX 75048-3648


BY CERTIFIED MAIL

RE: NOTICE OF DEFAULT
    Loan Number: ▉▉▉▉▉▉▉

Dear Samuel G Breitling and Jo Ann Breitling :

According to the terms of your loan documents, you agreed to make
monthly payments on or before the first day of each month.

In accordance with the specific terms of your loan documents, notice
is hereby given that:

1.  You have breached the contractual obligation of the deed of trust/
    mortgage in that you failed to make your monthly payments required
    by the note. Your loan is now in default.

2.  To cure this default, you must contact this office to
    obtain the amount necessary to cover the delinquent installments
    and any other fees and costs incurred.

3.  Payment of that amount must be received no later than
    35 days after the date of this letter. Payment of said
    amount will cure this breach. Payment must be made by
    certified funds, which may be in the form of either a money
    order or a cashier's check.

4.  Failure to cure such breach on or before the date specified in
    Item 3 shall result in the immediate acceleration of the principal
    secured by the deed of trust/mortgage and the sale of the property
    covered therein. There is a possibility that a deficiency judgment
    might be pursued if the foreclosure proceedings are undertaken.

5.  You have the right to reinstate after acceleration and the right to
    bring a court action to assert the non-existence of a default or
    any other defense to the acceleration and sale.

QL062/DKI



Mortgage Servicing
1 Corporate Drive, Suite 360
Lake Zurich, IL 60047-8945
www.mgcmortgage.com
Customer Service 1-877-471-7888

**REDACTED**

Page 2 of 2
January 04, 2013
Loan Number: ███████

6.  Dovenmuehle Mortgage, Inc. is acting as the servicer for
    LNV CORPORATION, who is the holder of the Note and
    deed of trust/mortgage associated with your loan. Dovenmuehle
    Mortgage, Inc., as servicer, is representing the mortgagee, whose
    address is 7195 DALLAS PARKWAY, PLANO, TX 75024.
    The mortgage servicer is authorized to represent the
    mortgagee by virtue of a servicing agreement with the mortgagee,
    and is authorized to collect the debt and to administer any
    resulting foreclosure of the property secured by the loan.

If you do not understand this letter, you are urged to seek the advice
of your attorney, if you have one. Otherwise, you are urged to call
us immediately at the number shown below.

Assert and protect your rights as a member of the armed forces of
the United States. If you are or your spouse is serving on active
military duty, including active military duty as a member of the
Texas National Guard or the National Guard of another state or as A
member of a reserve component of the armed forces of the United
States, please send written notice of the active duty military service
to the sender of this notice immediately.

Sincerely,

Collection Department

CALL TOLL FREE:     1-877-471-7889

THIS DOCUMENT IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE. IF YOU ARE IN BANKRUPTCY
OR HAVE BEEN DISCHARGED IN BANKRUPTCY, THIS LETTER IS FOR INFORMATIONAL
PURPOSES ONLY AND IS NOT INTENDED AS AN ATTEMPT TO COLLECT A DEBT
OR AS AN ACT TO COLLECT, OR RECOVER ALL OR ANY PORTION OF THE
DEBT FROM YOU PERSONALLY.

QL062/DKI



Mortgage Servicing
1 Corporate Drive, Suite 360
Lake Zurich, IL 60047-8945
www.mgcmortgage.com
Customer Service 1-877-471-7888

**REDACTED**

January 04, 2013

Samuel G Breitling                    MS1720
Jo Ann Breitling
5250 Hwy 78 750112
Sachse TX 75048-

BY CERTIFIED MAIL

RE: NOTICE OF DEFAULT
    Loan Number: ███████

Dear Samuel G Breitling and Jo Ann Breitling :

According to the terms of your loan documents, you agreed to make
monthly payments on or before the first day of each month.

In accordance with the specific terms of your loan documents, notice
is hereby given that:

1.  You have breached the contractual obligation of the deed of trust/
    mortgage in that you failed to make your monthly payments required
    by the note. Your loan is now in default.

2.  To cure this default, you must contact this office to
    obtain the amount necessary to cover the delinquent installments
    and any other fees and costs incurred.

3.  Payment of that amount must be received no later than
    35 days after the date of this letter. Payment of said
    amount will cure this breach. Payment must be made by
    certified funds, which may be in the form of either a money
    order or a cashier's check.

4.  Failure to cure such breach on or before the date specified in
    Item 3 shall result in the immediate acceleration of the principal
    secured by the deed of trust/mortgage and the sale of the property
    covered therein.

5.  You have the right to reinstate after acceleration and the right to
    bring a court action to assert the non-existence of a default or
    any other defense to the acceleration and sale.

QL060/DKI





Mortgage Servicing
1 Corporate Drive, Suite 360
Lake Zurich, IL 60047-8945
www.mgcmortgage.com
Customer Service 1-877-471-7888

Page 2 of 2
January 04, 2013
Loan Number: ████████

6.  Dovenmuehle Mortgage, Inc. is acting as the servicer for
    LNV CORPORATION, who is the holder of the Note and
    deed of trust/mortgage associated with your loan. Dovenmuehle
    Mortgage, Inc., as servicer, is representing the mortgagee, whose
    address is 7195 DALLAS PARKWAY, PLANO, TX 75024.
    The mortgage servicer is authorized to represent the
    mortgagee by virtue of a servicing agreement with the mortgagee,
    and is authorized to collect the debt and to administer any
    resulting foreclosure of the property secured by the loan.

If you do not understand this letter, you are urged to seek the advice
of your attorney, if you have one. Otherwise, you are urged to call
us immediately at the number shown below.

Assert and protect your rights as a member of the armed forces of
the United States. If you or your spouse is serving on active
military duty, including active military duty as a member of the
Texas National Guard or the National Guard of another state or as A
member of a reserve component of the armed forces of the United
States, please send written notice of the active duty military service
to the sender of this notice immediately.

Sincerely,

Collection Department


CALL TOLL FREE:    1-877-471-7889

THIS DOCUMENT IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE. IF YOU ARE IN BANKRUPTCY
OR HAVE BEEN DISCHARGED IN BANKRUPTCY, THIS LETTER IS FOR INFORMATIONAL
PURPOSES ONLY AND IS NOT INTENDED AS AN ATTEMPT TO COLLECT A DEBT
OR AS AN ACT TO COLLECT, OR RECOVER ALL OR ANY PORTION OF THE
DEBT FROM YOU PERSONALLY.


QL060/DKI



Comptroller of the Currency
Administrator of National Banks

Attn:  Licensing Unit
50 Fremont Street, Suite 3900
San Francisco, CA 94105
(415) 545-5930, FAX (415) 442-5315

April 4, 2002

Sandra L. West
Assistant Secretary
C/o Deutsche Bank
31 West 52nd Street-M/S NYC09-0810
New York, NY 10019

Re:      Title Change
         Bankers Trust Company of California, N.A.
         Los Angeles, California
         Charter No.  18608

Dear Ms. West:

The Office of the Comptroller of the Currency (OCC) has received your letter concerning the title change, appropriate amendment to the First Article of Association of Bankers Trust Company of California, National Association.  The OCC will update their records to reflect that as of *April 15, 2002*, the title of Bankers Trust Company of California, National Association, Charter Number 18608 *will change to Deutsche Bank National Trust Company.*

The original of the bank's respective Article has been forwarded to the bank's official file with our Office and an original is hereby returned for your records.

As a result of the Garn-St Germain Depository Institutions Act of 1982, the OCC is no longer responsible for the approval of national bank name changes nor does it maintain official records on the use of alternate titles.  The use of other titles or the retention of the rights to any previously used title is the responsibility of the bank's board of directors.  Legal counsel should be consulted to determine whether or not the new title, or any previously used title, could be challenged by competing institutions under the provisions of federal or state law.

Very truly yours,

James A. Bundy
Licensing Manager

Enclosure

## BANKERS TRUST COMPANY OF CALIFORNIA,
## NATIONAL ASSOCIATION

I, DAVID ABRAMSON, certify that:

1.     I am the duly elected and acting Secretary of Bankers Trust Company of California, National Association (formerly, BT Trust Company of California), and as such officer, I am the official custodian of its records; that the following is a true and correct copy of resolutions adopted by the Association's shareholders; and that such resolutions are now lawfully in force and effect:

RESOLVED, that the Association is hereby authorized to amend the First Article of Association to read as follows:

FIRST:     The title of this Association shall be "Deutsche Bank National Trust Company."

FURTHER RESOLVED, that the effective date of the amendment of the First Article of Association shall be April 15, 2002.

2.     The following is a true and correct copy of a resolution of the Association's Board of Directors, and such resolution is now lawfully in force and effect:

RESOLVED, that the amendment of the First Article of Association to change the title of the Association to "Deutsche Bank National Trust Company" is hereby approved, effective April 15, 2002.

3.     The foregoing amendment to the Articles of Association has been duly approved by the Board of Directors of Bankers Trust Company of California, National Association on March 21, 2002.

4.     The Resolution and Amendment set forth above has not been modified or rescinded and is in full force and effect.

IN WITNESS WHEREOF, I have set my hand and the seal of this Association this 27th day of March 2002.

David Abramson
. Secretary

(S E A L)

State of New York   )
                 ) ss.:
County of New York )

On the 27th day of March in the year 2002 before me, the undersigned, a Notary Public in and for said state, personally appeared David Abramson, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

SANDRA L. WEST
Notary Public, State Of New York
No.01WE4942401
Qualified In New York County
Commission Expires September 18, 20 _0__

**Office of the Comptroller of the Currency**

Accepted by: _____
James A Bundy, Licensing Manager

Date: _____4/4/02_____



QC
7780717

OFFICE OF COUNTY RECORDER
HENNEPIN COUNTY, MINNESOTA

CERTIFIED FILED AND OR
RECORDED ON

Comptroller of the Currency
Administrator of National Banks

2002 JUL 30 PM 2: 12

Washington, DC 20219

AS DOCUMENT 7780717

Michael H Burough    CO. REC.

BY _____ DEPUTY

## CERTIFICATE

I, John D. Hawke, Jr., Comptroller of the Currency, do hereby certify that:

1. The Comptroller of the Currency, pursuant to Revised Statutes 324, et seq., as amended, 12 U.S.C. 1, et seq., as amended, has possession, custody and control of all records pertaining to the chartering, regulation and supervision of all National Banking Associations.

2. Effective April 15, 2002, the title of "Bankers Trust Company of California, National Association," Los Angeles, California, (Charter No. 18608), was changed to "Deutsche Bank National Trust Company," Los Angeles, California, (Charter No. 18608)..

IN TESTIMONY WHEREOF, I have

hereunto subscribed my name and

caused my seal of office to be affixed

to these presents at the Treasury

Department, in the City of

Washington and District of Columbia,

this 17th day of May, 2002.



John D. Hawke, Jr.
Comptroller of the Currency

Office of the Secretary

Sandra L. West
Assistant Secretary

OCC

MAR 2 9 2002

Western District

**Deutsche Bank** /

Bankers Trust Corporation
31 West 52nd Street - NYC09-0810
New York, NY 10019

Tel 212 469-8174
Fax 646 324-9056

sandra.l.west@db.com

March 28, 2002

Mr. James A. Bundy, Licensing Manager
Office of the Comptroller of the Currency
Western District Office
50 Fremont Street
Suite 3900
San Francisco, CA 94105-2292

2002-03E - 07-0007

Dear Mr. Bundy:

Re:    Bankers Trust Company of California, National Association (Charter No. 18608)
       Title Change and Amendment of First Article of Association

Please be advised that the Board of Directors and sole shareholder of Bankers Trust Company
of California, National Association, have authorized a change of title for the Association,
effective on April 15, 2002, as follows:

        From:  Bankers Trust Company of California, National Association

        To:    Deutsche Bank National Trust Company

Pursuant to 12 U.S.C. 21a, we are hereby requesting approval of the Office of the Comptroller
of the Currency to amend the Articles of Association to reflect the name change and enclose
two certified copies of the proposed amendment.

The Association, whose principal office is located at 300 South Grand Avenue, Los Angeles, CA
90071, was originally chartered in October 1985 under the name of BT Trust Company of
California, National Association.

From its inception through June 4, 1999, the Association was an indirect wholly-owned
subsidiary of Bankers Trust New York Corporation (now, Bankers Trust Corporation) ("Bankers
Trust"). In June 1999, Bankers Trust, including its subsidiaries, was acquired by a subsidiary
Deutsche Bank AG, a bank organized and existing under the laws of the Federal Republic of
Germany. Deutsche Bank was recently listed on the New York Stock Exchange ("NYSE") and
its activities are reported daily in the U.S. media.

Since its acquisition of Bankers Trust and subsequent listing on the New York Stock Exchange,
awareness of the Deutsche Bank brand has increased significantly. Management now deems it

Mr. James A. Bundy
March 28, 2002
Page 2

In the best interests of the firm at this time to consolidate all of the U.S.-based businesses under the global Deutsche Bank brand.

Thank you for your consideration in this matter.

Please direct any questions or problems regarding this application to the undersigned, as follows:

> c/o Deutsche Bank
> 31 West 52nd Street – M/S NYC09-0810
> New York, NY 10019
> Phone: (212) 469-8174
> Fax: (646) 324-9056

Sincerely yours,

BANKERS TRUST CORPORATION

By: _Sandra L. West_

Sandra L. West
Assistant Secretary

enclosures

cc:    Joseph Marcy, OCC Lead Trust Examiner

Foy B. Hester, Vice President and Controller
Bankers Trust Company of California, N.A.

David Abramson, Secretary and Counsel
Bankers Trust Company of California, N.A.



Deutsche Bank

1761 East St. Andrew Place
Santa Ana, CA  92705-4934

Tel  714 247 6000
Fax 714 247 6009

### Change of Bankers Trust Company names

We are pleased to announce that effective April 15, 2002, we will be renaming our Bankers Trust legal entities to reflect the name of our parent company, Deutsche Bank.  This action consolidates our global presence and builds on Deutsche Bank's listing on the New York Stock Exchange in October 2001.

This initiative will change only the names of our entities and will not affect the legality of any contracts or other documents signed in the name of Bankers Trust companies.

As of April 15, 2002 the legal entities we operate under will be renamed as follows:

| Old company name | New company name |
| --- | --- |
| Bankers Trust Company | Deutsche Bank Trust Company Americas |
| Bankers Trust (Delaware) | Deutsche Bank Trust Company Delaware |
| Bankers Trust Company of California, N.A. | Deutsche Bank National Trust Company |
| BT Services Tennessee, Inc | DB Services Tennessee, Inc. |
| Bankers Trustee Company Limited | Deutsche Trustee Company Limited |

Over the next few months you will find that all our communications (letters, invoices, etc) will begin to use the new Deutsche Bank names.

Although we believe that the name changes will have minimal impact on our clients, please note the following points concerning US secured financings and US$ payments.

### Secured Financings

US clients with secured financings will need to use the new Deutsche Bank company names for all UCC filings made on or after  April 15, 2002.

### US$ Payments

Our **name** at the Federal Reserve Bank, New York Clearing House (CHIPS) and SWIFT **will not change** on April 15, 2002.  We anticipate changing these **names** towards the end of the third quarter 2002.  However, the actual bank identifiers **will not** change (Fed ABA number, CHIPS Participant number, or SWIFT ID number).  We will send you further details closer to the implementation date.  Until then (end of third quarter 2002), all payments should continue to be made using the existing names and numbers as shown on our payment instructions.

If you normally pay us by check, please use the new company names with effect from  April 15, 2002.  Although checks made out to the old company names will continue to be honored for some time after this date, we would be grateful if you would make the change immediately on April 15 to avoid any confusion.

If you have any questions about these name changes, please call your usual contact in Corporate Trust & Agency Services or (714) 247-6000.



**Deutsche Bank**

1761 East St. Andrew Place
Santa Ana, CA  92705-4934

Tel  714 247 6000
Fax 714 247 6009

**Attention Clients Preparing Documents for Signature:**

The names representing our two business names will be changed as listed below:

**Old Company Name**
Bankers Trust Company of California, N.A.
Bankers Trust Company

**New Company Name**
Deutsche Bank National Trust Company
Deutsche Bank Trust Company Americas

New transactions that are closed directly under the Deutsche Bank names on or after April 15th will not need the following "formerly known as Bankers Trust" language.

For any deals closed under the previous names, please prepare the signature block to read as follows. If necessary, we can provide you with copies of the official regulatory filings regarding our name change.

**For Trust deals please use one of the following:**

Deutsche Bank National Trust Company as Trustee
formerly known as Bankers Trust Company of California, N.A. as Trustee
or
Deutsche Bank Trust Company Americas as Trustee
formerly known as Bankers Trust Company as Trustee
or
Deutsche Bank National Trust Company as Trustee
formerly known as Bankers Trust Company of California, N.A. as Trustee
Successor Trustee by Operation of Law to Bank of America NT & SA,
Successor by Merger to Security Pacific National Bank as Trustee

If you have any questions about these name changes, please call your usual contact in Corporate Trust & Agency Services or (714) 247-6000.

Page 1 of 2     "CERTIFIED FUNDS ONLY"XQ991/EOC
          ****OUR OFFICES WILL BE CLOSED FRIDAY, JULY 4, 2014****

June 05, 2014

Servicer
Mgc Mortgage, Inc.
Customer Service Phone:
877-471-7888
**internal Alex**

```
                         LOAN NUMBER:          ███████████
                         LOAN TYPE:            Conventional
PAYOFF STATEMENT FOR:    PROPERTY ADDRESS:     1704 Cornwall Ln
Samuel G Breitling
Jo Ann Breitling                               Sachse TX 75048-3648
5250 Hwy 78 750112
Sachse TX 75048
```

THIS STATEMENT REFLECTS THE TOTAL AMOUNT DUE UNDER THE TERMS OF THE
NOTE/SECURITY INSTRUMENT THROUGH THE CLOSING DATE WHICH IS
June 30, 2014.  If this obligation is not paid in full by this date,
then you should obtain from us an updated payoff amount before closing.

```
These figures are good through June 30, 2014.
This loan is due for the March 01, 2010 payment.
The current total unpaid principal balance is:      $     122,577.71
Interest at 12.37500%                                      66,937.37
NSF Fee                                                        25.00
Escrow/Impound overdraft                                  29,315.85
Unpaid late charges                                        8,581.71
Recoverable Balance                                        1,545.00
Prop Inspection Fee                                           10.00
Prop Inspection Fee                                          556.00
Misc Client Fee                        .00
Payoff Update Fee                                               .00
  * * * * TOTAL AMOUNT TO PAY LOAN IN FULL * * * *  $     229,548.64
Funds received after June 30, 2014 will require an additional
$ 41.56 in interest per Day.
```

FUNDS RECEIVED FOR PAYOFF MUST BE U.S. DOLLARS IN THE FORM OF CERTIFIED
FUNDS OR WIRE TRANSFER ONLY, PAYABLE TO THE SERVICER LISTED ABOVE.
WIRES RECEIVED AFTER 3 PM CST WILL BE CREDITED ON THE NEXT BUSINESS DAY
AND WILL REQUIRE ADDITIONAL PER DIEM INTEREST.

Funds sent by wire to Bank of America, Chicago, IL, ABA Number ████████,
Account Number ██████████, Account Title:  Payoff Clearing Account.  The
borrower(s) name and loan number must be referenced as part of the wire
transfer package, otherwise, funds will be rejected.  To confirm our
receipt of your wire transfer and application of our Payoff, contact
our Customer Service Department at the telephone number listed above, the
day following your wire transfer.

PAYOFF CHECKS should be mailed to the above Servicer at the following
address:
1 Corporate Drive, Suite 360, Lake Zurich, IL 60047, attention
Payoff Processing.

The payoff figures provided are subject to final verification by the Note
Holder.  The noteholder reserves the right to adjust these figures and
refuse or accept any funds which are insufficient to satisfy the full
indebtedness for any reason.

Issuance of this statement does not suspend the contract requirement
to make the mortgage payments when due.  A late charge of $ 68.53 will
be assessed 10 days after a current payment is due and should be
added to the payoff total if received after that time.

If the funds received for payoff are not sufficient to satisfy the full
indebtedness of the loan, the shortage will be taken from the escrow/
impound account (if applicable).  If funds are still not sufficient to
satisfy the full indebtedness, the payoff funds will be returned.  This
delay will cost you (the borrower) additional interest, as interest
continues to accrue on the indebtedness until the total amount required
for payoff is received.

XQ991/EOC   Loan Number: ██████████

REDACTED

Page 2 of 2

Loan Number: ████████
Borrower Name: Samuel G Breitling
             Jo Ann Breitling

REDACTED

Unless your escrow balance is being credited to your payoff balance, scheduled tax and insurance disbursements will continue to be made from the escrow/impound account until the date the mortgagee listed above receives payoff funds.  Any escrow balance or overpayment will be mailed to the borrowers within 15 business days after the receipt and processing of the funds required to pay the loan in full.

If your (the borrower(s) monthly payments are automatically deducted from a checking or savings account, a written cancellation request must be received by our Automatic Drafting Department thirty (30) days prior to the payoff date.  Payments will continue to be automatically deducted until the written request is received and has been processed.

Provide any changes to the borrower(s) mailing address where the executed release/reconveyance documents should be sent.

                    LEGAL NOTICES

TEXAS FINANCE CODE Ï 343.106 REQUIRES PAYOFF STATEMENT CONTAIN CLOSING DATE AND DATE THROUGH WHICH PAYOFF AMOUNT IS VALID.  THESE REQUIREMENTS CANNOT BE DELETED FROM PAYOFF STATEMENT.

TEXAS FINANCE CODE Ï 343.106 REQUIRES THE IMPLEMENTING RULE TO ALLOW MORTGAGE SERVICERS AT LEAST SEVEN (7) BUSINESS DAYS FROM THE DATE OF RECEIPT OF PAYOFF REQUEST TO RESPOND TO A REQUEST MADE UNDER THE STATUTE.

ANY AMOUNT HELD IN ESCROW AT CLOSING WILL BE SETTLED IN ACCORDANCE WITH APPLICABLE FEDERAL LAW.

Request date: June 05, 2014
Requested by: Erika Orc, Representative

XQ992/EOC

CAUSE NO. DC-14-04053

| | | |
|---|---|---|
| LNV CORPORATION, | § | IN THE DISTRICT COURT OF |
| ITS SUCCESSORS AND ASSIGNS, | § | |
|     PLAINTIFF | § | |
| | § | |
| VS. | § | |
| | § | |
| SAMUEL G. BREITLING, | § | DALLAS COUNTY, TEXAS |
| JO ANN BREITLING, | § | |
| GMAC MORTGAGE, LLC FKA | § | |
| NORWEST MORTGAGE, INC., | § | |
| PINNACLE REALTY ADVISORS, INC., | § | |
| AND PALISADES ACQUISITION V, LLC | § | |
|     DEFENDANTS | § | 134TH JUDICIAL DISTRICT |

## BUSINESS RECORDS AFFIDAVIT - FIRM

"My name is Jeffrey B. Hardaway. I am of sound mind, capable of making this affidavit, and am personally acquainted with the facts stated in it.

I am employed as an attorney at Codilis & Stawiarski, P.C. (hereinafter "C&S"), attorneys for LNV CORPORATION, ITS SUCCESSORS AND ASSIGNS (hereinafter "Plaintiff") and I am authorized to make this affidavit on behalf of C&S as attorneys for Plaintiff herein.

I am custodian of the records of C&S attorneys of record for Plaintiff. Attached hereto are sixteen (16) pages of records from the file against Defendants. The said sixteen (16) pages of records are kept by C&S, attorneys for Plaintiff in the regular course of business, and it was in the regular course of business for an employee or representative of C&S, with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original.

On March 14, 2014, demand letters were forwarded by certified mail, return receipt requested. The letters were forwarded via certified mail, return receipt requested to Defendants Samuel G. Breitling and Jo Ann Breitling at 1704 Cornwall Ln, Sachse, TX 75048 and 5250 Hwy 78 750112, Sachse, TX 75048. True and correct copies of the United States Postal Service receipt reflecting delivery of the letter or non-delivery of the letters are attached to the demand letters."

CODILIS & STAWIARSKI, P.C.

JEFFREY B. HARDAWAY, Affiant

C&S 14-0070

**EXHIBIT "B"**

SWORN TO AND SUBSCRIBED before me on this the _____7th_____ day of July, 2014.

**MAYRA GUZMAN**
Notary Public, State of Texas
My Commission Expires
**July 23, 2016**

Notary Public, State of Texas

C&S 14-0070

Codilis & Stawiarski, P.C.
650 North Sam Houston
Parkway East
Suite 450
Houston, TX 77060

44-14-0070



7190 1089 5230 3514 2569

Samuel Breitling
1704 Cornwall Ln
Sachse, TX 75048

## CODILIS & STAWIARSKI, P.C.
### 650 N. SAM HOUSTON PARKWAY., SUITE 450
### HOUSTON, TEXAS  77060
### (281) 925-5200

March 14, 2014                                                      *via Certified Mail*

Samuel Breitling
1704 Cornwall Ln
Sachse, TX 75048

**RE:**   **Case No. 44-14-0070**
         **Dovenmuehle Mortgage Inc.   Loan No. xxxxxx5965**
         **Deed of Trust in Dallas County, Texas, dated October 20, 2000, executed by Samuel G.**
         **Breitling and wife, Jo Ann Breitling, as Grantor(s), and as conveyed to Michael L. Riddle,**
         **Trustee.**

**\*\*THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND THIS IS AN ATTEMPT
TO COLLECT A DEBT.   ANY INFORMATION OBTAINED WILL BE USED FOR THAT
PURPOSE.\*\***

<u>**Assert and protect your rights as a member of the armed forces of the United States.  If you are or
your spouse is serving on active military duty, including active military duty as a member of the
Texas National Guard or the National Guard of another state or as a member of a reserve
component of the armed forces of the United States, please send written notice of the active duty
military service to the sender of this notice immediately. Sender is:  Codilis & Stawiarski, PC, 650
North Sam Houston Parkway East, Suite 450, Houston, Texas 77060**</u>

Dear Mortgagor:

This law firm represents Dovenmuehle Mortgage Inc., the mortgage servicer for LNV Corporation, who
is the mortgagee of the Note and Deed of Trust associated with the above referenced loan.

Name of the creditor to whom the debt is owed: LNV Corporation.

As of the date of this letter, you owe a balance of $76,707.20.  Because of interest, late charges, and other
charges that may vary from day to day, the amount due on the day you pay may be greater.  Hence, if you
pay the amount shown above, an adjustment may be necessary after we receive your check, in which
event we will inform you before depositing the check for collection.  Payment must be made with
certified funds or other form of payment acceptable to the Servicer. For further information, write us or
call 1-800-934-4045 or 281-925-5200.

**You are further notified that Dovenmuehle Mortgage Inc. is acting as the mortgage servicer for
LNV Corporation, who is the mortgagee.  Dovenmuehle Mortgage Inc., as mortgage servicer, is
representing the mortgagee, whose address is c/o 1 Corporate Drive, Suite 360, Lake Zurich, IL
60047.  The mortgage servicer is authorized to represent the mortgagee by virtue of a servicing
agreement with the mortgagee. Pursuant to the servicing agreement and Texas Property Code Sec.
51.0025, the mortgage servicer is authorized to collect the debt and to administer any resulting
foreclosure of the property secured by the above referenced loan.**

The monthly installments on your mortgage loan have not been paid when due, resulting in a breach of the agreement in the Deed of Trust. Unless such breach is corrected within thirty days (30 days) from the date of this letter, the Mortgage servicer of your mortgage loan will exercise its option to accelerate the maturity of the note and collect the debt by filing a lawsuit to proceed with a judicial foreclosure sale.

You may stop further action by remitting the total amount owed, which includes reasonable attorney's fee and expenses incurred in collecting to bring the loan current. If the loan is accelerated, additional foreclosure costs will be added to the amount due.

You have the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale which you may have.

If you were a borrower in regard to this Note prior to the filing of a bankruptcy in which you received a discharge of the indebtedness, and if the indebtedness was not reaffirmed in the bankruptcy case, the Holder is exercising its *in rem* rights (the right to enforce the lien securing the Indebtedness) as allowed under applicable law and Lender is not attempting any act to collect, recover or offset the discharged debt as your personal liability.

Very truly yours,

Jeffrey Hardaway
Codilis & Stawiarski, P.C.

44-14-0070



English        Customer Service        USPS Mobile                                                Register / Sign In

# USPS Tracking™

**Customer Service ›**
Have questions? We're here to help.

Tracking Number: 71901089523035142569

**Expected Delivery Day: Monday, March 17, 2014**

## Product & Tracking Information

Available Actions

**Postal Product:**
First-Class Mail®

**Features:**
Certified Mail™        Return Receipt Electronic



| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **March 16, 2014 , 2:58 am** | Processed through USPS Sort Facility | **COPPELL, TX 75099** |

Your item was processed through and left our COPPELL, TX 75099 facility on March 16, 2014 at 2:58 am. The item is currently in transit to the destination. No further information is available for this item.

| | | |
|---|---|---|
| March 16, 2014 , 1:23 am | Depart USPS Sort Facility | COPPELL, TX 75099 |
| March 15, 2014 , 5:08 pm | Processed through USPS Sort Facility | COPPELL, TX 75099 |
| March 15, 2014 , 2:19 am | Depart USPS Sort Facility | NORTH HOUSTON, TX 77315 |
| March 14, 2014 , 9:29 pm | Processed at USPS Origin Sort Facility | NORTH HOUSTON, TX 77315 |
| March 14, 2014 | Electronic Shipping Info Received | |
| March 14, 2014 , 6:57 pm | Accepted at USPS Origin Sort Facility | HOUSTON, TX 77002 |

## Track Another Package

**What's your tracking (or receipt) number?**

[                                    ]    [ Track It ]

---

**LEGAL**
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

**ON USPS.COM**
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Delivering Solutions to the Last Mile ›
Site Index ›

**ON ABOUT.USPS.COM**
About USPS Home ›
Newsroom ›
USPS Service Alerts ›
Forms & Publications ›
Careers ›

**OTHER USPS SITES**
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›
National Postal Museum ›

Copyright© 2014  USPS. All Rights Reserved.

Codilis & Stawiarski, P.C.
650 North Sam Houston
Parkway East
Suite 450
Houston, TX 77060

44-14-0070



7190 1089 5230 3514 2576

Samuel Breitling
5250 Hwy 78 750112
Sachse, TX 75048

# CODILIS & STAWIARSKI, P.C.
## 650 N. SAM HOUSTON PARKWAY., SUITE 450
## HOUSTON, TEXAS  77060
## (281) 925-5200

March 14, 2014                                                 *via Certified Mail*

Samuel Breitling
5250 Hwy 78 750112
Sachse, TX 75048

RE:   Case No. 44-14-0070
      Deed of Trust in Dallas County, Texas, dated October 20, 2000, executed by Samuel G.
      Breitling and wife, Jo Ann Breitling, as Grantor(s), and as conveyed to Michael L. Riddle,
      Trustee.

**\*\*THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND THIS IS AN ATTEMPT
TO COLLECT A DEBT.   ANY INFORMATION OBTAINED WILL BE USED FOR THAT
PURPOSE.\*\***

<u>**Assert and protect your rights as a member of the armed forces of the United States. If you are or
your spouse is serving on active military duty, including active military duty as a member of the
Texas National Guard or the National Guard of another state or as a member of a reserve
component of the armed forces of the United States, please send written notice of the active duty
military service to the sender of this notice immediately. Sender is:  Codilis & Stawiarski, PC, 650
North Sam Houston Parkway East, Suite 450, Houston, Texas 77060**</u>

Dear Mortgagor:

This law firm represents Dovenmuehle Mortgage Inc., the mortgage servicer for LNV Corporation, who
is the mortgagee of the Note and Deed of Trust associated with the above referenced loan.

Name of the creditor to whom the debt is owed: LNV Corporation.

As of the date of this letter, you owe a balance of $76,707.20.  Because of interest, late charges, and other
charges that may vary from day to day, the amount due on the day you pay may be greater.  Hence, if you
pay the amount shown above, an adjustment may be necessary after we receive your check, in which
event we will inform you before depositing the check for collection.  Payment must be made with
certified funds or other form of payment acceptable to the Servicer. For further information, write us or
call 1-800-934-4045 or 281-925-5200.

**You are further notified that Dovenmuehle Mortgage Inc. is acting as the mortgage servicer for
LNV Corporation, who is the mortgagee.  Dovenmuehle Mortgage Inc., as mortgage servicer, is
representing the mortgagee, whose address is c/o 1 Corporate Drive, Suite 360, Lake Zurich, IL
60047.  The mortgage servicer is authorized to represent the mortgagee by virtue of a servicing
agreement with the mortgagee. Pursuant to the servicing agreement and Texas Property Code Sec.
51.0025, the mortgage servicer is authorized to collect the debt and to administer any resulting
foreclosure of the property secured by the above referenced loan.**

44-14-0070

The monthly installments on your mortgage loan have not been paid when due, resulting in a breach of the agreement in the Deed of Trust. Unless such breach is corrected within thirty days (30 days) from the date of this letter, the Mortgage servicer of your mortgage loan will exercise its option to accelerate the maturity of the note and collect the debt by filing a lawsuit to proceed with a judicial foreclosure sale.

You may stop further action by remitting the total amount owed, which includes reasonable attorney's fee and expenses incurred in collecting to bring the loan current. If the loan is accelerated, additional foreclosure costs will be added to the amount due.

You have the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale which you may have.

If you were a borrower in regard to this Note prior to the filing of a bankruptcy in which you received a discharge of the indebtedness, and if the indebtedness was not reaffirmed in the bankruptcy case, the Holder is exercising its *in rem* rights (the right to enforce the lien securing the Indebtedness) as allowed under applicable law and Lender is not attempting any act to collect, recover or offset the discharged debt as your personal liability.

Very truly yours,

Jeffrey Hardaway
Codilis & Stawiarski, P.C.

44-14-0070



Codilis & Stawiarski, P.C.
650 North Sam Houston
Parkway East
Suite 450
Houston, TX 77060

44-14-0070



7190 1089 5230 3514 2583

Jo Breitling
1704 Cornwall Ln
Sachse, TX 75048

## CODILIS & STAWIARSKI, P.C.
### 650 N. SAM HOUSTON PARKWAY., SUITE 450
### HOUSTON, TEXAS  77060
### (281) 925-5200

March 14, 2014                                                   *via Certified Mail*

Jo Breitling
1704 Cornwall Ln
Sachse, TX 75048

RE:    Case No. 44-14-0070
       **Dovenmuehle Mortgage Inc.   Loan No. xxxxxx5965**
       **Deed of Trust in Dallas County, Texas, dated October 20, 2000, executed by Samuel G.**
       **Breitling and wife, Jo Ann Breitling, as Grantor(s), and as conveyed to Michael L. Riddle,**
       **Trustee.**

**\*\*THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.\*\***

**Assert and protect your rights as a member of the armed forces of the United States. If  you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately. Sender is:  Codilis & Stawiarski, PC, 650 North Sam Houston Parkway East, Suite 450, Houston, Texas 77060**

Dear Mortgagor:

This law firm represents Dovenmuehle Mortgage Inc., the mortgage servicer for LNV Corporation, who is the mortgagee of the Note and Deed of Trust associated with the above referenced loan.

Name of the creditor to whom the debt is owed: LNV Corporation.

As of the date of this letter, you owe a balance of $76,707.20.  Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.  Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.  Payment must be made with certified funds or other form of payment acceptable to the Servicer. For further information, write us or call 1-800-934-4045 or 281-925-5200.

**You are further notified that Dovenmuehle Mortgage Inc. is acting as the mortgage servicer for LNV Corporation, who is the mortgagee.  Dovenmuehle Mortgage Inc., as mortgage servicer, is representing the mortgagee, whose address is c/o 1 Corporate Drive, Suite 360, Lake Zurich, IL 60047.  The mortgage servicer is authorized to represent the mortgagee by virtue of a servicing agreement with the mortgagee. Pursuant to the servicing agreement and Texas Property Code Sec. 51.0025, the mortgage servicer is authorized to collect the debt and to administer any resulting foreclosure of the property secured by the above referenced loan.**
44-14-0070

The monthly installments on your mortgage loan have not been paid when due, resulting in a breach of the agreement in the Deed of Trust.  Unless such breach is corrected within thirty days (30 days) from the date of this letter, the Mortgage servicer of your mortgage loan will exercise its option to accelerate the maturity of the note and collect the debt by filing a lawsuit to proceed with a judicial foreclosure sale.

You may stop further action by remitting the total amount owed, which includes reasonable attorney's fee and expenses incurred in collecting to bring the loan current.  If the loan is accelerated, additional foreclosure costs will be added to the amount due.

You have the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale which you may have.

If you were a borrower in regard to this Note prior to the filing of a bankruptcy in which you received a discharge of the indebtedness, and if the indebtedness was not reaffirmed in the bankruptcy case, the Holder is exercising its *in rem* rights (the right to enforce the lien securing the Indebtedness) as allowed under applicable law and Lender is not attempting any act to collect, recover or offset the discharged debt as your personal liability.

Very truly yours,

Jeffrey Hardaway
Codilis & Stawiarski, P.C.

44-14-0070

English    Customer Service    USPS Mobile                                    Register / Sign In

≡USPS.COM®                                          Search USPS.com or Track Packages    Subr

Quick Tools            Ship a Package    Send Mail    Manage Your Mail    Shop    Business Solutions

# USPS Tracking™

✉ Customer Service ›
Have questions? We're here to help.

---

**Tracking Number: 71901089523035142583**

**Expected Delivery Day: Monday, March 17, 2014**

## Product & Tracking Information                         Available Actions

**Postal Product:**              **Features:**
First-Class Mail®                Certified Mail™        Return Receipt Electronic

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **March 16, 2014 , 2:58 am** | Processed through USPS Sort Facility | **COPPELL, TX 75099** |

Your item was processed through and left our COPPELL, TX 75099 facility on March 16, 2014 at 2:58 am. The item is currently in transit to the destination. No further information is available for this item.

| | | |
|---|---|---|
| March 16, 2014 , 1:23 am | Depart USPS Sort Facility | COPPELL, TX 75099 |
| March 15, 2014 , 5:08 pm | Processed through USPS Sort Facility | COPPELL, TX 75099 |
| March 15, 2014 , 2:19 am | Depart USPS Sort Facility | NORTH HOUSTON, TX 77315 |
| March 14, 2014 , 9:29 pm | Processed at USPS Origin Sort Facility | NORTH HOUSTON, TX 77315 |
| March 14, 2014 | Electronic Shipping Info Received | |
| March 14, 2014 , 6:57 pm | Accepted at USPS Origin Sort Facility | HOUSTON, TX 77002 |

---

## Track Another Package

**What's your tracking (or receipt) number?**

[                                        ]    [ Track It ]

---

**LEGAL**
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

**ON USPS.COM**
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Delivering Solutions to the Last Mile ›
Site Index ›

**ON ABOUT.USPS.COM**
About USPS Home ›
Newsroom ›
USPS Service Alerts ›
Forms & Publications ›
Careers ›

**OTHER USPS SITES**
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›
National Postal Museum ›

≡USPS.COM®    Copyright© 2014 USPS. All Rights Reserved.

Codilis & Stawiarski, P.C.
650 North Sam Houston
Parkway East
Suite 450
Houston, TX 77060

44-14-0070



7190 1089 5230 3514 2590

Jo Breitling
5250 Hwy 78 750112
Sachse, TX 75048

# CODILIS & STAWIARSKI, P.C.
## 650 N. SAM HOUSTON PARKWAY., SUITE 450
## HOUSTON, TEXAS  77060
## (281) 925-5200

March 14, 2014                                         *via Certified Mail*

Jo Breitling
5250 Hwy 78 750112
Sachse, TX 75048

**RE:**   **Case No. 44-14-0070**
**Dovenmuehle Mortgage Inc.   Loan No. xxxxxx5965**
**Deed of Trust in Dallas County, Texas, dated October 20, 2000, executed by Samuel G.**
**Breitling and wife, Jo Ann Breitling, as Grantor(s), and as conveyed to Michael L. Riddle,**
**Trustee.**

**\*\*THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND THIS IS AN ATTEMPT TO COLLECT A DEBT.   ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.\*\***

<u>**Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately. Sender is:  Codilis & Stawiarski, PC, 650 North Sam Houston Parkway East, Suite 450, Houston, Texas 77060**</u>

Dear Mortgagor:

This law firm represents Dovenmuehle Mortgage Inc., the mortgage servicer for LNV Corporation, who is the mortgagee of the Note and Deed of Trust associated with the above referenced loan.

Name of the creditor to whom the debt is owed: LNV Corporation.

As of the date of this letter, you owe a balance of $76,707.20.  Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.  Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.  Payment must be made with certified funds or other form of payment acceptable to the Servicer. For further information, write us or call 1-800-934-4045 or 281-925-5200.

**You are further notified that Dovenmuehle Mortgage Inc. is acting as the mortgage servicer for LNV Corporation, who is the mortgagee.  Dovenmuehle Mortgage Inc., as mortgage servicer, is representing the mortgagee, whose address is c/o 1 Corporate Drive, Suite 360, Lake Zurich, IL 60047.  The mortgage servicer is authorized to represent the mortgagee by virtue of a servicing agreement with the mortgagee.  Pursuant to the servicing agreement and Texas Property Code Sec. 51.0025, the mortgage servicer is authorized to collect the debt and to administer any resulting foreclosure of the property secured by the above referenced loan.**
44-14-0070

The monthly installments on your mortgage loan have not been paid when due, resulting in a breach of the agreement in the Deed of Trust.  Unless such breach is corrected within thirty days (30 days) from the date of this letter, the Mortgage servicer of your mortgage loan will exercise its option to accelerate the maturity of the note and collect the debt by filing a lawsuit to proceed with a judicial foreclosure sale.

You may stop further action by remitting the total amount owed, which includes reasonable attorney's fee and expenses incurred in collecting to bring the loan current.  If the loan is accelerated, additional foreclosure costs will be added to the amount due.

You have the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale which you may have.

If you were a borrower in regard to this Note prior to the filing of a bankruptcy in which you received a discharge of the indebtedness, and if the indebtedness was not reaffirmed in the bankruptcy case, the Holder is exercising its *in rem* rights (the right to enforce the lien securing the Indebtedness) as allowed under applicable law and Lender is not attempting any act to collect, recover or offset the discharged debt as your personal liability.

Very truly yours,

Jeffrey Hardaway
Codilis & Stawiarski, P.C.

44-14-0070

