# Exhibit C

TO PLAINTIFFS' NOTICE OF CONSTITUTIONAL QUESTIONS

FILED
DALLAS COUNTY
6/3/2014 10:28:26 PM
GARY FITZSIMMONS
DISTRICT CLERK

Cause No. DC-14-04053

| | | |
|---|---|---|
| LNV CORPORATION, | § | |
| ITS SUCCESSORS AND ASSIGNS, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| | § | DALLAS COUNTY, TEXAS |
| SAMUEL G. BREITLING, | § | |
| JO ANN BREITLING, | § | |
| GMAC MORTGAGE, INC., | § | JURY DEMANDED BY |
| NORTHWEST MORTGAGE, INC., | § | DEFENDANT |
| PINNACLE REALTY ADVISORS, INC., | § | |
| and PALISADES ACQUISITION V, LLC | § | |
| | § | |
| Defendants. | § | 134TH JUDICIAL DISTRICT |

### DEFENDANTS SUPPLEMENT OPPOSING PLAINTIFF'S MOTION FOR SUMMARY JUDGEMNT

**To the Honorable Judge of the 134th District Court**

Now comes defendants Samuel G. and JoAnn S. Breitling with a supplement supported by evidence in opposition to LNV's Motion for Summary Judgment. LNV should not be granted a summary judgment based solely on their pleadings for the following reasons:

MGC Mortgage Inc. acting in behalf of LNV, as per MGC's own statements in court documents they filed in case number DC-11-07087 in the 116th Dallas District Court was denied a summary judgment based on their claims that we did not have a case. The Honorable Judge Tonya Parker therefore determined that material facts were in dispute and that our cause of action against LNV was ripe for discovery and trial. These are same disputed facts that exist now, but LNV has attempted to circumvent Judge Parker's

earlier decision by bringing the same matter between the same parties before this court and Your Honor.

In case number DC-11-07087 in the 116th Dallas District Court the Honorable Judge Tonya Parker already determined as fact that we had received no disclosures prior to closing in violation of TILA and RESPA.  This contradicts LNV's claims regarding its standing to foreclose on our property and shows that a genuine dispute exists that raises questions of law and material fact pertaining to enforceability of the Note that cannot be determined without discovery or an evidentiary hearing.

Furthermore our signatures were forged in underwriting.  We have not had an opportunity to be heard or to present evidence on this matter.  Forgery of our signatures shows that a genuine dispute exists over the validity and enforceability of the Note.  This raises questions of law and material fact that cannot be determined by a summary review of pleadings without discovery or an evidentiary hearing.

Documents MGC Mortgage submitted to the 116th Dallas District Court case number DC-11-07087 show that our mortgage was immediately and illegally securitized into the Aames Mortgage Trust 2000-2 Mortgage Pass-Through Certificates, Series 2000-2. The party we were deceived into believing was a "lender" was not a true lender with an interest in properly accounting for our payments, but a straw lender standing in the place of other parties.  The terms of the contract were changed without our knowledge or acceptance. The "straw lender" and all the other parties involved knew Aames Home Loans was not a true lender and intentionally withheld this information from us with intent to deceive us and cause us harm by denying us the opportunity to understand the

risks and obligations associated with the contract. "Aames Home Loans" was in fact a "doing business as" name designed to intentionally conceal this entity's original name "Aames Funding Corporation." This name obscurification was done with intent to deceive. Consumers, like us, seeking a home mortgage are likely, as we were, to think a company with "Home Loans" in its name is a company that exclusively makes home mortgages; whereas the name "Aames Funding Corporation" sounds commercial and would have given us cause for concern. Most consumers, like we did, since we have had past mortgages that we paid in full, think of a lender as a party who loans money for the purchase of a home, then takes our payments, properly records our payments, and abides by the laws from the inception of our loan to the conclusion of our loan. This did not happen here. The party we contracted with hid the fact, which they knew, that we were not contracting with them but other parties unknown to us. This is fraud in the factum at the origination of the contract. Fraud in the factum voids the contract. A genuine dispute exists about whether the mortgage contract is void, thus negating LNV's claim it has standing to foreclose. A summary judgment may not be granted under these circumstances.

The assignments of deed of trust that LNV claims as its basis of standing to foreclosure are false. Two assignments were filed in my county in 2008 both have an execution date of March 21, 2008 and they were executed in California. The first assignment alleges that Deutsche Bank National Trust as Trustee FKA Bankers Trust Company of California N.A. as Trustee as "assignor" grants to Ellington Mortgage Partners, L.P. "all beneficial interest under that certain Deed of Trust". This assignment is signed by Christopher

Corcoran, as vice president of Deutsche Bank National Trust as Trustee. This assignment is notarized by Jeanne Stafford, commission # 172936 Orange County California.

The second assignment alleges to transfer from Ellington Mortgage Partner, L.P. as "Assignor" to LNV Corporation as "Assignee". This assignment is signed by KC Wilson as Attorney-In-Fact for Ellington Mortgage Partners, L.C. and notarized by Jeanne Stafford.  See Exhibit A

On May 17, 2013 at 1:00 PM central time I, JoAnn Breitling, phoned the California notary Jeanne Stafford on her work phone at Icon Residential.  I told her that we had two of her signatures on two assignments of deed of trust both with an execution date of March 21, 2013.  I told her that Todd Craig from Ellington Mortgage Partners told me both verbally and by mail that he did not buy our note on that date and that no document exists to show he obtained our note in February 2007 so they created a fabricated one.  I asked her why she would notarize something that did not occur as stated in the document. She answered that she was hired by KC Wilson to "sign" and she and KC were signing 500 to 800 documents a day as fast as they could for weeks.

KC Wilson and Jeanne Stafford, by Jeanne Stafford's own admission, are robo-signers. Robo-signing refers to a variety of practices.  It can mean a qualified executive in the mortgage industry signs a mortgage affidavit document without verifying the information.  It can mean someone forges an executive's signature, or a lower-level employee signs his or her own name with a fake title.  It can mean failing to comply with notary procedures.  In all of these cases, robo-signing involves people signing documents and swearing to their accuracy without verifying any of the information.  Robo-signers

are also mortgage lending company employees who prepared and signed off on foreclosures without reviewing them, as the law requires. Robo-signing is illegal in all 50 States.

Good title cannot be based on fraud (even as to a 3d party). These assignments were executed and signed in California. In the case of a fraudulent transaction California law is settled. The Court in Trout v. Trout, (1934), 220 Cal. 652 at 656 made as much plain: "Numerous authorities have established the rule that an instrument wholly void, such as an undelivered deed, a forged instrument, or a deed in blank, cannot be made the foundation of a good title, even under the equitable doctrine of bonafide purchase. Consequently, the fact that defendant Archer acted in good faith in dealing with persons who apparently held legal title, is not in itself sufficient basis for relief." (Emphasis added, internal citations omitted).

This sentiment was clearly echoed in 6 Angels, Inc. v. Stuart-Wright Mortgage, Inc. (2001) 85 Cal.App.4th 1279 at 1286 where the Court stated:"It is the general rule that courts have power to vacate a foreclosure sale where there has been fraud in the procurement of the foreclosure decree or where the sale has been improperly, unfairly or unlawfully conducted, or is tainted by fraud, or where there has been such a mistake that to allow it to stand would be inequitable to purchaser and parties." (Emphasis added).

Any apparent sale based on Robosigned documents is void – without any legal effect – like Monopoly Money. In Bank of America v. LaJolla Group II, the California Court of Appeals held that if a trustee is not contractually empowered under the Deed of Trust to hold a sale, it is totally void. It has no legal effect whatsoever. Title does not transfer.

No right to evict arises. The property is not sold. In turn, California Civil Code 2934a requires that the beneficiary execute and notarize and record a substitution for a valid substitution of trustee to take effect. Thus, if the Assignment of Deed of Trust is robo-signed, the sale is void. If the substitution of trustee is robo-signed, the sale is void. If the Notice of Default is Robo-Signed, the sale is void.

In fact robo-signing is criminal in California: California PENAL CODE SECTION 118-131(a) Every person who, having taken an oath that he or she will testify, declare, depose, or certify truly before any competent tribunal, officer, or person, in any of the cases in which the oath may by law of the State of California be administered, willfully and contrary to the oath, states as true any material matter which he or she knows to be false, and every person who testifies, declares, deposes, or certifies under penalty of perjury in any of the cases in which the testimony, declarations, depositions, or certification is permitted by law of the State of California under penalty of perjury and willfully states as true any material matter which he or she knows to be false, is guilty of perjury. This subdivision is applicable whether the statement, or the testimony, declaration, deposition, or certification is made or subscribed within or without the State of California.

Hence, if forged Robo Signed signatures are used to obtain the foreclosure, it CERTAINLY makes a difference in California and other non-judicial foreclosure states. It would be a gross miscarriage of justice for this court to grant LNV a summary judgment in a foreclosure action when a judge in another court already denied LNV's

mortgage servicer, MGC which is owned by the same individual as LNV, D. Andrew Beal, summary judgment on the same claims.

It would be a gross miscarriage of justice to grant LNV summary judgment in an action that will cause substantial harm and unjustly deprive the Brietlings and their disabled son of their home of 32 years when genuine questions of law and material fact exist.

Furthermore, LNV submitted an affidavit of Edward J. Bagdon with their Motion for Summary Judgment.  Over the weekend of August 2 and 3, 2014 the other Beal victims located more than 50 mortgage related documents signed by Edward J. Bagdon and filed with several county recorders across the United States.  A partial list of these records signed by Edward J. Bagdon, the counties and States where they were filed and what title Bagdon claimed he held with what employer are below:

Pottawattamie County, IA filed 5/9/2012 as Authorized Signer for Mutual of Omaha Bank
Pottawattamie County, IA filed 12/29/2010 as Vice President of Centris Federal Credit Union
Pottawattamie County, IA filed 12/19/2011 as Vice President of Centris Federal Credit Union (Duff property)
Pottawattamie County, IA filed 12/19/2011 as Vice President of Centris Federal Credit Union (Churchill Property)
Pottawattamie County, IA filed 12/19/2011 as Vice President of Centris Federal Credit Union (Waters Property)
Pottawattamie County, IA filed 3/29/2003 as Vice President of United Western Bank
Forsyth County, MC filed 1/14/2005 as Vice President of Allegacy Federal Credit Union
Forsyth County, MC filed 6/22/2005 as Vice President of Allegacy Federal Credit Union  (Smith Property)
Forsyth County, MC filed 6/22/2005 as Vice President of Allegacy Federal Credit Union  (Pegram Property)
Forsyth County, MC filed 2/23/2004 as Vice President of Allegacy Federal Credit Union
Forsyth County, MC filed 10/12/2004 as Vice President of Allegacy Federal Credit Union  (Grantz Property)
Forsyth County, MC filed 10/12/2004 as Vice President of Allegacy Federal Credit Union  (Costley Property)
Forsyth County, MC filed 12/27/2004 as Vice President of Allegacy Federal Credit Union
Desoto County, MS filed 2/4/1993 as Assistant Vice President of Dovenmuehle Mortgage Inc.
Desoto County, MS filed 9/14/1993 as Assistant Vice President of Dovenmuehle Mortgage Inc.
Desoto County, MS filed 10/5/2000 as Assistant Vice President of Peoples Bank and Trust
Desoto County, MS filed 12/3/2003 as Assistant Vice President of Peoples Bank and Trust
Desoto County, MS filed 5/7/2003 as Assistant Vice President of Peoples Bank and Trust
Desoto County, MS filed 1/29/2010 as Assistant Vice President of AIG Federal Savings Bank
Desoto County, MS filed 8/6/12 as Secretary of MERS
Pottawattamie County, IA filed 3/29/2003 as Certifying Officer MERS
Forsyth County, MC 10/28/2013 as Assistant Secretary of MERS
Forsyth County, MC 9/9/2013 as Assistant Secretary of MERS

These records show that the way Edward J. Bagdon signs mortgage related records is consistent with the definition of a robo-signer. Edward J. Bagdon is actually employed by Dovemuehle Mortgage Inc. an LPS service provider. The only online information about Edward J. Bagdon's professional experience is from ZoomInfo (screen shot below) where he claims to be "Assistance Vice President" at a "Collection Department" located in Lake Zurich, Illinois where Dovenmuehle advertises they are located.



Edward J. Bagdon is not a credible or competent witness. We will be denied our right to due process under the fifth and fourteenth amendments to the United States Constitution if this court grants LNV a summary judgment based on his written sworn testimony without allowing us the opportunity to cross examine this witness who has questionable qualifications and credibility; and without allowing us an opportunity to present our own

witnesses to challenge his one-sided testimony. Due process does not exist without the opportunity to challenge testimony. Due process does not exist without the opportunity for discovery.

"Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment." (*TRINSEY v. PAGLIARO Civ. A. No. 34873. 229 F.Supp. 647 (1964)*)

_____          _____
JoAnn S Breitling                                Samuel G. Breitling

## CERTIFICATE OF SERVICE

Made by fax and by certified mail to attorneys for plaintiffs
Jeffrey B. Hardaway
Robert L. Negrin
Mary M. Speidel
650 N. Sam Houston Pkwy. Ste 450
Houston, Texas   77060

Fax 281-925-5300

# EXHIBIT A

After Recording Mail to:
**MGC Mortgage Inc**
Document Control
7195 Dallas Parkway
Plano, Texas 75024
BC: 609641

**ASSIGNMENT OF DEED OF TRUST**

**FOR VALUE RECEIVED:**
ASSIGNOR: DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE
FKA BANKERS TRUST COMPANY OF CALIFORNIA, N.A. AS TRUSTEE

ASSIGNOR ADDRESS: 1761 EAST ST. ANDREW PLACE
SANTA ANA, CA 92705

DOES HEREBY GRANT, CONVEY, ASSIGN, AND TRANSFER TO:
ASSIGNEE: ELLINGTON MORTGAGE PARTNERS, L.P

ASSIGNEE'S ADDRESS: 53 FOREST AVE. STE. 301
GREENWICH, CT 0687

ALL BENEFICIAL INTEREST UNDER THAT CERTAIN DEED OF TRUST: (wife)

DATED: 10/20/2000
ORIGINAL LOAN AMOUNT: $129,600.00
TRUSTOR/BORROWER: SAMUEL G, BREITLING AND JO ANN BREITLING
ORIGINAL BENEFICIARY: AAMES FUNDING CORPORATION, DBA AAMES HOMELOAN, A CALIFORNIA CORPORATION
TRUSTEE: MICHAEL L. RIDDLE

RECORDED IN THE OFFICIAL REAL PROPERTY RECORDS OF DALLAS COUNTY, TEXAS
RECORDED: 12/06/2000 IN BOOK/VOLUME/LIBER: 236 PAGE: 05425 DOCUMENT: 1219742

PROPERTY SUBJECT TO LIEN: 1704 CORNWALL LANE
SACHSE, TEXAS 75048

See Attached Exhibit "A" for Legal Description
TOGETHER WITH THE PROMISSORY NOTE SECURED BY SAID DEED OF TRUST AND ALL RIGHTS ACCRUED OR TO ACCRUE UNDER SAID DEED OF TRUST.

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE

BY: _____
NAME: CHRISTOPHER CORCORAN
TITLE: VICE PRESIDENT

STATE OF CA
COUNTY OF ORANGE  ) SS:

ON 3-31, 2008, BEFORE ME THE UNDERSIGNED, A NOTARY PUBLIC IN AND FOR SAID STATE, PERSONALLY APPEARED CHRISTOPHER CORCORAN, VP, PERSONALLY KNOWN TO ME (OR PROVED TO ME ON THE BASIS OF SATISFACTORY EVIDENCE) TO BE THE DULY AUTHORIZED PERSON WHO EXECUTED THE WITHIN INSTRUMENT ON BEHALF OF THE DEUTSCHE BANK AND ACKNOWLEDGED TO ME THAT SUCH VP EXECUTED THE WITHIN INSTRUMENT PURSUANT TO ITS BY-LAWS OR A RESOLUTION OF ITS BOARD OF DIRECTORS.
WITNESS MY HAND AND OFFICIAL SEAL.

NOTARY PUBLIC IN AND FOR SAID COUNTY AND STATE
MY COMMISSION EXPIRES ON:

JEANNE STAFFORD
Commission # 1729363
Notary Public - California
Orange County
My Comm. Expires Mar 5, 2011

DO NOT GO BELOW THIS LINE



3 PGS

## ASSIGNMENT OF DEED OF TRUST

After recording, please mail to:
MGC Mortgage Inc
7195 Dallas Parkway
Document Control
Plano, TX 75024
BC: 609641

Assignor:   Ellington Mortgage Partner, L.P.
            53 Forest Avenue, Suite 301, Greenwich, CT 00687

Assignee:   LNV Corporation
            7195 Dallas Parkway, Plano, Texas 75024

Property Address : 1704 Cornwall Lane, Sachse, Texas 75048

<u>Subsequent Recording:</u>

See page 2 for Mortgage recording information

Assigned to Aames Capital Corporation, 350 S. Grand Avenue, 42nd Floor, Los Angeles, CA 90071, on September 6, 2001, Instrument No 1520052, here in.

Assigned to Banker trust Company of California, N.A. in Trust for the benefit of the holders of Aames Mortgage Trust 2000-2 Mortgage Pass – Through Certificates, Series 2000-2, C/O Countrywide Homes Loans SV-79, 1800 Tapo Canyon Road, Simi Valley, CA 93065, on September 6, 2001, Instrument No 1520053, here in.

Assigned to Deutsche Bank National Trustee Company f/k/a Bankers Trust Company of California, 1761 E. St. Andrews Place, Santa Ana, CA 92705 on_____, Book _____ Page _____, Instrument No_____, here in.

After Recording Mail to:
**MGC Mortgage Inc**
Document Control
7195 Dallas Parkway
Plano, Texas 75024
BC: 609641

**ASSIGNMENT OF DEED OF TRUST**

FOR VALUE RECEIVED
ASSIGNOR:                    ELLINGTON MORTGAGE PARTNERS, L.P

ASSIGNOR ADDRESS:            53 FOREST AVE. STE. 301
                             GREENWICH, CT 06870

DOES HEREBY GRANT, CONVEY, ASSIGN, AND TRANSFER TO:
ASSIGNEE:                    LNV Corporation
                             7195 Dallas Parkway
ASSIGNEE'S ADDRESS:          Plano, Texas 75024

ALL BENEFICIAL INTEREST UNDER THAT CERTAIN DEED OF TRUST: _wife_

DATED:                       10/20/2000
ORIGINAL LOAN AMOUNT:        $129,600.00
TRUSTOR/BORROWER:            SAMUEL G BREITLING AND JO ANN BREITLING
ORIGINAL BENEFICIARY:        AAMES FUNDING CORPORATION, DBA AAMES HOMELOAN, A
                             CALIFORNIA CORPORATION
TRUSTEE:                     MICHAEL L. RIDDLE

RECORDED IN THE OFFICIAL REAL PROPERTY RECORDS OF DALLAS COUNTY, TEXAS
RECORDED: 12/06/2000 IN BOOK/VOLUME/LIBER: 236 PAGE: 05425 DOCUMENT: 1219742

PROPERTY SUBJECT TO LIEN:    1704 CORNWALL LANE
                             SACHSE, TEXAS 75048

_See Attached Exhibit "A" for legal Description_
TOGETHER WITH THE PROMISSORY NOTE SECURED BY SAID DEED OF TRUST AND ALL RIGHTS
ACCRUED OR TO ACCRUE UNDER SAID DEED OF TRUST.

ELLINGTON MORTGAGE PARTNERS, L.P

BY: _[signature]_
NAME: KC WILSON
TITLE: ATTORNEY-IN-FACT

STATE OF **CA**         ) SS
COUNTY OF **ORANGE**

ON _3-21_, 2008, BEFORE ME THE UNDERSIGNED, A NOTARY PUBLIC IN AND FOR SAID
STATE, PERSONALLY APPEARED KC WILSON ATTORNEY-IN-FACT PERSONALLY KNOWN TO ME ~~(OR
PROVED TO ME ON THE BASIS OF SATISFACTORY EVIDENCE)~~ TO BE THE DULY AUTHORIZED PERSON
WHO EXECUTED THE WITHIN INSTRUMENT ON BEHALF OF THE LP AND ACKNOWLEDGED TO ME THAT
SUCH ATTORNEY-IN-FACT EXECUTED THE WITHIN INSTRUMENT PURSUANT TO ITS BY-LAWS OR A
RESOLUTION OF ITS BOARD OF DIRECTORS.
WITNESS MY HAND AND OFFICIAL SEAL.

_[signature]_
NOTARY PUBLIC IN AND FOR SAID COUNTY AND STATE
MY COMMISSION EXPIRES ON: 3/5/11

JEANNE STAFFORD
Commission # 1729363
Notary Public - California
Orange County
My Comm. Expires Mar 5, 2011

---
DO NOT GO BELOW THIS LINE