IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL G. BREITLING AND JO ANN BREITLING, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | NO. 3:15-CV-00703 |
| LNV CORPORATION, ET AL., | § § | |
| Defendants. | § § § | |

## MOTION TO CONSOLIDATE DIRECTLY RELATED CASES

Pursuant to Federal Rule 40.2(a)(1) Plaintiffs move this court to consolidate the directly related cases noticed in their <u>Notice of Directly Related Cases</u> (Doc. 40) for the purposes of forensic evaluation and examination for authenticity of alleged "original" notes for the Swifts, for the Breitlings, for Robynne A. Fauley, for Denise Subramaniam, for Tuli Molina Wohl, Rhonda L. Hardwick, and for Catherine Gebhardt that LNV Corporation ("LNV") claims are in its possession.

Employees of Daniel Andrew Beal showed WFAA investigative reporter Brett Shipp what they alleged to be the Breitlings' "original" note. However this document contained characteristics that identify it as a forgery. Similar characteristics identifying them as forgeries were observed on the alleged "original" notes for the Swifts' and for Robynne A. Fauley which were shown to them by Lender Processing Services ("LPS") affiliated attorneys representing LNV.

OMNI Document Examinations ("OMNI") at 205 W. Wacker Drive, Suite 922, Chicago, IL 60606 has already completed a preliminary evaluation of several allonges signed by Jason J. Vecchio, a former employee of GMAC-RFC, specific to the noticed related cases and OMNI determined these signatures were stamped or photocopied.  In the interest of justice and to reduce costs for the related parties opposing LNV in the noticed related cases, these parties who are all pro-se litigants collectively seek to have all the notes LNV alleges are "original" specific to their cases brought to Chicago for the purposes of forensic examination for authenticity by OMNI.

The related parties opposing LNV in the related cases claim they are individually and collectively victims of a pattern of criminal activity that not only includes the criminal acts identified as a conspiracy to commit mail and wire fraud by the United States Attorney General, and the Attorney Generals for several states, in *United States of America v. Lorraine Brown*, Case No. 3:12-cr-198-J-25 MCR, (M.D. Fla.). Such acts included false fabrication of forged and robo-signed mortgage related documents such as assignments of deed of trust, allonges to notes, affidavits, etc which were then filed with country recorders offices across the country via mail and wire transmissions with knowledge that courts would rely on them as being genuine.

Daniel Andrew Beal ("Beal") and his corrupt organization including his privately owned LNV, his MGC Mortgage Inc. ("MGC"), his LPP Mortgage ltd. ("LPP"), and other shell corporations he creates to launder his financial transactions have not only fabricated such forged and robo-signed mortgage related documents they have: intentionally misappropriated Beal victims' payments with intent to fabricate false defaults; intentionally denied Beal victims of opportunity to refinance; acted in bad faith by making Beal victims highly predatory modification offers that no person in their right mind would accept so he can then claim he made offers that his victims

refused; tampered with evidence; obstructed justice; lied to government officials; threatened and/or intimidated Beal victims to shut them up; apparently bribed or otherwise improperly influenced government employees and judicial officers; and Beal in collusion and conspiracy with his LPS agents and attorneys have knowingly used such forged and robo-signed mortgage related documents with intent to deceive courts and to thereby unconstitutionally deprive Beal victims of their property, and of their liberty to make financial decisions regarding their property or many years, without due process or equal protection of law.  This pattern of criminal activity and unconstitutional deprivations of their constitutional rights have caused the Beal victims to suffer horrific harm.

This pattern of criminal activity is consistent with violations of 15 U.S. Code § 1692 et al; 18 U.S. Code § 201; 18 U.S. Code § 1341 and § 1343; 18 U.S. Code § 1344; 18 U.S. Code § 1512; 18 U.S. Code § 1513; 8 U.S. Code § 1857; and is consistent with "racketeering activity" as defined by 18 U.S. Code § 1961(1)(B).

Due to this pattern of criminal activity extending over many years involving thousands of victims in addition to the parties named in the notices of related cases, Plaintiffs also motion that the alleged "original" notes be placed into the custody of the United States Attorney General and turned over to the United States Bankruptcy Court For the Northern District of Illinois Eastern Division and held as evidence by Judge Donald R. Cassling to ensure the chain of custody to this evidence is preserved until the alleged "original" notes can be examined by OMNI, and hopefully the FBI.

In addition to the aforementioned notes the parties opposing Beal's LNV in the noticed related cases seek examination of all other documents relative to the transaction(s) and contract(s)

between GMAC-RFC and/or other parties and LNV that gives rise to LNV's claim of conveyance and/or assignment(s) of the aforementioned notes and their related deeds of trusts; all documents and contracts specific to the business relationship(s) between LNV and MGC; between LNV and/or MGC and Dovenmuehle Mortgage Inc.; and between LNV and/or MGC and any and all Lender Processing Services ("LPS") aka Black Knight Financial Services affiliated entities; as well as an examination of the LPS Desktop Database referred to in the Bret Maloney deposition in the Swift case by an expert database examiner and/or the FBI.

In the interest of justice to facilitate the transfer of this evidence from Beal to the Beal victims and the United States for examination; the pro-se Beal victims whose related cases have been noticed beseech the United States Attorney to issue in writing, and cause to be served upon D. Andrew Beal, a civil investigative demand requiring him to produce such aforementioned material for examination pursuant to 18 U.S. Code § 1968 et al.

Respectfully Submitted,

_____
JoAnn Breitling

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record and pro-se parties via the Court's CM/ECF system, email, and/or regular mail, and/or certified mail with return receipt requested; and that a correct copy of the foregoing document was served upon The United States Attorney General and the Texas Attorney General at the addresses below:

Attorney General of Texas,
Ken Paxton
P.O. Box 12548
Austin, Texas 78711

Marc Cabera, Jason Sanders,
Robert Mowery
Locke Lord LLP
2200 Ross Ave, # 2200
Dallas, TX 75201

Macdonald Devin, PC
Codilis & Stawiarski
3800 Renaissance Tower
1201 Elm Street
Dallas, TX 75270

U. S. Department of Justice,
Loretta Lynch,
U. S. Attorney General
950 Pennsylvania Ave NW
Washington, DC  20530

_____
JoAnn S Breitling

_____
Samuel G. Breitling