IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL G. BREITLING AND JO ANN BREITLING, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. 3:15-cv-00703-B |
| LNV CORPORATION, ET AL., | § § § | |
| Defendants. | § § | |

**RESPONSE IN OPPOSITION TO MOTION TO DISMISS WITHOUT PREJUDICE**

Defendants MGC Mortgage, Inc. ("MGC") and Dovenmuehle Mortgage, Inc. ("DMI") (collectively, "Defendants") hereby file this Response in Opposition to Plaintiffs Samuel G. Breitling and JoAnn Breitling's ("Plaintiffs" or "Breitlings") Motion to Dismiss Without Prejudice Defendants MGC Mortgage Inc., Codilis & Stawiarski PC and Dovenmuhle Mortgage Inc. (Doc. No. 33) (the "Motion to Dismiss Without Prejudice"), and respectfully show the Court as follows:

**I.
INTRODUCTION**

The Motion to Dismiss Without Prejudice is the Breitlings' latest tactic employed to avoid a dismissal of their claims on the merits with prejudice so that they can ultimately re-file those claims in state court. The Breitlings have a lengthy history of such gamesmanship wherein they will voluntarily dismiss claims without prejudice after years of litigation and thereafter re-filing the same or similar claims. After over a year of litigation in their first lawsuit against MGC and after the court twice granted partial summary judgment in favor of MGC, the Breitlings nonsuited their claims against MGC without prejudice, and then, remarkably, the very

next day, filed a second lawsuit against MGC. After two years of litigation in the second lawsuit, and after MGC obtained partial summary judgment, but before the judgment became final, the Breitlings once again nonsuited their claims against MGC without prejudice. Approximately a year later, the Breitling filed a third lawsuit against MGC, and now, after approximately ten (10) months of litigation, seek to once more dismiss their claims without prejudice against MGC, for the third time, and now DMI as well.

Based on their previous pattern of conduct, the Breitlings are no doubt attempting to prolong their litigation crusade, which has been dragging on for over five years through the nonsuits of the two aforementioned lawsuits and no less than four attorney terminations, by asking this Court to dismiss the claims against MGC and DMI without prejudice. This Court, however, should not allow the Breitlings to manipulate the forum by granting dismissal of the claims against MGC and DMI without prejudice so that the Breitlings can turn right around and re-file those same claims in state court. Therefore, MGC and DMI respectfully request that the Court either dismiss the claims against them **with prejudice** or deny the Motion to Dismiss Without Prejudice and decide this case on the merits.

## II.
## FACTUAL BACKGROUND

A. THE FIRST LAWSUIT

On February 25, 2010, the Breitlings filed suit against MGC in the 116th District Court of Dallas County, Texas in a case styled and numbered *Breitling et al. v. MGC Mortgage, Inc. et al.*, No. DC-10-02189 (the "First Lawsuit").[1] In the First Lawsuit, the Breitlings asserted claims against MGC for violations of the Truth in Lending Act ("TILA") based on their allegations that they were not provided with certain disclosures at the closing of a home equity loan that they

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants respectfully request that the Court take judicial notice of the First Lawsuit. *See* FED. R. EVID. 201.

obtained from Aames Funding Corporation, a California Corporation, DBA Aames Home Loan ("Aames"), and for violations of the Real Estate Settlement Procedures Act ("RESPA") based on, among other things, their allegations that notice of a transfer in the servicing of the home equity loan was purportedly not provided.[2]

### 1. The Home Equity Loan

The Breitlings admit that, on October 20, 2000, they executed a Texas Home Equity Adjustable Rate Note (the "Note") made payable to Aames, as well as a Texas Home Equity Security Instrument (the "Security Instrument"), which granted a security interest in the real property located at 1704 Cornwall Lane, Sachse, Texas 75048 (the "Property") to secure repayment of the Note.[3] The Note and Security Instrument, along with any amendments and supplements thereto and all other documents and instruments the Breitlings executed in connection therewith relating to the Property, are collectively referred to herein as the "Home Equity Loan." The Breitlings further admitted that MGC became the servicer of the Home Equity Loan in June 2008.[4]

### 2. Nonsuit of the First Lawsuit

**After over a year of litigation, on June 6, 2011, the Breitlings nonsuited their claims against MGC without prejudice in the First Lawsuit.**[5] The nonsuit was filed after MGC was required to retain counsel, make an appearance, and incur costs to mount a defense. Before the nonsuit, the court granted partial summary judgment in favor of MGC on two occasions.[6]

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants respectfully request that the Court take judicial notice of the Second Amended Original Petition filed in the First Lawsuit. *See* FED. R. EVID. 201.

[3] *See* First Lawsuit, Second Amended Original Petition ¶ 7.

[4] *See id.* ¶ 10.

[5] Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants respectfully request that the Court take judicial notice of the Notice of Nonsuit Against Defendant filed in the First Lawsuit. *See* FED. R. EVID. 201.

[6] *See* First Lawsuit, Final Judgment.

Approximately two months before the nonsuit, on the eve of the hearing for the second motion for summary judgment, the Breitlings terminated their counsel of record, Emil Lippe, Jr. of the Law Office of Lippe & Associates.  In his motion to withdraw, the Breitlings' former counsel advised the court that "the Breitlings have discharged counsel, effective immediately . . . withdrawal is mandatory, and counsel cannot ethically continue to represent" the Breitlings.[7]

B.   **THE SECOND LAWSUIT**

**The very next day, on June 7, 2011, the Breitlings filed another suit against MGC** in the 116th District Court of Dallas County, Texas in a case styled and numbered *Breitling et al. v. MGC Mortgage, Inc.*, No. DC-11-07087 (the "Second Lawsuit").[8]

1.   **Claims**

In the Second Lawsuit, the Breitlings asserted claims relating to the servicing of the Home Equity Loan for: (1) fraud, statutory fraud, and fraud by misrepresentation; (2) violations of the Deceptive Trade Practices-Consumer Protection Action ("DTPA") and Texas Debt Collection Practices Act ("TDCA"); (3) negligence and gross negligence; (4) unreasonable debt collection; (5) breach of fiduciary duty; and (6) breach of contract.[9]

2.   **Nonsuit of the Second Lawsuit**

**After two years of litigation and after MGC obtained partial summary judgment, but before the judgment became final, on July 25, 2013, the Breitlings once again nonsuited**

---

[7] *See* First Lawsuit, Motion of Email Lippe, Jr. and Lippe & Associates to Withdraw as Counsel for Plaintiffs ¶ 1.

[8] Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants respectfully request that the Court take judicial notice of the Second Lawsuit.  *See* FED. R. EVID. 201.  On June 27, 2011, the Second Lawsuit was transferred from the 44th District Court to the 116th District Court.

[9] Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants respectfully request that the Court take judicial notice of the First Amended Original Petition filed in the Second Lawsuit.  *See* FED. R. EVID. 201.

**their claims against MGC without prejudice.**[10]  Here too, the second nonsuit was filed after MGC was required to retain counsel, make an appearance, and incur costs to mount a defense. Before the nonsuit and after mediation, the parties abated the case one month before the upcoming trial setting to continue to explore settlement options, but one month after the requested abatement, the Breitlings' counsel, Patricia W. McCartney of the McCartney Law Firm, withdrew from representing the Breitlings.[11]

C.     THE FORECLOSURE LAWSUIT

Because the Breitlings had failed to make their payments on the Home Equity Loan, on April 15, 2014, LNV Corporation ("LNV") filed a lawsuit against the Breitlings in the 134th District Court of Dallas County, Texas (the "District Court") in a case styled and numbered *LNV Corporation, Its Successors and Assigns v. Breitling et al.*, No. DC-14-04053 (the "Foreclosure Lawsuit").[12]  In the Foreclosure Lawsuit, LNV sought to enforce its rights as the owner and holder of the Note and Security Instrument, and to foreclose on the Property.[13]  Within approximately one month of their appearance as counsel for the Breitlings, Robert "Chip" C. Lane and Anh Thu Dinh of the Lane Law Firm withdrew from representing the Breitlings stating that "the Breitlings have been unreasonably difficult by insisting on taking courses of action, contrary to the best judgment and advise of the Firm."[14]  The withdraw of the Breitlings' former counsel also occurred less than a month after LNV moved for summary judgment.

---

[10] Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants respectfully request that the Court take judicial notice of the Notice of Nonsuit Against Defendant filed in the Second Lawsuit.  *See* FED. R. EVID. 201.

[11] *See* Second Lawsuit, Unopposed Motion to Withdraw and Order Motion to Withdraw.

[12] Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants respectfully request that the Court take judicial notice of the Foreclosure Lawsuit.  *See* FED. R. EVID. 201.

[13] Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants respectfully request that the Court take judicial notice of the Original Petition for Foreclosure filed in the Foreclosure Lawsuit.  *See* FED. R. EVID. 201.

[14] *See* Foreclosure Lawsuit, Motion to Withdraw as Counsel for Defendants Samuel G. Breitling and Jo Ann Breitling ¶¶ 5, 7, 10.

On August 4, 2014, a Final Judgment in Rem Only with Home Equity Foreclosure Order (the "Final Judgment") was entered in favor of LNV authorizing the foreclosure of the Property pursuant to the terms of the Security Instrument, Section 51.002 of the Texas Property Code, and applicable Texas Law.[15]

**D.   THE INSTANT LAWSUIT**

On August 29, 2014, the Breitlings filed suit against Defendants, among others, in the 101st Judicial District Court of Dallas County, Texas, No. DC-14-09604, which was subsequently removed to this Court on March 3, 2015 (the "Instant Lawsuit").  *See* Doc. No. 1. Despite their own admissions that they stopped making payments on their Home Equity Loan, the Breitlings nonetheless assert unsubstantiated claims against Defendants for violations of TILA, RESPA, and the TDCA, abuse of process and fraud on the court, fraud, civil and criminal conspiracy, and quiet title relating to the Home Equity Loan.  *See* Original Petition (the "Petition") at pp. 11-23.

After the parties agreed to continue briefing deadlines and five days before the parties scheduled mediation date, the Breitlings advised Defendants that they had terminated their relationship with their counsel in the instant lawsuit after only one month of representation. The Breitlings' former counsel, J.D. Milks of McKenzie, Schatz & Milks, PLLC filed a motion to withdraw shortly thereafter.[16]  The Breitlings subsequently accused Mr. Milks of "continually work[ing] against their best interests in which [the Breitlings] were forced to terminate their relationship with him . . . ."[17]

On February 20, 2015, before removal of the lawsuit to this Court, MGC and DMI filed

---

[15] Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants respectfully request that the Court take judicial notice of the Final Judgment entered in the Foreclosure Lawsuit.  *See* FED. R. EVID. 201.

[16] *See* Doc. Nos. 19, 22, 24.
[17] *See* County Court Eviction Action, Notice of Related Case and Motion to Stay Proceedings at p. 1.

an answer to the Petition, wherein MGC and DMI pled, as an affirmative defense, that Plaintiffs failed to state a claim upon which relief can be granted. *See* Doc. No. 1, its Exs. C-18 and C-19.

### E. FORECLOSURE OF THE PROPERTY

On September 2, 2014, the Property was sold at a foreclosure sale to LNV pursuant to a Substitute Trustee's Deed (the "Trustee's Deed").[18]

### F. EVICTION ACTION

On December 30, 2014, LNV, through its foreclosure counsel Buckley Madole, P.C., sent the Breitlings written demand to vacate the Property. The Breitlings, however, refused to vacate the Property. Accordingly, on January 12, 2015, LNV filed a Sworn Complaint for Forcible Detainer in the Justice of the Peace Court, Precinct 2, Dallas County, Texas, in a case styled *LNV Corporation v. Samuel G. Breitling, Jo Ann Breitling, and All Other Occupants of 1704 Cornwall Lane, Sachse, Texas 75048*, No. JE15-00071D (the "Justice Court Eviction Action").[19] Following a January 26, 2015 jury trial, LNV was awarded possession of the Property in the Justice Court Eviction Action.

Thereafter, the Breitlings appealed the judgment for possession rendered in the Justice Court Eviction Action to Dallas County Court at Law Number 3, No. CC-15-00911-C (the "County Court Eviction Action") for a trial *de novo*.[20] On May 8, 2015, LNV was awarded possession of the property in the County Court Eviction Action.

### G. MGC AND LNV'S MOTION TO DISMISS

On March 9, 2015, MGC and LNV filed their Motion to Dismiss and Brief in Support,

---

[18] Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants respectfully request that the Court take judicial notice of the Trustee's Deed, which is filed in the Official Public Records of Dallas County, Texas at Instrument No. 201400229264. *See* FED. R. EVID. 201.

[19] Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants respectfully request that the Court take judicial notice of the Justice Court Eviction Action.

[20] Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants respectfully request that the Court take judicial notice of the County Court Eviction Action.

requesting dismissal of the claims asserted against them with prejudice. *See* Doc. No. 6. Plaintiffs filed their Objection on April 30, 2015. *See* Doc. No. 26. On May 11, 2015, MGC and LNV filed their Reply in Support of Motion to Dismiss. *See* Doc. No. 27.

### H. MOTION FOR LEAVE TO AMEND AND MOTION FOR REMAND

On March 27, 2015, the Breitlings filed a Motion for Leave (Doc. No. 12) seeking leave to abandon their claims for TILA, RESPA, and FDCPA, among others. In their proposed First Amended Complaint, the Breitlings assert state law claims for trespass to title, conversion, wrongful foreclosure, and common law fraud, as well as claims for violation of the Texas Constitution and DTPA based on their challenges to the assignments of the Security Instrument and/or purported deficiencies with the origination of the Home Equity Loan. *See* Amended Complaint ¶¶ 5-20. Contemporaneously with the filing of the Motion for Leave, the Breitlings filed a Motion for Remand (Doc. No. 11) arguing that the Court should remand this case back to state court because their proposed Amended Complaint abandons the previously asserted federal law claims. *See* Motion for Remand ¶ 4.

On May 13, 2015, MGC, DMI, and LNV filed their Response in Opposition to the Motion for Leave (Doc. No. 30) and Response in Opposition to Motion for Remand (Doc. No. 29).

### I. MOTION TO DISMISS WITHOUT PREJUDICE

On May 27, 2015, Plaintiffs filed their Motion to Dismiss Without Prejudice, requesting that the Court dismiss MGC and DMI from this lawsuit without prejudice because they are agents for LNV, and therefore, according to Plaintiffs, any wrongdoing that MGC and DMI committed was done under the direction of LNV and is the responsibility of LNV. *See* Motion to Dismiss Without Prejudice at p. 1.

## III.
## THE COURT SHOULD EITHER DISMISS THE CLAIMS AGAINST MGC AND DMI WITH PREJUDICE OR DENY THE MOTION TO DISMISS WITHOUT PREJUDICE

The Motion to Dismiss Without Prejudice is the latest transparent attempt employed by the Breitlings to avoid a dismissal of their claims on the merits with prejudice so that they can ultimately re-file those claims in state court.  Therefore, MGC and DMI respectfully request that the Court put an end to the Breitlings' gamesmanship and forum manipulation and either dismiss the claims against them **with prejudice** or deny the Motion to Dismiss Without Prejudice and decide this case on the merits.

## IV.
## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court either dismiss the claims against them with prejudice or deny the Motion to Dismiss Without Prejudice and grant all such other and further relief, in law or in equity, to which Defendants may be justly entitled.

Respectfully submitted,

 /s/ Marc D. Cabrera
**Robert T. Mowrey**
  State Bar No. 14607500
  rmowrey@lockelord.com
**Jason L. Sanders**
  State Bar No. 24037428
  jsanders@lockelord.com
**Marc D. Cabrera**
  State Bar No. 24069453
  mcabrera@lockelord.com

**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
T: (214) 740-8000
F: (214) 740-8800

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record and pro se parties *via the Court's CM/ECF system, regular mail, and/or certified mail, return receipt requested* on this 17th day of May 2015.

                                                             /s/ Marc D. Cabrera
                                                             Counsel for Defendants