IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL G. BREITLING AND JO ANN BREITLING, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. 3:15-cv-00703-B |
| LNV CORPORATION, ET AL., | § § § | |
| Defendants. | § | |

**RESPONSE IN OPPOSITION TO MOTION TO
VACATE JUDGE TILLERY'S VOID ORDER**

Defendant LNV Corporation ("LNV") hereby files this Response in Opposition to Plaintiffs Samuel G. Breitling and JoAnn Breitling's ("Plaintiffs") Motion to Vacate Judge Tillery's Void Order (the "Motion to Vacate"), and respectfully shows the Court as follows:

## I.
## INTRODUCTION

The Motion to Vacate is without merit and should be denied because this Court is without jurisdiction to overturn a final state court judgment under the *Rooker-Feldman* doctrine. Plaintiffs improperly attempt to collaterally attack a final state court judgment rendered in a previous lawsuit in which the court determined that LNV may foreclose on the property at issue in accordance with the terms of the security instrument, Section 51.002 of the Texas Property Code, and applicable law. However, pursuant to the *Rooker-Feldman* doctrine, this Court is without jurisdiction to vacate a final judgment of a Texas state court. Notwithstanding that the Court lacks jurisdiction to vacate the final state court judgment, LNV's right to foreclose on the property at issue has already been litigated, and, as a result, Plaintiffs' challenge to such right is barred by res judicata.

## II.
## BACKGROUND

By their own numerous admissions, Plaintiffs have stopped making their mortgage payments on their home equity loan. This elective default remains uncured with no payments being tendered for more than four years.[1] On April 15, 2014, LNV, as mortgagee, filed an *in rem* proceeding to foreclose on the property at issue in the 134th District Court of Dallas County, Texas styled and numbered *LNV Corporation, Its Successors and Assigns v. Samuel G. Breitling, et al.*, No. DC-14-04053 (the "State Court Foreclosure Action"). On August 4, 2014, the state district court entered a final judgment granting LNV's motion for summary judgment and determined that LNV may proceed with the foreclosure of the property at issue in accordance with the terms of the security instrument, Section 51.002 of the Texas Property Code, and applicable law (the "State Court Final Judgment").

Thereafter, Plaintiffs filed the instant action asserting an assortment of state and federal law claims against multiple defendants relating to, *inter alia,* the origination and servicing of their home equity loan. Plaintiffs subsequently filed this Motion to Vacate, which is their second motion to vacate, wherein they again request that the Court vacate the State Court Final Judgment rendered in the State Court Foreclosure Action.

## II.
## ARGUMENT AND AUTHORITIES

The Motion to Vacate is nothing more than an improper attempt to collaterally attack a final state court judgment. Pursuant to the *Rooker-Feldman* doctrine, the Court is without jurisdiction to vacate the State Court Final Judgment. Plaintiffs' challenge of the State Court Final Judgment is also barred by *res judicata*. Finally, Plaintiffs' contention that the State Court

---

[1] In that same time period, LNV has advanced more than $40,000 towards unpaid property taxes and insurance.

**RESPONSE IN OPPOSITION TO MOTION TO VACATE**             **PAGE 2**

Final Judgment is subject to collateral attack because it is void lacks merit. Accordingly, the Motion to Vacate is without a legal or factual basis and should be denied.

A. **THIS COURT LACKS JURISDICTION TO VACATE THE STATE COURT FINAL JUDGMENT BASED ON THE *ROOKER-FELDMAN* DOCTRINE**

The *Rooker-Feldman* doctrine serves the narrow and important purpose of precluding federal district courts from exercising subject-matter jurisdiction over collateral attacks to overturn final state court judgments. *See Morris v. Am. Home Mortg. Servicing, Inc.*, 443 F. App'x 22, 24 (5th Cir. 2011) (*Rooker-Feldman* doctrine bars federal district court from exercising subject matter jurisdiction to overturn a state court judgment); *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005) (stating that *Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.") (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)); *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (federal courts lack jurisdiction to review, modify, or nullify final orders of state courts).[2]

Simply put, Plaintiffs' request constitutes an impermissible collateral attack on the final judgment of a Texas state court, and pursuant to the *Rooker-Feldman* doctrine, this Court is precluded from exercising subject-matter jurisdiction to vacate the State Court Final Judgment and void the foreclosure sale of the property at issue. *See Morris*, 443 F. App'x at 24; *Exxon Mobil Corp.*, 544 U.S. at 284; *Weekly*, 204 F.3d at 615; *Chamberlin*, 2011 WL 1627080, at *4;

---

[2] *See also, Liedtke v. State Bar of Tex.,* 18 F.3d 315, 317 (5th Cir. 1994) (stating that "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments" under the *Rooker-Feldman* doctrine); *Chamberlin v. 625 Orleans, LP,* No. 1:11-cv-140, 2011 WL 1627080, at *4 (E.D. Tex. Apr. 18, 2011) (stating that *Rooker-Feldman* precludes federal district courts from exercising subject-matter jurisdiction over collateral attacks on state court judgments); *Federal Nat. Mortg. Ass'n v. Smith,* No. 3:13-cv-1091, 2013 WL 1759521, at *1 (N.D. Tex. Apr. 5, 2013) rec. adopted, 2013 WL 1763479 (N.D. Tex. Apr. 24, 2013) (holding that court lacked jurisdiction to review and reject a final state court judgment under *Rooker-Feldman* doctrine); *Tarrant v. Cearly,* No. 3:08-CV-1446-M ECF, 2008 WL 4539564, at *3 (N.D. Tex. Oct. 8, 2008) (Lynn, J.) ("the *Rooker–Feldman* doctrine divests this Court of jurisdiction to the extent Plaintiff seeks to review or nullify final orders entered in state court.")

*Liedtke*, 18 F.3d at 317; *Smith*, 2013 WL 1759521, at *1. Accordingly, the Motion to Vacate lacks merit and should be denied.

**B.   THE DOCTRINE OF RES JUDICATA PRECLUDES PLAINTIFFS' CHALLENGE TO LNV'S RIGHT TO FORECLOSE**

Plaintiffs' challenge to LNV's right to foreclose is likewise barred by the doctrine of *res judicata*. *Res judicata* bars the subsequent litigation of claims that either have been litigated or should have been raised in an earlier suit. *See Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009); *Mitchell v. Fort Davis State Bank*, 243 S.W.3d 117, 122 (Tex. App.—El Paso 2007, no pet.). The purpose of the doctrine is to preclude parties from contesting matters that they have had a full and fair opportunity to litigate with the goal of conserving judicial resources, minimizing the possibility of inconsistent decisions, and protecting parties from the expense and vexation of attending to multiple lawsuits. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

In the State Court Foreclosure Action, Plaintiffs had a full and fair opportunity to litigate and challenge LNV's right to foreclose on the subject property. The state district court, pursuant to the State Court Final Judgment, granted LNV's motion for summary judgment, and determined that LNV was able to proceed with the foreclosure in accordance with the terms of the security instrument, Section 51.002 of the Texas Property Code, and applicable law. Further, the Plaintiffs were afforded their full panoply of appellate rights once the judgment was entered, yet failed to exercise those rights. Consequently, Plaintiffs' latest challenge to LNV's right to foreclose is barred by *res judicata* because: (1) both Plaintiffs and LNV were parties in the State Court Foreclosure Proceeding; (2) the state district court was of competent jurisdiction to render the State Court Final Judgment, which is a final judgment on the merits; and (3) the challenge to the foreclosure is based on the same nucleus of operative facts involved in the State Court Foreclosure Action and the instant action, as both involve Plaintiffs' complaints about the actions

of the state district court judge and others relating to the property at issue. *See In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007) (elements); *Citizens Ins. Co. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007) (same).

C.  **PLAINTIFFS' ARGUMENTS THAT THE STATE COURT FINAL JUDGMENT IS VOID TO COLLATERALLY ATTACK IT ARE MISPLACED**

In their Motion to Vacate, Plaintiffs request that the Court vacate the State Court Final Judgment because it is allegedly void. First, Plaintiffs maintain that it is void because Judge Tillery violated Plaintiffs' constitutional rights. Second, Plaintiffs contend that it is void because it was issued based on acts of intrinsic and extrinsic fraud perpetrated against Plaintiffs. Neither of these arguments are true and even if they were, both lack merit.

In Texas, a judgment is only void if "the rendering court (1) lacked jurisdiction over the party or his property; (2) lacked jurisdiction over the subject matter of the suit; (3) lacked jurisdiction to enter the particular judgment rendered; or (4) lacked the capacity to act as a court." *United States v. Shepherd*, 23 F.3d 923, 925 n.5 (5th Cir. 1994). Even if one of these defects exist, which they do not, a federal court may not void a judgment unless the defect appears on the face of the judgment. *Steph v. Scott*, 840 F.2d 267, 270 (5th Cir. 1988). Purported defects that are not reflected on the face of a judgment are only correctable on a direct appeal to a Texas appellate court. For reasons known only to Plaintiffs, they failed to file an appeal. Plaintiffs' Motion to Vacate is devoid of any factual or legal basis to empower this Court to void the State Court Final Judgment. Even if Plaintiffs lodged such allegations, the defects are absent from the face of the State Court Final Judgment, which is mandatory for the State Court Final Judgment to be void.

## IV.
## CONCLUSION

Based on the foregoing, the Court should deny the Motion to Vacate, and grant LNV all other and further relief in law or in equity to which it may be entitled.

Respectfully submitted,

/s/   Marc D. Cabrera
**Robert T. Mowrey**
 State Bar No. 14607500
 rmowrey@lockelord.com
**Jason L. Sanders**
 State Bar No. 24037428
 jsanders@lockelord.com
**Marc D. Cabrera**
 State Bar No. 24069453
 mcabrera@lockelord.com

**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
T: (214) 740-8000
F: (214) 740-8800

**ATTORNEYS FOR DEFENDANT LNV CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record and pro se parties *via the Court's CM/ECF system, regular mail, and/or certified mail, return receipt requested* on this 12th day of August 2015.

 /s/ Marc D. Cabrera
Counsel for Defendant LNV Corporation