SAMUEL G. BREITLING
JO ANN BREITLING
1704 Cornwall
Sachse, TX 75048
Email: joannbreitling@yahoo.com
Telephone: 214-674-6572

Plaintiffs Pro Se

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| SAMUEL G. BREITLING, JO ANN BREITLING;<br><br>Plaintiff(s),<br><br>vs.<br><br>LNV CORPORATION, ET AL,<br><br>Defendant(s). | CASE NO. 3:15-CV-00703-B<br><br>**PLAINTIFF'S MOTION FOR DISQUALIFICATION OF HONORABLE JUDGE JANE J. BOYLE**<br><br>[Pursuant to 28 U.S.C. §455 et seq.]<br><br>FILED CONCURRENTLY WITH:<br>(1) BREITLING DECLARATION<br><br>Assigned to: Hon. Judge Jane J. Boyle<br><br>Removed March 3, 2015 |

**PLAINTIFF'S EX PARTE APPLICATION FOR
DISQUALIFICATION OF HONORABLE JUDGE JANE J. BOYLE**

Pursuant to 28 U.S.C. § 455(a) and 28 U.S.C. § 455(b)(4), Plaintiffs Samuel G. Breitling and Jo Ann Breitling, respectfully move for Judge Jane J. Boyle to disqualify herself immediately from this proceeding. Plaintiff's further move for a decision to VOID all judgments, orders, decisions and opinions Judge Boyle rendered in this case and to STRIKE the same from the record.

**STATEMENT OF FACT**

Honorable Judge Jane J. Boyle is the wife of John J. Boyle (the "Boyles"). John J. Boyle ("Boyle") was a Dallas Police Officer (Badge No. 4323) from 1979 until his retirement in or about 1999. Plaintiff Samuel G. Breitling was also a Dallas Police Officer at the same time (from 1970 to 2002) that John J. Boyle was a Dallas Police Officer. Breitling knew Boyle and had occasional contact him and both Breitling and Boyle have common friends.

Plaintiffs filed a "Notice of Constitutional Question" with this Court (Dkt. 37) and with U.S. Attorney Sarah Saldana in Dallas, Texas on June 1, 2015 (FFN 3041185). John J. Boyle works in the office of U. S. Attorney Sarah Saldana in Dallas, Texas during the eight months of correspondence between Plaintiffs and Ms. Saldana's office regarding the criminal misconduct of the Defendant.

At a status conference on June 1, 2015, Plaintiffs informed the Court that Plaintiffs had filed a "Notice of Constitutional Question" with U.S. Attorney Sarah Saldana in Dallas, Texas. The honorable judge failed to disclose to the Plaintiffs that her husband works in the same U.S. Attorney's office where the Plaintiffs filed their complaint.

Plaintiff's Breitling and the Boyles are both plaintiffs in Supreme Court of Texas Case No. 13-0940 -- a class-action lawsuit against the Dallas Police Department filed in State Court in 1994 by the Dallas Police Union. Both the Boyle's and the Breitling's are members of the Dallas Police & Fire Pension Fund.

**LEGAL ARGUMENT**

**I. DISQUALIFICATION IS REQUIRED BECAUSE JUDGE BOYLE'S IMPARTIALITY MIGHT REASONABLY BE QUESTIONED**

Section 455(a) requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The goal of section 455(a) is to avoid even the appearance of partiality," Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 860 (1988) (quotation marks omitted), and thus "*what*

*matters is not the reality of bias or prejudice but its appearance,"* Liteky v. United States, 510 U.S. 540, 548 (1994). In other words, so long as a judge's impartiality might reasonably be questioned, recusal is required *"even though no actual partiality exists … because the judge actually has no interest in the case or because the judge is pure in heart and incorruptible."* Liljeberg, 486 U.S. at 860 (quotation marks omitted). The standard for assessing whether section 455(a) requires disqualification is thus "*an objective one*" that "*involves ascertaining whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.*" Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1991) (quotation marks omitted). And because of its "*fact-driven*" nature, analysis "*must be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the unique facts and circumstances of the particular claim at issue.*" United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008) (quotation marks omitted). In performing this analysis, the Court "*must bear in mind that … outside observers are less inclined to credit judges' impartiality and mental discipline than the judiciary itself will be*," and in "*a close case, the balance tips in favor of recusal.*" Id. at 912, 914 (quotation marks omitted).

## II. JUDGE BOYLE'S HUSBAND (AND THUS JUDGE BOYLE) HAVE A FINANCIAL INTEREST IN THE PLAINTIFFS

The facts of this case would plainly lead a reasonable person to conclude that Judge Boyd's impartiality might reasonably be questioned. The judge's husband and Plaintiff Jo Ann Breitling's husband spent decades on the Dallas Police force together. The Boyd's and the Breitling's are members of the Dallas Police Union. The Boyd's and the Breitling's are both plaintiffs in a 21-year old case involving the close knit community of the Dallas Police Department filed by their Union. The Boyle's and the Breitlings could even be required to appear and give testimony in the State Supreme Court case as class plaintiffs. Further, the honorable judge's husband works for U.S. Attorney Sarah Saldana, which is where the Plaintiffs filed complaints and communicated

PLAINTIFF'S MOTION FOR DISQUALIFICATION
OF HONORABLE JUDGE JANE J. BOYLE
Breitling, et al vs. LNV Corporation, et al, Case No. 3:15-CV-00703-B

with Ms. Saldana's legal staff over the course of the last eight months -- which is from the outset of this case.   Even if the Plaintiffs were to prevail in this case, the Defendant would have the decision overturned on appeal pursuant to on 28 U.S.C. § 455(a) and 28 U.S.C. § 455(b)(4).  Regardless of how you look at it, Judge Boyle's decisions must be STRIKEN from the record since Judge Boyle's partiality might reasonably be questioned, and since the facts in support thereof are a textbook template for recusal if there ever was one.

## CONCLUSION

For the reasons we have explained, we respectfully request that this motion is GRANTED and Honorable Judge Jane J. Boyle recuse herself immediately.   We further respectfully request that all judgments, orders, decisions and opinions of Judge Boyle are adjudged void and STRICKEN from the record.

Date: December 15, 2015                                          Respectfully Submitted,

_____
Samuel G. Breitling

_____
Jo Ann S. Breitling

# DECLARATION SAMUEL G. BREITLING

I, Samuel G. Breitling declare:

1. I am over the age of 18 years and a party to this action. The facts set forth hereinafter are known to me personally, as will be more fully explained below. If called as a witness, I could and would competently testify to the facts set forth herein.

2. I was a member of the Dallas Police Department from 1970 to my retirement in 2002.

3. John J. Boyle was also a member of the Dallas Police Department from approximately 1979 to his retirement in approximately 1999.

4. John J. Boyle and I had occasional contact at work.

5. John Boyle and I are both members of the Dallas Police & Fire Fund.

6. John J. Boyle is married to Judge Jane J. Boyle (the Boyle's).

7. My wife Jo Ann and I (the "Breitlings") are plaintiffs with the Boyle's in a class action lawsuit filed by our union and involving the Dallas Police Department.

8. John J. Boyle now works for U.S. Attorney Sarah Saldana.

9. We communicated for the past 8 months with Ms. Saldana's office regarding our case and the Defendant's criminal misconduct. Judge Boyle did not disclose to us that her husband John J. Boyle works in the same office after we informed the Court of our pending case in the office where the honorable judge's husband works.

I Samuel G. Breitling declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct. Executed on December 15, 2015 in the State of Texas, County of Dallas.

_____
Samuel G. Breitling

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record and pro-se parties via the Court's CM/ECF system, email, and/or regular mail, and/or certified mail with return receipt requested; and that a correct copy of the foregoing document was served upon The United States Attorney General and the Texas Attorney General at the addresses below:

Attorney General of Texas,
Ken Paxton
P.O. Box 12548
Austin, Texas 78711

Marc Cabera, Jason Sanders,
Robert Mowery
Locke Lord LLP
2200 Ross Ave, # 2200
Dallas, TX 75201

Macdonald Devin, PC
Codilis & Stawiarski
3800 Renaissance Tower
1201 Elm Street
Dallas, TX 75270

U. S. Department of Justice,
Loretta Lynch,
U. S. Attorney General
950 Pennsylvania Ave NW
Washington, DC  20530

_____
JoAnn S Breitling

_____
Samuel G. Breitling