**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SAMUEL G. BREITLING, ET AL.,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | **CIVIL ACTION NO. 3:15-cv-00703-B** |
| | § | |
| **LNV CORPORATION, ET AL.,** | § | |
| | § | |
| Defendants. | § | |

**RESPONSE IN OPPOSITION TO MOTION TO RECONSIDER**

Respectfully submitted,

 /s/ Marc D. Cabrera
**Robert T. Mowrey**
  State Bar No. 14607500
  rmowrey@lockelord.com
**Jason L. Sanders**
  State Bar No. 24037428
  jsanders@lockelord.com
**Marc D. Cabrera**
  State Bar No. 24069453
  mcabrera@lockelord.com

**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
T: (214) 740-8000
F: (214) 740-8800

**ATTORNEYS FOR DEFENDANT**

**TABLE OF CONTENTS**

I. INTRODUCTION ..........................................................................................................................1

II. BACKGROUND ..........................................................................................................................2

    A.    State Court Foreclosure Action ...........................................................................2

    B.    Dismissal of Claims and Leave to Amend ..........................................................2

    C.    Notice of Constitutional Questions .....................................................................2

    D.    Denial of Motion To Vacate ................................................................................3

    E.    Revised Notice of Constitutional Questions .......................................................4

    F.    Motion to Reconsider ..........................................................................................4

III. ARGUMENT AND AUTHORITIES ..........................................................................................5

    A.    Applicable Standard ............................................................................................5

    B.    The Motion to Reconsider Should be Denied ....................................................6

        1.    The Court is Not Required to State Findings of Fact or Conclusions of Law when Ruling on a Motion ...........................................................6

        2.    Arguments That Could Have Been Raised Before Judgment Issued, But Were Not, Do Not Support Reconsideration .......................................7

        3.    The Summary Judgment Procedure is Not Unconstitutional ...........................8

        4.    The Court Properly Denied the Motion to Vacate ..........................................9

IV. CONCLUSION AND PRAYER ................................................................................................11

## **TABLE OF AUTHORITIES**

**CASES**                                                                                                   **PAGE(S)**

*Alvarado v. Boyles*,
　　2013 WL 2247325 (Tex. App.—Amarillo May 17, 2013,
　　no pet.)……………………………………………………………….………8

*Anderson v. Liberty Lobby, Inc.*,
　　477 U.S. 242, 106 S.Ct. 2505 (1986)……………………………………………8

*Benefit Recovery, Inc. v. Donelon*,
　　521 F.3d 326 (5th Cir. 2008)……………………………………...……..5, 7, 8

*Berry v. Indianapolis Life Ins. Co.*,
　　2009 WL 1979262 (N.D. Tex. July 8, 2009)……………………………………5

*Citizens Ins. Co. v. Daccach*,
　　217 S.W.3d 430 (Tex. 2007)……………………………………………………10

*Davis v. U.S. Gov't*,
　　742 F.2d 171 (5th Cir. 1984)…………………………………………………..8

*Deramus v. Resolution Trust Corp.*,
　　111 F. App'x 766 (5th Cir. 2004)……………………………………………...8

*Elementis Chromium L.P. v. Coastal States Petroleum Co.*,
　　450 F.3d 607 (5th Cir. 2006)…………………………………………….5, 7, 8

*Exxon Mobil Corp. v. Saudi Basic Indus.*,
　　544 U.S. 280, 284 (2005)……………………………………………………....9

*Fid. & Deposit Co. of Md. v. United States*,
　　187 U.S. 315, 23 S.Ct. 120, 47 L.Ed. 194 (1902)…………………………………8

*In re Ark-La-Tex Timber Co.*,
　　482 F.3d 319 (5th Cir. 2007)……………………………………………………10

*Johnson v. Texas Serenity Acad., Inc.*,
　　2015 WL 1135947 (Tex. App.—Houston [1st Dist.]
　　Mar. 12, 2015, no pet.)……………………………………………………….8

*Kostic v. Texas A & M Univ. at Commerce*,
　　11 F. Supp. 3d 699 (N.D. Tex. 2014)…………………………………………..5

*Mitchell v. Fort Davis State Bank*,
　　243 S.W.3d 117 (Tex. App.—El Paso 2007, no pet.)………………….......10

*Morris v. Am. Home Mortg. Servicing, Inc.*,
  443 F. App'x 22 (5th Cir. 2011)……………………………………………………...9

*Oreck Direct, LLC v. Dyson, Inc.*,
  560 F.3d 398 (5th Cir. 2009)………………………………………………………...10

*Parker v. Dallas Hunting & Fishing Club*,
  463 S.W.2d 496 (Tex. Civ. App.—Dallas 1971, no writ)…………………………...9

*Plaisance v. Phelps*,
  845 F.2d 107 (5th Cir. 1988)……………………………………………………….8

*Republic Supply Corp. v. Lewyt Corp.*,
  160 F. Supp. 949 (E.D. Mich. 1958)……………………………………………….6

*Rooker v. Fidelity Trust Co.*,
  263 U.S. 413 (1923)…………………………………………………………………9

*Simon v. U.S.*,
  891 F.2d 1154 (5th Cir. 1990)………………………………………………………5

*Steph v. Scott*,
  840 F.2d 267 (5th Cir. 1988)………………………………………………………11

*Templet v. HydroChem Inc.*,
  367 F.3d 473 (5th Cir. 2004)……………………………………...………..5, 7, 8

*United States v. Shepherd*,
  23 F.3d 923, 925 n.5 (5th Cir. 1994)………………………………………………11

*United States ex rel. Colquitt v. Abbott Labs.*,
  864 F. Supp. 2d 499 (N.D. Tex. 2012)……………………………………………..5, 7, 8

*Weekly v. Morrow*,
  204 F.3d 613 (5th Cir. 2000)………………………………………………………..9

**RULES**

Fed. R. Civ. P. 52(a)………………………………………………………………...6, 7

Fed. R. Civ. P. 59(e)………………………………………………………………....1, 4, 5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL G. BREITLING, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:14-cv-3322-M |
| | § | |
| LNV CORPORATION, ET AL., | § | |
| | § | |
| Defendants. | § | |

### RESPONSE IN OPPOSITION TO MOTION TO RECONSIDER

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Defendant LNV Corporation ("Defendant" or "LNV") files this Response in Opposition to Plaintiff JoAnn and Samuel Breitling's ("Plaintiffs") Motion to Reconsider Motion to Vacate Judge Tillery's Void Order (Doc. No. 83) (the "Motion to Reconsider"), and respectfully show the Court as follows:

### I.
### INTRODUCTION

The Motion to Reconsider lacks merit and should be denied because Plaintiffs have failed to demonstrate any manifest error of fact or law, newly discovered or previously unavailable evidence, manifest injustice, or intervening change in the controlling law that would warrant reconsideration. Instead, Plaintiffs raise arguments that could have been made before judgment, but were not, which is not a basis to reconsider a judgment. Moreover, their contention that summary judgments violate their constitutional rights has been roundly rejected by the United States Supreme Court, Fifth Circuit, and Texas state courts. Finally, the state court's final judgment is not void on its face and the *Rooker-Feldman* Doctrine and *res judicata* preclude second guessing it. Accordingly, the Motion to Reconsider should be denied.

## II.
## BACKGROUND

**A.    STATE COURT FORECLOSURE ACTION**

By their own numerous admissions, Plaintiffs stopped making their contractually obligated mortgage payments on the home equity loan that they obtained relating to the real property located at 1704 Cornwall Lane, Sachse, Texas 75048 (the "Property").  Accordingly, on April 15, 2014, Defendant, as mortgagee, filed an *in rem* proceeding to foreclose on the Property in the 134th District Court of Dallas County, Texas in a case styled and numbered *LNV Corporation, Its Successors and Assigns v. Samuel G. Breitling, et al.*, No. DC-14-04053 (the "State Court Foreclosure Action").  On August 4, 2014, the 134th District Court entered a final judgment that granted Defendant's motion for summary judgment and determined that LNV may proceed with the foreclosure of the Property in accordance with the terms of the security instrument, Section 51.002 of the Texas Property Code, and applicable law (the "State Court Foreclosure Order").  Plaintiffs did not appeal the State Court Foreclosure Order.

**B.    DISMISSAL OF CLAIMS AND LEAVE TO AMEND**

Thereafter, Plaintiffs filed the instant action asserting state and federal law claims relating to, among other things, the origination and servicing of their home equity loan.  On October 5, 2015, in its Memorandum Opinion and Order (Doc. No. 70), the Court dismissed Plaintiffs' claims with prejudice except for the claims under the Fair Debt Collection Practices Act and granted Plaintiffs leave to amend their civil conspiracy claim.  *See* Doc. Nos. 70-71.

**C.    NOTICE OF CONSTITUTIONAL QUESTIONS**

On June 1, 2015, Plaintiffs filed a Notice of Constitutional Questions (Doc. No. 37) (the "Notice of Constitutional Questions") challenging the constitutionality of various state and federal statutes.  *See* Notice of Constitutional Questions at pp. 1-2.  Plaintiffs also presented several constitutional questions relating to, among other things: (1) the constitutionality of

various foreclosure-related statutes and rules; (2) the constitutionality of the denial of a motion for judicial notice of adjudicative facts and granting of summary judgment even though a motion for judicial notice of adjudicative facts was filed that would allegedly "defeat a presumptive advantage for the opposing party and would implicate the opposing party as a co-conspirator in a criminal conspiracy"; and (3) alleged due process violations resulting from a delay in ruling on a motion remand. *See* Notice of Constitutional Questions at pp. 11-40.

### D.  DENIAL OF MOTION TO VACATE

On August 3, 2015, Plaintiff filed a Motion to Vacate Judge Tillery's Void Order (Doc. No. 60) (the "Motion to Vacate") that impermissibly collaterally attacked and sought to vacate the State Court Foreclosure Order rendered in the State Court Foreclosure Action. In the Motion to Vacate, Plaintiffs contend that Judge Tillery violated their constitutional rights and that the State Court Foreclosure Order was issued based on fraudulent acts. *See* Motion to Vacate at p. 2. Plaintiffs did not challenge the constitutionality of any of the various state and federal statutes and rules set forth in the Notice of Constitutional Questions. Plaintiffs also did not argue that the Court must address or adjudicate the matters set forth therein before ruling on the Motion to Vacate.

On August 12, 2015, Defendant filed a Response in Opposition to the Motion to Vacate (Doc. No. 65) (the "Response to Motion to Vacate") wherein it argued that: (1) pursuant to the *Rooker-Feldman* doctrine, the Court was precluded from exercising subject-matter jurisdiction to vacate the State Court Foreclosure Order; (2) the right to foreclose on the Property had already been litigated in the State Court Foreclosure Action, and as a result, Plaintiffs' challenge to such right was barred by *res judicata*; and (3) because there was no defect on the face of the State Court Foreclosure Order, the Court could not void the judgment. *See* Response to Motion to Vacate, Sections III(A)-(C). Plaintiffs filed a Reply to Response to Motion to Vacate in which

they also failed to challenge the constitutionality of any of the various state and federal statutes set forth in the Notice of Constitutional Questions. *See* Doc. No. 69.[1] They additionally did not argue that the Court must address or adjudicate the matters set forth therein before ruling on the Motion to Vacate. *Id.* On November 13, 2015, the Court entered an Electronic Order (Doc. No. 73) ("Order Denying Motion to Vacate") properly denying the Motion to Vacate.

E. **REVISED NOTICE OF CONSTITUTIONAL QUESTIONS**

Over two weeks after the Court entered its Order Denying Motion to Vacate, Plaintiffs filed a Revised Notice of Constitutional Questions (Doc. No. 70) (the "Revised Notice of Constitutional Questions") challenging "the constitutionally of summary judgments." *See* Revised Notice of Constitutional Questions at p. 2. Specifically, Plaintiffs alleged that Rule 166(a) of the Texas Rules of Civil Procedure denied them the "right to a trial by jury of their peers." *Id.* at pp. 2, 4.

F. **MOTION TO RECONSIDER**

On December 11, 2015, Plaintiffs filed their Motion to Reconsider requesting that the Court reconsider its Order Denying Motion to Vacate because the order: (1) did not contain any determinations of fact or conclusions of law; and (2) did not address the constitutional questions raised in the Notice of Constitutional Questions and Revised Notice of Constitutional Questions, which, according to Plaintiffs, should have been addressed and adjudicated before ruling on the Motion to Vacate. *See* Motion to Reconsider at p. 2. The Motion to Reconsider, however, falls woefully short of the reconsideration standard set forth in Rule 59(e) of the Federal Rules of Civil Procedure and should be denied.

---

[1] Plaintiffs filed their Reply to LNV's Response in Opposition to Motion to Vacate Judge Tillery's Void Order (the "Reply to Response to Motion to Vacate") on August 24, 2015.

## III.
## ARGUMENT AND AUTHORITIES

### A.   APPLICABLE STANDARD

"The Federal Rules of Civil Procedure do not specifically provide for motions of reconsideration, and thus a motion for reconsideration [is] treated as a motion to alter or amend the judgment under Rule 59(e)." *United States ex rel. Colquitt v. Abbott Labs.*, 864 F. Supp. 2d 499, 539 (N.D. Tex. 2012).  It is well-settled law in the Fifth Circuit that to prevail on a motion for reconsideration, the movant must show either that: "(1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law." *Kostic v. Texas A & M Univ. at Commerce*, 11 F. Supp. 3d 699, 738 (N.D. Tex. 2014) (quoting *United States ex rel. Colquitt*, 864 F. Supp. 2d at 539).  The Rule 59(e) remedy is "extraordinary, and should be used sparingly." *Berry v. Indianapolis Life Ins. Co.*, No. CIV.A. 308CV0248-B, 2009 WL 1979262, at *1 (N.D. Tex. July 8, 2009).  The standard under Rule 59(e) "favors denial of motions to alter or amend a judgment." *Id.*

A Rule 59(e) motion is not the proper "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-479 (5th Cir. 2004).  Thus, a motion for reconsideration "cannot be used to raise arguments which could, and should, have been made before judgment issued" and "cannot be used to argue a case under a new legal theory." *Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 329 (5th Cir. 2008); *Elementis Chromium L.P. v. Coastal States Petroleum Co.*, 450 F.3d 607, 610 (5th Cir. 2006); *Simon v. U.S.*, 891 F.2d 1154, 1159 (5th Cir. 1990).

B.     THE MOTION TO RECONSIDER SHOULD BE DENIED

Plaintiffs argue that the Court should reconsider its Order Denying Motion to Vacate because it neither contained any findings of fact or conclusions of law nor addressed or adjudicated the constitutional questions raised in the Notice of Constitutional Questions and Revised Notice of Constitutional Questions. *See* Motion to Reconsider at p. 2. Specifically, Plaintiffs argue that the Order Denying Motion to Vacate was premature because the Court should have addressed or adjudicated the issue of whether the summary judgment procedure itself is unconstitutional and deprives them of due process and equal protection because it prevents them from their right to a trial by jury. *Id.* at pp. 2, 4, 6-7. Such arguments, however, fail to demonstrate any manifest error of fact or law, newly discovered or previously unavailable evidence, manifest injustice, or intervening change in the controlling law that would warrant reconsideration and the Motion to Reconsider should be denied.

    1.     **The Court is Not Required to State Findings of Fact or Conclusions of Law when Ruling on a Motion**

As an initial matter, Plaintiffs' argument that the Order Denying the Motion to Vacate should be reconsidered because it did not contain findings of fact or conclusions of law does not support reconsideration. Pursuant to Rule 52(a)(3) of the Federal Rules of Civil Procedure, courts are not required to state findings or conclusions when ruling on a motion to vacate. *See* FED. R. CIV. P. 52(a)(3) (findings or conclusions are not required "when ruling on a motion under Rule 12 or 56 or . . . **on any other motion**.") (emphasis added); *see also Republic Supply Corp. v. Lewyt Corp.*, 160 F. Supp. 949, 950 (E.D. Mich. 1958) (stating that, under Rule 52, it was not necessary that the court make findings of fact and conclusions of law upon disposition of a motion to quash, vacate, and set aside service of process). Plaintiffs have not presented any authority requiring the Court to make findings of fact or conclusions of law in the Order Denying Motion to Vacate.

Plaintiffs fail to appreciate that the requirement to make findings of fact and conclusions of law applies only to "actions tried upon the facts." FED. R. CIV. P. 52(a). The arguments presented in the Response to Motion to Vacate were based on either jurisdictional or legal impediments, not factual issues, and as a result, the Order Denying the Motion to Vacate did not address an action tried upon the facts. *See* Motion to Vacate, Section III(A)-(C). Therefore, there is no requirement that the Order Denying the Motion to Vacate contain findings of fact or conclusions of law and the Motion to Reconsider should be denied.

2. **Arguments That Could Have Been Raised Before Judgment Issued, But Were Not, Do Not Support Reconsideration**

Plaintiffs' argument that the Court should reconsider its Order Denying Motion to Vacate because it did not address or adjudicate the constitutional questions raised in the Notice of Constitutional Questions and Revised Notice of Constitutional Questions does not support reconsideration. It is well established that a motion for reconsideration is not the proper "vehicle for . . . arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478-479; *United States ex rel. Colquitt*, 864 F. Supp. 2d at 539. A motion for reconsideration "cannot be used to raise arguments which could, and should, have been made before judgment issued" and "cannot be used to argue a case under a new legal theory." *Benefit Recovery, Inc.*, 521 F.3d at 329; *Elementis Chromium L.P.*, 450 F.3d at 610; *Simon*, 891 F.2d at 1159.

Plaintiffs could have raised this argument before the Court ruled on the Motion to Vacate in their Motion to Vacate or Reply to Response to Motion to Vacate, but they failed to do so. Importantly, however, Plaintiffs did not even file the Revised Notice of Constitutional Questions until after the Court had already entered the Order Denying Motion to Vacate. Regardless, Plaintiffs cannot now, for the first time, raise an argument in the Motion to Reconsider that could have been made before the Court entered the Order Denying Motion to Vacate, but was not. *See*

*Templet*, 367 F.3d at 478-479; *United States ex rel. Colquitt*, 864 F. Supp. 2d at 539; *Benefit Recovery, Inc.*, 521 F.3d at 329; *Elementis Chromium L.P.*, 450 F.3d at 610; *Simon*, 891 F.2d at 1159. Therefore, the Motion to Reconsider should be denied.[2]

### 3. The Summary Judgment Procedure is Not Unconstitutional

Plaintiffs' argument that the summary judgment procedure is unconstitutional and deprives them of due process and equal protection because it prevents them from their right to a trial by jury is frivolous, has been roundly rejected, and does not support reconsideration.

The United States Supreme Court held over 100 years ago that summary judgment does not violate the Seventh Amendment right to trial by jury. *See Fid. & Deposit Co. of Md. v. United States*, 187 U.S. 315, 319-21, 23 S.Ct. 120, 47 L.Ed. 194 (1902); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505 (1986) (holding that there is no right to a jury trial where the evidence is "so one-sided that one party must prevail as a matter of law").

The Fifth Circuit and Texas Courts of Appeal have also held that summary judgment neither violates due process nor the right to trial by jury. *See Plaisance v. Phelps*, 845 F.2d 107, 108 (5th Cir. 1988) ("the right to trial by jury does not prevent a court from granting summary judgment."); *Davis v. U.S. Gov't,* 742 F.2d 171, 173 (5th Cir. 1984); *Deramus v. Resolution Trust Corp.*, 111 F. App'x 766 (5th Cir. 2004) (granting of summary judgment did not deny due process); *Johnson v. Texas Serenity Acad., Inc.*, No. 01-14-00438-CV, 2015 WL 1135947, at *5 (Tex. App.—Houston [1st Dist.] Mar. 12, 2015, no pet.) ("summary judgment under Texas Rule of Civil Procedure 166a does not deprive a party of the constitutional right to a jury trial."); *Alvarado v. Boyles*, No. 07-11-00483-CV, 2013 WL 2247325, at *1 (Tex. App.—Amarillo May 17, 2013, no pet.) ("grant of summary judgment to the opposing party does not violate the

---

[2] Even if Plaintiffs timely raised their arguments regarding the constitutional questions (which they did not), Plaintiffs fail to provide any authority to support the proposition that the Court was required to address or adjudicate the constitutional questions before ruling on the Motion to Vacate.

constitutional right to a jury trial"); *Parker v. Dallas Hunting & Fishing Club*, 463 S.W.2d 496, 501 (Tex. Civ. App.—Dallas 1971, no writ) ("the summary judgment rule . . . does not deprive a litigant of due process of law under either the Constitution of the State of Texas or of the United States.").

Therefore, Plaintiffs' argument that summary judgment is unconstitutional and deprives them of due process and equal protection because it prevents them from their right to a trial by jury is without merit.

### 4. The Court Properly Denied the Motion to Vacate

The Motion to Vacate was properly denied because it was nothing more than an improper attempt to collaterally attack a final state court judgment. Pursuant to the *Rooker-Feldman* doctrine, which serves the narrow and important purpose of precluding federal district courts from exercising subject-matter jurisdiction over collateral attacks to overturn final state court judgments, the Court was, and is, precluded from exercising subject-matter jurisdiction to vacate the State Court Foreclosure Order. *See* Motion to Vacate, Section III(A); *see also Morris v. Am. Home Mortg. Servicing, Inc.*, 443 F. App'x 22, 24 (5th Cir. 2011) (*Rooker-Feldman* doctrine bars federal district court from exercising subject matter jurisdiction to overturn a state court judgment); *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005) (stating that *Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.") (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)); *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (federal courts lack jurisdiction to review, modify, or nullify final orders of state courts). Therefore, Plaintiffs' request to vacate the State Court Foreclosure Order, which constitutes a final state court judgment that the Court is precluded from overturning under the *Rooker-Feldman* doctrine, was

properly denied.

Additionally, the right to foreclose on the Property was already litigated in the State Court Foreclosure Action, and as a result, Plaintiffs' challenge to such right was, and is, barred by *res judicata*. *Id.*, Section III(B). The doctrine of *res judicata* bars the subsequent litigation of claims that either have been litigated or should have been raised in an earlier suit. *See Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009); *Mitchell v. Fort Davis State Bank*, 243 S.W.3d 117, 122 (Tex. App.—El Paso 2007, no pet.). Plaintiffs' challenge to the right to foreclose on the Property is barred by *res judicata* because: (1) both Plaintiffs and LNV were parties in the State Court Foreclosure Order; (2) the 134th District Court was of competent jurisdiction to render the State Court Foreclosure Order, which is a final judgment on the merits; and (3) the challenge to the foreclosure is based on the same nucleus of operative facts involved in the State Court Foreclosure Action and the instant case, as both involve Plaintiffs' complaints about the actions of the state district court judge and others relating to the Property. *See In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007) (elements); *Citizens Ins. Co. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007) (same). Plaintiffs had a full and fair opportunity to litigate and challenge LNV's right to foreclose on the Property in the State Court Foreclosure Action, but chose not to do so.[3] Therefore, Plaintiffs' request to vacate the State Court Foreclosure Order is barred by *res judicata* and was properly denied.

Notwithstanding the above, the Court could not void the State Court Foreclosure Order because no defect appeared on its face. *Id.*, Section III(B). A judgment is only void if "the rendering court: (1) lacked jurisdiction over the party or his property; (2) lacked jurisdiction over the subject matter of the suit; (3) lacked jurisdiction to enter the particular judgment rendered; or

---

[3] In particular, Plaintiffs were free to file an appeal of the State Court Foreclosure Action, but for reasons only known to them, they elected not to appeal and instead filed a motion to recuse Judge Tillery and a motion to vacate the State Court Foreclosure Order, which was denied by operation of law. The State Court Foreclosure Action is over and cannot be resuscitated by collateral attack from a federal case.

**RESPONSE IN OPPOSITION TO MOTION TO RECONSIDER** **PAGE 10**

(4) lacked the capacity to act as a court." *United States v. Shepherd*, 23 F.3d 923, 925 n.5 (5th Cir. 1994). Even if one of these defects exist, which they do not, a federal court may not void a judgment unless the defect appears on the face of the judgment. *Steph v. Scott*, 840 F.2d 267, 270 (5th Cir. 1988). Purported defects that are not reflected on the face of a judgment are only correctable on a direct appeal to a Texas appellate court. Plaintiffs, however, chose not appeal the State Court Foreclosure Order. Nothing in the Motion to Reconsider overcomes these legal shortcomings and the Court properly denied the Motion to Vacate. Therefore, the Motion to Reconsider should be denied.

## IV.
## CONCLUSION AND PRAYER

WHEREFORE, Defendant respectfully requests that the Court deny the Motion to Reconsider, and grant Defendant all such other and further relief, in law or in equity, to which it may be justly entitled.

Respectfully submitted,

/s/ Marc D. Cabrera
**Robert T. Mowrey**
  State Bar No. 14607500
  rmowrey@lockelord.com
**Jason L. Sanders**
  State Bar No. 24037428
  jsanders@lockelord.com
**Marc D. Cabrera**
  State Bar No. 24069453
  mcabrera@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
T: (214) 740-8000
F: (214) 740-8800

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record and pro se parties *via the Court's CM/ECF system, regular mail, and/or certified mail, return receipt requested* on this 18th day of December 2015.

               /s/ Marc D. Cabrera
               Counsel for Defendant