IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL G. BREITLING, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:15-cv-00703-B |
| | § | |
| LNV CORPORATION, ET AL., | § | |
| | § | |
| Defendants. | § | |

---

### RESPONSE IN OPPOSITION TO MOTION TO DISQUALIFY

---

Defendant LNV Corporation ("Defendant") hereby files this Response in Opposition to Plaintiffs Samuel G. Breitling and JoAnn Breitling's ("Plaintiffs") Motion for Disqualification of Honorable Jane J. Boyle (Doc. No. 86) (the "Motion to Disqualify"), and respectfully shows the Court as follows:

## I.
## INTRODUCTION

Disqualification is not warranted in this case. Plaintiffs fail to allege any facts that would lead a reasonable, objective person, when apprised of the relevant circumstances, to question Judge Boyle's impartiality. The basis for Plaintiffs' Motion to Disqualify is the fact that Judge Boyle's husband, John J. Boyle, and Mr. Breitling were allegedly Dallas Police Officers at the same time over 15 years ago. That Mr. Boyle and Mr. Breitling had occasional contact, have common friends, and are both plaintiffs in an unrelated lawsuit (along with hundreds of other individuals) neither calls into question Judge Boyle's impartiality nor demonstrates that Judge Boyle has a financial interest in *this* litigation or Plaintiffs. Similarly, a reasonable person would not question Judge Boyle's impartiality simply because Mr. Boyle worked in the U.S. Attorney's Office for the Northern District of Texas at the same time that Plaintiffs purportedly filed

complaints and corresponded with unidentified legal staff there. Nor can it be said that Judge Boyle has a financial interest in *this* litigation or Plaintiffs based on the above-mentioned circumstances. Thus, there is no legitimate reason to disqualify Judge Boyle and Plaintiffs' attempts to impute Mr. Boyle's attenuated contacts with Mr. Breitling onto Judge Boyle do not serve as a legitimate basis for disqualification. Accordingly, the Motion to Disqualify lacks merit and should be denied.

## II.
## FACTUAL BACKGROUND

On August 29, 2014, the Breitlings filed suit against Defendant, among others, in the 101st Judicial District Court of Dallas County, Texas, No. DC-14-09604, which was subsequently removed to this Court on March 3, 2015. *See* Doc. No. 1. Despite their own numerous admissions that they stopped making payments on their home equity loan, Plaintiffs nonetheless asserted various state and federal law claims relating to, among other things, the origination and servicing of their loan.

On October 5, 2015, in its Memorandum Opinion and Order (Doc. No. 70), the Court dismissed Plaintiffs' claims with prejudice except for the claims under the Fair Debt Collection Practices Act and granted Plaintiffs leave to amend their civil conspiracy claim. *See* Doc. Nos. 70-71.

Approximately two months after the dismissal of such claims, and after approximately nine months of litigation in this Court, Plaintiffs filed their Motion to Disqualify requesting that Judge Boyle recuse herself from presiding over this litigation pursuant to 28 U.S.C. §§ 455(a) and 455(b)(4) because: (1) Mr. Breitling and Mr. Boyle were allegedly Dallas Police Officers at the same time over 15 years ago, had occasional contact, have common friends, and are both plaintiffs, along with hundreds of other individuals, in an unrelated lawsuit against the City of Dallas; and (2) Mr. Boyle worked in the U.S. Attorney's Office for the Northern District of Texas

at the same time that Plaintiffs purportedly filed complaints and corresponded with unidentified legal staff there. *See* Motion to Disqualify at pp. 2-4.

### III.
### ARGUMENT AND AUTHORITIES

A. **APPLICABLE STANDARD**

Plaintiffs base their request for disqualification upon Sections 455(a) and 455(b)(4) of Title 28 of the United States Code. *See* Motion to Recuse at p. 1.

    1.    **Section 455(a)**

Section 455(a) provides that a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Although Section 455(a) "speaks in mandatory language, in actual application," the decision to recuse is "committed to the sound discretion of the district court" and will not be reversed unless there is an abuse of discretion. *In re Chevron U.S.A., Inc.*, 121 F.3d 163, 165 (5th Cir. 1997). The Fifth Circuit has recognized that "each section 455(a) case is extremely fact intensive and fact bound, and must be judged on its unique facts and circumstances rather than by comparison to similar situations considered in prior jurisprudence." *United States v. Jordan,* 49 F.3d 152, 157 (5th Cir. 1995)). A motion to recuse is not "to be used as a judge shopping device." *United States v. Harmon*, 21 F. Supp. 2d 642, 647 (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)). Thus, if a motion to recuse is "not well-grounded, the proper resolution of the motion, both as a matter of law and judicial ethics, is to deny it." *Harmon*, 21 F. Supp. 2d at 646 (stating that "a judge has as strong a duty to sit when there is no legitimate reason to recuse . . . ."); *see also United States v. Snyder*, 235 F.3d 42, 45 (1st Cir. 2000) ("judges are not to recuse themselves lightly under § 455(a).").

To demonstrate that recusal is proper under Section 455(a), the party seeking recusal must establish that "a reasonable person, knowing the circumstances, would question the judge's

impartiality." *Campbell Harrison & Dagley L.L.P. v. Hill*, No. 3:07-CV-2020-L, 2015 WL 7294880, at *3-4 (N.D. Tex. Nov. 19, 2015) (citing *Hollimon v. Potter*, 365 F. App'x 546, 549 (5th Cir. 2010)). "In conducting this review, a court must ask how the facts would appear to a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person.'" *Campbell Harrison & Dagley L.L.P.*, 2015 WL 7294880, at *3-4. "A 'remote, contingent, or speculative' interest is not one 'which reasonably brings into question a judge's partiality.'" *In re Billedaux,* 972 F.2d 104, 106 (5th Cir. 1992) (quoting *In re Drexel Burnham Lambert, Inc.,* 861 F.2d 1307, 1313 (2nd Cir. 1988)).

    2.    **Section 455(b)(4)**

Section 455(b)(4) provides that a judge "shall also disqualify himself . . ." if "he knows that he . . . or his spouse . . . has a financial interest in the subject matter in controversy or in a party to the proceeding . . . ." 28 U.S.C. § 455(b)(4). The term "financial interest" is defined as "ownership of a legal or equitable interest, however small . . . ." 28 U.S.C. § 455(d)(4). A remote, contingent, or speculative interest is not a disqualifying financial interest within the meaning of the disqualification statute. *See Tramonte v. Chrysler Corp.*, 136 F.3d 1025, 1029 (5th Cir. 1998).

B.    THE MOTION TO DISQUALIFY SHOULD BE DENIED

In the case at bar, disqualification is not warranted under Sections 455(a) and 455(b)(4), respectively, because a reasonable, objective person, when apprised of the relevant circumstances, would not question Judge Boyle's impartiality and because Judge Boyle does not have a financial interest in *this* litigation or Plaintiffs.

    1.    **Plaintiffs Fail to Allege Facts That Would Lead a Reasonable, Objective Person to Question Judge Boyle's Impartiality**

The circumstances that form the basis of Plaintiffs' request for disqualification are that Mr. Breitling and Mr. Boyle were allegedly Dallas Police Officers at the same time over 15 years

ago, had occasional contact, have common friends, and are both plaintiffs, along with hundreds of other individuals, in an unrelated lawsuit against the City of Dallas, as well as Mr. Boyle's employment in the U.S. Attorney's Office for the Northern District of Texas at the same time that Plaintiffs purportedly filed complaints and corresponded with unidentified legal staff there. Such circumstances, however, which do not involve Judge Boyle, would not cause a reasonable, objective person to question Judge Boyle's impartiality.

Plaintiffs have failed to provide any authority or demonstrate that a reasonable, objective person would question Judge Boyle's impartiality based on the remote and speculative circumstances that form the basis of Plaintiffs' request for disqualification. In this regard, Plaintiffs do not allege that Judge Boyle and Mr. Breitling worked together, had occasional contact, or have common friends.[1] Nor do Plaintiffs allege that Judge Boyle is a plaintiff in the lawsuit against the City of Dallas with Mr. Breitling. Plaintiffs also do not allege that the legal staff at the U.S. Attorney's Office for the Northern District of Texas communicated with Mr. Boyle regarding the complaints filed and correspondence sent there. Additionally, Plaintiffs neither allege that they communicated with Mr. Boyle regarding the complaints and correspondence nor allege that Mr. Boyle has any knowledge of the complaints or correspondence. There are also no allegations that Mr. Boyle reviewed any of the complaints or

---

[1] Courts have held that a judge's impartiality is not called into question merely based on an alleged friendship between that judge and a person with an interest in the case. The alleged connection with Mr. Boyle that Plaintiffs assert to move to disqualify Judge Boyle in this case is far more attenuated than a friendship. *See, e.g., Haffke v. Godbey*, No. 3-03-CV-0404-D, 2003 WL 21418599, at *2 n.1 (N.D. Tex. Mar. 27, 2003) (rejecting argument that judge's professional and social relationship with the defendant warranted recusal and noting that the "mere allegation of friendship between a judge and a person with an interest in the outcome of the case is not enough to require recusal"); *Blue v. Hill*, No. 3:10-CV-2269-L, 2014 WL 1461613, at *2 (N.D. Tex. Apr. 15, 2014) (friendship between magistrate judge and material witness was not enough to establish a basis for recusal because "friendship alone is not sufficient to disqualify under 28 U.S.C. § 455."); *Vieux Carre Prop. Owners, Residents and Associates v. Brown*, 948 F.2d 1436, 1448 (5th Cir. 1991) (recusal not warranted where judge had close personal and political relationship with the mayor, who had a significant political stake in the outcome of the case); *Parrish v. Bd. of Comm'rs of Alabama State Bar*, 524 F.2d 98, 102 (5th Cir. 1975) (judge's acquaintance or friendship with some defendants, witnesses, and counsel did not require recusal); *see also Sewar Alert Committee v. Pierce County*, 791 F.2d 796 (9th Cir. 1986) ("Friendship with defendants . . . would not lead a reasonable person to conclude that the judge's impartiality might reasonably be questioned.").

**RESPONSE IN OPPOSITION TO MOTION TO DISQUALIFY** **PAGE 5**

correspondence. Plaintiffs further do not allege that any communications occurred between Mr. Boyle and Judge Boyle regarding the complaints and correspondence.

Therefore, the remote and speculative circumstances that form the meritless basis of Plaintiffs' request for disqualification, which solely involve Mr. Boyle, should not be imputed to Judge Boyle and would not lead a reasonable, objection person, knowing such circumstances, to question Judge Boyle's impartiality. Even if Plaintiffs' meritless allegations could be imputed to Judge Boyle, such would still be insufficient to warrant disqualification. Thus, the Motion to Disqualify should be denied.

### 2.    Judge Boyle Has No Financial Interest in *This* Litigation or Plaintiffs

The circumstances that form the basis of Plaintiffs' request for disqualification do not establish that Judge Boyle has a financial interest in *this* litigation or Plaintiffs. Plaintiffs fail to appreciate that Section 455(a) does not mandate recusal where there is an alleged financial interest in other, unrelated litigation, but rather only where there is a financial interest in the "subject matter in controversy or in a party to the proceeding." *See* 28 U.S.C. § 455(b)(4); *see also In re City of Houston*, 745 F.2d 925, 928 (5th Cir. 1984) (analyzing claim for recusal under Section 455(b)(4) where judge's financial interest was alleged to be present in the case she was presiding over); *King v. Farris*, 357 Fed.Appx. 223, 226 (11th Cir. 2009) (district court did not abuse discretion by denying motion for recusal where several years earlier district judge had participated in unrelated litigation in which plaintiff was involved); *Killingsworth v. State Farm Mut. Auto. Ins. Co.*, 254 Fed.Appx. 634, 636 (9th Cir. 2007) (judge did not abuse his discretion in refusing to disqualify himself where he did not have a financial interest in the class action litigation before him, but rather was an unnamed class member in an unrelated class action against the defendant).

The Motion to Disqualify is devoid of any allegations that Judge Boyle has a financial interest in *this* litigation or Plaintiffs that would warrant recusal under Section 455(b)(4). Instead, Plaintiffs allege that Mr. Boyle and Mr. Breitling have a financial interest in unrelated litigation against the City of Dallas.[2] Plaintiffs have provided no authority standing for the proposition that an alleged financial interest in unrelated litigation not involving Judge Boyle, but rather Mr. Breitling and Mr. Boyle, can be imputed to Judge Boyle in *this* litigation. Therefore, Plaintiffs have failed to demonstrate that Judge Boyle has a financial interest in *this* litigation or Plaintiffs and the Motion to Disqualify should be denied.

## IV.
## CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court deny the Motion to Disqualify and grant all such other and further relief, in law or in equity, to which Defendant may be justly entitled.

---

[2] It is unclear whether the request for disqualification under Section 455(b)(4) is based on the allegations that Mr. Breitling and Mr. Boyle were allegedly Dallas Police Officers at the same time over 15 years ago, had occasional contact, have common friends, and that Mr. Boyle worked in the U.S. Attorney's Office for the Northern District of Texas at the same time that Plaintiffs purportedly filed complaints and corresponded with unidentified legal staff there. To the extent that these allegations form the basis of the request for disqualification under Section 455(b)(4), such allegations do not demonstrate that Judge Boyle has a financial interest in *this* litigation or Plaintiffs.

**RESPONSE IN OPPOSITION TO MOTION TO DISQUALIFY**                                              **PAGE 7**

Respectfully submitted,

/s/ Marc D. Cabrera
**Robert T. Mowrey**
State Bar No. 14607500
rmowrey@lockelord.com
**Jason L. Sanders**
State Bar No. 24037428
jsanders@lockelord.com
**Marc D. Cabrera**
State Bar No. 24069453
mcabrera@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
T: (214) 740-8000
F: (214) 740-8800

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record and pro se parties *via the Court's CM/ECF system, regular mail, and/or certified mail, return receipt requested* on this 6th day of January 2016.

/s/ Marc D. Cabrera
Counsel for Defendant