# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **SAMUEL G. BREITLING AND JO ANN BREITLING,** | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | **CIVIL ACTION NO. 3:15-cv-00703-B** |
| **LNV CORPORATION, ET AL.,** | § § § | |
| Defendants. | § | |

---

## RESPONSE TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

---

Respectfully submitted,

/s/ Marc D. Cabrera
**Robert T. Mowrey**
State Bar No. 14607500
rmowrey@lockelord.com
**Jason L. Sanders**
State Bar No. 24037428
jsanders@lockelord.com
**Marc D. Cabrera**
State Bar No. 24069453
mcabrera@lockelord.com

**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
T: (214) 740-8000
F: (214) 740-8800

**ATTORNEYS FOR DEFENDANT**

## TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................1

II.    FACTUAL BACKGROUND ...............................................................................1

     A.    PREVIOUS LAWSUITS ...............................................................................1

     B.    FORECLOSURE ACTION ............................................................................2

     C.    INSTANT LAWSUIT ....................................................................................2

     D.    FORECLOSURE OF THE PROPERTY ...........................................................3

     E.    EVICTION ACTION ....................................................................................3

     F.    PARTIAL DISMISSAL OF CLAIMS ..............................................................3

     G.    MOTION FOR LEAVE TO AMEND ............................................................3

III.    ARGUMENT AND AUTHORITIES ..................................................................4

     A.    THE MOTION FOR LEAVE SHOULD BE DENIED BASED ON UNDUE DELAY, PREJUDICE, AND DILATORY MOTIVE .......................................................4

     B.    THE MOTION FOR LEAVE SHOULD BE DENIED BECAUSE AMENDMENT WOULD BE FUTILE ...................................................................................6

         1.    *Res Judicata* Bars all Plaintiffs' Claims Other Than the Meritless Eviction and Conspiracy to Interfere With Plaintiffs' Civil Rights Claims .................................................................................................6

         2.    Rooker-Feldman Bars Wrongful Foreclosure & FDCPA Claims ...............9

         3.    The Assignment Challenges Fail as a Matter of Law ................................10

         4.    The Breach of Covenant of Good Faith and Fair Dealing Claims Fails as a Matter of Law ........................................................................12

         5.    The Younger Abstention Doctrine Precludes the Wrongful Eviction and Conspiracy Claims and the Wrongful Eviction Claim Otherwise Fails ...............................................................................14

         6.    The RICO Claim Fails as a Matter of Law ................................................15

             i.    *Plaintiffs Fail to Allege Two or More Predicate Acts* ...................17

                a.    The Mail and Wire Fraud Claims Fail as a Matter of Law ...............................................................................17

                b.    The Money Laundering Claim Fails as a Matter of Law ...............................................................................18

                c.    The Bribery Claim Fails as a Matter of Law ....................19

             ii.    *Plaintiffs Have Failed to Establish a Pattern of Racketeering Activity* ....................................................................20

             iii.    *Plaintiffs Have Failed to Establish the Existence of an Enterprise.* .................................................................................21

         7.    The RESPA Claim Fails as a Matter of Law .............................................22

IV.    CONCLUSION....................................................................................................23

## <u>TABLE OF AUTHORITIES</u>

**FEDERAL CASES**

*Agar Corp. v. Multi-Fluids Inc.*,
  No. CIV.A. H-95-5105, 1998 WL 425474 (S.D. Tex. Apr. 17, 1998) ......................................4

*Allstate Ins. Co. v. Donovan*,
  No. CIV.A. H–12–0432, 2012 WL 2577546 (S.D. Tex. July 3, 2012) ...............................22

*Auto-Opt Networks, Inc. v. GTL USA, Inc.*,
  No. 3:14-CV-1252-D, 2014 WL 2719219 (N.D. Tex. June 16, 2014) ...............................16

*Barcenas v. Fed. Home Loan Mortg. Corp.*,
  No. H-12-2466, 2013 WL 286250 (S.D. Tex. Jan. 24, 2013) ...............................10

*Bonton v. Archer Chrysler Plymouth, Inc.*,
  889 F.Supp. 995 (S.D. Tex. 1995) ...............................16

*Briggs v. Mississippi*,
  331 F.3d 499 (5th Cir. 2003) ...............................6

*Brinson v. Universal Am. Mortgage Co.*,
  No. CIV.A. G-13-463, 2014 WL 4354451 (S.D. Tex. Sept. 2, 2014) ...............................11

*Chamberlin v. 625 Orleans, LP*,
  No. 1:11-cv-140, 2011 WL 1627080 (E.D. Tex. Apr. 18, 2011) ...............................9

*Dawkins v. Chase Bank, N.A.*,
  No. 3:13-CV-1308-M-BN, 2013 WL 4494527 (N.D. Tex. Aug. 22, 2013) ...............................12, 13

*Dist. 1199P Health & Welfare Plan v. Janssen, L.P.*,
  784 F. Supp. 2d 508 (D.N.J. 2011) ...............................19

*E.E.O.C. v. Serv. Temps Inc.*,
  679 F.3d 323 (5th Cir. 2012) ...............................4

*Elliott v. Foufas*,
  867 F.2d 877 (5th Cir. 1989) ...............................17

*Exxon Mobil Corp. v. Saudi Basic Indus.*,
  544 U.S. 280 (2005) ...............................9

*Fantroy v. Countrywide Home Loans, Inc.*,
  No. 3:06–CV–1889–K, 2007 WL 2254941 (N.D. Tex. 2007) ...............................13

*Federal Nat. Mortg. Ass'n v. Smith*,
  No. 3:13-cv-1091, 2013 WL 1759521 (N.D. Tex. Apr. 5, 2013) ...............................9

*Flores v. Emerich & Fike,*
    No. 05–0291, 2009 WL 900738 (E.D. Cal. Mar. 31, 2009) ...................................................18

*Gordon v. Neugebauer,*
    No. 1:14-CV-0093-J, 2014 WL 6611991 (N.D. Tex. Nov. 21, 2014)............................ passim

*Holloway v. Wells Fargo Bank, N.A.,*
    No. 3:12–CV–2184–GBH, 2013 WL 1187156 (N.D. Tex. Feb. 26, 2013)............................11

*In re Southmark Corp.,*
    163 F.3d 925 (5th Cir. 1999) ...................................................................................................6

*Inline Corp. v. Tricon Restaurants Int'l,*
    No. 3:00–CV–0990, 2002 WL 1331885 (N.D. Tex. June 14, 2002)........................................4

*Islamic Ass'n of DeSoto, Texas, Inc. v. Mortgage Elec. Registration Sys., Inc.,*
    2012 WL 2196040 (N. D. Tex. June 15, 2012) ......................................................................11

*Kimberlin v. Nat'l Bloggers Club,*
    No. GJH-13-3059, 2015 WL 1242763 (D. Md. Mar. 17, 2015)............................................18

*KPMG Peat Marwick v. Texas Commerce Bank,*
    976 F.Supp. 623 (S.D. Tex. 1997) ..........................................................................................7

*Layfield v. Bill Heard Chevrolet Co.,*
    607 F.2d 1097 (5th Cir. 1979), *cert. denied*, 446 U.S. 939 (1980)..........................................4

*Leonard v. Ocwen Loan Servicing, LLC,*
    No. CIV.A. H-13-3019, 2014 WL 4161769 (S.D. Tex. Aug. 19, 2014) .................................10

*Liedtke v. State Bar of Tex.,*
    18 F.3d 315 (5th Cir. 1994) ....................................................................................................9

*Martinez-Bey v. Bank of Am., N.A.,*
    No. 3:12-CV-4986-G BH, 2013 WL 3054000 (N.D. Tex. June 18, 2013) ............................15

*Martins v. BAC Home Loans Servicing, L.P.,*
    722 F.3d 249 (5th Cir. 2013). ........................................................................................10, 12

*Matter of Southmark Corp.,*
    88 F.3d 311 (5th Cir. 1996) ....................................................................................................4

*Middlesex County Ethics Committee v. Garden State Bar Ass'n,*
    457 U.S. 423 (1982)...............................................................................................................14

*Morris v. Am. Home Mortg. Servicing, Inc.,*
    443 F. App'x 22 (5th Cir. 2011)...............................................................................................9

*Oblio Telecom, Inc. v. Patel*,
 CIV A 308–CV–0279–L, 2009 WL 1650481 (N.D. Tex. June 10, 2009).............................21

*Old Time Enterprises, Inc. v. Int'l Coffee Corp.*,
 862 F.2d 1213 (5th Cir. 1989) ...............................................................................22

*Paul v. Aviva Life & Annuity Co.*,
 No. 3:09-CV-1490-B, 2010 WL 5105925 (N.D. Tex. Dec. 14, 2010) ............................17, 21

*Perry v. Stewart Title Co.*,
 756 F.2d 1197 (5th Cir. 1985) .................................................................................7

*Petro-Hunt LLC v. United States*,
 365 F.3d 385 (5th Cir. 2004) ...................................................................................6

*Richards v. U.S. Bank Nat. Ass'n*,
 No. A-13-CA-600-SS, 2014 WL 1767711 (W.D. Tex. May 1, 2014) ..................................15

*St. Paul Mercury Ins. Co. v. Williamson*,
 224 F.3d 425 (5th Cir. 2000) .................................................................................21

*Tarrant v. Cearly*,
 No. 3:08-CV-1446-M ECF, 2008 WL 4539564 (N.D. Tex. Oct. 8. 2008) .............................9

*Test Masters Educ. Servs., Inc. v. Singh*,
 428 F.3d 559 (5th Cir. 2005) ...................................................................................7

*Texas Ass'n of Business v. Earle*,
 388 F.3d 515 (5th Cir. 2004) .................................................................................14

*Tyler v. Bank of Am., N.A.*,
 No. SA-12-CV-00909-DAE, 2013 WL 1821754 (W.D. Tex. Apr. 29, 2013) ........................11

*United States v. Alaniz*,
 726 F.3d 586 (5th Cir. 2013) .................................................................................18

*W. 79th St. Corp. v. Congregation Kahl Minchas Chinuch*,
 No. 03–8606, 2004 WL 2187069 (S.D.N.Y. Sept. 29, 2004).................................................18

*Water Dynamics, Ltd. v. HSBC Bank USA Nat. Ass'n*,
 No. 4:11-CV-614-A, 2012 WL 34252 (N.D. Tex. Jan. 6, 2012)............................................13

*Weekly v. Morrow*,
 204 F.3d 613 (5th Cir. 2000) ...................................................................................9

*Wiley v. U.S. Bank, N.A.*,
 No. 3:11–cv–1241–B, 2012 WL 1945614 (N.D. Tex. May 30, 2012)....................................13

*Wimm v. Jack Eckerd Corp.*,
  3 F.3d 137 (5th Cir. 1993) ...................................................................................4

*Wood v. Bank of Am.*,
  No. 4:14-CV-00073-O, 2015 WL 2378964 (N.D. Tex. Apr. 23, 2015) ..................................11

*Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer,*
  90 F.3d 118 (5th Cir. 1996) .................................................................................20

*Word of Faith World Outreach Ctr Church v. Morales*,
  986 F.2d 962 (5th Cir. 1993) ...............................................................................14

*Ybarra v. Wells Fargo Bank, N.A.*,
  575 F. App'x 471 (5th Cir. 2014)...........................................................................11

**STATE CASES**

*Chance v. CitiMortgage, Inc.*,
  395 S.W.3d 311 (Tex. App.–Dallas 2013)...................................................................10

*Jones v. First Bank of Anson*,
  846 S.W.2d 107 (Tex. App.—Eastland 1992, no writ)..........................................................7

*Lambert v. First Nat'l Bank of Bowie*,
  993 S.W.2d 833 (Tex. App.—Fort Worth 1999, pet. denied) ...................................................10

*Musgrave v. Owen*,
  67 S.W.3d 513 (Tex. App.—Texarkana 2002, no pet. h.) .......................................................7

*Ruiz v. Stewart Mineral Corp.*,
  202 S.W.3d 242 (Tex. App.–Tyler 2006, pet. denied)..........................................................12

*Sanders v. Blockbuster, Inc.*,
  127 S.W.3d 382 (Tex. App.—Beaumont 2004, pet. denied).......................................................7

*South Plains Switching, Ltd. Co. v. BNSF Ry.*,
  255 S.W.3d 690 (Tex. App.—Amarillo 2008, pet. denied).......................................................7

*State & Cnty. Mut. Fire Ins. Co. v. Miller*,
  52 S.W.3d 693 (Tex. 2001) ...................................................................................8

*Steptoe v. JPMorgan Chase Bank, N.A.*,
  No. 01–14–00813–CV, 2015 WL 1263128 (Tex.App.—Houston [1st Dist.] Mar. 19,
  2015, no. pet. h.) .........................................................................................10

**FEDERAL STATUTES**

12 U.S.C. § 2605(e)(1)(A) ...................................................................................22

12 U.S.C. § 2614 ...................................................................................................23

15 U.S.C. § 1692e ..................................................................................................7

18 U.S.C. § 1961(1) ...............................................................................................16

18 U.S.C. § 201 .................................................................................................16, 19

18 U.S.C. § 201(b) .................................................................................................19

18 U.S.C. § 242 ......................................................................................................16

18 U.S.C. § 495 ......................................................................................................16

18 U.S.C. § 1341 ....................................................................................................16

18 U.S.C. § 1343 ....................................................................................................16

18 U.S.C. § 1957 ...............................................................................................16, 18

18 U.S.C. § 1957(a) ...............................................................................................18

18 U.S.C. § 1961(4) ...............................................................................................21

18 U.S.C. § 1961(5) ...........................................................................................16, 20

42 U.S.C. § 1983 ....................................................................................................16

42 U.S.C. § 1985 ....................................................................................................16

**STATE STATUTES**

Tex. Prop. Code § 51.002 .......................................................................................8

**FEDERAL RULES**

FED. R. CIV. P. 15(a)(2) ...........................................................................................4

FED. R. CIV. P. 12(b)(6) ...........................................................................................6

FED. R. CIV. P. 9(b) ....................................................................................11, 17, 19

FED. R. CIV. P. 8(a) ................................................................................................19

**STATE RULES**

TEX. R. CIV. P. 736 .........................................................................................6, 8, 10

TEX. R. CIV. P. 736.11 ........................................................................................5, 10

TEX. R. CIV. P. 736.11(a) ................................................................................................6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SAMUEL G. BREITLING AND JO ANN** | § | |
| **BREITLING,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 3:15-cv-00703-B** |
| | § | |
| **LNV CORPORATION, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

---

### RESPONSE TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

---

Defendant LNV Corporation ("Defendant" or "LNV") files this Response in Opposition to Plaintiffs Samuel G. Breitling and JoAnn Breitling's ("Plaintiffs") Motion for Leave of the Court to File Plaintiffs' First Amended Complaint (Doc. No. 85) (the "Motion for Leave").

**I.**
**INTRODUCTION**

Plaintiffs seek leave to amend their Original Petition ("Complaint"), but offer no explanation as to why they did not assert such claims in the Complaint, or why they chose to wait until two months after the dismissal of the majority of their claims, almost a year and a half after this lawsuit was filed, and over five years of total litigation comprised of four lawsuits, three of which Plaintiffs initiated, relating to the loan and property at issue. The Motion for Leave should be denied based on undue delay, dilatory motive, prejudice, and futility.

**II.**
**FACTUAL BACKGROUND**

**A.    PREVIOUS LAWSUITS**

On February 25, 2010, Plaintiffs filed suit in the 116th District Court of Dallas County, Texas in a case styled and numbered *Breitling et al. v. MGC Mortgage, Inc. et al.*, No. DC-10-

02189 (the "First Lawsuit"), asserting claims for violations of federal laws relating to the origination and servicing of the home equity loan that they obtained (the "Home Equity Loan") on the real property located at 1704 Cornwall Lane, Sachse, Texas 75048 (the "Property"). After partial summary judgment was granted against them, on June 6, 2011, Plaintiffs nonsuited.

The next day, Plaintiffs filed suit in the 116th District Court of Dallas County, Texas,[1] *Breitling et al. v. MGC Mortgage, Inc.*, No. DC-11-07087 (the "Second Lawsuit"), asserting state and federal claims relating to the servicing of the Home Equity Loan. Again after partial summary judgment was granted against them, on July 25, 2013, Plaintiffs nonsuited their claims.

**B.    FORECLOSURE ACTION**

Plaintiffs admit that they stopped making the payments on the Home Equity Loan. On April 15, 2014, Defendant, as mortgagee, filed an *in rem* proceeding to foreclose on the Property in the 134th District Court of Dallas County, Texas, *LNV Corporation, Its Successors and Assigns v. Samuel G. Breitling, et al.*, No. DC-14-04053 (the "Foreclosure Action"). The Breitlings did not assert any counterclaims in the Foreclosure Action.

On August 4, 2014, the 134th District Court entered a final judgment that granted Defendant's motion for summary judgment and authorized it to proceed with the foreclosure of the Property (the "Final Judgment"). A motion for reconsideration was filed, but it was overruled by operation of law when it was not ruled upon. No notice of appeal was ever filed.

**C.    INSTANT LAWSUIT**

Rather than appealing the Final Judgment, on August 29, 2014, Plaintiffs instead filed the instant lawsuit (the "Instant Lawsuit"), their third lawsuit over the span of five years relating to the Home Equity Loan and the Property, again asserting state and federal law claims relating to, among other things, the origination and servicing of the Home Equity Loan. *See* Complaint.

---

[1] This suit was transferred from the 44th District Court to the 116th District Court.

The Instant Lawsuit was subsequently removed to this Court on March 3, 2015.  *See* Doc. No. 1.

**D.    FORECLOSURE OF THE PROPERTY**

On September 2, 2014, the Property was sold at a foreclosure sale to Defendant pursuant to a Substitute Trustee's Deed (the "Trustee's Deed").

**E.    EVICTION ACTION**

On January 12, 2015, Defendant filed a Sworn Complaint for Forcible Detainer in the Justice of the Peace Court, Precinct 2, Dallas County, Texas, *LNV Corporation v. Samuel G. Breitling, Jo Ann Breitling, and All Other Occupants of 1704 Cornwall Lane, Sachse, Texas 75048*, No. JE15-00071D (the "Justice Court Eviction Action").  Following a January 26, 2015 jury trial, Defendant was awarded possession of the Property.

Plaintiffs appealed the judgment for possession rendered in the Justice Court Eviction Action to Dallas County Court at Law Number 3, No. CC-15-00911-C (the "County Court Eviction Action") for a trial *de novo*.  On May 8, 2015, LNV was awarded possession of the property in the County Court Eviction Action.  Plaintiffs appealed the judgment for possession rendered in the County Court Eviction Action to the Court of Appeals for the Fifth District of Texas, No. 05-15-00677-CV.  The appeal to the Fifth District is currently pending.

**F.    PARTIAL DISMISSAL OF CLAIMS**

On October 5, 2015, in its Memorandum Opinion and Order (Doc. No. 70), the Court dismissed Plaintiffs' claims with prejudice except for the claims under the Fair Debt Collection Practices Act ("FDCPA") and granted Plaintiffs leave to amend their civil conspiracy claim.

**G.    MOTION FOR LEAVE TO AMEND**

On December 16, 2015, Plaintiffs filed their Motion for Leave requesting leave to amend their Complaint.  *See* Motion for Leave at p. 1.  The Motion for Leave does not identify which claims Plaintiffs seek leave to add.  Plaintiffs presumably seek leave to file their First Verified Amended Complaint (Doc. No. 78) (the "Proposed Amended Complaint"), which includes

assignment challenges and claims for wrongful foreclosure, violation of the FDCPA, breach of the covenant of good faith and fair dealing, wrongful eviction, and violations of Racketeer Influenced and Corrupt Organizations Act ("RICO").  *See* Proposed Amended Complaint.

## III.
## ARGUMENT AND AUTHORITIES

Leave to amend under Rule 15(a) of the of the Federal Rules of Civil Procedure should be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2).  Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).  A court may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." *Inline Corp. v. Tricon Restaurants Int'l*, No. 3:00–CV–0990, 2002 WL 1331885, at *1 (N.D. Tex. June 14, 2002).

A.    **THE MOTION FOR LEAVE SHOULD BE DENIED BASED ON UNDUE DELAY, PREJUDICE, AND DILATORY MOTIVE**

The Fifth Circuit has found undue delay, prejudice, and dilatory motive in cases where the moving party, like Plaintiffs, had knowledge of the facts underlying the amendment for a significant period of time and offered no reasonable explanation for the delay.  *See, e.g., Matter of Southmark Corp.*, 88 F.3d 311, 316 (5th Cir. 1996); *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979), *cert. denied*, 446 U.S. 939, 100 (1980); *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012); *Agar Corp. v. Multi-Fluids Inc.*, No. CIV.A. H-95-5105, 1998 WL 425474, at *3 (S.D. Tex. Apr. 17, 1998) ("When considering a motion for leave to amend, the court may properly consider an unexplained delay and whether the facts underlying the amendment were known at the time the original complaint….").

Plaintiffs have unduly delayed seeking leave to amend their Complaint.  Plaintiffs filed their Original Petition in the Second Lawsuit alleging the existence of a scheme involving the

wrongful foreclosure of the Property by "perpetuating a fraud by deception whereby documents were created and filed in order to misrepresent the authority . . . regarding the transfer of rights, title and interest in Plaintiffs' property." *See* Exhibit 1 ¶ 45.[2]  This is the purported conduct supporting Plaintiffs' RICO claims.  Plaintiffs also filed a letter in the Foreclosure Action (the "Letter") in which they alleged that Plaintiffs "had evidence to prove intent to defraud and to show a pattern of enterprise fraud that reached RICO standards."  *See* Exhibit 2 at p. 1.[3] Plaintiffs additionally asserted money laundering allegations in the Foreclosure Action. *See* Exhibit 3 at p. 9.[4]  Plaintiffs further described Defendant as being involved in a "Rackeetering Enterprise" in the Instant Lawsuit over ten months ago.  *See* Exhibit 4 at p. 33.[5]

Plaintiffs filed a Supplement Opposing Plaintiff's Motion for Summary Judgment in the Foreclosure Action wherein they alleged that the assignments of the Texas Home Equity Security Agreement (the "Security Agreement") were falsified, which is another basis for their amended claims.  *See* Exhibit 5 at pp. 3[6]; *see also* Exhibit 3 at pp. 3, 9 (alleging Security Agreement assignments contained forgeries and false statements); Exhibit 4 at p. 2 (allegations relating to forged and falsified assignments of Security Agreement), pp. 23, 28 (allegations challenging assignments of Security Agreement).

Similarly, Plaintiffs delayed asserting their wrongful foreclosure claim despite seeking to vacate the Final Judgment based on allegations that the automatic stay provision of Rule 736.11

---

[2]A true and correct copy of the Original Petition filed in the Second Lawsuit is attached as Exhibit 1 to the Appendix in Support of Response in Opposition to Motion for Leave (the "Appendix") at App. 001-019, and is incorporated herein by reference.

[3]A true and correct copy of the Letter, excluding exhibits, filed in the Foreclosure Action is attached as Exhibit 2 to the Appendix at App. 020-025, and is incorporated herein by reference.

[4]A true and correct copy of Plaintiffs' Motion to Vacate Void Order for Summary Judgment Favoring LNV filed in the Foreclosure Action is attached as Exhibit 3 to the Appendix at App. 026-060, and is incorporated herein by reference.

[5]A true and correct copy of Plaintiffs' Motion for Injunctive Relief or Alternatively for Relief by Vacating Void Court Order and to Set Aside Illegal Sale of Plaintiffs' Property filed in the Instant Lawsuit on February 10, 2015, excluding its exhibits, is attached as Exhibit 4 to the Appendix at App. 061-109, and is incorporated herein by reference.

[6]A true and correct copy of Plaintiffs' Supplement Opposing Plaintiff's Motion for Summary Judgment filed in the Foreclosure Action is attached as Exhibit 5 to the Appendix at App. 110-123, and is incorporated herein by reference.

precluded the foreclosure of the Property over a year ago.  *See* Exhibit 6[7]; *see also* Exhibit 4 at p. 2 (wrongful foreclosure allegations based on violation of automatic stay under Rule 736), pp. 14-22 (strikingly similar allegations regarding violation of Rule 736.11(a) automatic stay as those set forth in the Proposed Amended Complaint).[8]

The Motion for Leave is devoid of any explanation as to why Plaintiffs should be granted leave to amend their Complaint when they could have filed the Proposed Amended Complaint years ago.  The proposed amendments could have and should have been presented in the Petition.  Plaintiffs have acted with dilatory motive seeking to delay the resolution of this action.  Therefore, the Motion for Leave should be denied.

## B.  THE MOTION FOR LEAVE SHOULD BE DENIED BECAUSE AMENDMENT WOULD BE FUTILE

To determine futility, the Fifth Circuit considers whether an amendment could survive a motion to dismiss under Federal Rule 12(b)(6), and if an amendment would fail to state a claim upon which relief could be granted, the court should deny leave to amend.  *See Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003).  Amendment would be futile in this case.

### 1.  *Res Judicata* Bars all Plaintiffs' Claims Other Than the Meritless Eviction and Conspiracy to Interfere With Plaintiffs' Civil Rights Claims

*Res judicata* "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit."  *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999).  For *res judicata* to bar a claim, four requirements must be met: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions."  *Petro-Hunt LLC v. United States*, 365 F.3d 385,

---

[7]A true and correct copy of Plaintiffs' Motion to Vacate Order for Summary Judgment Favoring LNV in Foreclosure Action and to Void the Sale of Our Property to LNV filed in the Instant Lawsuit is attached as Exhibit 6 to the Appendix at App. 124-162, and is incorporated herein by reference.

[8]Plaintiffs have also had knowledge of the alleged facts underlying their wrongful eviction claim for over ten months.  *See* Exhibit 4 at p. 2.

395 (5th Cir. 2004).   Under the Fifth Circuit's "transactional test," a "prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose."   *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).   "The critical issue is whether the two actions are based on the same nucleus of operative facts."   *Id*.   "Where there is a legal relationship, such as [ ] a lease or contract, all claims arising from that relationship will arise from the same subject matter and be subject to res judicata."   *Sanders v. Blockbuster, Inc.*, 127 S.W.3d 382, 386 (Tex. App.—Beaumont 2004, pet. denied).[9]

The wrongful foreclosure, FDCPA,[10] and RICO claims in the Proposed Amended Complaint are barred by *res judicata*.   First, the parties in the Instant Lawsuit and the Foreclosure Action are the same.   Plaintiffs were defendants in the Foreclosure Action.   LNV is a defendant in the Instant Lawsuit and was a plaintiff in the Foreclosure Action.   Second, the Final Judgment in the Foreclosure Action was rendered by the 134th District Court, a court of competent jurisdiction.   Third, the Foreclosure Action was decided on the merits, with a Final Judgment being entered on August 4, 2014.   Plaintiffs did not appeal the Final Judgment and the Foreclosure Action is closed.

---

[9]*See also Jones v. First Bank of Anson*, 846 S.W.2d 107, 108–10 (Tex. App.—Eastland 1992, no writ) (defendant was barred from bringing claims related to collection on a note when bank previously sued for judgment on same note); *South Plains Switching, Ltd. Co. v. BNSF Ry.*, 255 S.W.3d 690, 699-700 (Tex. App.—Amarillo 2008, pet. denied) (claims brought on same contract arise from same transaction); *Musgrave v. Owen*, 67 S.W.3d 513, 520 (Tex. App.—Texarkana 2002, no pet. h.) (claims arising from same covenant must be asserted in original action).

[10]It does not appear that Plaintiffs assert an FDCPA claim against LNV in their Proposed Amended Complaint, but if they do it fails because LNV is not a debt collector under the FDCPA.   The FDCPA prohibits a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.   To assert a claim under the FDCPA, Plaintiffs must first show that LNV is a debt collector. *See KPMG Peat Marwick v. Texas Commerce Bank*, 976 F.Supp. 623, 632 (S.D. Tex. 1997).   LNV is not a debt collector because the Home Equity Loan was not in default when it was assigned to LNV and Plaintiffs do not allege such:   "The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the **consumer's creditors**, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985), citing S. Rep. No. 95-382, 95th Cong., 1st Sess. 3, reprinted in 1977 USCCAN 1695, 1698.  (Emphasis added).

Finally, this action and the Foreclosure Action are based on the same nucleus of operative facts and Plaintiffs' own admissions demonstrate the claims are barred by *res judicata*: "[y]ears of prior litigation between these parties pertaining to the same issues have been heard in the . . . Dallas County District Court[s]."  Complaint at p. 2.  Specifically, the wrongful foreclosure, FDCPA, and RICO claims arise out of the same transaction or occurrence as the claims in the Foreclosure Action because they are all based on the Home Equity Loan. *See State & Cnty. Mut. Fire Ins. Co. v. Miller*, 52 S.W.3d 693, 696 (Tex. 2001).  In the Foreclosure Action, Plaintiffs did not assert any counterclaims against LNV.  Instead, the Instant Lawsuit was filed in which Plaintiffs seek leave to assert claims that existed at the time of the Foreclosure Action, are entirely premised on the legal relationship between the parties arising from the Home Equity Loan, and could have been raised and should have been raised in the Foreclosure Action, but were not.  Moreover, with respect to the wrongful foreclosure claim, the Final Judgment explicitly permits the non-judicial foreclosure of the Property pursuant to Section 51.002 of the Property Code.  The Final Foreclosure Judgment is not a Rule 736 order, does not purport to be such, and is not subject to the stay provisions of Rule 736.  With regard to the FDCPA and foreclosure notices, the Final Judgment states that Plaintiffs were provided demands to cure their default, a notice of intent to accelerate, a notice of acceleration, and notices under the FDCPA and the Texas Debt Collection Act.  If Plaintiffs had issues with these aspects of the Final Judgment, they were required, as a matter of law, to raise them with Judge Tillery in the Foreclosure action and later appealed if decided against Plaintiffs, which they elected not to do.  Consequently, the wrongful foreclosure, FDCPA, and RICO claims could and should have been raised in the Foreclosure Action, but were not.  Thus, they are barred by *res judicata* and amendment would be futile.

##### 2.      Rooker-Feldman Bars Wrongful Foreclosure & FDCPA Claims

The Rooker-Feldman doctrine serves the narrow purpose of precluding federal district courts from exercising subject-matter jurisdiction over collateral attacks to overturn final state court judgments.  *See Morris v. Am. Home Mortg. Servicing, Inc.*, 443 F. App'x 22, 24 (5th Cir. 2011) (Rooker-Feldman doctrine bars federal district court from exercising subject matter jurisdiction to overturn a state court judgment); *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005) (stating that Rooker-Feldman bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.") (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)); *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (federal courts lack jurisdiction to review, modify, or nullify final orders of state courts); *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (stating that "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments" under the Rooker-Feldman doctrine); *Chamberlin v. 625 Orleans, LP*, No. 1:11-cv-140, 2011 WL 1627080, at *4 (E.D. Tex. Apr. 18, 2011) (stating that Rooker-Feldman precludes federal district courts from exercising subject-matter jurisdiction over collateral attacks on state court judgments); *Federal Nat. Mortg. Ass'n v. Smith*, No. 3:13-cv-1091, 2013 WL 1759521, at *1 (N.D. Tex. Apr. 5, 2013) rec. adopted, 2013 WL 1763479 (N.D. Tex. Apr. 24, 2013) (holding that court lacked jurisdiction to review and reject a final state court judgment under Rooker-Feldman doctrine); *Tarrant v. Cearly*, No. 3:08-CV-1446-M ECF, 2008 WL 4539564, at *3 (N.D. Tex. Oct. 8. 2008) ("the Rooker–Feldman doctrine divests this Court of jurisdiction to the extent Plaintiff seeks to review or nullify final orders entered in state court.")

Here, in the Final Judgment, Judge Tillery determined that LNV was permitted to non-judicially foreclose and that Plaintiffs were provided demands to cure their default, a notice of

intent to accelerate, a notice of acceleration, and the notices required under the FDCPA. Plaintiffs' wrongful foreclosure and FDCPA claims are an assault on these aspects of the Final Judgment, which constitutes an impermissible collateral attack on the final judgment of a Texas state court.   Moreover, Plaintiffs acknowledge that they raised the authenticity of the assignments of the Deed of Trust, which forms part of the basis of their wrongful foreclosure claim, in the Foreclosure Action.   Proposed Amended Complaint at p. 16.   Pursuant to the Rooker-Feldman doctrine, this Court is precluded from exercising subject-matter jurisdiction to review, modify, or nullify the Final Judgment, particularly given Judge Tillery's final adjudication of the issues Plaintiffs attempt to re-litigate in this case.[11]

### 3.   The Assignment Challenges Fail as a Matter of Law[12]

Plaintiffs challenge the enforceability of assignments based on their allegations that certain assignments of the Security Agreement were forged and falsified.   These claims fail because Plaintiffs have not alleged with sufficient particularity the circumstances constituting the

---

[11]Even without *res judicata* and the Rooker-Feldman Doctrine, the wrongful foreclosure claim fails because Plaintiffs are still in possession of the Property and have failed to tender the amount due.  *See* Proposed Amended Complaint at p. 1 (admitting occupancy); *Barcenas v. Fed. Home Loan Mortg. Corp.*, No. H-12-2466, 2013 WL 286250, at *7 (S.D. Tex. Jan. 24, 2013); *Lambert v. First Nat'l Bank of Bowie*, 993 S.W.2d 833, 835-36 (Tex. App.—Fort Worth 1999, pet. denied)).  This claim also fails because the Property sold for $149,400.54 (90% of its 2014 fair market value of $165,210.00).  Thus, the Property did not sell for a grossly inadequate price.  *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013).  (True and correct copies of the Trustee's Deed and the Dallas Central Appraisal District's 2014 valuation, both of which Defendant requests the Court take judicial notice of are attached as Exhibits 7 and 8 to the Appendix at App. 163-166 and 167-178, are incorporated herein).  Plaintiffs further can't demonstrate a defect in the foreclosure as they admit that LNV did not file a Rule 736 application for foreclosure, but filed a judicial action to non-judicially foreclose, which is permitted under Texas law.  *Steptoe v. JPMorgan Chase Bank, N.A.*, No. 01–14–00813–CV, 2015 WL 1263128 (Tex. App.—Houston [1st Dist.] Mar. 19, 2015, no. pet. h.) (affirming summary judgment in favor of lender to non-judicially foreclose on home-equity lien); *see also Chance v. CitiMortgage, Inc.*, 395 S.W.3d 311, 313 (Tex. App.–Dallas 2013) (affirming trial court's summary judgment authorizing party to non-judicially foreclose its home-equity lien); *Leonard v. Ocwen Loan Servicing, LLC*, No. CIV.A. H-13-3019, 2014 WL 4161769, at *5-6 (S.D. Tex. Aug. 19, 2014) (granting "permission to foreclose on the Property" by entering summary judgment on claim seeking an order permitting foreclosure, or, alternatively, judicial foreclosure under home-equity lien).  The Instant Lawsuit did not stay the foreclosure because the automatic stay provision of Rule 736.11 only applies to foreclosures brought under Rule 736, which is not at issue here.  TEX. R. CIV. P. 736.11.

[12]Moreover, the challenged assignments of the Deed of Trust are unnecessary to consummate a foreclosure given that the Note was assigned to LNV and the Deed of Trust follows the Note even without an assignment of the former.  *Kiggundu v. Mortg. Elec. Registration Sys.*, Inc., 2011 WL 2606359, at *4 (S.D. Tex. June 30, 2011).  Thus, this argument is a red herring.

alleged fraud as required under Rule 9(b) of the Federal Rules of Civil Procedure.[13] *See* Proposed Amended Complaint at pp. 12-16.

Pursuant to the heightened pleading standard set forth in Rule 9(b), Plaintiffs must "allege 'the particulars of time, place, and contents of the false representations,' as well as the identity of the person making the misrepresentation and what that person obtained thereby, otherwise referred to as the 'who, what, when, where, and how' of the alleged fraud." *Tyler v. Bank of Am., N.A.*, No. SA-12-CV-00909-DAE, 2013 WL 1821754, at *9 (W.D. Tex. Apr. 29, 2013) (quoting *U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 384 (5th Cir. 2003) (citations omitted)); *see also Brinson v. Universal Am. Mortgage Co.*, No. CIV.A. G-13-463, 2014 WL 4354451, at *4 (S.D. Tex. Sept. 2, 2014) (stating Rule 9(b) applies to forgery claims and dismissing challenge to assignment because the allegations of fraud were too general and did not identify the who, what, when, where, and how of the fraud).

The Proposed Amended Complaint neither alleges any facts corroborating Plaintiffs' speculative conclusions that any assignments were forged and falsified nor identifies the who, what, when, where, and how of the alleged forgeries and falsifications.  In other words, Plaintiffs offer absolutely no factual support for their legal conclusions that signatures on certain assignments are forgeries or falsifications.  *See, e.g.*, *Ybarra v. Wells Fargo Bank, N.A.*, 575 F. App'x 471, 473-74 (5th Cir. 2014) (affirming dismissal of challenges to assignments based on conclusory allegations that signatures on assignment were forgeries); *Wood v. Bank of Am.*, No.

---

[13]Plaintiffs also allege assignments were robosigned, but completely fail to identify the assignments that they contend were robosigned or offer any factual support that any signatures on any assignments were robo-signed signatures.  The "bare assertion" of conclusory robo-signing allegations. however, will not suffice to support any claims in the Proposed Amended Complaint.  *See, e.g., Holloway v. Wells Fargo Bank, N.A.*, No. 3:12–CV–2184–GBH, 2013 WL 1187156, at *20 (N.D. Tex. Feb. 26, 2013) (holding the "bare assertion" of robo-signing failed to raise a reasonable inference that document in question was fraudulent); *Islamic Ass'n of DeSoto, Texas, Inc. v. Mortgage Elec. Registration Sys., Inc.*, 2012 WL 2196040, at *3 (N. D. Tex. June 15, 2012) ("Nor does [the] allegation that the signature 'is known to be robo-signed and/or forged' state a plausible claim that the [document] was . . . 'fraudulent and/or forged.'").

4:14-CV-00073-O, 2015 WL 2378964, at *5 (N.D. Tex. Apr. 23, 2015) (dismissing assignment challenge based on failure to offer any support for allegation that signature on assignment was a forgery).[14] Therefore, the assignment challenges fail as a matter of law and leave to amendment would be futile.[15]

### 4. The Breach of Covenant of Good Faith and Fair Dealing Claims Fails as a Matter of Law

Plaintiffs allege that MGC Mortgage, Inc.'s ("MGC") purported conduct relating to the servicing of their Home Equity Loan failed to adhere to any sense of good faith, and as a result, breached the covenant of good faith and fair dealing. *See* Proposed Amended Complaint at p. 21. In connection with this claim, Plaintiffs also allege, in conclusory fashion, that Defendant acted in bad faith with the courts, improperly influenced judges, and may have bribed Plaintiffs' attorneys. *Id.* Such allegations, however, are insufficient to state a claim for breach of the covenant of good faith and fair dealing.

"Under Texas law, a duty of good faith and fair dealing does not exist in all contractual contexts." *Dawkins v. Chase Bank, N.A.*, No. 3:13-CV-1308-M-BN, 2013 WL 4494527, at *4 (N.D. Tex. Aug. 22, 2013). "Rather, the duty of good faith and fair dealing arises where a special relationship of trust exists between the parties." *Id.* "Ordinarily, there is no such duty in lender/lendee relationships." *Dawkins*, 2013 WL 4494527, at *4 (citation omitted). "Indeed, Texas law does not recognize a common law duty of good faith and fair dealing in transactions between a mortgagee and mortgagor, absent a special relationship marked by shared trust or an

---

[14] Plaintiffs also fail to assert any allegations demonstrating clear and convincing evidence to contradict any certificates of acknowledgment in the challenged assignments. *See, e.g., Ruiz v. Stewart Mineral Corp.*, 202 S.W.3d 242, 248 (Tex. App.–Tyler 2006, pet. denied) (stating that Texas "'view[s] with suspicion and distrust attempts to discredit certificates of acknowledgment, under which the transfer is presumptively valid and contradicting evidence "must be clear, cogent, and convincing beyond reasonable controversy.")

[15] In connection with their assignment challenges, Plaintiffs also allege that they did not receive a valid notice of default and that no notice of intent to accelerate was provided. *See* Proposed Amended Complaint at p. 16. These allegations, however, do not evidence a defect in the foreclosure sale proceedings or otherwise save Plaintiffs' wrongful foreclosure claim. Under Texas law, there is no requirement that Plaintiffs actually receive foreclosure-related notices. *See Martins*, 722 F.3d at 256. Even if such allegations evidenced a defect in the foreclosure sale proceeding, the wrongful foreclosure claim still fails for the reasons described herein.

imbalance in bargaining power." *Dawkins*, 2013 WL 4494527, at *4 (citation and quotation omitted); *see also Water Dynamics, Ltd. v. HSBC Bank USA Nat. Ass'n*, No. 4:11-CV-614-A, 2012 WL 34252, at *6 (N.D. Tex. Jan. 6, 2012).

As an initial matter, the breach of covenant of good faith and fair dealing claim fails as a matter of law because it is based, in part, on allegations relating to the purported conduct of MGC, which is no longer a defendant in this lawsuit.[16]   Nonetheless, the breach of covenant of good faith and fair dealing fails because there is no duty of good faith and fair dealing between a mortgagor and a mortgagee.  *See, e.g., Dawkins*, 2013 WL 4494527, at *4; *Water Dynamics, Ltd.*, 2012 WL 34252, at *6.  The Proposed Amended Complaint is devoid of any allegations that would show any "special relationship" between Plaintiffs and Defendant.  In this regard, the conclusory allegations that Defendant acted in bad faith with the courts, improperly influenced judges, and may have bribed Plaintiffs' attorneys do not evidence the special relationship marked by shared trust or an imbalance in bargaining power necessary to state a claim for breach of the covenant of good faith and fair dealing.

Further, Plaintiffs have not pointed to any authority establishing that there is a duty of good faith and fair dealing in the mortgage context.  *See Wiley v. U.S. Bank, N.A.*, No. 3:11–cv–1241–B, 2012 WL 1945614, at *7 (N.D. Tex. May 30, 2012).  Under Texas law, absent such language in the contract, a mortgagor/mortgagee relationship does not imply a duty of good faith. *See Fantroy v. Countrywide Home Loans, Inc.*, No. 3:06–CV–1889–K, 2007 WL 2254941, at *3 (N.D. Tex. 2007).  Therefore, the claim for breach of the covenant of good faith and fair dealing fails as a matter of law and amendment would be futile.

---

[16]*See* Doc. No. 51 (electronic order dismissing claims against MGC with prejudice).  In connection with their breach of the covenant of good faith and fair dealing claim, Plaintiffs allege that MGC breached the "mortgage contract." *See* Proposed Amended Complaint at p. 21.  The claims against MGC, however, have been dismissed with prejudice, and as a result, the Court should not grant Plaintiffs leave to amend their Complaint to add a breach of contract claim against MGC.

5.    **The Younger Abstention Doctrine Precludes the Wrongful Eviction and Conspiracy Claims and the Wrongful Eviction Claim Otherwise Fails**

The wrongful eviction claim is based on Plaintiffs' allegations that Defendant is attempting to evict them from the Property while the Instant Lawsuit is pending, that they received a notice to vacate on December 31, 2014, and that they received a letter requesting the removal of articles and/or opinions that they wrote about Defendant, among others.   *See* Proposed Amended Complaint at pp. 21-23.   The conspiracy claim is based on conduct that occurred during the Justice Court Eviction Action and County Court Eviction Action and allegations that Defendant and the judges in those proceedings conspired together to deprive Plaintiffs of an opportunity to be heard.   *Id.* at pp. 23-31. The Court should abstain from considering these claims based on the *Younger* abstention Doctrine.

The *Younger* abstention doctrine is designed to minimize federal interference with ongoing state court proceedings and requires a federal court to abstain from adjudicating a dispute where: (1) the dispute involves an ongoing state judicial proceeding, (2) the dispute implicates an important state interest; and (3) the state proceedings afford an adequate opportunity to raise any constitutional concerns.   *See Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982); *Texas Ass'n of Business v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004)); *Word of Faith World Outreach Ctr Church v. Morales*, 986 F.2d 962, 966 (5th Cir. 1993).Each of the *Younger* abstention factors is met in this case.

First, the Eviction Appeal is a pending state court proceeding in the Fifth District Court of Appeals.  The wrongful eviction and conspiracy claims are based on events that transpired during the Justice Court Eviction Action and County Court Eviction Action.   The Eviction Appeal is currently pending in the Fifth District Court of Appeals.   Second, the relief Plaintiffs seek implicates an important state interest because Plaintiffs are asking this Court to interfere with the Fifth District Court of Appeals in the pending Eviction Appeal.   Both the jurisdiction of

the court of appeals and the allegations of improperly influencing judges are important state interests.  Third, the pending Eviction Appeal affords Plaintiffs an adequate opportunity to raise their wrongful eviction and conspiracy claims.  All elements of the *Younger* abstention doctrine are satisfied here, and as a result, the Court should abstain from considering these claims. Therefore, the wrongful eviction and conspiracy claims should not be added to the Instant Lawsuit.

Notwithstanding the above, the wrongful eviction claim otherwise fails as a matter of law.  The elements of a wrongful eviction claim under Texas law are: (1) the existence of an unexpired lease contract; (2) occupancy of the property in question by the tenant; (3) eviction or dispossession by the landlord; (4) damages attributable to such eviction.  *Martinez-Bey v. Bank of Am., N.A.*, No. 3:12-CV-4986-G BH, 2013 WL 3054000, at *12 (N.D. Tex. June 18, 2013) (stating wrongful eviction claim involves "an eviction of a tenant by a landlord.").

The wrongful eviction claim is premature because Plaintiffs have not yet been evicted. *See Richards v. U.S. Bank Nat. Ass'n*, No. A-13-CA-600-SS, 2014 WL 1767711, at *3 (W.D. Tex. May 1, 2014); *see also* Proposed Amended Complaint at p. 1 (admission that Plaintiffs occupy the Property).  Because no eviction has occurred and they still occupy the Property, Plaintiffs cannot demonstrate any damages resulting from an eviction.  Regardless, Plaintiffs also cannot establish the existence of an unexpired lease contract with Defendant considering that the Security Agreement is not a lease and that they are tenants at sufferance thereunder due to the foreclosure sale of the Property.  *See* Exhibit 7 ¶ 21.  Thus, Plaintiffs cannot allege sufficient to support their wrongful eviction claim and amendment would be futile.

### 6.      The RICO Claim Fails as a Matter of Law

The RICO claim is based on Plaintiffs' allegations that Defendant and Codilis & Stawiarski, P.C. ("Codilis") conspired to create a cloud on Plaintiffs' title to the Property by

falsifying assignments of their Security Instrument and filing the assignments with Plaintiffs' county recorder's office, as well as conspired to initiate a wrongful foreclosure action against Plaintiffs based on the alleged falsified documents.  *See* Proposed Amended Complaint at pp. 32-33.  According to Plaintiffs, the racketeering activity or predicate acts include alleged violations of 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1343 (wire fraud), 18 U.S.C. § 495 (relating to falsifying documents to obtain any sum on money from the United States), 18 U.S.C. § 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity), 18 U.S.C. § 201 (relating to bribery), 18 U.S.C. § 242 (deprivation of rights under color of law); 42 U.S.C. § 1983 (civil action for deprivation of rights), and 42 U.S.C. § 1985 (conspiracy to interfere with civil rights).  *Id.* at pp. 2-3, 32.[17]  Plaintiffs, however, fail to state a RICO claim as a matter of law.

The essential elements of a RICO claim are: "(1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise."  *Auto-Opt Networks, Inc. v. GTL USA, Inc.*, No. 3:14-CV-1252-D, 2014 WL 2719219, at *5 (N.D. Tex. June 16, 2014) (citations and quotations omitted).  A "pattern of racketeering activity requires . . . at least two acts of racketeering activity, one of which occurred after the effective date of [RICO] and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity."  18 U.S.C. § 1961(5)).

---

[17] The alleged violations of 18 U.S.C. § 495, 18 U.S.C. § 242, 42 U.S.C. § 1983, and 42 U.S.C. § 1985 do not qualify as predicate acts for purposes of establishing a pattern of racketeering activity because they are not listed in 18 U.S.C. 1961(1).  *See Gordon v. Neugebauer*, No. 1:14-CV-0093-J, 2014 WL 6611991, at *9 (N.D. Tex. Nov. 21, 2014) ("For federal predicate acts, only those federal statutes specifically listed in section 1961(1) qualify as predicate acts for purposes of establishing a pattern of racketeering activity."); s*ee also Bonton v. Archer Chrysler Plymouth, Inc.*, 889 F.Supp. 995, 1002 (S.D. Tex. 1995) ("[a]ny act that does not fall within the purview of RICO's definition of predicate offenses is not an act of 'racketeering activity'").  Therefore, the RICO claim based on the alleged violation of these federal statutes fails as a matter of law and leave to amendment would be futile.

### i.     *Plaintiffs Fail to Allege Two or More Predicate Acts*

To successfully plead a RICO claim, Plaintiffs "must do more than simply list the predicate act crimes necessary to establish a pattern of racketeering activity . . . ." *Gordon*, 2014 WL 6611991, at *10.  Plaintiffs must plead the elements of the criminal offenses that comprise the predicate acts and plead specific facts that, if true, would establish that each predicate act was in fact committed by Defendant.  *See Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989) ("'[r]acketeering activity' is defined by reference to various state and federal offenses, each of which subsumes additional constituent elements which the plaintiff must plead").  Plaintiffs, however, fail to allege any of the requisite elements of the predicate acts upon which they base their RICO claims and fail to allege sufficient facts in support of those predicate acts.

### a.     The Mail and Wire Fraud Claims Fail as a Matter of Law

RICO claims based on fraud are subject to the heightened pleading requirements of Rule 9(b).  *See Paul v. Aviva Life & Annuity Co.*, No. 3:09-CV-1490-B, 2010 WL 5105925, at *4-5 (N.D. Tex. Dec. 14, 2010).  Thus, for each fraud-based predicate act, "a plaintiff must at a minimum allege the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."  *Id.* (citations and quotations omitted).  "RICO mail fraud requires a showing of: "(1) a scheme to defraud by means of false or fraudulent representation, (2) interstate or intrastate use of the mails to execute the scheme, (3) the use of the mails by the defendant connected with scheme [sic], and (4) actual injury to the plaintiff."  *Id.*  "RICO wire fraud requires a showing of essentially the same elements, except the communication must be interstate." *Id.* (citations omitted).  Plaintiffs fail to sufficiently allege predicate acts of mail and wire fraud.  The mail and wire fraud allegations fail to specifically identify the time, place, contents, and other requisite information of a predicate act of fraud.  These alleged RICO predicate acts fail as a matter of law.

#### b.      The Money Laundering Claim Fails as a Matter of Law

18 U.S.C. § 1957 prohibits "knowingly engag[ing] or attempt[ing] to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity." 18 U.S.C. § 1957(a).   Although Plaintiffs do not specifically identify the offense or offenses listed in Section 1956(c)(7) upon which they rely, it is apparent from the Proposed Amended Complaint that they are basing the money laundering allegations on the same allegations upon which they rely to support their other independent predicate acts of mail and wire fraud.  Because Plaintiffs fail to adequately plead facts to support the predicate acts of mail and wire fraud, the predicate act of money laundering necessarily must fail, as it is based on the same allegations that support the mail and wire fraud predicate acts.[18]

Regardless, the money laundering allegations are insufficient.  "The elements of money laundering, in violation of 18 U.S.C. § 1957(a), are: (i) property valued at more than $10,000 that was derived from a specified unlawful activity; (ii) the defendant's engagement in a financial transaction with the property; and (iii) the defendant's knowledge that the property was derived from unlawful activity."  *United States v. Alaniz*, 726 F.3d 586, 602 (5th Cir. 2013).   Thus, Section 1957 prohibits one from engaging in a monetary transaction *in* criminally derived proceeds, but Plaintiffs' allegations allege only *receipt* of proceeds derived from the alleged money laundering.   Specifically, Plaintiffs contend that Defendant and Codilis conspired to create a cloud on Plaintiffs' title to the Property by falsifying assignments of their Security Agreement and filing the assignments with Plaintiffs' county recorder's office, as well as

---

[18] *See e.g., Kimberlin v. Nat'l Bloggers Club*, No. GJH-13-3059, 2015 WL 1242763, at *8 (D. Md. Mar. 17, 2015) (dismissing money laundering predicate act because it was based on same allegations as failed mail and wire fraud predicate acts); *W. 79th St. Corp. v. Congregation Kahl Minchas Chinuch,* No. 03–8606, 2004 WL 2187069, at *9 (S.D.N.Y. Sept. 29, 2004) ("[b]ecause [plaintiff's] allegations of mail and wire fraud [were] insufficient . . . , the 'specified unlawful activity' required [for money laundering] may not be satisfied by reference to those allegations"); *Flores v. Emerich & Fike,* No. 05–0291, 2009 WL 900738, at *8 (E.D. Cal. Mar. 31, 2009) (holding that plaintiff cannot rely on the "specified unlawful activity" of mail and wire fraud to support the predicate act of money laundering where "[t]he complaint's allegations of mail and wire fraud [were] inadequate").

conspired to initiate a wrongful foreclosure action against Plaintiffs based on the alleged falsified documents.  Although Plaintiffs appear to allege Defendant and Codilis purportedly obtained criminally deprived property, the Proposed Amended Complaint contains no allegations whatsoever that Defendant engaged in any monetary transactions with the property or that Defendant had any knowledge that the property was derived from an unlawful activity.  Thus, this alleged RICO predicate act fails as a matter of law and amendment would be futile.

### c.      The Bribery Claim Fails as a Matter of Law

18 U.S.C. § 201 proscribes "directly or indirectly, corruptly giv[ing], offer[ing] or promis[ing] anything of value to any public official . . .  with intent . . . to influence any official act . . . or [to] any person . . . with intent to influence the[ir] testimony under oath . . .  as a witness . . . .  18 U.S.C. § 201(b).  Plaintiffs allege that Defendant and Codilis "appear" to have bribed public officials and witnesses, that Defendant "may" have bribed attorneys, and that a reasonable person would conclude that the judge that presided over the Justice Court Eviction Action accepted a bribe or was otherwise improperly influenced.  *See* Proposed Amended Complaint at pp. 21, 25, 32.  These conclusory allegations, which are based on pure speculation, are insufficient to state a bribery claim under 18 U.S.C. § 201.

"While bribery does not invoke the heightened pleading requirements of Rule 9(b), Plaintiffs must satisfy the more liberal pleading requirements of Rule 8(a) to adequately plead bribery as a predicate act."  *Dist. 1199P Health & Welfare Plan v. Janssen, L.P.*, 784 F. Supp. 2d 508, 529 (D.N.J. 2011).  In this regard, Plaintiffs do not actually allege that any bribery occurred.  Rather, Plaintiffs request that the Court order a criminal investigation to determine whether a bribery occurred.  *See* Proposed Amended Complaint at p. 32.

Notwithstanding the above, the bribery allegations are insufficient. Plaintiffs neither make any effort to delineate the elements of bribery nor do they allege the substance of any

bribes, when the bribery occurred, or how money was transferred. Plaintiffs also fail to allege the identity of the witnesses or attorneys that they contend were bribed. Therefore, the speculative bribery allegations fail as a matter of law and amendment would be futile.

### ii.     Plaintiffs Have Failed to Establish a Pattern of Racketeering Activity

To establish a pattern of racketeering activity, Plaintiffs must allege facts that show a violation of two or more related predicate acts of racketeering activity and that they amount to or pose a threat of continued criminal activity. *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer,* 90 F.3d 118, 122 (5th Cir. 1996); *Gordon,* 2014 WL 6611991, at *9. Continuity of racketeering activity can be established by pointing either to "a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." *Id.* (citation and quotation omitted). A closed period of repeated conduct may be demonstrated "by proving a series of related predicates extending over a substantial period of time." *Id.* An open period of conduct may be shown where there exists a "specific threat of repetition extending indefinitely into the future," or "where it is shown that the predicates are a regular way of conducting defendant's ongoing legitimate business." *Id.*

Plaintiffs do not sufficiently allege facts to show a pattern of racketeering activity. Nor can they. This is because Plaintiffs have not sufficiently alleged the existence of any predicate acts. *See, e.g.,* 18 U.S.C. § 1961(5)) (pattern of racketeering activity includes the existence of at least two predicate acts); *Word of Faith World Outreach Ctr. Church, Inc.,* 90 F.3d at 122; *Gordon,* 2014 WL 6611991, at *9. Naturally, if at least two predicate acts are not sufficiently pled, which is the case here, a pattern of racketeering cannot exist. Additionally, Plaintiffs have not satisfied the continuity requirement to demonstrate that a pattern of racketeering activity exists. The Proposed Amended Complaint is devoid of any allegations that the predicate acts amount to or pose a threat of continued criminal activity. In this regard, Plaintiffs neither allege

a series of related predicate acts extending over a substantial period time nor allege a threat of repetition extending indefinitely into the future.  Therefore, no pattern of racketeering activity exists as a matter of law and amendment would be futile.

### *iii.*     *Plaintiffs Have Failed to Establish the Existence of an Enterprise*

RICO defines an "enterprise" as including "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).[19]  "To prove the existence of an enterprise, a plaintiff must show either a legal entity or a union or group of individuals associated in fact." *Gordon*, 2014 WL 6611991, at *11.  "The Fifth Circuit has applied a three-part test to determine whether an alleged enterprise is … an association-in-fact for RICO purposes: (1) the enterprise must have an existence separate and apart from the pattern of racketeering, (2) the enterprise must have an ongoing organization, and (3) the members of the enterprise must function as a continuing unit as shown by a hierarchical or consensual decision making structure." *Id.*

In this case, Plaintiffs have failed to plead any facts that establish the existence of an enterprise to which the pattern of racketeering activities are connected.  The Proposed Amended Complaint fails to allege specific facts establishing the existence or purposes of an enterprise and that the enterprise has an existence separate and apart from any racketeering activity.  *See, e.g., Paul v. Aviva Life & Annuity Co.,* 3:09–CV–1490–B, 2010 WL 5105925, at *4 (N.D. Tex. Dec. 14, 2010) (plaintiff failed to plead facts showing that the enterprise was an entity separate and apart from the pattern of activity in which it engaged); *Oblio Telecom, Inc. v. Patel,* CIV A 308–CV–0279–L, 2009 WL 1650481, at *4 (N.D. Tex. June 10, 2009) ("[plaintiff] must therefore plead specific facts that establish that the association exists for purposes other than simply to

---

[19]"A RICO person is the defendant, while a RICO enterprise can be either a legal entity or an association-in-fact." *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440-41 (5th Cir. 2000).  The "RICO person [must] be distinct from the RICO enterprise." *Id.* at 445.

commit the predicate acts"); *Old Time Enterprises, Inc. v. Int'l Coffee Corp.,* 862 F.2d 1213, 1217–18 (5th Cir. 1989).

Plaintiffs also fail to allege any facts that the enterprise was an ongoing organization. There are no facts describing the organization of the alleged enterprise or how the enterprise conducts its business.  *See, e.g. Allstate Ins. Co. v. Donovan,* No. CIV.A. H–12–0432, 2012 WL 2577546, at *14 (S.D. Tex. July 3, 2012) (plaintiff failed to plead facts sufficient to establish an ongoing organization where the complaint "lack[ed] factual allegations capable of establishing how the alleged scheme was formed, who—if anyone—was in charge, how each of the defendants participated in the alleged scheme . . . .").  Plaintiffs did not allege facts that the members of the enterprise functioned as a continuing unit as shown by a hierarchical or consensual decision making structure or allege facts relating to the decision-making structure of such.  *See, e.g., Gordon*, 2014 WL 6611991, at *11.  Amendment would be futile.

### 7.    The RESPA Claim Fails as a Matter of Law

In connection with their FDCPA claim, and although the Court has dismissed the claims against MGC with prejudice,[20] Plaintiffs nonetheless allege that MGC failed to respond to qualified written requests in March 2009, July 2009, and May 2011.  *See* Proposed Amended Complaint at pp. 19-20.  Although unclear, to the extent Plaintiffs are now seeking leave to add RESPA claims either against LNV or MGC based on the failure to respond to qualified written requests, such claims fail as a matter of law because they are time-barred.

A qualified written request under Section 2605 of RESPA is a "written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan." 12 U.S.C. § 2605(e)(1)(A).  RESPA claims relating to the servicing of mortgage loans under Section 2605 must be brought within three years of the occurrence of the alleged violation.  *See*

---

[20]*See* Doc. No. 51 (electronic order dismissing claims against MGC with prejudice).

12 U.S.C. § 2614.  More than three years have passed since Plaintiffs allege they sent qualified written requests to MGC in March 2009, July 2009, and May 2011.  *See* Proposed Amended Complaint at pp. 19-20.  Thus, the RESPA claims are barred by the statute of limitations.

## IV.
## CONCLUSION

Defendant respectfully requests that the Court deny the Motion for Leave, and grant all such other and further relief, in law or in equity, to which they may be justly entitled.

Respectfully submitted,

/s/ Marc D. Cabrera
**Robert T. Mowrey**
State Bar No. 14607500
rmowrey@lockelord.com
**Jason L. Sanders**
State Bar No. 24037428
jsanders@lockelord.com
**Marc D. Cabrera**
State Bar No. 24069453
mcabrera@lockelord.com

**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
T: (214) 740-8000
F: (214) 740-8800

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon Plaintiffs and all counsel of record *via the Court's CM/ECF system, regular mail, and/or certified mail, return receipt requested* on this 6th day of January 2016.

/s/ Marc D. Cabrera
Counsel for Defendant