UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL G. BREITLING and JO ANN BREITLING, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:15-CV-0703-B |
| LNV CORPORATION, ET AL., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs Samuel and Jo Ann Breitling's Motion for Disqualification of Honorable Judge Jane J. Boyle (Doc. 86). For the reasons that follow, the Court **DENIES** the Motion.

### I.

### BACKGROUND

The Court has previously recounted the facts of this case at length in its Memorandum Opinion and Order dismissing many of Plaintiffs Samuel and Jo Ann Breitling's (the "Breitlings") claims. Doc. 70, Mem. Op. & Order 1–3. The Breitlings have now moved for the undersigned to recuse herself and void all of the orders in this case up to this point. The basis for this motion is the undersigned's purported personal and financial interest in this case. Doc. 86, Pl.'s Mot. for Disqualification [hereinafter "Pl.'s Mot. for Disq."]. Defendant LNV Corporation has filed a response, which Defendant Codilis and Stawiarski, P.C., joined. Doc. 89, Resp. in Opp.; Doc. 90, Def.'s Joinder in Def.'s Resp. The Breitlings have submitted their reply, Doc. 95, Pl.'s Resp. in Opp.

[hereinafter "Pl.'s Reply"], and so the Motion is ready for review.

## II.

## ANALYSIS

The Breitlings bring their Motion under 28 U.S.C. § 455(a), (b)(4), which requires a judge to recuse herself from "any proceeding in which h[er] impartiality might reasonably be questioned," and when she knows that she or her spouse "has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(a), (b)(4). The Fifth Circuit has noted, however, that despite the statute's mandatory language, a decision to recuse under § 455(a) is discretionary. *In re Chevron U.S.A., Inc.*, 121 F.3d 163, 165 (5th Cir. 1997). Thus, "[i]f a motion to recuse is not well-grounded, it should be denied." *United States v. Marshall*, 77 F. Supp. 2d 764, 768 (N.D. Tex. 1999). "A § 455(a) movant 'must show that, if a reasonable man knew of all the circumstances, he would harbor doubts about the judge's impartiality.'" *Id.* at 767 (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1165 (5th Cir. 1982)). "A 'remote, contingent, or speculative' interest is not one 'which reasonably brings into question a judge's partiality.'" *In re Billedeaux*, 972 F.2d 104, 106 (5th Cir. 1992).

The Breitlings offer three grounds for recusal: (1) Samuel Breitling and John Boyle, the undersigned's spouse, worked for the Dallas Police Department at roughly the same time and "have common friends"; (2) the Breitlings, John Boyle, and the undersigned are involved in a separate lawsuit against the Dallas Police Department; and (3) John Boyle works for the U.S. Attorney's office in Dallas, where the Breitlings sent certain evidence related to this case. Pl.'s Mot. for Disq. 2–4. The Court addresses each in turn.

The mere fact that Samuel Breitling and John Boyle worked for the Dallas Police at the same time and "had occasional contact" does not require recusal. This Court has previously found that friendship between a judge and a party does not bring that judge's impartiality into question. *See Haffke v. Godbey*, No. 3-03-CV-0404, 2003 WL 21418599, at *2 n.1 (N.D. Tex. Mar. 27, 2003). Here, the relationship is even more attenuated—the Breitlings have alleged at best a casual work relationship between a party and the undersigned's spouse. This does not rise above the level of a remote and speculative interest, and is therefore insufficient to justify recusal.

Recusal is required under section 455(b)(4) when the judge or her spouse "has a financial interest in *the subject matter in controversy* or in a party to the proceeding." 28 U.S.C. § 455(b)(4) (emphasis added). But the Breitlings have provided no authority for the proposition that a judge's financial interest in the outcome of an unrelated case, even one involving the parties before her, requires recusal under this statute. In fact, courts have concluded quite the opposite. *See, e.g.*, *King v. Farris*, 357 F. App'x 223, 226 (11th Cir. 2009); *Killingsworth v. State Farm Mut. Auto. Ins. Co.*, 254 F. App'x 636, 636 (9th Cir. 2007). The Breitlings also have not explained how any interest the undersigned might have in the unrelated litigation creates a financial interest in the Plaintiffs themselves. Thus, this argument also fails.

Finally, the Court believes that no reasonable, objective person would question the undersigned's impartiality simply because John Boyle works in the same office where the Breitlings sent evidence of certain "contacts" regarding their case and those of other, unidentified individuals. Any insinuation that John Boyle has communicated this information to the undersigned, *see* Doc. 86-1, Aff. of Jo Ann Breitling ¶¶ 2–3, is wholly speculative—the Breitlings cite no facts in support, but instead rely upon their own subjective impressions. *See id.* at ¶ 2 ("The *appearance* is that Judge

Boyle and her husband are interfering with the normal process of justice in our case . . . ." (emphasis added)). Accordingly, the Court rejects this ground for recusal as well.

The Breitlings' arguments are without merit. Their Motion is therefore not well-grounded, and denial is proper. Furthermore, the failure of their arguments also relieves the Court of any obligation to refer this Motion to another judge for consideration under 28 U.S.C. § 144, to the extent that it might otherwise be required to do so. *See United States v. Saleh*, No. 3:10-CR-0083, 2010 WL 4274757, at *3 (N.D. Tex. Oct. 22, 2010) (stating that one of the requirements for referral is that the movant's affidavit must state facts which, if true, "would convince a reasonable [person] that a bias exists").

### III.
### CONCLUSION

Based on the foregoing, the Court **DENIES** the Breitlings' Motion for Disqualification of Honorable Judge Jane J. Boyle.

**SO ORDERED.**

**SIGNED: March 1, 2016**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE