UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL G. BREITLING and JO ANN BREITLING, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:15-CV-0703-B |
| LNV CORPORATION, ET AL., | § § | |
| Defendants. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Plaintiffs Samuel and Jo Ann Breitling's Motion for Leave of Court to File Plaintiffs' First Amended Complaint (Doc. 85). For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** the Motion.

## I.

## BACKGROUND

The Court has already recounted the facts of this case in its Memorandum Opinion and Order. Doc. 70, Mem. Op. & Order 1–2 [hereinafter "Dismissal Order"]. As relevant for this Motion, Plaintiffs Samuel and Jo Ann Breitling are suing Defendants LNV Corporation ("LNV") and Codilis and Stawiarski, P.C. ("C&S"), for their actions leading up to and including a foreclosure on and sale of the Breitlings' property, as well as subsequent eviction proceedings. The Breitlings' Original Petition alleged several causes of action, most of which the Court dismissed. Dismissal Order 5–20. Now, the Breitlings have moved to file an amended complaint, which contains several new causes of action, including "Illegal Foreclosure," "Illegal Debt Collection Practices," "Illegal and

Unconstitutional Eviction," conspiracy to interfere with civil rights, and civil RICO claims. Doc. 78, Pls.' First Verified Am. Compl. 4–35 [hereinafter "Am. Compl."].[1] LNV has filed a response, Doc. 91, Def.'s Resp., and the Breitlings have filed their reply, Doc. 94, Pls.' Reply. The Motion is now ready for review.

## II.

## LEGAL STANDARD

Rule 15(a) requires a court to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he language of this rule 'evinces a bias in favor of granting leave to amend.'" *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982)). Despite this bias, leave to amend is "not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000). Rather, "decisions concerning motions to amend are 'entrusted to the sound discretion of the district court.'" *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (quoting *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998)).

Five factors are relevant to a district court's decision of whether to grant a party leave to amend a complaint: undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Id.* (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)). "Absent any of these factors,

---

[1] The Breitlings have twice tried to file an amended complaint without first obtaining leave of the Court. *See* Docs. 74, 78. The Court struck both of those documents. Docs. 75, 81. The Breitlings have not attached a proposed amended complaint to their Motion, but the Court infers that they wish to file the proposed amended complaint that they have already attempted to file. Furthermore, LNV operated under the same assumption in its response to the Motion, *see* Doc. 91, Def.'s Resp. 3–4, which the Breitlings did not contest in their reply. Doc. 94, Pls.' Resp. in Opp. to Def.'s Resp. [hereinafter "Pls.' Reply"].

the leave sought should be 'freely given.'" *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The presence of these factors, on the other hand, weighs against granting leave to amend.

## III.

## ANALYSIS

After reviewing the Breitlings' Amended Complaint, the Court concludes that most of the amendments would be futile. With the exception of the Breitlings' Fair Debt Collection Practices Act claim for damages, leave to amend should be denied.

A.    *Illegal Foreclosure*

The Breitlings' first cause in their proposed amended complaint is one for "illegal foreclosure," which is not a recognizable cause of action.[2] The claim is really an aggregation of several alleged violations during the foreclosure procedure. Namely, the Breitlings allege that Defendants violated Texas Rules of Civil Procedure 736.1 and 736.11, as well as Texas Property Code §§ 51.002(b) and 51.0075(e). Am. Compl. 4–10. They also assert that LNV never acquired the deed of trust securing their loan, but instead forged the assignments. *Id.* at 10–16. Last, the Breitlings contend that they never received a valid default notice or notice of intent to accelerate. *Id.* at 16–17. LNV argues that allowing the Breitlings to add these claims would be futile because they are barred by the *Rooker-Feldman* doctrine and, in any event, the Breitlings' fraudulent assignment allegations fail to meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b).[3] Def.'s Resp. 9–12.

---

[2] To the extent that the Breitlings are claiming *wrongful* foreclosure, they have not alleged that the property was sold for a "grossly inadequate selling price," as required by the elements of the claim. *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.).

[3] LNV also argues that amendment would be futile because the Breitlings' claims are barred by res judicata. Def.'s Resp. 6–8. Futility is determined based on whether "the proposed amended complaint could . . . survive a Fed. R. Civ. P. 12(b)(6) motion." *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003). But, as the

The *Rooker-Feldman* doctrine prohibits federal district courts from "entertain[ing] collateral attacks on state court judgments." *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994). Under this doctrine, district courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Here, the Breitlings seek to effectively reverse the state court's foreclosure order. Part of the relief they request is to "Quiet Title to their home," Am. Compl. 35, and their "Illegal Foreclosure" claim is made up of alleged violations that undermine the correctness of the state foreclosure order. In other words, the Breitlings' claims "implicate the validity of the state foreclosure judgment, and [they] seek[] legal determinations that would allow [them] to retain possession of [their] home." *Magor v. GMAC Mortg., L.L.C.*, 456 F. App'x 334, 335–36 (5th Cir. 2011). Because "reversal of the state court's foreclosure judgment would be a necessary part of the relief requested . . . , and the object of [the Breitlings'] claims is the state foreclosure judgment itself," the *Rooker-Feldman* doctrine divests this Court of subject-matter jurisdiction. *Id.* at 336. Adding the "Illegal Foreclosure" claims would therefore be futile.

B.    *Illegal Debt Collection Practices*

Like their first claim, the Breitlings' "Illegal Debt Collection Practices" claim is not itself a cause of action, but a collection of different alleged violations of the Fair Debt Collection Practices

Court has already noted, res judicata is not a proper basis for dismissal under Rule 12(b)(6). Doc. 70, Mem. Op. & Order 7 n.5. Therefore, the Court will not consider this argument.

Act (FDCPA). They allege that C&S failed to validate their debt, despite the Breitlings' written request to do so, and that C&S did not send them the proper notices or provide an opportunity to cure their default.[4] Am. Compl. 17–18. LNV again argues that the *Rooker-Feldman* doctrine bars the Breitlings' FDCPA claims. Def.'s Resp. 9–10.

As explained above, the *Rooker-Feldman* doctrine guards against a federal district court entertaining what amounts to an appeal of a state court judgment. It does not, however, preclude subject-matter jurisdiction over claims that do not seek to invalidate such a judgment. Therefore, allowing the Breitlings to bring these FDCPA claims is futile only insofar as they seek to overturn the state foreclosure order. *Morris v. Am. Home Mortg. Servicing, Inc.*, 443 F. App'x 22, 24 (5th Cir. 2011). On the other hand, the doctrine does not bar a suit for damages arising out of these allegedly improper collection practices. *Avdeef v. Royal Bank of Scot., P.L.C.*, 616 F. App'x 665, 673 (5th Cir. 2015). Thus, the Court will allow the Breitlings to amend their complaint to seek damages under the FDCPA, but not to reverse or otherwise invalidate the state foreclosure order.

The Breitlings also include a claim for breach of the covenant of good faith and fair dealing under their "Illegal Debt Collection Practices" cause. Am. Compl. 21. It is not immediately apparent that a duty of good faith and fair dealing exists in this case. *See Dawkins v. Chase Bank, N.A.*, No. 3:13-CV-1308, 2013 WL 4494527, at *4 (N.D. Tex. Aug. 22, 2013). Even assuming *arguendo* that such a duty does exist here, the Breitlings' allegations are entirely conclusory and would not survive a motion to dismiss. Consequently, amendment to include this claim would be futile.

---

[4] The Amended Complaint also contains several allegations of misconduct by a former defendant, MGC Mortgage, Inc. Am. Compl. 17–21. The Court, however, has already dismissed all claims against MGC with prejudice. Doc. 51, Elec. Order. Thus, adding new claims against MGC would be futile.

C.    *Illegal and Unconstitutional Eviction*

In this claim, the Breitlings "challenge the constitutionality of state laws that deprive Plaintiffs and others of their property . . . as a result of state eviction laws," as well as procedures allowing eviction while litigation over the propriety of foreclosure and eviction is pending in another court. Am. Compl. 21–22. LNV argues that the *Younger* abstention doctrine bars this Court's review of the Breitlings' claim, as their eviction case is pending on appeal in the Texas Fifth District Court of Appeals. Def.'s Resp. 14–15. As well, LNV contends that the Breitlings have not sufficiently alleged a wrongful eviction claim. *Id.* at 15.

The *Younger* doctrine is based on "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Though the doctrine originated in the context of state criminal proceedings, "[t]he policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." *Id.* at 432. It applies to suits seeking both injunctive and declaratory relief. *See Samuels v. Mackell*, 401 U.S. 66, 68–69 (1971).

The Breitlings have not specifically identified what relief they seek for these alleged constitutional violations. The thrust of their Amended Complaint, however, makes it clear that they at least seek a declaration of unconstitutionality. This claim therefore implicates the *Younger* doctrine. Whether it applies is determined by reference to a three-prong test: "(1) the dispute must involve an 'ongoing state judicial proceeding,' (2) an important state interest in the subject matter of the proceeding must be implicated, and (3) the state proceedings must afford an adequate opportunity to raise constitutional challenges." *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th

Cir. 2004) (quoting *Wightman v. Tex. Supreme Court*, 84 F.3d 188, 189 (5th Cir. 1996)). The Court concludes that these factors are fulfilled in this case; therefore, consideration of the Breitlings' claim is barred by the *Younger* doctrine, and amendment would be futile. *See Chamberlain v. 625 Orleans, LP*, No. 1:11-CV-0140, 2011 WL 1627080, at *3 (E.D. Tex. Apr. 18, 2011), *recommendation adopted*, 2011 WL 1629648 (E.D. Tex. Apr. 28, 2011).

Furthermore, the Breitlings have also failed to state a claim for wrongful eviction. Such a claim has four elements: "(1) [t]he existence of an unexpired contract of renting; (2) occupancy of the premises in question by the tenant; (3) eviction or dispossession by the landlord; (4) damages attributable to such eviction." *Abarca v. CitiMortgage, Inc.*, No. A-13-CA-778, 2014 WL 2722206, at *3 (W.D. Tex. June 16, 2014) (quoting *McKenzie v. Carte*, 385 S.W.2d 520, 528 (Tex. Civ. App.—Corpus Christi 1964, writ ref'd n.r.e.)). The Breitlings do not allege that there is an unexpired contract of renting, their eviction case is on appeal, and they admit that they have not been dispossessed of the property. *See* Am. Compl. 1. Because the claim fails as a matter of law, amendment is futile.

D.      *Conspiracy to Interfere With Plaintiffs' Civil Rights*

The Breitlings' next claims arise under 42 U.S.C. §§ 1983 and 1985(3). They allege that LNV conspired with a state judge to exclude evidence from the Breitlings' eviction trial using an undisclosed motion in limine. Am. Compl. 23–26. Additionally, the Breitlings allege that LNV chose its lawyer based on his influence over the judge who heard the Breitlings' appeal from the eviction trial, and that the judge uncharacteristically refused to abate the appeal to allow the Breitlings' new lawyer to get up to speed. *Id.* at 26–31.

These claims fail as a matter of law. First, none of the allegations support an inference that

LNV was acting "under color of" law as required by § 1983. Second, a claim for conspiracy under § 1985(3) requires that the alleged conspirators' actions be "motivated by a racial animus." *Pinedo v. City of Dall.*, No. 3:14-CV-0958, 2015 WL 5021393, at *10 (N.D. Tex. Aug. 25, 2015) (quoting *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 n.12 (5th Cir. 2001)). Nowhere do the Breitlings allege that such animus motivated LNV's actions. Thus, these claims are also without merit.

E.     RICO

Last, the Breitlings claim that Defendants have violated the Racketeer Influenced and Corrupt Organizations Act (RICO), based on predicate crimes of mail fraud, wire fraud, forgery of contracts and deeds, money laundering, and bribery of public officials. Am. Compl. 32–35. LNV contends that these claims fail as a matter of law. Def.'s Resp. 15–22.

"RICO claims require '1) a person who engages in 2) a pattern of racketeering activity, 3) connected to the acquisition, establishment, conduct, or control of an enterprise.'" *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 122 (5th Cir. 1996) (quoting *In re Burzynski*, 989 F.2d 733, 741–42 (5th Cir. 1993)). "'Racketeering activity' consists of two or more predicate offenses," which are defined by the RICO statute itself. *Id.* A plaintiff alleging a RICO violation must plead the elements of the predicate offenses in addition to the elements of the RICO violation itself. *See Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989).

As relevant to this case, only mail fraud, wire fraud, money laundering, and bribery qualify as predicate offenses under RICO. 18 U.S.C. § 1961(1). Thus, the allegations of forged contracts and deeds cannot sustain the Breitlings' claim. Furthermore, the Breitlings have not alleged the elements of any of the predicate crimes. Instead, they merely state—in conclusory fashion—that Defendants

committed these crimes. They have therefore failed to state a claim under RICO, and amendment to add these claims would be futile.

In sum, the Breitlings' proposed amendments, with the exception of the FDCPA claim for damages, are futile because they could not survive a motion to dismiss. Leave to amend would therefore be improper.

## IV.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** the Breitlings' Motion with respect to their FDCPA claim for damages, but **DENIES** the Motion in all other respects. The Breitlings must file an amended complaint that comports with this Order on or before **March 11, 2016**.

**SO ORDERED.**

**SIGNED: March 4, 2016**.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE