**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SAMUEL G. BREITLING AND JO ANN BREITLING,** | § § § | |
| **Plaintiffs,** | § § | |
| **vs.** | § § | **CIVIL ACTION NO. 3:15-cv-00703-B** |
| **LNV CORPORATION, ET AL.,** | § § § | |
| **Defendants.** | § | |

**DEFENDANT CODILIS & STAWIARSKI, P.C.'S MOTION
TO SUPPLEMENT SUMMARY JUDGMENT MOTION**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Defendant Codilis & Stawiarski, P.C. ("the Codilis firm") and moves the Court for leave to supplement its pending summary judgment motion, pursuant to Local Rule 56.7.

**I.**

**PROCEDURAL HISTORY**

1.      Defendant LNV Corporation removed this case from state court to this court, based on federal question jurisdiction [Dkt. #1, p.6]. Plaintiffs' live pleading is their state court Original Petition [Dkt. #1-5, p.2]. The case had been removed from state court once before.

2.      On March 18, 2015, the Codilis firm filed its Second Motion for More Definite Statement and Brief in Support [Dkt. 8].

3.      On June 22, 2015, the Court granted the Codilis firm's Second Motion for More Definite Statement, and ordered the Plaintiffs to submit a more definite statement of the facts and law (specific statutory provisions) supporting their claims against the Codilis firm [Dkt. 47].

4.     On July 13, 2015, Plaintiffs filed their Clarification as to Claims Against Codilis & Stawiarski, P.C. [Dkt. 53].

5.     On July 21, 2015, the Codilis firm filed its reply to Plaintiffs' Clarification as to Claims Against Codilis & Stawiarski and Brief in Support [Dkt. 56].  In that filing, the Codilis firm asked the Court to consider its reply as a summary judgment motion.

6.     On July 22, 2015, the Court entered an order granting the Codilis firm's request, and construing the Codilis firm's reply as a motion for summary judgment.

7.     On August 12, 2015, Plaintiffs filed a response to the Codilis firm's motion for summary judgment [Dkt. 66].

8.     On October 5, 2015, the Court issued a Memorandum Opinion and Order [Dkt. 70], which dismissed Plaintiffs' claims with prejudice, except for claims based on the Fair Debt Collection Practices Act ("FDCPA"), and granted Plaintiffs' leave to amend their civil conspiracy claim [Dkt. 70, pp. 21-22].  In a subsequent order, the Court ordered Plaintiffs to amend their original petition by November 13, 2015 [Dkt. 71].

9.     On November 13, 2015, Plaintiffs attempted to file a First Verified Amended Complaint [Dkt. 74], which the Court struck because the claims asserted in the document exceeded the scope allowed by the Court's previous order.  The Court ordered Plaintiffs to file an amended complaint that complied with the Court's instructions on or before December 1, 2015 [Dkt. 75].

10.     On December 1, 2015, Plaintiffs filed their Motion for Leave of the Court to File Plaintiffs' First Amended Complaint [Dkt. 77], and First Verified Amended Complaint [Dkt. 78]. The Court struck the motion for leave because it did not comply with the local rules, and struck

the amended complaint, because the Court had not granted leave to file the complaint [Dkt. 80 and 81].

11.     On December 8, 2015, the Court provided additional instructions to the Plaintiffs, specifically advising them that (1) an amended complaint must only address an FDCPA claim and a civil conspiracy claim; or (2) Plaintiffs may file a motion for leave to amend their complaint to add additional claims [Dkt. 82].

12.     On December 16, 2015, Plaintiffs filed a Motion for Leave of the Court to file Plaintiffs' First Amended Complaint [Dkt. 85].

13.     On March 4, 2016, the Court issued a Memorandum Opinion and Order, in which it granted the Plaintiffs' motion to amend with respect to their FDCPA claim, but denied the motion in all other respects [Dkt. 101].  The Court further ordered that the Plaintiffs must file an amended complaint that comports with the Court's order on or before March 11, 2016.

14.     Plaintiffs did not file an amended complaint on or before March 11, 2016.

15.     The Codilis firm's motion for summary judgment is pending.  The Codilis firm has not filed an answer in this Court, as there has been no procedural trigger date for filing such an answer, due to Plaintiffs' repeated failures to file a conforming federal complaint in this Court.  Should Plaintiffs do so, or should this Court enter a scheduling order or otherwise set a deadline for the Codilis firm to file an answer to a specific pleading, the Codilis firm will timely file its answer to such pleading.

## II.

## MOTION TO SUPPLEMENT

16.     Since the Codilis firm's summary judgment motion was filed on July 21, 2015, the nature and content of Plaintiffs' claims against the Codilis firm have been narrowed and

partially resolved by a series of orders issued by the Court, and by the Plaintiffs' failure to file an amended complaint in conformance with the Court's previous orders. The Codilis firm seeks to address the merits of Plaintiffs' claim under the Fair Debt Collection Practices Act, based on Defendant's interpretation of Plaintiffs' remaining claim, without waiving its defenses of res judicata, collateral estoppel, and attorney immunity [Dkt. 56]. A copy of the proposed supplement is attached to this motion as Exhibit A.

### III.

### PRAYER

Defendant Codilis & Stawiarski, P.C. prays that the Court grant its motion to supplement its summary judgment motion, and for general relief.

Respectfully submitted,

**MACDONALD DEVIN, P.C.**

By:_____ */s/ Clayton E. Devin*
        **CLAYTON E. DEVIN**
        State Bar No. 05787700
        cdevin@macdonalddevin.com

        3800 Renaissance Tower
        1201 Elm Street
        Dallas, Texas 75270-2014
        214.744.3300
        214.747.0942 (Facsimile)

**ATTORNEYS FOR DEFENDANT**
**CODILIS & STAWIARSKI, PC**

## **CERTIFICATE OF CONFERENCE**

On March 25, 2016, Bryan Rutherford, additional counsel for Codilis & Stawiarski, P.C., conferred with Plaintiff JoAnn Breitling via email regarding the relief sought in this Motion. Ms. Breitling stated that she was opposed to the relief sought. Accordingly, no agreement could be reached and the issues are presented to the Court for resolution.

_____
Bryan Rutherford

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record and pro se parties *via the Court's CM/ECF system, regular mail, and/or certified mail, return receipt requested* on this 25th day of March, 2016.

_____
*/s/ Clayton E. Devin*



**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SAMUEL G. BREITLING and** | § | |
| **JO ANN BREITLING,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:15-cv-00703-B** |
| | § | |
| **LNV CORPORATION, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

### DEFENDANT CODILIS & STAWIARSKI, P.C.'S SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Defendant Codilis & Stawiarski, P.C. ("the Codilis firm") and supplements its pending Motion for Summary Judgment.

**I.**

### PROCEDURAL HISTORY

1.      Defendant LNV Corporation removed this case from state court to this court, based on federal question jurisdiction. [Dkt. #1, p.6]. Plaintiffs' live pleading is their state court Original Petition. [Dkt. #1-5, p.2]. The case had been removed from state court once before.

2.      On March 18, 2015, the Codilis firm filed its Second Motion for More Definite Statement and Brief in Support [Dkt. 8].

3.      On June 22, 2015, the Court granted the Codilis firm's Second Motion for More Definite Statement, and ordered the Plaintiffs to submit a more definite statement of the facts and law (specific statutory provisions) supporting their claims against the Codilis firm [Dkt. 47].

4.     On July 13, 2015, Plaintiffs filed their Clarification as to Claims Against Codilis & Stawiarski, P.C. [Dkt. 53].

5.     On July 21, 2015, the Codilis firm filed its reply to Plaintiffs' Clarification as to Claims Against Codilis & Stawiarski and Brief in Support [Dkt. 56]. In that filing, the Codilis firm asked the Court to consider its reply as a summary judgment motion.

6.     On July 22, 2015, the Court entered an order granting the Codilis firm's request, and construing the Codilis firm's reply as a motion for summary judgment.

7.     On August 12, 2015, Plaintiffs filed a response to the Codilis firm's motion for summary judgment [Dkt. 66].

8.     On October 5, 2015, the Court issued a Memorandum Opinion and Order [Dkt. 70], which dismissed Plaintiffs' claims with prejudice, except for claims based on the Fair Debt Collection Practices Act ("FDCPA"), and granted Plaintiffs' leave to amend their civil conspiracy claim [Dkt. 70, pp. 21-22]. In a subsequent order, the Court ordered Plaintiffs to amend their original petition by November 13, 2015 [Dkt. 71].

9.     On November 13, 2015, Plaintiffs attempted to file a First Verified Amended Complaint [Dkt. 74], which the Court struck because the claims asserted in the document exceeded the scope allowed by the Court's previous order. The Court ordered Plaintiffs to file an amended complaint that complied with the Court's instructions on or before December 1, 2015 [Dkt. 75].

10.    On December 1, 2015, Plaintiffs filed their Motion for Leave of the Court to File Plaintiffs' First Amended Complaint [Dkt. 77], and First Verified Amended Complaint [Dkt. 78]. The Court struck the motion for leave because it did not comply with the local rules, and struck

the amended complaint, because the Court had not granted leave to file the complaint [Dkt. 80 and 81].

11.     On December 8, 2015, the Court provided additional instructions to the Plaintiffs, specifically advising them that (1) an amended complaint must only address an FDCPA claim and a civil conspiracy claim; or (2) Plaintiffs may file a motion for leave to amend their complaint to add additional claims [Dkt. 82].

12.     On December 16, 2015, Plaintiffs filed a Motion for Leave of the Court to file Plaintiffs' First Amended Complaint [Dkt. 85].

13.     On March 4, 2016, the Court issued a Memorandum Opinion and Order, in which it granted the Plaintiffs' motion to amend with respect to their FDCPA claim, but denied the motion in all other respects [Dkt. 101].  The Court further ordered that the Plaintiffs must file an amended complaint that comports with the Court's order on or before March 11, 2016.

14.     Plaintiffs did not file an amended complaint on or before March 11, 2016.

15.     The Codilis firm's motion for summary judgment is pending.  The Codilis firm has not filed an answer in this Court, as there has been no procedural trigger date for filing such an answer, due to Plaintiffs' repeated failures to file a conforming federal complaint in this Court.  Should Plaintiffs do so, or should this Court enter a scheduling order or otherwise set a deadline for the Codilis firm to file an answer to a specific pleading, the Codilis firm will timely file its answer to such pleading.

## II.

### SUPPLEMENTAL SUMMARY JUDGMENT MOTION

16.     As described in the Codilis firm's pending summary judgment motion [Dkt. 56] Plaintiffs' claims against the Codilis firm are barred by res judicata (claim preclusion), collateral

estoppel (issue preclusion), and attorney immunity. This supplement offers additional reasons summary judgment should be granted, based on Plaintiffs' pleadings.

17.     Plaintiffs' current complaint is the original petition filed in state court on August 29, 2014 [Dkt. 1-5]. As a result of this Court's prior rulings, and the Plaintiffs' failure to amend their complaint as allowed by the Court, the Court must look to the Plaintiffs' original petition and their Clarification as to Claims [Dkt. 53] as the Plaintiffs' statement of claims against the Codilis firm.

18.     The Codilis firm contends that Plaintiffs' current pleadings do not state a claim upon which relief may be granted against the Codilis firm (FED. R. CIV. P. 12(b)(6)). But, if the Court construes the current filings as adequately stating a claim under the Fair Debt Collection Practices Act, the Codilis firm offers additional reasons why its summary judgment motion should be granted.

19.     Plaintiffs contend the Codilis firm acted as a debt collector for purposes of the Fair Debt Collection Practices Act. Plaintiffs say they responded to communications from the Codilis firm by disputing the LNV mortgage debt obligation made the basis of this lawsuit. According to Plaintiffs, the Codilis firm failed to properly investigate Plaintiffs' claim that LNV Corporation was not the holder in due course of the mortgage debt, and was not legally entitled to foreclose under the underlying defaulted note and deed of trust. According to Plaintiffs, the Codilis firm proceeded with collection efforts, including filing an *in rem* foreclosure lawsuit, despite Plaintiffs' contention that LNV Corporation was not the holder in due course of the underlying promissory note [Dkt. 53].

20.     In Plaintiffs' statement of claims against the Codilis firm [Dkt. 53] they describe an exchange of correspondence between Plaintiffs and the Codilis firm, beginning with

correspondence dated January 14, 2014 [Dkt. 53, Ex. D].   Copies of the correspondence described by Plaintiffs are attached as Exhibits D through K to their statement of claims.

Exhibit D – Codilis & Stawiarski letter, dated January 14, 2014, including, (1) name of creditor; (2) name of mortgage servicer; (3) current balance of debt; (4) debtors right to dispute.

Exhibit E – Plaintiffs' letter dated February 3, 2014, requesting validation of the debt and the name of the original creditor.

Exhibit F – Codilis & Stawiarski letter, dated February 25, 2014, enclosing copies of the promissory note, security instruments, assignments, notice of default, reinstatement quote, payoff statement, and payment history.   The letter identifies Aames Funding Corporation d/b/a Aames Home Loan as the original creditor.

Exhibit G – Codilis & Stawiarski letter, dated February 6, 2014, enclosing a payoff statement, valid through February 27, 2104.

Exhibit H – Plaintiffs' letter dated March 11, 2014.   Plaintiffs acknowledge receipt of the documents described in Exhibit G, but disputes that LNV Corporation is entitled to collect the debt.

21.      At page 5 of their statement of claims, Plaintiffs acknowledge receiving the letter from the Codilis firm dated February 25, 2014, which included a packet of documents Plaintiffs were already familiar with, based on other court cases they had filed.   As described in the Codilis firm's letter, these documents included the promissory note, security instruments, assignments, notice of default, reinstatement quote, payoff statement, and payment history.   The Codilis firm also provided the name and address of the original creditor, and advised Plaintiffs that the documents were provided for purposes of verification of the debt  [Dkt. 53, Exs. F and G].

22.     According to the Plaintiffs, they responded with a letter dated March 11, 2014, which continued to dispute the legality of certain assignments of Plaintiffs' mortgage debt [Dkt. 53, Ex. H].   On April 15, 2014, LNV Corporation filed its original petition for foreclosure against Plaintiffs, Cause No. DC-14-04053, in the District Court of Dallas County, Texas, 134th Judicial District [Dkt. 56-1].   Thereafter, the debt instruments disputed by Plaintiffs were introduced in evidence supporting LNV Corporation's summary judgment motion filed against Plaintiffs [Dkt. 56-2].

23.     Plaintiffs continued to contest the validity of the mortgage debt in response to LNV Corporation's summary judgment motion.   In doing so, Plaintiffs attached several of the disputed assignments as evidence in support of their response to LNV Corporation's summary judgment motion [Dkt. 56-4]. The Plaintiffs' arguments were rejected by Judge Tillery, who granted summary judgment in favor of LNV Corporation [Dkt. 56-3] [Dkt. 56-4], [Dkt. 56-5].

24.     Plaintiffs do not allege violation of any particular section of the FDCPA in their pleadings.  But, the factual allegations are most closely related to 15 U.S.C. §1692g: Validation of Debts.  Section 1692g(b): Disputed Debts, requires a debt collector to respond to a proper request by a consumer by providing verification of the debt, and the identity of the original creditor, including copies of documents necessary to verify the debt, and to mail those items to the consumer.  According to the Plaintiffs' pleadings and evidence, they made such a request to the Codilis firm, and the Codilis firm responded with documents and information required by the statute [Dkt. 53, Exs. F and G].

25.     Plaintiffs' pleadings and evidence confirm that the Codilis firm complied with all relevant requirements of the Fair Debt Collection Practices Act. Plaintiffs have produced no

evidence that would create a fact issue regarding the Codilis firm's compliance with the Fair Debt Collection Practices Act, and summary judgment is appropriate.

## III.

## PRAYER

Defendant Codilis & Stawiarski, P.C. prays that the Court grant summary judgment, dismiss Plaintiffs' claims against the Codilis firm with prejudice, and for general relief.

Respectfully submitted,

**MACDONALD DEVIN, P.C.**

By:_____*/s/ Clayton E. Devin*_____
        **CLAYTON E. DEVIN**
        State Bar No. 05787700
        cdevin@macdonalddevin.com

        3800 Renaissance Tower
        1201 Elm Street
        Dallas, Texas 75270-2014
        214.744.3300
        214.747.0942 (Facsimile)

        **ATTORNEYS FOR DEFENDANT**
        **CODILIS & STAWIARSKI, PC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record and pro se parties *via the Court's CM/ECF system, regular mail, and/or certified mail, return receipt requested* on this _____ day of _____, 2016.

_____*/s/ Clayton E. Devin*_____