IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL G. BREITLING, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:15-cv-00703-B |
| | § | |
| LNV CORPORATION, ET AL., | § | |
| | § | |
| Defendants. | § | |

## RESPONSE TO MOTION TO SEVER AND REMAND

Defendant LNV Corporation ("Defendant" or "LNV") hereby files this Response to Plaintiffs Samuel G. Breitling and JoAnn Breitling's ("Plaintiffs") Motion to Sever and Remand (Doc. No. 102) (the "Motion to Sever and Remand"), and respectfully shows the Court as follows:

## I.
## INTRODUCTION

There are no claims asserted against LNV in this lawsuit to sever and remand back to state court. The Court has dismissed all of Plaintiffs' claims except for their Fair Debt Collection Practices Act ("FDCPA") claim, which Plaintiffs admit is not asserted against LNV. Even if there were claims asserted against LNV (which there are not), Plaintiffs have not met their burden of demonstrating that severance is warranted. Additionally, Plaintiffs have waived their procedural defect challenge to removal by expressly consenting to the Court's jurisdiction and by failing to timely object to the removal of this action. Therefore, the Motion to Sever and Remand lacks merit and should be denied.

## II.
## FACTUAL BACKGROUND

### A.    THE LAWSUIT

On August 29, 2014, the Breitlings filed suit against LNV, among others, in the 101st Judicial District Court of Dallas County, Texas, No. DC-14-09604, which was subsequently removed to this Court on March 3, 2015.  *See* Doc. No. 1.  Despite their own numerous admissions that they stopped making payments on their home equity loan, Plaintiffs, in their Original Petition, nonetheless asserted various state and federal law claims relating to, among other things, the origination and servicing of their loan.

### B.    DISMISSAL ORDER / LEAVE TO AMEND

On October 5, 2015, in its Memorandum Opinion and Order (Doc. No. 70) (the "Dismissal Order"), the Court dismissed all of Plaintiffs' claims with prejudice except for the claims under the FDCPA and granted Plaintiffs leave to amend their civil conspiracy claim.  *See* Doc. Nos. 70-71.  The Court ordered Plaintiffs to amend their Original Petition by November 13, 2015.  *See* Doc. No. 71.

### C.    PLAINTIFFS' FAILURE TO COMPLY WITH DISMISSAL ORDER

On November 13, 2015, Plaintiffs filed a First Verified Amended Complaint (Doc. No. 74), which the Court struck because it went far beyond what the Dismissal Order allowed, and consequently, ordered Plaintiffs to file an amended complaint that complied with the Court's instructions on or before December 1, 2015.  *See* Doc. No. 75.

On December 1, 2015, Plaintiffs filed a Motion for Leave of the Court to File Plaintiffs' First Amended Complaint (Doc. No. 77) (the "First Motion for Leave") and First Verified Amended Complaint (Doc. No. 78) (the "Proposed Amended Complaint").  The Court struck the First Motion for Leave for failure to comply with Local Rule 7.1(a)-(b) and struck the Proposed

Amended Complaint because leave of the Court to file such had not yet been granted. *See* Doc. Nos. 80-81. The Court then clarified the options available to Plaintiffs: (1) they may file an amended complaint that complies with the Dismissal Order consisting only of the FDCPA claim and an amended civil conspiracy claim; or (2) they may file a motion for leave to amend their complaint to add claims beyond those allowed in the Dismissal Order by December 16, 2015. *See* Doc. No. 82.

**D.     SECOND MOTION FOR LEAVE / FAILURE TO AMEND**

On December 16, 2015, Plaintiffs filed their Motion for Leave of the Court to File Plaintiffs' First Amended Complaint (Doc. No. 85) (the "Second Motion for Leave") requesting leave to amend their Original Petition. *See* Motion for Leave. On March 4, 2016, the Court granted in part and denied in part the Second Motion for Leave. *See* Memorandum Opinion and Order (Doc. No. 101) (the "Order"). The Court granted the Second Motion for Leave with respect to the FDCPA claim, but denied the Second Motion for Leave in all other respects. *See* Order at p. 9. The Court ordered Plaintiffs to file an amended complaint that comports with the Order by March 11, 2016. *See* Order at p. 9. To date, however, Plaintiffs have not filed an amended complaint in accordance with the Court's Order.

**E.     MOTION TO SEVER AND REMAND**

Instead of filing an amended complaint in accordance with the Court's Order, Plaintiffs, on March 10, 2016, filed their Motion to Sever and Remand requesting that the Court sever the purported state laws claims asserted against LNV from the FDCPA claim asserted against co-defendant Codilis and Stawiarski, P.C. ("Codilis") and remand the state law claims asserted against LNV back to state court. *See* Motion to Sever and Remand at p. 1 (requesting that the Court retain jurisdiction of "Plaintiffs' federal Fair Debt Collection Practices claims against Codilis"), p. 2 (stating that "Plaintiffs' federal questions causes of action have been established

against Defendant Codilis[]" and that their "State claims . . . can be established once Defendant LNV is remanded back to Texas District Court."), p. 10 ("Plaintiffs have maintained . . . that their . . . claims against LNV are and always were State claims."), and p. 11 (requesting severance of state law claims against LNV from federal claim against Codilis).

## III.
## ARGUMENT AND AUTHORITIES

There are no claims asserted against LNV in this lawsuit to sever and remand.  Even if there were claims asserted against LNV (which there are not), Plaintiffs have not met their burden of demonstrating that severance is warranted.  Additionally, Plaintiffs have waived their procedural defect challenge to removal by expressly consenting to the Court's jurisdiction and by failing to timely object to the removal of this action.  Therefore, the Motion to Sever and Remand should be denied.

**A.   SEVERANCE STANDARD**

Under Rule 21 of the Federal Rules of Civil Procedure, the Court may "sever any claim against a party."  *See* Fed. R. Civ. P.  As movants, Plaintiffs bear the burden in seeking severance under Rule 21.  *See Paragon Office Servs., LLC v. UnitedHealthcare Ins. Co.*, No. 3:11-CV-2205-D, 2012 WL 4442368, at *1 (N.D. Tex. Sept. 26, 2012).  "Courts consider the following factors in determining whether to sever claims under Rule 21: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some commons questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance was granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *Cruz v. Cruz*, No. 3:14-CV-3846-D, 2015 WL 10372439, at *2 (N.D. Tex. Dec. 21, 2015) (citing *Johnson v. BAE Systems Land & Armaments, L.P.*, 2014 WL 1714487 at *35-36, No. 3:12–CV–1790–DBH

(N.D. Tex. Apr. 30, 2014); *Aspen Tech., Inc. v. Kunt*, No. 4:10-cv-1127, 2011 WL 86556, at *2 (S.D. Tex. Jan. 10, 2011); *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999)).

### B.  THERE ARE NO CLAIMS ASSERTED AGAINST LNV TO SEVER AND REMAND

Plaintiffs have failed to meet their burden that any of the severance factors have been met. *See Paragon Office Servs., LLC*, 2012 WL 4442368, at *1; *Cruz*, 2015 WL 10372439, at *2. Each factor contemplates the existence of a claim that can be severed, but in this case there are no claims asserted against LNV in this lawsuit to sever. The Court dismissed all of Plaintiffs' claims except for their FDCPA claim, which Plaintiffs admit is solely asserted against Codilis, not LNV. *See* Doc. Nos. 70-71, 85; *see also* Motion to Sever and Remand at p. 1 (requesting that the Court retain jurisdiction of "Plaintiffs' federal Fair Debt Collection Practices claims against Codilis"), p. 2 (stating that "Plaintiffs' federal questions causes of action have been established against Defendant Codilis. . . . The claims against Codilis are not joined to the claims against LNV . . . ."), p. 10 ("Plaintiffs have maintained . . . that their . . . claims against LNV are and always were State claims."), and p. 11 (requesting severance of state law claims against LNV from federal claim against Codilis). To the extent the Court is inclined to proceed in this action with respect to the FDCPA claim as asserted in the Proposed Amended Complaint, which is arguably the only live claim asserted in this lawsuit, such claim is also not asserted against Defendant in the Proposed Amended Complaint, but rather asserted only against Codilis. *See* Proposed Amended Complaint at p. 17 (alleging that Plaintiffs sent Codilis a debt dispute letter pursuant to the FDCPA and that Codilis purportedly failed to validate the debt). Thus, Plaintiffs cannot establish the existence of any claims against LNV to sever.

But even if claims were asserted against LNV, Plaintiffs have failed to establish that such claims do not arise out of the same transaction or occurrence or present common questions of

law or fact. *See Paragon Office Servs., LLC*, 2012 WL 4442368, at *1; *Cruz*, 2015 WL 10372439, at *2. Plaintiffs have also failed to address whether settlement of the claims or judicial economy would be facilitated, whether prejudice would be avoided if severance was granted, and whether different witnesses and documentary proof are required for the claims. *Id.* Instead, the majority of the Motion to Sever and Remand is devoted to Plaintiffs' arguments as to why their claims should not have been dismissed, which have no bearing on the severance factors. *See* Motion to Sever and Remand at pp. 3-10.[1]

Therefore, the Motion to Sever and Remand should be denied because Plaintiffs have failed to meet and cannot meet their burden of establishing that severance is warranted, as there are no live claims asserted against LNV in this action.

C. **PLAINTIFFS WAIVED THEIR PROCEDURAL DEFECT CHALLENGE TO REMOVAL**

Plaintiffs argue that the Court should remand the claims against LNV back to state court under 28 U.S.C. § 1441(c). *See* Motion to Sever and Remand at pp. 1-2. Although there are no claims asserted in this lawsuit against LNV to remand, assuming *arguendo* that state law claims were asserted against LNV, the remand request should nonetheless be denied because Plaintiffs waived their procedural defect challenge to removal by expressly consenting to the Court's jurisdiction over this action. *See* Motion to Sever and Remand, its Ex. A. at p. 13 ("We no longer wish to go back to State court. . . . We wanted to make that very clear . . . . And our intent is to stay in this Honorable Federal Court . . . ."), p. 22 ("[W]e intend to stay in this Federal Court, and we're asking the Federal Court to take jurisdiction."); *see also* Notice of Intent, Doc. No. 44 at p. 4 ("Plaintiffs seek to retain jurisdiction in this federal court . . . ."); Motion to

---

[1] Plaintiffs' reference to cases from other jurisdictions are not binding on this Court. *Setzer v. Branch Banking & Trust*, No. A-11-CA-214 LY, 2011 WL 2457738, at *2 (W.D. Tex. June 16, 2011) (cases from other jurisdiction are not binding); *TierOne Bank & Branch Banking & Trust Co. v. DLH Master Land Holding LLC*, No. 3:10-CV-0471-L, 2010 WL 980707, at *2 (N.D. Tex. Mar. 16, 2010) (citation of cases from other jurisdiction are not binding on the court).

Withdraw Motion to Remand, Doc. No. 45 at p. 2 (withdrawing motion to remand and stating that Plaintiffs "seek the jurisdiction of the federal court which has original jurisdiction . . . .").

Notwithstanding the above, the remand request should also be denied because it is untimely. "A motion to remand the case on the basis of any defect other than lack of subject-matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). If the plaintiff "fails to assert a procedural defect in a timely motion to remand, it is waived." *Hayden v. Allstate Texas Lloyds*, No. H-10-646, 2011 WL 240388, at *4 (S.D. Tex. Jan. 20, 2011). A "statutory restriction against removal is not a matter of substantive jurisdiction, but rather a procedural defect." *Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 786 (5th Cir. 1993). A procedural defect "is any defect that does not go to the question of whether the case originally could have been brought in federal district court." *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir. 1991).

Here, Plaintiffs do not argue that the case could not have been brought originally in federal court, but rather complain that claims have not been severed and remanded contrary to 28 U.S.C. § 1441(c). Indeed, Plaintiffs admit that the Court has original jurisdiction. *See* Motion to Withdraw Motion to Remand, Doc. No. 45 at p. 2 (withdrawing motion to remand and stating that Plaintiffs "seek the jurisdiction of the federal court which has original jurisdiction . . . ."). Based on such, "whether this action is remanded in its entirety or stays in federal court with a severance and remand of the [purported claims against LNV] is not decided on the existence of subject matter jurisdiction but whether the removal was procedurally defective and whether the court has the authority to sever and remand [the purported] claims [against LNV]." *Vinson v. Schneider Nat. Carriers, Inc.*, 942 F. Supp. 2d 630, 633-34 (N.D. Tex. 2013).

Thus, Plaintiffs' procedural defect challenge to removal should have been made within 30 days of March 3, 2015, the date this case was removed to federal court. *See* 28 U.S.C. § 1447(c);

*see also* Doc. No. 1.  Plaintiffs, however, did not move to remand this case until March 10, 2016. *See* Motion to Sever and Remand.  As a result, the procedural defect challenge to removal set forth in the Motion to Remand and Sever in untimely and has been waived because the Motion to Sever and Remand was not filed within 30 days of the removal of this action.  Accordingly, the Motion to Sever and Remand should be denied.

## IV.
## CONCLUSION

Based on the foregoing, LNV respectfully requests that the Court deny the Motion to Sever and Remand, and grant all such other and further relief, in law or in equity, to which LNV may be justly entitled.

Respectfully submitted,

/s/ Marc D. Cabrera
**Robert T. Mowrey**
  State Bar No. 14607500
  rmowrey@lockelord.com
**Jason L. Sanders**
  State Bar No. 24037428
  jsanders@lockelord.com
**Marc D. Cabrera**
  State Bar No. 24069453
  mcabrera@lockelord.com

**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
T: (214) 740-8000
F: (214) 740-8800

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record and pro se parties *via the Court's CM/ECF system, regular mail, and/or certified mail, return receipt requested* on this 29th day of March 2016.

              /s/   Marc D. Cabrera
              Counsel for Defendant