IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL G. BREITLING, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:15-cv-00703-B |
| | § | |
| LNV CORPORATION, ET AL., | § | |
| | § | |
| Defendants. | § | |

## RESPONSE IN OPPOSITION TO MOTION TO STAY

Defendant LNV Corporation ("Defendant" or "LNV") hereby files this Response in Opposition to Plaintiffs Samuel G. Breitling and JoAnn Breitling's ("Plaintiffs") Motion to Stay District Court Proceedings Pending En Banc Review of Interlocatory [sic] Appeal Decision on Federal Jurisdiction Question (Doc. 130) (the "Motion to Stay"), and respectfully shows the Court as follows:

### I.
### THE MOTION TO STAY LACKS MERIT AND SHOULD BE DENIED

The Motion to Stay lacks merit. The Court has already once stayed this case pending the Fifth Circuit's review of Plaintiffs' "facially meritless interlocutory appeal." Doc. 120; *see also* Doc. 118. Recognizing that the district court's orders about which Plaintiffs complained were not final or otherwise appealable orders, the Fifth Circuit properly dismissed the interlocutory appeal. Doc. 119. After the dismissal, the Court ordered Plaintiffs to file an amended complaint that complied with its previous orders, as the "time ha[d] come for Plaintiffs to demonstrate their willingness to follow [the Court's] . . . orders." Doc. 120. Plaintiffs, however, once again ignored the Court's orders by filing an amended complaint that far exceeded the leave that the Court granted. Doc. 121. In response, LNV filed its Motion to Dismiss and Brief in Support

(the "Motion to Dismiss"). Doc. 128. Plaintiffs now request that the Court stay this case, for a second time, and further delay resolution on the merits because they filed a Motion for En Banc Review (Doc. 127) of the Fifth Circuit's dismissal of their interlocutory appeal.

However, a "notice of appeal from an interlocutory order does not produce a complete divestiture of the district court's jurisdiction over the case; rather, it only divests the district court of jurisdiction over those aspects of the case on appeal." *Alice L. v. Dusek*, 492 F.3d 563, 564 (5th Cir. 2007). "[W]here an appeal is allowed from an interlocutory order, the district court may still proceed with matters not involved in the appeal." *Id.* at 565 (quoting *Taylor v. Sterrett,* 640 F.2d 663, 667-68 (5th Cir. 1981)).

Plaintiffs filed a notice of interlocutory appeal from the Court's orders "denying their motion to disqualify Judge Jane J. Boyle, denying their 'Motion to Reconsider Motion to Vacate Judge Tillery's Void Order' and granting in part and denying in part their motion to amend their complaint." Doc. 119; *see also* Doc. 103. Plaintiffs request that the Court stay this case so that the Court will not rule on LNV's pending Motion to Dismiss. The Motion to Dismiss, however, is not related to an aspect of the case on appeal, and therefore, the Court is not divested of jurisdiction to adjudicate LNV's Motion to Dismiss. *Dusek*, 492 F.3d at 565. Consequently, the Motion to Stay should be denied.

Notwithstanding the above, Plaintiffs have not shown any basis that warrants another stay of this case. To be entitled to a stay pending appeal under Rule 8 of the Federal Rules of Appellate Procedure or Rule 62 of the Federal Rules of Civil Procedure, Plaintiffs must show: (1) the likelihood of success on the merits on appeal; (2) irreparable injury from the denial of the stay; (3) other parties will not be substantially harmed by the grant of stay; and (4) granting the stay serves the public interest. *See Wildmon v. Berwick Universal Pictures*, 983 F.2d 21, 23 (5th Cir. 1992).

Plaintiffs cannot demonstrate that they are likely to succeed on the merits of their interlocutory appeal. The Fifth Circuit has already considered, rejected, and dismissed Plaintiffs' improper interlocutory appeal. Doc. 119. The Fifth Circuit has no jurisdiction to hear an interlocutory appeal from any of the orders about which the Breitlings complain because no final judgment has been entered in this case. The Court's orders at issue are not final or otherwise appealable orders.[1] In any event, the district court did not err or abuse its discretion with respect to any of the orders.

Additionally, there is no irreparable harm. The Federal Rules of Appellate Procedure afford Plaintiffs an adequate legal remedy of appeal after this Court enters a final judgment. LNV, however, will be harmed or suffer prejudice because staying this case again, especially in light of the frivolous nature of the interlocutory appeal, will unnecessarily prolong the dubious litigation in which Plaintiffs have engaged over the previous six (6) plus years and continue to protract LNV's ability to enforce its rights under the note and deed of trust.

Moreover, Plaintiffs have not established that granting the stay serves the public interest. Just the opposite is true. Plaintiffs' numerous "frivolous filings" and a "facially meritless interlocutory appeal" have interfered with the orderly disposition of this case. Doc. 120. Therefore, the Motion to Stay is without merit and should be denied.

---

[1] *See, e.g., Willis v. Kroger*, 263 F.3d 163 (5th Cir. 2001) ("The denial of a recusal motion is not an appealable interlocutory order or an appealable collateral order."); *Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 86 n.3 (5th Cir. 1992) (holding that the defendant "must await final judgment to appeal the judge's refusal to recuse himself"); *Matter v. Aucoin*, 35 F.3d 167, 169 (5th Cir. 1994) (stating that a judgment, order, or decree is final if it ends "the litigation on the merits" and leaves "nothing for the court to do but execute the judgment."); *Coulthrust v. Rasbeary*, 186 F. App'x 464, 465 (5th Cir. 2006) (court lacked jurisdiction to review appeal of an interlocutory order denying motion for reconsideration of denial of motion for leave to amend complaint); *Fleming v. Harco Nat.*, 3 F.3d 437 (5th Cir. 1993) (describing denial of motion for leave to amend complaint as an interlocutory order); *Nickerson v. Crites*, No. CIV. CC-08-122, 2009 WL 1545944, at *2-3 (S.D. Tex. Mar. 16, 2009) (holding that motion to amend complaint is interlocutory and not appealable).

## II.
## CONCLUSION

Based on the foregoing, LNV respectfully requests that the Court deny the Motion to Stay and grant LNV all such other and further relief, in law or in equity, to which LNV may be justly entitled.

Respectfully submitted,

/s/ Marc D. Cabrera
**Robert T. Mowrey**
  State Bar No. 14607500
  rmowrey@lockelord.com
**Jason L. Sanders**
  State Bar No. 24037428
  jsanders@lockelord.com
**Marc D. Cabrera**
  State Bar No. 24069453
  mcabrera@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
T: (214) 740-8000
F: (214) 740-8800

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record and pro se parties *via the Court's CM/ECF system, regular mail, and/or certified mail, return receipt requested* on this 27th day of June 2016.

/s/   Marc D. Cabrera
Counsel for Defendant