UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL G. BREITLING and JO ANN BREITLING, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:15-CV-0703-B |
| LNV CORPORATION, et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs Samuel and Jo Ann Breitling's Second Motion for Disqualification of Judge Jane Boyle and to Strike Her Orders as Void (Doc. 138). For the reasons that follow, the Court **DENIES** the Motion.

### I.

### BACKGROUND

This is the second time that the Breitlings have moved for the undersigned to recuse herself and void the orders she has issued in this case. *See* Doc. 86, Pls.' Mot. for Disqualification of Hon. Judge Jane J. Boyle. Their first motion, which the Court denied, was based on "the undersigned's purported personal and financial interest in this case." Doc. 99, Mem. Op. & Order 1. The Breitlings now raise two new grounds for recusal: (1) the undersigned has "entertained jurisdiction over Plaintiffs' state claims in this U.S. District Court when she knew or should have known she was totally lacking in jurisdiction to do so," Doc. 138, Pls.' Second Mot. for Disqualification 2; and (2) the undersigned is part of a "conspiracy to deprive Plaintiffs of their civil rights under color of

- 1 -

law." *Id.* at 8.

## II.

## ANALYSIS

The Breitlings bring their Motion under 28 U.S.C. § 455(a), which requires a judge to recuse herself from "any proceeding in which h[er] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The Fifth Circuit has noted that, despite the statute's mandatory language, a decision to recuse under § 455(a) is discretionary. *In re Chevron U.S.A., Inc.*, 121 F.3d 163, 165 (5th Cir. 1997). Thus, "[i]f a motion to recuse is not well-grounded, it should be denied." *United States v. Marshall*, 77 F. Supp. 2d 764, 768 (N.D. Tex. 1999). "A § 455(a) movant 'must show that, if a reasonable man knew of all the circumstances, he would harbor doubts about the judge's impartiality.'" *Id.* at 767 (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1165 (5th Cir. 1982)). "A 'remote, contingent, or speculative' interest is not one 'which reasonably brings into question a judge's partiality.'" *In re Billedeaux*, 972 F.2d 104, 106 (5th Cir. 1992) (quoting *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988)).

Neither of the Breitlings' arguments warrant recusal. As to the first—that this Court has improperly retained jurisdiction—"[m]ere disagreements as to rulings made are almost always insufficient to show bias or prejudice justifying removal." *Jefferson v. Fannie Mae*, No. 4:13-CV-604, 2015 WL 3622549, at *2 (E.D. Tex. June 10, 2015). Rather, "the biased or prejudiced conduct 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" *Sieber & Callicutt v. Sphere Drake Ins. Co.*, 227 F. Supp. 2d 623, 625 (E.D. Tex. 2002) (quoting *United States v. Clark*, 605 F.2d 939, 942 (5th

Cir. 1979)). To the extent that the Breitlings allege that this Court's decision to retain jurisdiction over their case, standing alone, is a basis for recusal, they are mistaken.

It is also possible that the Breitlings are arguing that the decision to retain jurisdiction arises from the undersigned's participation in the purported conspiracy described in their Motion. But these allegations of a conspiracy between the undersigned, Texas Court of Appeals Justices Elizabeth Lang-Miers and Douglas Lang,[1] Locke Lord attorney Harriet Miers, D. Andrew Beal, and former President George W. Bush are "fanciful, fantastic, delusional, irrational and wholly incredible." *Wilson v. Lochry*, No. 3:13-CV-1227, 2013 WL 3203363, at *4 (N.D. Tex. June 25, 2013) (dismissing civil rights claim as frivolous). For example, the Breitlings assert, without support, that President Bush "engaged in insider trad[ing] in collusion with . . . Beal and others and intentionally orchestrated the TARP bailout for their own personal gain." Doc. 138, Pls.' Second Mot. for Disqualification 6. These conclusory allegations are a far cry from what would cause a "reasonable man" to "harbor doubts about the judge's impartiality." *Marshall*, 77 F. Supp. 2d at 767. Thus, recusal is not required.

The Breitlings have requested that another judge rule on this Motion. Doc. 138, Pls.' Second Mot. for Disqualification 1. Under 28 U.S.C. § 144, however, referring a recusal motion is only necessary once a movant has filed a sufficient affidavit "stat[ing] the facts and the reasons for the belief that bias or prejudice exists." 28 U.S.C. § 144. The Breitlings have not done this. Nor could they—section 144 limits parties to "one such affidavit in any case," and the Breitlings already filed an affidavit with their first recusal motion. *Id.*; Doc. 86-1, Aff. of JoAnn Breitling. Therefore, the Court need not refer the Motion to another judge.

---

[1] Incorrectly identified as "Elizabeth Lane-Miers" and "Douglas Lane." Doc. 138, Pls.' Second Mot. for Disqualification 2, 8.

## III.

## CONCLUSION

Based on the foregoing, the Court **DENIES** the Breitlings' Second Motion for Disqualification of Judge Jane Boyle and to Strike Her Orders as Void (Doc. 138).

**SO ORDERED.**

**SIGNED: August 3, 2016**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE