UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL G. BREITLING and JO ANN BREITLING, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:15-CV-0703-B |
| LNV CORPORATION, et al., | § § § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiffs' contumacious conduct in this case, including repeated refusals to cooperate in this litigation or follow Court orders. Finding no less severe sanction appropriate under the circumstances, the Court **ORDERS** that Plaintiffs' claims be **DISMISSED with prejudice**.

I.

BACKGROUND

This is a mortgage foreclosure case in which Plaintiffs Samuel and Jo Ann Breitling (the "Breitlings") are suing Defendants LNV Corporation ("LNV") and Codilis & Stawiarski, P.C. ("Codilis") (collectively, "Defendants") for their alleged misconduct in foreclosing on the Breitlings' home. In October 2015, the Court dismissed most of the Breitlings' claims, but granted them limited leave to amend. Doc. 70, Mem. Op. & Order [hereinafter "Dismissal Order"]. This leave to amend kicked off several months of improper and frivolous filings, a missed deadline, and repeated failures to comply with the Court's orders despite numerous warnings. *See generally* Doc. 120, Order. In May

- 1 -

2016, the Court advised the Breitlings that they would have one final chance to file an acceptable amended complaint, and warned them that a failure to comply could result in dismissal of their case.[1] *Id.* at 3. In response, the Breitlings filed substantially the same complaint that the Court rejected when it ruled on their Motion for Leave of the Court to File Plaintiffs' First Amended Complaint. *See* Doc. 101, Mem. Op. & Order; *compare* Doc. 78, First Verified Am. Compl., *with* Doc. 121, Pls.' First Am. Compl. Now, the Court must decide the best course of action to deal with the Breitlings' refusal to participate in good faith in this litigation.

## II.

## ANALYSIS

A.    *The Court's Jurisdiction*

First, the Court will address the Breitlings' repeated unfounded assertions that their case should have been remanded. Over the course of several filings, the Breitlings have alleged that the Court lacks subject matter jurisdiction for three reasons: (1) a federal court does not have jurisdiction over state law claims, Doc. 102, Mot. to Sever and Remand; (2) there is no diversity of citizenship, Doc. 114, Notice of Challenge to Federal Ct. Jurisdiction; and (3) Defendants' removal of this case was untimely, Doc. 130, Mot. to Stay Dist. Ct. Proceedings. As explained below, the question of whether the Breitlings' claims should have been remanded is not close.

As to the first argument, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so

---

[1] The Court had previously warned the Breitlings on three separate occasions that failure to comply with its orders could result in the dismissal of their claims. *See* Doc. 75, Order 2; Doc. 82, Order 2; Doc. 115, Order 2.

related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a); *see also Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) ("The question under section 1367(a) is whether the supplemental claims are so related to the original claims that they form part of the same case or controversy, or in other words, that they 'derive from a common nucleus of operative fact.'" (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966))). Here, all of the Breitlings' claims arise out of the servicing of their mortgage and the foreclosure on their property, and thus "derive from the same nucleus of operative fact." *French v. EMC Mortg. Corp.*, 566 F. App'x 285, 287 n.1 (5th Cir. 2014) (unpublished) (per curiam). Accordingly, their state law claims[2] fall within the Court's supplemental jurisdiction.

The second argument is easily disposed of since this is not a diversity case. Defendants removed this case on the basis of federal question jurisdiction. Doc. 1, Notice of Removal ¶¶ 11–12. Therefore, the diversity of the parties is irrelevant.

Last, the Breitlings argue that Defendants' removal was untimely. Untimeliness of removal is a procedural rather than jurisdictional defect, *Menefee v. Nike Inc.*, No. 4:14-3715, 2015 WL 540455, at *1 n.1 (S.D. Tex. Feb. 10, 2015) (quoting *In re TXNB Internal Case*, 483 F.3d 292, 299 (5th Cir. 2007)), meaning that the Breitlings had to move to remand within thirty days of the removal. 28 U.S.C. § 1447(c); *Wachovia Bank, N.A. v. PICC Prop. & Cas. Co. Ltd.*, 328 F. App'x 946, 948 n.1 (5th Cir. 2009) (unpublished) (per curiam). The Breitlings did not file the instant motion to remand until over a year after the case was removed, meaning that they have waived their

---

[2] Here, the Court is referring to the state law claims that the Breitlings asserted in their Second Amended Original Petition (Doc. 7-1, Ex. 1(A)) and their proposed Amended Complaint (Doc. 121).

objection.[3]

B.    *Refusal to Obey Court's Orders*

As summarized above, the Breitlings have defied the Court's orders on several occasions,

including:

- <u>October 5, 2015</u>: The Court dismisses the Breitlings' claims, except for claims under the Fair Debt Collection Practices Act (FDCPA), and grants them leave to amend their civil conspiracy claims. Doc. 70, Dismissal Order.

- <u>November 13, 2015</u>: The Breitlings file an amended complaint that far exceeds the leave granted by the Court. Between the complaint and exhibits, the document totals 145 pages and includes several new claims. Doc. 74, First Verified Am. Compl.

- <u>November 16, 2015</u>: The Court strikes the Breitlings' amended complaint and explains that the Breitlings can either file an amended complaint that complies with the leave previously granted or move for leave to amend their complaint to add new claims. The Court also warns the Breitlings that failure to comply could result in sanctions, up to and including dismissal. Doc. 75, Order.

- <u>December 1, 2015</u>: The Breitlings again file the same amended complaint, as well as a motion for leave to amend. Doc. 77, Mot. for Leave of the Ct. to File First Am. Compl.; Doc. 78, First Verified Am. Compl.

- <u>December 4, 2015</u>: The Court strikes the Breitlings' Motion for Leave of the Court to File First Amended Complaint because it did not include a certificate of conference as required by the Local Rules. The Court then strikes the Amended Complaint because the Breitlings did not obtain leave of the Court before filing it. Doc. 80, Notice of Deficiency; Doc. 81, Order.

- <u>December 8, 2015</u>: In light of the preceding events, the Court issues an order clarifying that the Breitlings can either (1) file an amended complaint that comports with the leave that the Court previously granted, or (2) file a motion for leave to amend to add new claims, which the Court would have to rule on before they would be allowed to file an amended complaint. The Court again warns the Breitlings that failure to comply with its orders could result in dismissal. Doc. 82, Order.

---

[3] Although the Breitlings filed a motion to remand in March 2015, Doc. 11, Pls.' Mot. for Remand, they voluntarily withdrew that motion, indicating that they wished to proceed in federal court. Doc. 45, Pls.' Mot. to Withdraw Mot. to Remand; Doc. 48, Elec. Order.

- <u>December 16, 2015</u>: The Breitlings file a Motion for Leave of the Court to File First Amended Complaint. Doc. 85, Mot. for Leave of the Ct. to File Pls.' First Am. Compl.

- <u>March 4, 2016</u>: The Court grants the Breitlings' motion for leave to amend with respect to certain of their FDCPA claims, but denies it as to the other claims, finding that amendment would be futile because the new claims could not survive a motion to dismiss. The Court gives the Breitlings until March 11, 2016, to file an amended complaint that complies with the order. Doc. 101, Mem. Op. & Order.

- <u>March 10, 2016</u>: The Breitlings file an interlocutory appeal in the Fifth Circuit Court of Appeals. Doc. 103, Notice of Interlocutory Appeal.

- <u>March 15, 2016</u>: LNV files a Notice of Plaintiffs' Non-Compliance with Court Order, pointing out that the Breitlings did not file an amended complaint by the Court's deadline. Doc. 104, Notice of Non-Compliance with Ct. Order.

- <u>March 24, 2016</u>: The Court issues an order construing LNV's Notice as a motion to dismiss and giving the Breitlings a full twenty-one days to respond. Doc. 106, Order.

- <u>April 14, 2016</u>: The Breitlings file an Objection, arguing that the Court should not have construed LNV's Notice as a motion to dismiss. They do not explain why they failed to file an amended complaint by the Court's deadline. Doc. 112, Pls.' Obj.

- <u>April 18, 2016</u>: The Court instructs the Breitlings to file a response to LNV's Notice explaining why they did not comply with the Court's filing deadline, and again warns them that non-compliance may result in sanctions. Doc. 115, Order.

- <u>April 25, 2016</u>: The Breitlings file a 437-page response, including exhibits, that reiterates the factual allegations underlying their claims against Defendants, but does not explain why they still have not filed a proper amended complaint. Doc. 116, Pls.' Resp. & Answer to Ct.'s Construed Mot. to Dismiss Against Def. LNV.

- <u>April 27, 2016</u>: The Court administratively closes the case pending the outcome of the Breitlings' appeal. Doc. 118, Order.

- <u>May 17, 2016</u>: The Fifth Circuit dismisses the Breitlings' appeal for lack of jurisdiction. Doc. 119, Order.

- <u>May 19, 2016</u>: The Court re-opens the case and gives the Breitlings "one last chance to file an amended complaint that complies with its previous order" by May 27 and warns them that failure to comply may result in dismissal. Doc. 120, Order.

- <u>May 27, 2016</u>: The Breitlings file virtually the same amended complaint that the Court rejected in its order ruling on the Breitlings' motion for leave to amend. Doc. 121, Pls.' First Am. Compl.

In addition to the filings relating to their amended complaint and their appeal, the Breitlings have filed a Motion for Judicial Claification [sic] of Court's Orders and Instructions (Doc. 122) [hereinafter "Clarification Motion"], in which they argue against the correctness of several of the Court's orders under the guise of seeking clarification, and two motions to disqualify the undersigned. Doc. 86, Pls.' Mot. for Disqualification of Hon. Judge Jane J. Boyle; Doc. 138, Pls.' Second Mot. for Disqualification of Judge Jane Boyle.

As the foregoing makes clear, the Court has offered the Breitlings several opportunities over the past eight months to file a proper amended complaint, and has explained in detail what claims they may include. It has also warned them no fewer than four times that failing to follow its orders may result in dismissal. The Breitlings have responded by (1) engaging in baseless personal attacks; (2) filing a frivolous interlocutory appeal; (3) missing a Court-imposed filing deadline; (4) refusing to explain why they missed the deadline, despite being ordered to do so; and (5) re-filing the same amended complaint that the Court had already rejected, in flagrant disregard of the Court's order.

Federal Rule of Civil Procedure 41(b) allows a court to dismiss a case when a plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). A dismissal with prejudice under this Rule is appropriate where "there is clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice." *Barnes v. Tumlinson*, 597 F. App'x 798, 798 (5th Cir. 2015) (unpublished) (per curiam) (quoting *Bryson v. United States*, 553 F.3d 402, 404 (5th Cir. 2008)). Three factors are relevant to the analysis: "(1) the extent to which the plaintiff, not his attorney, was personally responsible for the delay;

(2) the degree of actual prejudice to the defendant; and (3) whether the delay was caused by intentional conduct." *Lewis v. Sheriff's Dep't Bossier Parish*, 478 F. App'x 809, 816 (5th Cir. 2012) (unpublished) (per curiam).

"[I]t is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead it is the 'stubborn resistance to authority' which justifies a dismissal with prejudice." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008) (quoting *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988)). Accordingly, a district court's exercise of its power to dismiss a case with prejudice for non-compliance with an order "should be confined to instances of bad faith or willful abuse of the judicial process." *Spurlock v. Scott*, 277 F.3d 1373, 2001 WL 1485818, at *1 (5th Cir. Nov. 12, 2001) (unpublished) (per curiam). This case presents a situation of more than mere negligence—after all the chances and instructions that the Court has given, it can only conclude that the Breitlings are acting in bad faith and willfully disobeying its orders. Moreover, their filings in this case are shot through with "stubborn resistance" to the Court's authority. *See, e.g.*, Doc. 116, Pls.' Resp. & Answer to Ct.'s Construed Mot. to Dismiss Against Def. LNV 1, 8, 10–11; Doc. 122, Pls.' Clarification Mot. 1–2, 13–24; Doc. 130, Mot. to Stay Dist. Ct. Proceedings *passim*; Doc. 138, Pls.' Second Mot. for Disqualification of Judge Jane Boyle *passim*. All three of the factors mentioned above come into play here. First, the Breitlings are *pro se*, so they are personally responsible for the delays that their filings have caused. Second, Defendants have been forced to expend time and money to respond to the Breitlings' constant filings, most of which lack merit. And third, based on the Breitlings' multiple attempts to file an amended complaint and the Court's clarifying instructions, it is reasonable to conclude that the Breitlings are intentionally flouting the Court's orders in bad faith. Accordingly, the Court finds that there is a

"clear record" of "contumacious conduct" on the Breitlings' part.

As to the second element, a lesser sanction than dismissal with prejudice would not serve the interests of justice. The Court has warned the Breitlings several times, including in the Order directly preceding their most recent non-compliant amended complaint, that it could dismiss their case if they did not follow its orders. The Fifth Circuit has found that such repeated warnings qualify as "lesser sanctions," *see Barnes*, 597 F. App'x at 799, and that "ignor[ing] the repeated admonitions of the court and us[ing] the intervening time to pursue a frivolous interlocutory appeal and a stay of the district court proceedings" justifies dismissal under Rule 41(b).[4] *Lewis*, 478 F. App'x at 818. Thus, this element is fulfilled as well.

This case is analogous to *Petrano v. Old Republic National Title Insurance Co.*, 590 F. App'x 927 (11th Cir. 2014) (unpublished) (per curiam).[5] There, the plaintiffs filed what the magistrate judge described as a "shotgun pleading" in which they "complained . . . about being discriminated against by public officials, federal and state agencies, insurance companies and their agents, and legal firms involved in claims for insurance benefits and in disputes over a contract and real property." *Id.* at 929. The magistrate judge "identified [the complaint's] deficiencies; explained how to remedy those deficiencies; and instructed the [plaintiffs] to file an amended complaint 'limited to one—and only one—occurrence, which raises a federal claim.'" *Id.* Instead of following this order, the plaintiffs

---

[4] Although this quote appears in a section of the Fifth Circuit's opinion discussing the plaintiff's contumacious conduct, the court relied upon his failure to comply with the magistrate judge's orders to find that lesser sanctions would not have been effective. *Lewis*, 478 F. App'x at 818.

[5] The Eleventh Circuit uses a nearly identical standard for dismissal under Rule 41(b). *Petrano*, 590 F. App'x at 929 ("The dismissal of a complaint is an appropriate sanction when a plaintiff engages in 'willful conduct and . . . lesser sanctions are inadequate.'" (quoting *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006))).

"amended their complaint by enlarging it from a 139-page pleading that alleged 17 claims against 14 defendants to a 223-page pleading that alleged 16 claims against 157 defendants." *Id.* When the magistrate judge ordered the plaintiffs to show cause why their complaint should not be dismissed, the plaintiffs responded by moving to file a second amended complaint "that was 204 pages long and alleged 19 claims against 156 defendants." *Id.* Under these circumstances, the Eleventh Circuit concluded, the "district court was entitled to find that the [plaintiffs] willfully disobeyed the court order and that the dismissal of the amended complaint was an appropriate sanction for their contumacious conduct." *Id.*

Here, the Court has twice identified the deficiencies in the Breitlings' pleadings—first in its Dismissal Order, and then in the order granting in part and denying in part their motion for leave to amend. It has also instructed the Breitlings multiple times that they must file an amended complaint that complies with its orders or face dismissal. Despite this leeway, the Breitlings have refused to cooperate, instead choosing to stubbornly re-file the same amended complaint that the Court already ruled to be deficient. In addition to this obstinance, the Breitlings have seen fit to levy increasingly fanciful and outlandish allegations against the Court, as well as judges of other courts and non-parties. *See, e.g.*, Doc. 138, Pls.' Second Mot. for Disqualification of Judge Jane Boyle (alleging a conspiracy between the undersigned, two state judges, Harriet Miers, D. Andrew Beal, and former President George W. Bush). Although dismissal with prejudice is a sanction to be "charily applied," *Veazey v. Young's Yacht Sale & Serv., Inc.*, 644 F.2d 475, 476 (5th Cir. Unit A 1981), this is the sort of intentional, contumacious, and bad faith behavior that courts cannot indulge. Therefore, dismissal under Rule 41(b) is appropriate.

III.

CONCLUSION

Based on the foregoing, the Court **ORDERS** that this action be **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

SIGNED: August 10, 2016.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE