IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL G. BREITLING AND<br>JO ANN BREITLING | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | NO. 3:15-CV-00703 |
| LNV CORPORATION et al;<br>CODILIS & STAWIARSKI P.C.;<br>DOES 1 TO 50 | § § § § § | PLAINTIFFS' RULE 52 MOTION<br>QUESTIONING EVIDENTIARY<br>SUPPORT FOR FACT FINDING<br>IN FINAL ORDER AND TO<br>ALTER OR AMEND THE |
| Defendants. | § § | JUDGMENTS/ORDERS |
| | § § | **JURY TRIAL DEMANDED** |

PLAINTIFFS' RULE 52 MOTION QUESTIONING THE EVIDENTIARY SUPPORT FOR
FACT FINDING IN FINAL ORDER AND TO AMEND OR ALTER THE
JUDGMENTS/ORDERS REFERENCED HEREIN

1  Here comes Plaintiffs, Samuel and JoAnn Breitling, self represented, and move this court

2  pursuant to Rule 52(a)(5) and 52(b) hereby question the findings and conclusions of the court as

3  to the evidentiary support for such findings and moves the court to make additional findings and

4  to amend or alter the court's judgments/orders accordingly.

5  This motion is timely. This motion accompanies a motion to alter or amend the judgment

6  pursuant to Rule 59(e).  This court tried on the facts without a jury; therefore pursuant to Rule

7  52(b) Plaintiffs move the court to make additional findings and/or to amend or alter the

8  following judgments/orders to reflect the facts herein:

A.)  PLAINTIFFS' MOTIONS TO VACATE JUDGE TILLERY'S VOID ORDER OF AUGUST 4, 2014 (DOCS. 60, 61, 62, 63, 83) AND ORDERS DENYING (DOCS. 73, 100)

On August 3, 2015 Plaintiffs moved this court to vacate State Court Judge Tillery's Order issued on August 4, 2014 because it is void in ab initio. (Doc. 60 supported by three affidavits Docs. 61, 62 and 63) The court denied this motion on November 13, 2015, (Doc. 73).  On December 11, 2015 Plaintiffs moved this court to reconsider (Doc. 83) and the court denied this motion on March 3, 2016 (Doc. 100).

Doc. 73 is an "ELECTRONIC ORDER denying 60 Motion to Vacate (Ordered by Judge Jane J Boyle on 11/13/2015) (Judge Jane J Boyle) (Entered: 11/13/2015)" with no stated findings of fact or conclusion of law provided to support the court's order.  Doc. 100 contains only one paragraph:

> "Before the Court is Plaintiffs Samuel and Jo Ann Breitling's Motion to Reconsider Motion to Vacate Judge Tillery's Void Order (Doc. 83). In their Motion, Plaintiffs argue that (1) the original Order should have included findings of fact and conclusions of law; (2) the Rooker-Feldman doctrine is inapplicable; and (3) this Court should have addressed the constitutional questions presented in Plaintiffs' Notice of Constitutional Questions and Notice of Revised Constitutional Questions before issuing a ruling. The first ground is simply incorrect under Fed. R. Civ. P. 52(a)(3). And the others have no legal merit. They are therefore not proper bases for reconsideration of the Court's Order. Accordingly, Plaintiffs' Motion to Reconsider is DENIED."

(1)  Plaintiffs move the court to explain how it arrived at the conclusion: "The first ground is simply incorrect under Fed. R. Civ. P. 52(a)(3)." Rule 52(a)(3) states: "The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56." The Order did not result from a Rule 12 or 56 motion. Plaintiffs filed a motion to vacate (Doc. 60). The only reference to Rule 12 or 56 was in the following excerpt from Doc. 83, Page 7, ¶¶ 2:

> "This court must make a determination of fact and a conclusion of law specific as to whether federal rules 12(b)(6) and 56; and the corresponding Texas rules 91(a) and 166(a) are unconstitutional; then only after making such a determination can the court entertain a decision on Plaintiffs' Motion to Vacate Judge Dale B. Tillery's Void Order [Doc 60]."

1   In *Skinner v. Switzer*, 131 S. Ct. 1289, 562 US 521, 179 L. Ed. 2d 233 (2011) a case that

2   originated from the U.S. Court of Appeals for the Fifth Circuit and where the U.S. Supreme

3   Court determined that the "Rooker-Feldman doctrine does not bar Skinner's suit" and granted

4   review:

5   
> "to decide a question presented, but left unresolved, in *District Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. ___, ___, 129 S.Ct. 2308, 2318-19, 174 L.Ed.2d 38 (2009): May a convicted state prisoner seeking DNA testing of crime-scene evidence assert that claim in a civil rights action under 42 U.S.C. § 1983, or is such a claim cognizable in federal court only when asserted in a petition for a writ of habeas corpus under 28 U.S.C. § 2254?"

6   The case has relevance in that like Plaintiffs in the present case:

7   
> "Skinner does not challenge the adverse CCA decisions themselves; instead, he targets as unconstitutional the Texas statute they authoritatively construed…Respondent Switzer asserts that Skinner's challenge is '[j]urisdictionally [b]arred' by what has come to be known as the Rooker-Feldman doctrine…In line with the courts below, we conclude that Rooker-Feldman does not bar Skinner's suit. As we explained in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U. S. 280 (2005), the Rooker-Feldman doctrine has been applied by this Court only twice, i.e., only in the two cases from which the doctrine takes its name: first, *Rooker v. Fidelity Trust Co.*, 263 U. S. 413 (1923), then 60 years later, *District of Columbia Court of Appeals v. Feldman*, 460 U. S. 462 (1983)…We observed in *Exxon* that the Rooker-Feldman doctrine had been construed by some federal courts 'to extend far beyond the contours of the Rooker and Feldman cases.'…Emphasizing 'the narrow ground' occupied by the doctrine…we clarified in *Exxon* that Rooker-Feldman 'is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers . . . inviting district court review and rejection of [the state court's] judgments.'… Skinner's litigation, in light of *Exxon*, encounters no Rooker-Feldman shoal. 'If a federal plaintiff "present[s] [an] independent claim,"' it is not an impediment to the exercise of federal jurisdiction that the 'same or a related question' was earlier aired between the parties in state court…(a defendant's federal challenge to the adequacy of state-law procedures for post conviction DNA testing is not within the 'limited grasp' of Rooker-Feldman)."

8   In *Perdue v. Kenny A. Ex rel. Winn*, 130 S. Ct. 1662, 559 US 542, 176 L. Ed. 2d 494

9   (2010):

10  
> "[T]he State moved for dismissal, basing the motion on complex legal doctrines such as Younger abstention and the Rooker-Feldman doctrine, which the District Court found inapplicable. 218 F. R. D. 277, 284– 290 (ND Ga. 2003). See *Younger v. Harris*, 401 U. S. 37 (1971); *Rooker v. Fidelity Trust Co.*, 263 U. S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460…"

Although _Perdue_ is about "lodestar" attorney fees for a civil rights case taken on contingency similarities to the present case exist specific to the Rooker-Feldman doctrine and where "the course of the lawsuit was lengthy and arduous" and where:

> "[T]he State met the plaintiffs' efforts with a host of complex procedural, as well as substantive, objections. The State, for example, argued that the law forbade the plaintiffs to investigate the shelters; on the eve of a state-court decision that might have approved the investigations, the State then removed the case to federal court; the State then sought protective orders preventing the attorneys from speaking to the shelters' staff; and, after losing its motions, the State delayed to the point where the District Court 'was forced to admonish [the] State Defendants for 'relying on technical legal objections to discovery requests in order to delay and hinder the discovery process.'''
>
> In the meantime, the State moved for dismissal, basing the motion on complex legal doctrines such as Younger abstention and the Rooker-Feldman doctrine, which the District Court found inapplicable."

(2) Plaintiffs move the court to explain how it concluded their argument in objection to the applicability of the Rooker-Feldman doctrine is of no legal merit specific to _Skinner v. Switzer_, 131 S. Ct. 1289, 562 US 521, 179 L. Ed. 2d 233 (Supreme Court 2011); and specific to the following excerpt from Doc. 69:

> "The thrust of Defendant LNVs objection is based on the Rooker-Feldman doctrine. Their argument lacks substance. The United States Court of Appeals for the Sixth Circuit determined that Rooker-Feldman does not prevent the lower federal courts from reviewing state court judgment that were allegedly procured though fraud. In other words when a "state-court loser" complains that the winner owes his triumph not to sound legal principles - or even unsound ones - but to fraud, then the loser is not really complaining of an injury caused by a state court judgment, but an injury caused by the winner's chicanery. (Doc. 69, Page 2, ¶¶ 2)
>
> In _Exxon Mobil_, 544 U.S. at 284 the court clarified that not all actions dealing with the "same or related question" resolved in the state court are barred in federal court. Id. at 292. Instead, a district court must retain a case that present an "independent claim" even if, along the way, the claimant challenges or denies some conclusion reached by the state court. Courts were applying a fraud exception to Rooker-Feldman long before Exxon Mobil's refinement."  (Doc. 69, Page 2, ¶¶ 3)
>
> This present case is a clear exception to Rooker-Feldman for the following reasons:
>
> 1. Defendants and not Plaintiffs brought this issue before this Honorable federal court, not once but twice;

2. Defendants styled an intentionally deceptive "in rem" foreclosure complaint in the state court (case DC-14-04053) when they knew or should have known that Rule 736 of Texas Civil Procedure required them to file an properly formed application for expedited foreclosure of a Texas home equity loan (the type of loan Plaintiffs' had) and the fact that Defendant LNV's Counsel Defendant C&S's employee Jeffery Hardaway has prepared proper applications for Rule 736 applications for expedited foreclosure in other cases [doc 58 in case 3:14-cv-3322-M] evidences the fact they he did know the requirements pursuant to Rule 736 and chose to violate this rule with intent to present a fraudulent case against Plaintiffs and deceive the court into believing the Plaintiffs' home was vacant and a vandalized eyesore to the neighborhood when they knew this was not true;

3. Texas judge Dale Tillery attempted to grant Defendant LNV a default judgment on July 7, 2014 even though Plaintiffs filed a timely answer to LNV's complaint, which goes against standard judicial practices; and Tillery might have gotten away with this if Plaintiff JoAnn Breitling had not been reviewing activity in the case and immediately caught the error and phoned the court clerk to report the error which the court then corrected [doc 66, doc 37 and doc 38];…" (Doc. 69, Page 2, ¶¶ 4 to Page 3 ¶¶ 2)

Plaintiffs herewith provide <u>additional facts</u> specific to three Orders signed by State Court Judge Tillery.  On July 7, 2014 Judge Tillery signed a default judgment order (see Exhibit A attached hereto – left side document). Plaintiffs (defendants in the State Court case) had filed a timely answer to LNV Corporation's complaint on June 23, 2014. On July 9, 2014 JoAnn Breitling saw the default Order was entered so she phoned the court clerk and complained because she knew the court could not issue a default order when they had filed an answer. Subsequently this default order was removed as being filed in error by Order of Judge Tillery, (see Exhibit B attached hereto) and signed on July 29, 2014.  A hearing was held on August 4, 2014 where Judge Tillery granted LNV's motion for summary judgment. Also on August 4, 2014 Tillery signed an Order supposedly granting LNV's motion for summary judgment, (see Exhibit A attached hereto – right side document).  (Note: Exhibit A is a 17" x 11" document with both Orders side by side to show page by page that they are in fact the exact same default order and that LNV's Counsel Jeffery Hardaway did not re-sign the order he originally signed on July 7, 2014; only Judge Tillery did.)

Plaintiffs discovered this fact only in April 2016. The Order Plaintiffs challenge as void in ab initio is in fact <u>NOT</u> an order specific to LNV's motion for summary judgment but was unquestionably written by LNV's Counsel Jeffery Hardaway before July 7, 2014, making the August 4, 2014 hearing nothing more than a mockery substantiating Plaintiffs' claims that they were deprived of due process because the court's decision was already made before the August 4, 2014, hearing.

(3) Plaintiffs move the court to explain the facts and legal authorities it used to conclude that their constitutional arguments expressed in Doc. 60 and in Doc. 69 have no legal merit; and how it reached a conclusion on federal jurisdiction when Defendants second removal was 169 days after LNV Corporation was served summons on Plaintiffs' original state complaint and the plain language of 28 U.S. Code § 1446(b)(1) limits removals made on federal question grounds to 30-days after service of summons; and yet the court consistently has failed to address, or even acknowledge, Plaintiffs' constitutionally founded claims or to provide Plaintiffs with any relief from the injury caused to them by the state court winner's chicanery.

B.) PLAINTIFFS' MOTION FOR JUDICIAL NOTICE (DOC. 42) ORDER DENYING (DOC. 72)

Plaintiffs move the court to explain the facts and legal authorities it used to deny Plaintiffs' motion for judicial notice in light of the plan language of Federal Rule 201(c)(2) which states: "The court must take judicial notice if a party requests it and the court is supplied with the necessary information." Plaintiffs did supply the court with the adjudicative facts to be noticed.

1  D.)  PLAINTIFFS' MOTION TO CONSOLODATE RELATED CASES (DOC. 41) ORDER
2       DENYING (DOC. 84)

3   Plaintiffs move the court to explain its legal rational for Order (Doc. 41) another

4   "ELECTRONIC ORDER denying 41 Motion to Consolidate Cases (Ordered by Judge Jane J

5   Boyle on 12/15/2015) (Judge Jane J Boyle) (Entered: 12/15/2015)"

Respectfully Submitted,

_____          _____
JoAnn S. Breitling                 Samuel G. Breitling

# CERTIFICATE OF SERVICE

Plaintiffs hereby certify that a true and correct copy of the foregoing document was served upon

all counsel of record and pro-se parties via the Court's CM/ECF system, email, and/or regular

mail, and/or certified mail with return receipt as listed below:

| | |
|---|---|
| Marc Cabera, Jason Sanders, | Macdonald Devin, PC |
| Robert Mowery | Codilis & Stawiarski |
| Locke Lord LLP | 3800 Renaissance Tower |
| 2200 Ross Ave, # 2200 | 1201 Elm Street |
| Dallas, TX 75201 | Dallas, TX 75270 |