IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL G. BREITLING AND JO ANN BREITLING § § § Plaintiffs, § § vs. § LNV CORPORATION et al; § CODILIS & STAWIARSKI P.C.; § DOES 1 TO 50 § § Defendants. § § | | NO. 3:15-CV-00703 PLAINTIFFS' MOTION TO UNSEAL DOCUMENTS 18 AND 21 **JURY TRIAL DEMANDED** |

PLAINTIFFS' MOTION TO UNSEAL DOCUMENTS 18 AND 21

1     Here comes Plaintiffs, Samuel and JoAnn Breitling, self represented, and move this court

2 to unseal Document 18, their "Ex Parte" Amended Motion to Remand filed on April 27, 2015

3 and to unseal the court's Order denying their motion, Document 21, because as pro se litigants

4 Plaintiffs did not understand that the court would seal their motion. They believed "Ex Parte"

5 meant "emergency" or "expedited" and never intended for the court to seal their motion.

6     THEREFORE, in the interest of justice, their motion (Doc. 18) and the court's Order

7 (Doc. 21) denying it should be unsealed.

Respectfully Submitted,

_____      _____
JoAnn S. Breitling      Samuel G. Breitling

## DECLARATION OF JOANN BREITLING

I, JoAnn Breitling, am over the age of eighteen and I am fully competent to make this declaration. I have never been convicted of a crime. I have personal knowledge of the acts stated herein and this declaration is true and accurate. I so declare under penalty of perjury.

When my husband, Samuel Breitling, and I filed our Amended Motion to Remand after we discovered that attorney J.D. Milks was not working in our behalf but appeared to be working in behalf of LNV Corporation, we labeled our motion "ex parte" because we thought this meant "expedited" or "emergency" and never intended or wanted the court to seal our motion. This should have been filed as a public document. We now request the court to "unseal" our motion and to unseal the court order denying it.

After Judge Boyle denied our Amended Motion to Remand we thought we had no choice but to agree to federal jurisdiction; and because we have had to represent ourselves and we do not have the advantage of a formal education in law we did not know about the 30-day limit for removals under 28 U.S. Code § 1446(b)(1). I find it impossible to believe that LNV's Locke Lord attorneys Marc Cabera and Jason Sanders did not know about the 30-day limit. Because of our ignorance of the law we told our former attorney J.D. Milks we were afraid that LNV would remove our case back to federal court when he wanted to non-suit state Judge Tillery in February 2015 when we hired him. Our case had been remanded on January 27, 2015. LNV removed it the first time on September 15, 2014, the same day LNV was served summons on our original complaint. Both times LNV's removal was based on "federal question" jurisdiction. The only way that Marc Cabera and Jason Sanders could have known we were ignorant about the 30-day limit for removal and realized they could exploit our ignorance was if this had been communicated to them by our former attorney J.D. Milks.

We filed a complaint against J.D. Milks with the Texas Bar, Complaint # 201602010, and the Texas Bar is pursuing disciplinary actions for professional misconduct against Mr. Milks.

_____
Jo Ann Breitling

## CERTIFICATE OF SERVICE

Plaintiffs hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record and pro-se parties via the Court's CM/ECF system, email, and/or regular mail, and/or certified mail with return receipt as listed below:

| | |
|---|---|
| Marc Cabera, Jason Sanders, | Macdonald Devin, PC |
| Robert Mowery | Codilis & Stawiarski |
| Locke Lord LLP | 3800 Renaissance Tower |
| 2200 Ross Ave, # 2200 | 1201 Elm Street |
| Dallas, TX 75201 | Dallas, TX 75270 |