IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL G. BREITLING and JO ANN BREITLING, | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 3:15-CV-0703-B |
| vs. | § § | |
| LNV CORPORATION, ITS SUCCESSORS AND ASSIGNS, | § § § | Hon. Judge Jane J. Boyle - Presiding |
| Defendants | § § | |

# TEXAS RULES OF CIVIL PROCEDURE § 736.11(a)
## *EMERGENCY RULE 60 MOTION*
## TO ENFORCE PLAINTIFFS EXISTING AUTOMATIC STAY
## AUTOMATICALLY GRANTED PLAINTIFFS AUGUST 29, 2014
## PURSUANT TO PLAINTIFFS *STATE LAW CLAIMS;*

FILED CONCURRENTLY WITH:

    1. APPENDIX WITH EXHIBITS A THROUGH J;

    2. DECLARATION OF SAMUEL G., and JO ANN  BREITLING;

    3. PROPOSED ORDER.

Samuel G. Breitling
Jo Ann Breitling
1704 Cornwall Ln
Sachse, TX 75048
Tel: (214) 674-6572
Email: joannbreitling@yahoo.com
Plaintiffs Pro Se

**TO THE HONORABLE JUDGE OF THIS COURT, DEFENDANTS AND THEIR ATTORNEYS OF RECORD; PLEASE TAKE NOTICE THAT:**

Pursuant to Rule 60, subparagraphs (3) and (4) of the Federal Rules of Civil Procedure, and pursuant to Texas Rules of Civil Procedure § 736.11 subparagraphs (a), (b), (c), and (d), Plaintiffs Samuel G. Breitling and Jo Ann S. Breitling (the "Breitlings" or "Plaintiffs") hereby move this Court to: (1) vacate the void final judgment; (2) enforce the automatic stay; (3) reverse the illegal foreclosure; (4) vacate the illegal eviction; (5) release the $28,770 supersedeas bond to Plaintiffs; and (6) thereafter dismiss this action with prejudice in favor of Plaintiffs, to be heard at this Courts first available opportunity on an *emergency* basis due to Defendants' pending illegal eviction of Plaintiffs on Friday, January 13, 2017.

This motion is based on this Notice of Motion; Memorandum In Support; mandatory court compliance with Tex.R.Civ.P. § 736.11(a) *state law claims*; records and testimony on file in this action; case law precedent; attached Appendix Exhibits A through J; similar cases involving Defendant LNV Corporation; Affidavit of Anne Maria Breitling; and Declaration of Samuel G. Breitling and Jo Ann Breitling.

Date: January 12, 2017                                 Respectfully Submitted,


_____

Samuel G. Breitling

Plaintiff Pro Se



_____

Jo Ann S. Breitling

Plaintiff Pro Se

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ........................................................................... 1

MEMORANDUM IN SUPPORT OF MOTION ............................................................ 2

I.   INTRODUCTION ................................................................................................... 2

II.  SUMMARY OF ARGUMENT ............................................................................... 5

    A.   Defendant Illegally Foreclosed In Violation of the Automatic Stay ................. 5

    B.   Defendant Lacked Standing to Foreclose As a Matter of Law ........................... 5

    C.   Defendants' Foreclosure Sale is Void As a Matter of Law ................................ 5

    D.   Plaintiffs Were Entitled to Court Enforcement of the Automatic Stay ............. 5

    E.   Res Judicata Bars Defendant from Future Foreclosure Action .......................... 6

III. STATEMENT OF FACTS ....................................................................................... 6

    A.   Tex.R.Civ.P. § 736.11(a), Automatic Stay ....................................................... 6

    B.   Tex.R.Civ.P. § 736.11(b), Notification to Parties & Trustee ............................ 7

    C.   Tex.R.Civ.P. § 736.11(c), Motion to Dismiss or Vacate ................................... 7

    D.   Tex.R.Civ.P. § 736.11(d), Foreclosure Sale Is Void Ab Initio .......................... 7

IV.  ARGUMENT ........................................................................................................... 7

    A.   Tex.R.Civ.P. § 736.11(a) is Black Letter Law .................................................. 7

    B.   Deprivation of Due Process Rights .................................................................... 8

    C.   Defendants' Violation of Tex.R.Civ.P § 736.11(a) Was A Conspiracy
        With Trustee Shelley Ortolani to Commit Fraud and Property Theft ............. 13

    D.   Tex.R.Civ.P § 736.11(a) and Bankruptcy's 11 U.S. Code § 365 Are
        Automatic Stays and Injunctions Beyond Reasonable Dispute ........................ 13

    E.   Res Judicata Bars Defendants' Future Foreclosure Actions ............................ 14

F.    Racketeering Complaints Against Daniel Beal's LNV Corporation ................ 16

     Case No. 1: *Randle vs. LNV*, 9th CCA Case No. 15-56097 ...................... 17

     Case No. 2: *LNV vs. Fauley*, 9th CCA Case No. 16-35593........................ 17

     Case No. 3: *LNV vs. Subramaniam*, 9 CCA Case No. 15-35963 .............. 17

G.    Defendant Lacked Standing to Foreclose
Because of the Automatic Stay ......................................................... 18

H.    Defendant Failed to Object to Plaintiffs Claims that Defendant
Violated the Automatic Stay Provision of Tex.R.Civ.P. § 736.11 (a)
and Illegally Sold Plaintiffs Property at Auction on September 2, 2014 ......... 18

V.   PLAINTIFFS INJURIES ................................................................. 22

VI   CONCLUSION ................................................................. 23

**PRAYER FOR RELIEF** ................................................................. 23

## COMPLIANCE DOCUMENTS

APPENDIX OF EXHIBITS A – J.................................................... Separate Document

BREITLING DECLARATION........................................................ Separate Document

CERTIFICATE OF SERVICE...................................................After page 23

# TABLE OF AUTHORITIES

**Case**                                                                 **Page**

*Breitlings v. LNV Corporation et al,*
   101st Dallas District Court, Case No. DC-14-09604 ........................................... 6, 10

*City of Los Angeles v. Lyons,*
   461 U.S. 95, 105 ..................................................................................... 18

*Daimler Chrysler,*
   547 U.S. at 342, n.3 ............................................................................... 18

*Davis v. Federal Election Commission,*
   554 U.S. 724, 734 (2008) ..................................................................... 18

*Defenders of Wildlife,*
   504 U.S. at 561 ...................................................................................... 18

*Ellis v. Amex Life Insurance Co.,*
   211 F.3d 935, 937 (5th Cir. 2000) ....................................... 14, 15, 16, 23

*FW/PBS Incorporated v. Dallas,*
   493 U.S. 215, 231 (1990) ..................................................................... 18

*In re Bettie Priester and John Priester, Jr., Relators,*
   Case No. 05-16-00965-CV (Writ of Mandamus, 12 Nov. 2016) ................. 8, 11, 23

*In re Empire Land, LLC v. Empire Partners, Inc.,*
   2016 WL 5890062, at *2 (C.D. Cal. Oct. 7, 2016) ................................. 19

*In re Saenz,*
   No. 13-70423 (Bankr. S.D. Tex. Aug. 8, 2014) ..................................... 19

*Johnson-Willisam v. Mortgage Electronic Registration Systems, Incorporated,*
   No. 16-10276. (5th Cir. Jan. 4, 2017)..................................................... 19

*Klein v. Walker,*
   No. 1: 14-CV-00509-RC-ZJH (E.D. Tex. Dec. 16, 2016) ...................... 16

*LNV Corporation v. Breitlings et al,*
   134th Dallas District Court, Case No. DC-14-04053.................................. 6

*LNV vs. Fauley,*
   9th CCA Case_No. 16-35593,
   Application for Order, Dkt. 29-1 .............................................................. 17

*LNV vs. Subramaniam,*
   9th CCA Case No. 15-35963,
   Corporate Disclosure Statement, Dkt. 33, p. 2 ¶ 1 .................................. 20

*LNV vs. Subramaniam*
   9th CCA Case No. 15-35963,
   Request for Affirmative Relief Against LNV Corporation, Dkt. 53 ...................... 17

*Monsanto Company v. Geerston Seed Farms,*
   130 S. Ct. 2743, 2754 (2010) ................................................................. 18

*Randle vs. LNV*
   9th CCA Case No. 15-56097,
   Motion to Appoint Special Master, Dkt. 35 ............................................. 17

*Richer v. Morehead*
   798 F.3d 487, 490 (7th Cir. 2015) .................................................... 19, 20

Southern Pacific Railroad Co. v. United States
   18 S. Ct. 18, 27 (1897) ..................................................................... 14, 23

*Test Masters Educational Services, Inc. v. Singh*
   428 F. 3d 559, 571 (5th Cir. 2005), cert. denied, 126 S. Ct. 1662 (2006) .. 14, 16, 23

*Turner v. Nationstar Mortgage, LLC,*
   Civil Action No. 3: 16-CV-501-K-BH (N.D. Tex. Nov. 21, 2016) ........................ 16

*US v. Maldonad-Jaimes*
   No. 16-50636, (5th Cir. Dec. 22, 2016)(unpublished) ........................................... 19

*Walker v. Packer*
   827 S.W.2d 833, 839–40 (Tex. 1992) ...................................................... 9

*Wells Fargo Bank, NA v. Murphy*
   458 SW 3d 914 - Tex: Supreme Court 2014 ..................................................... 8, 23

//

//

//

# FEDERAL RULES

U.S. Const. amend. XIV ................................................................... 4, 10, 11, 12

11 U.S.C. § 362 ............................................................................... 14

Federal Rules of Civil Procedure   - Rule 60 (3) ................................................. 1

Federal Rules of Civil Procedure   - Rule 60 (4) ................................................. 1

# STATE STATUTES

Texas Rules of Civil Procedure  - Rule 736.11(a),(b),(c),(d) ............................ 1, 4, 6, 9, 10

Texas Rules of Civil Procedure  - Rule 736.11 ............................ 3, 4, 7, 10, 11, 12, 15, 18

Texas Rules of Civil Procedure  - Rule 736.11(a) ....... 3, 4, 5, 6, 7, 8, 11, 13, 14, 15, 18, 23

Texas Rules of Civil Procedure  - Rule 736.11(b) ............................................. 7

Texas Rules of Civil Procedure  - Rule 736.11(c) .................................................. 7, 8, 10

Texas Rules of Civil Procedure  - Rule 736.11(d) .................................................. 5, 7, 15

# OTHER SUPPORTING RESOURCES

Case, Brendan. "*Beal Bank owner paved his own road to becoming Dallas' richest man.*" Dallas News, 02 Feb. 2010. http://www.dallasnews.com/ business/business/2010/02/21/Beal-Bank-owner-paved-his-own-2879 ......................20

State Bar of Texas, https://www.texasbar.com/ .....................................................21, 22

## MEMORANDUM IN SUPPORT OF MOTION
### I.      INTRODUCTION

**JO ANN  BREITLING:**

"They sold our home illegally in violation of Texas Rules of Civil Procedure 736.11. And they violated the automatic stay."

Transcript, p. 11:7-9, June 22, 2015

**THIS COURT:**

"Now, just for clarity, Ms. Breitling, when you say, '*Move to amend, We need to amend our complaint,*' what's the purpose of that generally?"

Transcript, p. 19:20-22, June 22, 2015

**JO ANN  BREITLING:**

"We filed our original petition which should have given us an automatic stay from them selling our home.   And after we filed our original petition, they violated the automatic stay. Our home was sold…"

Transcript, pp. 19-20:25-4, June 22, 2015

**THIS COURT:**

"Right.  And I think that's all in your papers."

Transcript, p. 20:19-20, June 22, 2015

To the judge of this Court, this is *not* a criminal complaint.   This is a *civil* complaint that merely re-alerts this Court to Defendant LNV Corporations' pattern of racketeering activity, flouting law, and theft of real property.

Plaintiffs again bring to this Courts' attention that LNV Corporation is a Racketeering Influenced and Corrupt Organization actively engaged in racketeering activity in this Court on behalf of  "*God Father*' Daniel Andrew Beal.

Plaintiffs have no civil cause of action for LNV Corporation and its attorney's alleged criminal misconduct and do *not* ask this Court for any civil consideration related thereto.   Plaintiff's *civil* causes of action are the sole purposes of this motion.

Plaintiffs Samuel G. Breitling and Jo Ann Breitling are the sole and lawful owners of 1704 Cornwall Lane, Sachse, Texas 75048 (the "Property). LNV Corporation ("Defendant" or "Daniel Beal's LNV Corporation") violated the automatic stay and illegally sold Plaintiffs Property on September 2, 2014.

In short, ***this Court dismissed <u>all</u> of Plaintiffs' state law claims*** against Defendant, including Plaintiffs' prima facie ***state law claim*** that Defendant violated Texas Rules of Civil Procedure § 736.11(a) automatic stay.   This Court gave no explanation for *why* it ratified Defendants' violation of the automatic stay and allowed Defendants to keep the Property they stole from Plaintiffs.

Through a series of state court actions subsequent Defendants' violation of the automatic stay, Defendant removed the instant action on March 3, 2015 (Dkt. 1).

On March 9, 2015, while in violation of the automatic stay of August 29, 2014, Defendant filed a fraudulent meritless motion to dismiss (Dkt. 6).

At no time during the district court case did Defendant challenge or object to Plaintiffs' factual allegations that Defendant violated the automatic stay on September 2, 2014 and stole Plaintiffs' Property with a void Substitute Trustee's Deed.

On June 22, 2015, this Court held a status conference (Dkt. 76).  Plaintiff   Jo Ann Breitling *clearly* informed this Court that Defendant illegally sold Plaintiffs' Property (to themselves), violating Tex.R.Civ.P. 736.11(a) automatic stay.

On August 3, 2015, Plaintiffs filed a Motion to Vacate (Dkt. 60), and moved this Court to enforce the 736.11 automatic stay, reiterating that that Defendant violated the automatic stay and stole Plaintiffs Property.

On August 3, 2015, Plaintiffs filed the sworn affidavit of Anne Maria Breitling (Dkt. 61) attesting under oath to the events at auction on September 2, 2014.

From June 22, 2015 to August 3, 2015, Plaintiffs sought relief *four times* from this Court -- pleading for protection of their guaranteed right to section 736.11 automatic stay. This Court did not protect Plaintiffs' rights.

Instead, on October 5, 2015, this Court *ordered* Plaintiffs to amend their complaint with *only* FDCPA claims (Dkt. 70), but no *state law claims*.  The Court Order unlawfully permitted Defendants and their attorneys to evade prosecution for violation of Tex.R.Civ.P. § 736.11(a), theft of Plaintiffs' Property, trust deed forgery, and judgment by fraud on the court.  The Court Order broadly vacated all of Plaintiffs *state law claims* without directly referencing Tex.R.Civ.P. § 736.11, et seq.  The Court Order directed Plaintiffs to continue with their "civil conspiracy" claims under federal civil racketeering statues, but this Court forbade Plaintiffs from raising *state law claims*.

On October 5, 2015, this Court granted Defendants' meritless motion to dismiss as to *all* of Plaintiffs' *state law claims*, but again, with absolutely no mention of Plaintiffs section 736.11 *state law claims*.  This Court authorized Defendant to keep the Property they stole from Plaintiffs and proceed with an illegal eviction (Dkt. 70).

On August 10, 2016, this Court entered judgment for Defendant as a sanction against Plaintiffs (Dkt. 140), and threatened Plaintiffs with forfeiture of filing rights if Plaintiffs persued their 736.11 *state law claims*. The Dismissal (Dkt. 70), Final Judgment (Dkt. 140), and judicial threat were deprivations of Plaintiffs rights under color of law.

This Court denied and deprived Plaintiffs of their inalienable rights guaranteed them by the Fourteenth Amendment to the United States Constitution, which provides in relevant part that <u>no state shall deprive any person of…</u> **property**, <u>without</u> **due process** <u>of law; nor deny to any person within its jurisdiction the</u> **equal protection** <u>of the laws</u>.

Refusal to enforce the automatic stay deprived Plaintiffs of Property and of equal protection of law -- specifically Tex.R.Civ.P. § 736.11(a). The final judgment is void.

## II.   SUMMARY OF ARGUMENT

### A.   Defendant Illegally Foreclosed In Violation of the Automatic Stay

The district court abused its discretion refusing to enforce the automatic stay pursuant to Texas Rules of Civil Procedure § 736.11(a), which is "self-executing" law barring foreclosure when requisite conditions are met. There is no distinction between *pro se* and represented litigants in § 736.11 or in the United States Constitution. The Breitlings met the conditions (undisputed). The foreclosure was illegal as a matter of law.

### B.   Defendant Lacked Standing to Foreclose As A Matter of Law

After the Breitlings met the conditions precedent in section 736.11(a) to stay the scheduled foreclosure, Defendant lacked standing to sell Plaintiffs' Property as a matter of law.  Standing *is* a requisite of foreclosure, as a matter of law.

### C.   Defendants' Foreclosure Sale is Void As A Matter of Law

Defendant foreclosed on the Breitlings in a conspiracy to deprive Plaintiffs' of their Property in violation of the automatic stay.  The Breitlings are entitled to immediate return of their Property pursuant to Tex.R.Civ.P. § 736.11(d), as a matter of law.

### D.   Plaintiffs Were Entitled to Court Enforcement of the Automatic Stay

Based on the foregoing, it was incumbent upon this Court to inquire as to Defendants' standing after Plaintiffs' informed this Court *four times* that Defendant was in violation of the automatic stay.

Plaintiffs' "motion to vacate" (Dkt. 60) should have been granted.  The basis of the motion was Defendants' violation of the automatic stay. The Court refused to examine the motion resulting in multiplication of litigation through no fault of Plaintiffs.

Had this Court ruled on the automatic stay, this Court would not have sanctioned Plaintiffs with dismissal with prejudice for attempting to preserve their *guaranteed rights* under Tex.R.Civ.P. § 736.11(a), which is a *state law claim*.

But for Defendants' violation of the automatic stay, Plaintiffs would not have had their Property stolen from them, nor been evicted, nor subjected to systemic deprivation of their civil rights and unfair unjust punishment for seeking enforcement of a *state law claim* under section 736.11(a) automatic stay, from this very Court that exercised supplemental jurisdiction over all of Plaintiffs *state law claims*.

- 5 –

### E.     Res Judicata Bars Defendant from Future Foreclosure Actions

Pursuant to Tex.R.Civ.P § 736.11(a), (b), (c) and (d), Defendants violated the automatic stay that barred their foreclosure action.  Defendant foreclosed on Plaintiffs at the substantial expense and injury of Plaintiffs. On mandatory reversal, the well-established doctrine of res judicata bars Defendants from future foreclosure actions.

## III.     STATEMENT OF FACTS

### A.     Tex.R.Civ.P. § 736.11(a), Automatic Stay

On April 15, 2014, Defendant filed an action for judicial foreclosure in the 134th Dallas District Court, Case No. DC-14-04053, *LNV Corporation v. Breitlings et al*, seeking to foreclose on Plaintiffs Property.

On August 29, 2014, Plaintiffs filed an original proceeding in the 101st Dallas District Court, Case No. DC-14-09604, *Breitlings v. LNV Corporation et al*, (Exh. A) factually alleging that Defendants used void assignments and counterfeit notes as alleged proof of their purported right to foreclose (undisputed).

Plaintiffs' original suit was not frivolous and put at issue the note, assignments, and Defendants' purported standing.   In totality, Plaintiffs pled the threshold requirements for an automatic stay under Tex.R.Civ.P. § 736.11 (a), which reads:

> "A proceeding or order under this rule is automatically stayed if a respondent files a separate, original proceeding in a court of competent jurisdiction that puts in issue any matter related to the origination, servicing, or enforcement of the loan agreement, contract, or lien sought to be foreclosed prior to 5:00 p.m. on the Monday before the scheduled foreclosure sale."

Section 736.11(a) is "self-executing" law in that: (**1**) the condition precedent is an imminent foreclosure sale; (**2**) the condition subsequent is the filing of a separate, original proceeding in a court of competent jurisdiction that puts in issue any matter related to the origination, servicing, or enforcement of the loan agreement, contract, or lien sought to be foreclosed; and (**3**) when conditions 1 and 2 are met, an automatic stay is *automatically* in effect.

- 6 –

**B.      Tex.R.Civ.P. § 736.11(b), Notification to Parties & Trustee**

On August 29, 2014, Plaintiffs served Defendant with their separate original proceeding (Exhs. A, B, C) "…prior to 5:00 p.m. on the Monday before the scheduled foreclosure sale." (undisputed).  Plaintiffs gave "…prompt notice of the filing of the suit to…" Defendants' "attorney and the foreclosure trustee…" by fax and email "…to stop the scheduled foreclosure sale." (undisputed).

**C.      Tex.R.Civ.P. § 736.11(c), Motion to Dismiss or Vacate**

On September 10, 2014, the Court Clerk posted the motion (Exh. D).   On September 11, 2014, after Defendants and their attorney/trustee Shelley Ortolani illegally sold Plaintiffs' Property, Plaintiff faxed Ortolani and informed her the sale was void (Exh. E).   Ortolani refused to reverse the illegal foreclosure.

**D.      Tex.R.Civ.P. § 736.11(d), Foreclosure Sale Is Void Ab Initio**

Plaintiffs notified the trustee via facsimile and in person of the automatic stay.  At the auction on September 2, 2014, Anne Maria Breitling personally handed trustee Shelley Ortolani a copy of the original petition and informed Ortolani that an automatic stay was *automatically* in effect and "…any foreclosure sale of the property is void…" Undeterred, and in an apparent conspiracy with Defendant, attorney/trustee Shelly Ortolani immediately announced the property for sale and sold the Breitlings' Property *first*. Aff. Anne Maria Breitling, p. 2 ¶¶ 4-5. No money changed hands.  Defendant and its attorneys violated a state-law automatic stay and injunction and committed property theft.  This Court should not reward them for it with yet another free house.

## IV.      ARGUMENT

**A.      Tex.R.Civ.P § 736.11(a) is Black Letter Law**

The law is well-established for section 736.11(a). The automatic stay is automatic. Filing the separate original proceeding was supposed to stay the foreclosure. An automatic stay barring the foreclosure went into effect the instant Plaintiffs filed their separate action (Exh. A).  Tex.R.Civ.P. § 736.11(a) is not subject to reasonable dispute and thousands of other cases depend on universal enforcement of this law. The district courts' final judgment dismissing Plaintiffs **state law claims** under section 736.11 is against public policy, arbitrary, and a ruling that must be reversed for public interests.

Courts hold that Tex.R.Civ.P § 736.11(a) is self-executing law; the automatic stay is *automatic.*   The Court of Appeals, 5th District of Texas at Dallas articulates this In re *Bettie Priester and John Priester, Jr., Relators*, Case No. 05-16-00965-CV (Writ of Mandamus, 12 Nov. 2016).   The trial court denied Relators 736.11(c) motion to vacate. On writ of mandamus, the Court held that,

> **"**…the trial court had a ***mandatory*** duty to grant relators' Rule 736.11(c) motion to vacate the expedited foreclosure order and to vacate that order. The trial court abused its discretion by denying the motion to vacate.**"** [italics and emphasis added];

In *Wells Fargo Bank, NA v. Murphy*, 458 SW 3d 914 - Tex: Supreme Court 2014, the defendant filed a separate and original proceeding in the 55th District Court pursuant to Tex.R.Civ.P. § 736.11(a), which automatically stayed plaintiffs' application for an expedited foreclosure.

Tex.R.Civ.P § 736.11(a) is a ***state law claim***.   Upon Defendants' improper removal, this Court specifically exercised jurisdiction over all ***state law claims***, stating in pertinent part,

> "Accordingly, their state law claims fall within the Court's supplemental jurisdiction… ." Mem. Order, Dkt. 140, p. 3 ¶ 2.

In deed, section 736.11 is a ***state law claim*** over which this Court acknowledges exercising supplemental jurisdiction.   Respectfully, this Court should reverse final judgment, return Plaintiffs' Property to them, and make an example of Defendants and their attorneys for their theft of real property in violation of Tex.R.Civ.P. § 736.11(a).

**B.   Deprivation of Due Process Rights**

The district court ruled in favor of Defendants on issues not germane to Plaintiffs complaint that Defendants violated the automatic stay.   Plaintiffs vigorously objected but to no avail.   The district court abused its discretion because Tex.R.Civ.P § 736.11(a) is not based on "quality" of the original petition.   A court abuses its discretion if it refuses

to perform a ministerial act, clearly fails to correctly analyze or apply the law, or reaches an arbitrary or unreasonable decision. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992). Apropos, the quality of the separate action was moot since "merit" or "likelihood of success" is not prerequisites to the automatic stay – the automatic stay is *automatic*.

On June 22, 2015, Plaintiff Jo Ann Breitling specifically informed the court at the status conference (Exh. F, Dkt. 76) that Defendants violated the automatic stay. Plaintiff sought enforcement from this Court, stating,

> "They sold our home illegally in violation of Texas Rules of Civil Procedure 736.11. And they violated the automatic stay." Transcript, p. 11:7-9.

Plaintiff was also arguing for their rights,

> "And I have been denied due process. **None** of my claims have ever been heard." [emphasis]. Transcript, p. 12:24-25.

This Honorable Court then inquired of Plaintiff, asking in part,

> "Now, just for clarity, Ms. Breitling, when you say, 'Move to amend,' 'We need to amend our complaint,' what's the purpose of that generally?" Transcript, p. 19:20-22.

Plaintiff responded to the Court,

> "…We filed our original petition which should have given us an automatic stay from them selling our home. And after we filed our original petition, they violated the automatic stay. Our home was sold… ." Transcript, pp. 19-20:25-4.

This Honorable Court responded,

> "Right. And I think that's all in your papers."
> Transcript, p. 20:19-20.

- 9 –

This Honorable Court was on notice that Plaintiffs were asking to amend their operative complaint with their section 736.11 argument -- a privilege normally granted for a first amendment.  This Court acknowledged that Plaintiffs' request was on record. Transcript, p. 20:19-20.

On August 3, 2015, Plaintiffs filed a Motion to Vacate (Dkt. 60).  Plaintiffs *moved* this Court for a ruling on Tex.R.Civ.P. 736.11, stating in relevant part that,

> "Material facts specific to LNV's standing to foreclose needed to be determined…  Plaintiffs have consistently claimed LNV lacks standing… their claims have never been adjudicated… since [Defendant] violated the automatic stay provided to Plaintiffs by Texas Rule 736.11 and illegally sold Plaintiffs' property to itself… ."  Dkt. 60, p. 10 ¶ 2

For the fourth time in the case, Plaintiffs argued that Defendant violated the automatic stay provision of section 736.11 and stole their Property.  Plaintiffs sought affirmative relief from this Honorable Court twice in person (Dkt. 76), once by motion (Dkt. 60), and once by affidavit (Dkt. 61).

Approximately three and half months later, on October 5, 2015 this Court *ordered* Plaintiffs to amend their complaint with *only* FDCPA claims, but without their **state law claims** under Tex.R.Civ.P. § 736.11 for the automatic stay. (Dkt. 70).

Allowing Plaintiffs their constitutional right to due process and equal protection of law would have resulted in the end of the case, return of their Property and far less monetary and emotional injury to Plaintiffs *and* Defendants.  Plaintiffs' 736.11 **state law claim** was their inalienable right after they met the conditions for the automatic stay.

> "[Plaintiffs] fulfilled the requirements of Rule 736.11(a) on [August 29, 2014] by timely-filing a separate, original proceeding in the [101st Dallas District Court, Case No. DC-14-09604, *Breitlings v. LNV Corporation et al*]. By filing the separate proceeding, the Rule 736 expedited foreclosure order was automatically stayed pursuant to Rule 736.11(a).  [Plaintiffs] then timely-filed a Rule 736.11(c) motion to

vacate the expedited foreclosure order. [Plaintiffs] met the requirements of Rule 736.11 and, as such, the [district] court had a mandatory duty to grant the motion [Dkt. 60] and vacate the expedited foreclosure order [issued by the state court]. The [district] court abused its discretion by denying the motion to vacate." In re *Priester*, p. 6 ¶ 2.

To be certain, Plaintiffs "motion to vacate" (Dkt. 60) covered a lot of territory and was lengthy and unorganized. The *pro se* Plaintiffs were not fully cognizant of "irreplaceable" judge time. Nonetheless, the motion specifically sought relief from this Court because Defendants "…violated the automatic stay provided to Plaintiffs by Texas Rule 736.11 and illegally sold Plaintiffs' property…" (undisputed). Motion to Vacate, Dkt. 60, p. 10 ¶ 2.

Respectfully, it is a mystery as to why this Court would deprive Plaintiffs of their guaranteed right to section 736.11 relief. The Court should have enforced the Black Letter Law of Tex.R.Civ.P. § 736.11 and *ordered* Defendant to disgorge and return the stolen Property to Plaintiffs, and *ordered* Defendant to vacate their illegal eviction. Walker, *Id*. The opposite happened – this Court **sanctioned** Plaintiffs for defending their constitutional right to due process and equal protection of the law (*e.g.* § 736.11).

This Court *ordered* Plaintiffs' 736.11 **state law claims** dismissed for no good reason, when it appears that a decision on at least section 736.11 would have obviated the need for further litigation and such harsh unnecessary prejudicial punishment. This Court punished the wrong people. *Defendant is the thief that committed fraud on this Court*.

This Court made no inquiry into Defendants brazen wanton violation of the automatic stay and their egregious theft of Plaintiffs' Property despite the sworn affidavit of Anne Maria Breitling (Dkt. 61) who was at the foreclosure auction. If there had been such an inquiry, the case would have ended right then and there because section 736.11(a) is beyond reasonable dispute, even for this Honorable Court.

The record proves that this Court performed no meaningful examination of Plaintiffs' 736.11 **state law claims** *before* dismissing them. The Court applied law with a heavy hand against Plaintiffs, yet did ***absolutely nothing*** to Defendants for violating § 736.11(a), stealing Plaintiffs' Property, and presenting a forged deed to this Court.

- 11 –

What makes this Courts' decision particularly disenfranchising is that the Defendants' attorneys did not even bother to lie about violating the automatic stay, stealing the Breitlings Property, and forgery, because the Court ratified their misconduct, dismissed the Breitlings 736.11 *state law claims*, and threatened and sanctioned them.

Even at the status conference on June 22, 2015 when Plaintiff Jo Ann Breitling clearly informed this Court that Defendant violated the automatic stay (Transcript, p. 11:7-9), Defendants' counsel did *not* object -- this Court did *not* inquire. Sanctions were appropriate against Defendant and its counsel for violating the automatic stay, stealing Plaintiffs Property, withholding statutory evidence from this Court of Plaintiffs 736.11(a) original petition, and showing up in this Honorable Court to pass off their false fraudulent forged counterfeit stolen trustee's deed as genuine authentic and legally obtained (which it was not). Daniel Beal's LNV Corporation and its **Locke Lord** attorneys flouted law with no fear of punishment. *Defendant and its attorneys presented this Court with a false fraudulent forged counterfeit stolen void Substitute Trustee's Deed, dated September 5, 2014 (Exh. I) to take judgment by fraud on the Court.*

As this Honorable Court opined (Mem. Order, Dkt. 140) when it dismissed Plaintiffs' 736.11 state law claims as a sanction with prejudice, in relevant part,

> "…all of the Breitlings' claims arise out of the servicing of their mortgage and the foreclosure on their property, and thus 'derive from the same nucleus of operative fact.' *French v. EMC Mortg. Corp.*, 566 F. App'x 285, 287 n.1 (5th Cir. 2014) (unpublished) (per curiam). Accordingly, their *state law claims* fall within the Court's supplemental jurisdiction." [emphasis added]. Mem. Order, p. 3 ¶ 1.

No truer court opinion has there ever been. There was no good reason to deprive Plaintiffs of their constitutional right to due process of law, equal protection of law, and automatic stay guaranteed them by a *state law claim*. This Court had a ministerial duty to review Plaintiffs' *state law claims* that Defendant violated the automatic stay (which they did) and stole Plaintiffs' Property (which they did) since this Court exercised supplemental jurisdiction over Plaintiffs' *state law claims* (which it did), *supra*.

**C.      Defendants' Violation of Tex.R.Civ.P § 736.11(a) Was A Conspiracy With Trustee Shelley Ortolani to Commit Fraud and Property Theft**

There was no excuse for Defendants' egregious misconduct.  Defendant failed to claim mistake or clerical error and ignored communications from Plaintiffs.  Three days after Plaintiff served Defendant notice of the separate action (Exhs. A, B and C), Defendant illegally sold Plaintiffs' Property at auction while Plaintiffs' daughter Anne Maria Breitling and <u>WFAA Channel 8 Investigative Reporter</u> Brett Shipp stared on in disbelief and recorded the crime on video.  Anne Maria testified by affidavit that,

> "I thought that once I showed [trustee Shelley Ortolani] the copy of the lawsuit and the lis pendens, that the automatic stay would be honored… I told the trustee [Shelley Ortolani] that I was there representing the [Property], she immediately turned to the crowd and said very loudly 'This property is for sale!'  I turned around (while the camera man was filming) and I shouted to the crowd that the house was not for sale, that there was a lawsuit, and within seconds, Ms. Ortolani shouted that the house was sold to the lender, and in seconds, it was over.  My parents' house was the very first one to be sold… Brett Shipp asked her why she just sold a property that had an automatic stay, and [trustee Shelley Ortolani] replied that she had been instructed to sell the house anyways… ." Aff. Anne Maria, p. 2 ¶¶ 4 -5

Daniel Beal's LNV Corporation and its various attorneys have a history of conspiracies and lawlessness spanning nearly nine years from March 2008 to date.

**D.      Tex.R.Civ.P § 736.11(a) and Bankruptcy's 11 U.S. Code § 365
Are Automatic Stays and Injunctions Beyond Reasonable Dispute**

Notably, Rule 736.11(a) automatic stay is similar to the automatic stay afforded voluntary and involuntary petitioners under federal bankruptcy law.  In United States bankruptcy law, the automatic stay is an automatic injunction that instantly halts actions

by creditors to collect debts from a debtor who has declared bankruptcy.   Tex.R.Civ.P §
736.11(a) is an automatic stay and automatic injunction against courts and the foreclosing
party to stop a foreclosure sale, much like  11 U.S. Code § 362 is an automatic stay and
automatic injunction that stops debt collection.   Both forms of injunctive relief provide
remedies to an injured party for violations.  Generally, the court can sanction
a violation of the bankruptcy automatic stay as contempt (because the
creditor violated the court's order). The court can impose fines, assess attorney's fees, and
order the collector to pay damages.   Respectfully, this Court should hold Defendant and
its attorneys *in contempt* for violating section 736.11(a) automatic stay the same way a
bankruptcy judge would hold a creditor in contempt for violating the bankruptcy
automatic stay.   Defendants' willful violation of section 736.11(a) does *not* prohibit
courts from imposing fines, assessing attorney's fees, and ordering Defendant to pay
damages to Plaintiffs to make them whole.   More importantly, Defendants' conscious
calculated intentional violation of section 736.11(a) *triggered res judicata* barring any
future foreclosure action after mandatory reversal.

## E.     Res Judicata Bars Defendants' Future Foreclosure Actions

Res judicata, or claim preclusion, "bars the litigation of claims that either have
been litigated or should have been raised in an earlier suit." *Test Masters Educational
Services, Inc. v. Singh*, 428 F. 3d 559, 571 (5th Cir. 2005), cert. denied, 126 S. Ct. 1662
(2006) (citations omitted). "The preclusive effect of a prior federal court judgment is
controlled by federal res judicata rules." *Ellis v. Amex Life Insurance Co*., 211 F.3d 935,
937 (5th Cir. 2000) (citations omitted).

> "The general principle announced in numerous cases is that a
> right, question, or fact distinctly put in issue, and directly
> determined by a court of competent jurisdiction, as a ground
> of recovery, cannot be disputed in a subsequent suit between
> the same parties or their privies… ." *Southern Pacific
> Railroad Co. v. United States*, 18 S. Ct. 18, 27 (1897).

The test for res judicata is straightforward, "Res judicata is appropriate if: 1) the parties to both actions are identical (or at least in privity); 2) the judgment in the first action is rendered by a court of competent jurisdiction; 3) the first action concluded with a final judgment on the merits; and 4) the same claim or cause of action is involved in both suits." *Ellis*, 211 F.3d at 937 (citation omitted).

This action exemplifies Ellis, *Id.*, because: (1) Defendant and its "successors and assigns" and the Breitlings are the only parties to this action and would be the same parties in any future action because Defendant and its "successors and assigns" claim to be holder of the note, beneficiary of the deed of trust, and real party in interest, whilst the Breitlings claim to be sole and lawful owners of the Property; (2) the state court had original jurisdiction and awarded summary judgment -- this Court exercised supplemental jurisdiction over Breitlings' state law claims under § 736.11 and then dismissed them; and (3) the sole claim in this action was foreclosure and that would be the sole claim in any future action brought by Defendants.

As a matter of law and precedent, the automatic stay enjoined Defendant from selling Plaintiffs' Property,

> "If the automatic stay under this rule is in effect, any foreclosure sale of the property is void." § 736.11(d)

On August 29, 2014, Plaintiffs filed a separate original action calling into dispute the note, alonges, assignments, and standing (Exh. A) and immediately served it upon LNV's counsel and the trustee (Exh. B and C). By operation of state law, an automatic stay and automatic injunction took effect, which immediately barred Defendant from proceeding with the foreclosure. *See* Tex.R.Civ.P. § 736.11(a). Nonetheless, on September 2, 2014, Defendant illegally sold Plaintiffs' property to themselves while Plaintiffs' daughter Anne Maria Breitling and TV reporter Brett Shipp stared in disbelief and recorded the crime on video. Aff. Anne Maria Breitling, p. 2 ¶ 5. On September 5, 2014, attorney/trustee Shelley Ortolani issued a void Substitute Trustee's Deed to Defendant. The illegal foreclosure was fully completed. Res judicata bars future foreclosure on the same property against the same parties.

Indeed, res judicata "…bars the litigation of claims…" that "…have been litigated…" in "…an earlier suit." *Test Masters* at 571. Defendant simply cannot re-litigate foreclosure because they already illegally foreclosed. See *Ellis*, 211 F.3d at 937; see also *Klein v. Walker*, No. 1: 14-CV-00509-RC-ZJH (E.D. Tex. Dec. 16, 2016) [asserting the three-pronged test to determine if res judicata was triggered in a subsequent action.].

In the instant action, it is of no avail that Defendant claims superior title on Breitling's Property. That argument is moot because an automatic stay was automatically in affect on August 29, 2014 five days before Defendant illegally sold Plaintiffs' Property on Tuesday, September 2, 2014.

Defendants' sole claim for foreclosure is barred by Defendants' own illegal theft of Plaintiffs Property on September 2, 2014.  In *Turner v. Nationstar Mortgage, LLC,* Civil Action No. 3: 16-CV-501-K-BH (N.D. Tex. Nov. 21, 2016), the district granted Nationstar's motion to dismiss because, "…plaintiff… is barred by the doctrine of res judicata because he is reasserting the same arguments that were asserted in the previous consolidated lawsuit… ."  Defendant should not get a "second bite" at the apple.

This is not the first time however, that Daniel Beal's LNV Corporation and their attorneys have illegally visited injury pain and suffering upon property owners to get free houses, nor is it the first time the Defendant and its attorneys took judgment by fraud on the court with counterfeit trustee's deeds and forged assignments.

## F.     Racketeering Complaints Against Daniel Beal's LNV Corporation

A "wrongful" act is merely "*wrong*" or "*unjust*," whereas an "illegal" act involves actions that are both forbidden by law and criminal.  Defendant violated the automatic stay, which is forbidden by law.  Defendant then recorded a false fraudulent counterfeit forged stolen trustee's deed in the public records – a crime.  But this is not the first time factual allegations of racketeering surfaced against Daniel Beal's LNV Corporation.

In the Ninth Circuit Court of Appeals, plaintiffs in three cases describe Defendant LNV Corporation as a Racketeering Influenced and Corrupt Organization headed by "*God Father*" Daniel Andrew Beal.  Beal's attorneys helped him evade prosecution, trial or punishment for over eight years according to factual allegations in those cases.

**Case No. 1**:      Appellants allege that LNV, MGC, Beal, Allison Martin, and **Locke Lord** attorneys (the "RICO enterprise") falsified forged counterfeited and stole a Limited Power of Attorney from the Federal Deposit Insurance Corporation, ***stealing $94 million-dollars in property from the FDIC***. Allison Martin of MGC falsified forged and counterfeited legal title of 600 victims.  MGC held the ill-gotten gains in trust for owner Daniel Andrew Beal. The RICO enterprise forged thousands of titles to steal the victims' homes.  See *Randle vs. LNV*, 9th CCA Case No. 15-56097, Motion to Appoint Special Master, Dkt. 35.

**Case No. 2:**  Appellant alleges that the RICO enterprise suborned the perjury of RICO employee LNV/MGC Texas attorney Grant Adam Hamilton. Hamilton submitted his perjured declaration to the district court in Oregon. Hamilton lied to the district about a series of LNV allonges that never happened and withheld from the district court the actual unbroken chain of title memorialized by official public records of Clackamas County, Oregon. Hamilton's perjured declaration resulted in LNV taking summary judgment by fraud on the court.  See *LNV vs. Fauley*, 9th CCA Case_No. 16-35593, Application for Order, Dkt. 29-1.

**Case No. 3:**  Appellant alleges that the RICO enterprise suborned the perjury of RICO employee MGC's Michelle Conner.  Conner submitted her perjured declaration to the district court in Oregon.  Conner lied to the district court about a series of LNV allonges that never happened and withheld from the district court the actual unbroken chain of title memorialized by official public records of Washington County, Oregon.  Conner's perjured declaration resulted in LNV taking summary judgment by fraud on the court and eviction of the homeowner.  The Conner and Hamilton declarations are practically identical. Conner and Hamilton work for RICO company MGC in Texas. Daniel Andrew Beal owns MGC and LNV. See *LNV vs. Subramaniam*, 9th CCA Case No. 15-35963, Request For Affirmative Relief Against LNV, Dkt. 53.

Daniel Beal's LNV Corporation is a lawless menace to society and a "black eye" on the Great State of Texas around the country. They should not get away with it.

**G.    Defendant Lacked Standing to Foreclose Because of the Automatic Stay**

The Supreme Court has made it clear that the burden of establishing standing rests on the plaintiff. *Daimler Chrysler*, 547 U.S. at 342, n.3; *FW/PBS Incorporated v. Dallas*, 493 U.S. 215, 231 (1990). At each stage of the litigation—from the initial pleading stage, through summary judgment, and trial – Defendant must carry that burden. *Defenders of Wildlife*, 504 U.S. at 561.

Standing must exist on the date Defendant filed the foreclosure complaint and throughout the litigation. *Davis v. Federal Election Commission*, 554 U.S. 724, 734 (2008). Moreover, standing <u>cannot</u> be conferred by agreement. **Defendant sued on behalf of unidentified "Successors and Assigns." The summary judgment was *void ab initio*. Defendant lacked standing to sue in the name of unidentified plaintiffs.**

Defendant must demonstrate standing for each claim and each request for relief. *Monsanto Company v. Geerston Seed Farms*, 130 S. Ct. 2743, 2754 (2010) ([foreclosing party] must demonstrate standing to pursue each form of relief sought); *Davis*, 554 U.S. at 734; *City of Los Angeles v. Lyons*, 461 U.S. 95, 105. It is undisputed fact that Defendant LNV Corporation lacked standing to foreclose on September 2, 2014 because Plaintiffs filed an original proceeding on August 29, 2014 and served it on Defendants' counsel and the trustee (Exhs. A, B, and C).

Defendants' ***sole claim*** was for foreclosure, which falls squarely within purview of Tex.R.Civ.P. § 736.11 and this courts acknowledged jurisdiction over Plaintiffs' state law claims. Plaintiffs' Property must be returned immediately, as a matter of law.

**H.    Defendant Failed to Object to Plaintiffs Claims that Defendant Violated the Automatic Stay Provision of Tex.R.Civ.P. § 736.11 (a) and Illegally Sold Plaintiffs Property at Auction on September 2, 2014**

Plaintiffs put Defendants on notice *six times* that Plaintiffs were challenging Defendants' illegal foreclosure, were accusing Defendants of violating section 736.11(a) automatic stay, and accusing Defendant of stealing Plaintiffs' Property. Defendant failed to object, rebut or otherwise present a defense against Plaintiffs' factual allegations. Plaintiffs bent over backwards to get Defendants to respond to the allegations.

Plaintiffs accused Defendants of violating the automatic stay and stealing Plaintiffs Property:

1. In person at auction, Aff. Anne Maria Breittling, p. 2 ¶ 3, September 2, 2014;

2. Via fax to attorney/trustee Shelley Ortolani, Exh. E, September 11, 2014

3. Status Conference, Dkt. 76, Transcript, p. 11:7-9, June 22, 2014;

4. Status Conference, Dkt. 76, Transcript, p. 19-20:25-24, June 22, 2014;

5. Motion to Vacate, Dkt. 60, p. 10 ¶ 2, August 3, 2015;

6. Affidavit of Anne Maria Breitling, Dkt. 61, p. 2 ¶ 4, August 3, 2015

The precedent in the 5th Circuit is clear, *Johnson-Willisam v. Mortgage Electronic Registration Systems, Incorporated,* No. 16-10276. (5th Cir. Jan. 4, 2017) [magistrate judge's recommendation accepted after party **failed to object** to findings]; *US v. Maldonad-Jaimes*, No. 16-50636, (5th Cir. Dec. 22, 2016)(unpublished) [60 months sentence upheld for **failure to object** to reasonableness of sentence in district court]; *In re Saenz,* No. 13-70423 (Bankr. S.D. Tex. Aug. 8, 2014), in relevant part,

> "Appellants' 'knowing **failure to object** and purposeful participation in the bankruptcy court proceeding' demonstrates their consent to this Court's jurisdiction." [emphasis added]. Citing, *In re Empire Land, LLC v. Empire Partners, Inc*., 2016 WL 5890062, at *2 (C.D. Cal. Oct. 7, 2016).

Further, "Appellants consequently **forfeited any objection** they had to this Court's adjudication of Appellees' state law claims, thus promoting judicial efficiency and limiting gamesmanship amongst the parties." *Richer v. Morehead,* 798 F.3d 487, 490 (7th Cir. 2015).

This Court should also consider the level of sophistication of Defendant, its owner, and its counsel when Defendant waved all objections to Plaintiffs claims of violation of the section 736.11 automatic stay and theft of Plaintiffs' Property.

"The parties consent was implicit, but **implied consent is good enough** . . . at least when as in this case the parties are sophisticated businessmen represented by counsel who can be presumed to be aware of their clients' legal rights." [emphasis added]. *Richer v. Morehead,* 798 F.3d 487, 490 (7th Cir. 2015)

Upon review of Defendant and its counsel to determine whether the adversary was competent to forfeit and waive all objections to Plaintiffs' claims, Plaintiffs respectfully direct this Courts' attention to undisputed public records (copied below) that attest to the extraordinary level of sophistication of Defendant, its owner, and its various counsel.

1.   **Defendant** LNV Corporation:

"LNV Corporation is a Nevada corporation and a wholly owned subsidiary of Beal Bank USA, a Nevada thrift. Beal Bank USA is wholly owned by Beal Financial Corporation, a Texas corporation."   *See* Corporate Disclosure Statement, *LNV vs. Subramaniam*, 9th CCA Case No. 15-35963, Dkt. 33, p. 2 ¶ 1.

2.   **Daniel Andrew Beal**, sole owner of Defendant LNV Corporation

"Beal's business is booming… His net worth of $4.5 billion makes him the richest man in Dallas, according to Forbes magazine's 2009 ranking of the richest Americans… He's one of the last really independent men in America… said his friend Gabe Kaplan, who starred in the hit 1970s TV show Welcome Back, Kotter… Over the last 18 months, Beal has gobbled up loan portfolios from hedge funds, banks and federal regulators… He's particularly fond of assets backed by… homes…" *See* Case, Brendan. *"Beal Bank owner paved his own road to becoming Dallas' richest man."* Dallas News, 02 Feb. 2010. http://www.dallasnews.com/business/ business/2010/02/21/Beal-Bank-owner-paved-his-own-2879

3.  **Jason Levi Sanders**: Texas Bar Card No. 24037428, Firm size 200+

Attorney with **Locke Lord, LLP**.  Licensed since November 6, 2002.
Graduated from the University of Iowa with a Doctor of Jurisprudence in
May 2002.  Admitted to practice in the US Supreme Court, First Circuit
Court of Appeals, Fifth Circuit Court of Appeals, Eighth Circuit Court of
Appeals, Ninth Circuit Court of Appeals, Arizona District Court, California
Central District Court, California Northern District Court, California
Southern District Court, Michigan Western District Court, Texas Eastern
District Court, Texas Northern District Court, Texas Southern
District/Bankruptcy Court, and Texas Western District Court.  Mr. Sanders
is licensed to practice law in Arizona, California, New York, and Texas.
*See* State Bar of Texas, https://www.texasbar.com/

4.  **Marc Daniel Cabrera**: Texas Bar Card No. 24069453, Firm Size 200+

Attorney with **Locke Lord, LLP**.  Licensed since November 6, 2009.
Graduated from Southern Methodist University with a Doctor of
Jurisprudence in May 2009.  Admitted to practice in the Fifth Circuit Court
of Appeals, Texas Eastern District Court, Texas Northern District Court,
Texas Southern District/Bankruptcy Court, and Texas Western District
Court.  *See* State Bar of Texas, https://www.texasbar.com/

5.  **Robert T. Mowrey**: Texas Bar Card No. 14607500, Firm size 200+

Attorney with **Locke Lord, LLP**.  Licensed since November 11, 1977.
Graduated from Southern Methodist University with a Doctor of
Jurisprudence in May 1977.  Admitted to practice in the US Supreme
Court, Fifth Circuit Court of Appeals, Sixth Circuit Court of Appeals,
Tenth Circuit Court of Appeals, and Eleventh Circuit Court of Appeals. *See*
State Bar of Texas, https://www.texasbar.com/

6.    **Clayton E. Devin**: Texas Bar Card No. 05787700, Firm size 11 - 14

> Attorney with Macdonald Devin.   Licensed since October 22, 1974.
> Graduated from the University of Texas with a Doctor of Jurisprudence in
> May 1974.  Admitted to practice in the US Supreme Court, Fifth Circuit
> Court of Appeals, Texas Eastern District Court, Texas Northern District
> Court, Texas Southern District/Bankruptcy Court, Texas Western District
> Court. *See* State Bar of Texas, https://www.texasbar.com/

There should be no doubt in this Courts' mind that Defendant, its owner, and its counsel are sophisticated businessmen and educated legal professionals that made the conscious calculated choices for Defendant to *fail to object* to Plaintiff at the status conference, *fail to object* to Plaintiffs' motion to vacate, and *fail to object* to the Affidavit of Anne Maria Breitling, in order to steal Plaintiffs Property with their false fraudulent forged counterfeit stolen void Substitute Trustee's Deed (Exh. I) by committing fraud on the Court (which they did).

## V.    PLAINTIFFS INJURIES

Plaintiffs Samuel G. Breitling and Jo Ann S. Breitling suffer extraordinary injuries due to Defendants' illegal foreclosure in violation of the automatic stay and automatic injunction, including loss of their Property by theft, mental anguish, fear, anxiety, physical pain, emotional and financial distress, disenfranchisement, and loss of enjoyment of life. Former U.S. Marine and retired decorated Dallas Police Officer Samuel G. Breitling experiences pain from a previous open-heart surgery and is at risk of stroke because of Defendants theft.  But for Defendant LNV Corporation's illegal foreclosure, illegal eviction, and theft of Plaintiffs' $28,770 supersedeas bond in violation of the automatic stay, Plaintiffs' would not have been injured.   Defendant LNV Corporation is the direct, indirect, and proximate cause of the Breitlings' injuries, damages, and pain and suffering.   Defendant LNV Corporation has made no effort to rescind the illegal foreclosure or reverse the illegal eviction or disgorge Plaintiffs' $28,770 to them of its own accord.  Defendant LNV Corporation shows no remorse.

//

## VI.    CONCLUSION

Plaintiffs did not have their day in court and their prima facie claim was arbitrarily vacated for no good reason. Defendant violated Tex.R.Civ.P. § 736.11(a) and illegally sold Plaintiffs Property at auction.  The lack of ambiguity in the law leaves no doubt as to what should have happened.   Pursuant to section 736.11(a), the automatic stay is automatic when conditions are met.  There is no dispute as to whether Plaintiffs met the conditions (which they did).  Plaintiffs are entitled to a stay and the immediate return of their Property as a matter of law.  The foreclosure was void ab initio. *See* § 736.11(c); *see also* In re *Bettie Priester and John Priester, Jr., Relators*, Case No. 05-16-00965-CV (Writ of Mandamus, 12 ov. 2016); see *Wells Fargo Bank, NA v. Murphy*, 458 SW 3d 914 - Tex: Supreme Court 2014.

Because the foreclosure sale was void as a matter of law, the Substitute Trustee's Deed was void ab inito. Defendant is barred by res judicata from re-litigating the foreclosure action that it has already illegally litigated to illegal completion. *Test Masters Educational Services, Inc. v. Singh*, 428 F. 3d 559, 571 (5th Cir. 2005); *Ellis v. Amex Life Insurance Co*., 211 F.3d 935, 937 (5th Cir. 2000); *Southern Pacific Railroad Co. v. United States*, 18 S. Ct. 18, 27 (1897).  Respectfully, this Court should have ended this case on June 22, 2015. Transcript, p. 11:7-9 (Breitling informs court of violation of stay).

### PRAYER FOR RELIEF

For all of these reasons jointly and severally, Plaintiffs Samuel G. Breitling and Jo Ann S. Breitling respectfully move this Honorable Court to: (1) Vacate the void final judgment (Dkt. 140); (2) Enforce the automatic stay; (3) Reverse and vacate the illegal foreclosure; (4) Quash and Recall the illegal writ; (5) Vacate the illegal eviction; (6) Order release of the $28,770 cash supersedeas bond to Plaintiffs; and (7) Permanently enjoin Defendant, its successors and assigns from future foreclosure actions against Plaintiffs and Dismiss this action with prejudice in favor of Plaintiffs.

Dated: January 12, 2017                                            Respectfully submitted,

_____                          _____
Samuel G. Breitling                                      Jo Ann S. Breitling
Plaintiff Pro Se                                           Plaintiff Pro Se

## <u>CERTIFICATE OF SERVICE</u>

The above signed hereby certifies that a true and correct copy of the foregoing document was

served upon all counsel of record and pro-se parties via the Court's CM/ECF system, email,

and/or regular mail, and/or certified mail with return receipt as listed below:


Marc Cabera, Jason Sanders,          Macdonald Devin, PC
Robert Mowery                        Codilis & Stawiarski
Locke Lord LLP                       3800 Renaissance Tower
2200 Ross Ave, # 2200                1201 Elm Street
Dallas, TX 75201                     Dallas, TX 75270